

Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| Josef F. Boehm, Allen K. Bolling, and Bambi Tyree, | ) ) ) |
| Defendants. | ) ) |
| | ) Case No. A05-0085 (JKS) |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

This is an action by Sally Purser ("Purser") against Josef Boehm ("Boehm", Allen K. Bolling ("Bolling"), and Bambi Tyree ("Tyree") (collectively "defendants") for damages arising out a conspiracy to provide Purser with cocaine, cocaine base, and other illegal substances with the intent of getting Purser addicted to drugs so they could control her and keep her within their grasp through threat of force and severe psychological coercion. In providing illegal substances to Purser, defendants intentionally engaged in sex trafficking of a minor, i.e., Purser, in violation of Federal law and are liable to Purser for any damages incurred by her whether such damages are economic or non-economic in nature.

Purser moves for partial summary judgment, seeking entry of judgment as to liability for damages. The 1986 trilogy of United States Supreme Court cases encourages more

1

aggressive application of the summary judgment rules to dispose of factually unsupported defenses. See Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U. S. 574 (1986); Anderson v. Liberty Lobby, Inc., 477 U. S. 242 (1986); Celotex Corp. v. Catrett, 477 U. S. 317 (1986). The Ninth Circuit has implemented and explained the Supreme Court's expansion of the availability of summary judgment:

> In three recent cases the Supreme Court, by clarifying what the nonmoving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the nonmoving party will bear the burden of proof at trial as to an element essential to its case and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate ... Second, to withstand a motion for summary judgment, the nonmoving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party ..." Finally, if the factual context makes the nonmoving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial.

California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (emphasis in original). Additionally, if the court is not able to grant all of the relief requested, it may determine those material facts which are not in controversy and those legal issues for which there are no disputed issues of material fact. Fed.R.Civ.P. 56(d).

If the moving party meets its initial burden of identifying for the court those materials that demonstrate the absence of any genuine issues of material fact, the non-moving party must set forth, by affidavit or otherwise provided in Rule 56, specific facts showing there is a genuine issue for trial. Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990); Celotex Corp v. Catrett, 477 U.S. 317, 324 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial. Musick, 913 F.2d at 1394.

In applying this strict standard to the instant case, defendants must come forward with substantial evidence that raises a genuine issue for trial on the question as to whether they gave illegal substances to Purser, on the question whether they engaged in illegal sexual acts with Purser, on the question whether Purser was a minor at the time defendants engaged in this illegal conduct, and on the question whether defendants violated 18 U.S.C. §§ 371 and 1591. Because it is legally impossible for defendants to raise a genuine issue for trial on these issues, Purser is entitled to summary judgment on liability.

**1.     Statement of facts.**

Boehm, a very wealthy, elderly man, was the major stock holder in Alaska Industrial Hardware. Exhibit 1, Plea Agreement[1]. In 2001 through late 2003, Boehm, Bolling and Tyree engaged in a conspiracy to recruit girls under the age of 18-years so Boehm could engage in commercial sex acts with those girls. In furtherance of this conspiracy, Boehm, Bolling and Tyree would acquire cocaine; crack-cocaine and cocaine base and make it available to juveniles with the intent to get them addicted to illegal drugs so they could then supply these illegal drugs in exchange for sexual favors. Defendants also used the addiction they created and the illegal drugs they distributed to control these juveniles and to force these juveniles to remain under their control. Id.

Purser first met Boehm about September 2001 when she was 15-years of age. Tyree, in furtherance of the defendants' conspiracy, seduced and then introduced Purser to Boehm with the specific purpose of providing Boehm with a minor with whom he could engage in

illegal sexual acts. Tyree supplied Purser with illegal drugs acquired by Bolling on behalf of Boehm and Boehm used illegal drugs to get Purser high enough to defeat her will, control her and engaged in sexual acts with her. Id.

Defendants conspired to recruit, harbor and transport minors in interstate commerce for purposes of engaging in sexual relations with those minors, and in fact transported Purser interstate for purposes of engaging in sexual acts with her and for purposes of controlling her. This interstate transport of Purser occurred when she was a minor under the age of 18-years. Id.

Boehm was the leader of the conspiracy and his primary goal in engaging in the conspiracy was to engage in sexual relations with minors. Tyree would locate drug dealers who would supply drugs to Boehm so he could use the drugs to addict minors and then control them. Bolling was one of the drug dealers who conspired with Boehm and provided Boehm and the minors, including Purser, with drugs. Bolling and others would arrange for transport of illegal drugs to Alaska and then pay for the drugs with money supplied by Boehm. Boehm and Tyree would distribute the drugs free of charge to juveniles in exchange for sex. These juveniles, including Purser, were used for Boehm's sexual gratification. Id.

All of the defendants were charged with various criminal offenses in the Federal Court, and all admitted to facts underlying this conspiracy. The defendants admitted to engaging in a conspiracy, and they admitted to the conduct complained of in Purser's complaint.

2.     **Undisputed issues of material facts.**

---

1. See, Motion for judicial notice of Case No. A04-003 CR (JWS).

In the plea agreement, entered into between Boehm and the U.S. Government, Boehm agreed that he was charged with one count of a conspiracy to commit the crime of sex trafficking of child in violation of 18 U.S.C. §§ 371 and 1591(a)(1); eight counts of sex trafficking in violation of 18 U.S.C. § 1591(a)(1) and (b)(2); one count of conspiracy to distribute a controlled substance to person under 21 years of age and conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841 (a)(1) (b)(1)||(A), and 859(a). In entering into this plea agreement, Boehm admitted "he conspired with others to knowingly recruit, entice, and obtain females he knew were under the age of 18 to engage in commercial sex acts with him and others. Plea Agreement, Exhibit 1. In the plea agreement with Boehm, Boehm stipulated to the truth of the following set of facts:

1. Boehm, Bolling and Tyree entered into a conspiracy to distribute cocaine to persons under 21 years of age, including the plaintiff. Exhibit 1, p. 23.

2. Boehm, Bolling and Tyree did in fact distribute cocaine to persons under 21 years of age, including the plaintiff. Exhibit 1, p. 24.

3. Boehm, Bolling and Tyree conspired to recruit persons under 18 years of age to engage in commercial sex acts. Exhibit 1, p. 24.

4. Boehm, Bolling and Tyree distributed cocaine to juveniles in exchange for sexual acts. Id.

5. Juveniles were knowingly and intentionally recruited by defendants to engage in sexual acts, including plaintiff. Exhibit 1, p. 25.

6. Juveniles had sex with the defendants and received money and illegal drugs from the defendants, and the defendants knew the ages of the juveniles at the time they recruited them. Id.

DARRYL L. JONES
ATTORNEY AT LAW
109 W. 6TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PH: (907) 278-1212  FAX: (907) 278-1213

On page 27 of the plea agreement, Boehm stated that "|I am admitting that the allegations against me contained in the factual basis for the pleas are true." Exhibit 1, p. 27. On page 32 of the plea agreement, Boehm stated that; "I have read this plea agreement carefully, and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea."

In light of settled law in this circuit, the facts stipulated to in the plea agreements are undisputed, indisputable and are sufficient to award summary judgment to the plaintiff as to liability.

3.  **Plaintiff is entitled to summary judgment on liability.**

Title 18 U.S.C. § 1595 provides a civil remedy for victims of the crime of sex trafficking of children. This includes victims of offenses committed under 18 U.S.C. § 1591, an offense to which Boehm has pled guilty. Under that Statute, the Federal District Court has jurisdiction of the action, and the plaintiff is entitled damages, and actual, reasonable attorney fees and costs incurred in the prosecution of the civil action. Id.

In the instant case, plaintiff has sued under 18 U.S.C. § 1595. The facts necessary to recover under this civil action are conclusively established by the plea agreement and the facts established in the corresponding criminal action. Indeed, Boehm pled guilty to a violation of 18 U.S.C. § 1591 and he has admitted, or stipulated to all of the material facts necessary to the establishment of liability under the § 1595.

A guilty plea constitutes an admission to the truth of all the material facts alleged in the indictment. United States v. Matrecios, 618 F.2d 81, 83-84 (9th Cir. 1980). It is settled law in this circuit that a guilty plea may be used to establish issue preclusion in a subsequent civil suit. United States v. Section 18, 976 F.2d 515, 519 (9th Cir. 1992); See also United

DARRYL L. JONES
ATTORNEY AT LAW
109 W. 6TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PH: (907) 278-1212  FAX: (907) 278-1213

States v. $ 31,697.59 Cash, 665 F.2d 903, 904 (9th Cir. 1982); United States v. Bejar-Matrecios, 618 F.2d 81, 83-84 (9th Cir. 1980); Ivers v. United States, 581 F.2d 1362, 1367 (9th Cir. 1978).

The Supreme Court of the United States has held that "a guilty plea is an admission of all the elements of a formal criminal charge." McCarthy v. United States, 394 U.S. 459, 466 (1969); See Menna v. New York, 423 U.S. 61, 62 n.2 (1975) (per curium) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."). For purposes of collateral estoppel, a federal conviction following a guilty plea "is as much a conviction as a conviction following jury trial." Gray v. Commissioner, 708 F.2d 243, 246 (6th Cir. 1983), cert. denied, 466 U.S. 927 (1984). Therefore, a federal guilty plea and ensuing conviction collaterally estop a litigant from relitigating in a federal civil proceeding any material facts or elements necessarily established by the plea. See United States v. Wight, 839 F.2d 193, 195 (4th Cir. 1987) (guilty plea to accepting gratuities estops ex-official in later civil suit to recover gratuity amounts); Gray, 708 F.2d at 246 (guilty plea to federal income tax evasion establishes fraud in subsequent civil tax fraud proceeding); In re Raiford, 695 F.2d 521, 523-524 (11th Cir. 1983) (guilty plea to bankruptcy fraud bars relitigation of factual issues in bankruptcy proceeding); Fontneau v. United States, 654 F.2d 8, 10 (1st Cir. 1981) (guilty plea and conviction for federal income tax evasion has preclusive effect in civil suit); Ivers v. United States, 581 F.2d 1362, 1367 (9th Cir. 1978) (facts necessarily determined by conviction based on guilty plea cannot be relitigated in forfeiture proceeding); United States v. Podell, 572 F.2d 31, 35 (2d Cir. 1978) ("It is well-settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a

DARRYL L. JONES
ATTORNEY AT LAW
109 W. 6TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PH: (907) 278-1212 Fax: (907) 278-1213

subsequent civil proceeding as to those matters determined by the judgment in the criminal case."); Brazzell v. Adams, 493 F.2d 489, 490 (5th Cir. 1974) (guilty plea to selling heroin estops prisoner from arguing, in action under 42 U.S.C. 1983, that he engaged in transaction with the belief that he was assisting state agents); Plunkett v. Commissioner, 465 F.2d 299, 305-306 (7th Cir. 1972) (convictions for tax evasion pursuant to guilty plea collaterally estops defendant from denying fraud in civil tax fraud proceedings).

In the instant case, defendants entered guilty pleas and admitted to the conduct complained of in plaintiff's complaint. Defendants are barred from relitigating the facts admitted to in the plea agreements, and, therefore, plaintiff is entitled to summary judgment on liability as a matter of law.

DARRYL L. JONES
ATTORNEY AT LAW
109 W. 6TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PH: (907) 278-1212  FAX: (907) 278-1213

DATED this ___ day of June 2006.

                                      Darryl L. Jones, Esq.
                                      Attorney for Plaintiff
                                      ABA No: 8811188

DARRYL L. JONES
ATTORNEY AT LAW
109 W. 6TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
Ph: (907) 278-1212  Fax: (907) 278-1213