KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 - fax

Attorney for Defendant Josef F. Boehm

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser,<br><br>            Plaintiff,<br><br>            v.<br><br>Josef F. Boehm, Allen K. Bolling, and Bambi Tyree,<br><br>            Defendants.<br>_____ | )<br>)<br>) OPPOSITION TO MOTION FOR PARTIAL<br>) SUMMARY JUDGMENT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.: A05-0085 (JKS)<br>)<br>) |

### OPPOSITION TO PLAINTIFF'S MOTION FOR

### PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiff has moved for partial summary judgment against the defendant. Plaintiff argues that the use of collateral estoppel precludes Boehm from litigating issues of liability and punitive damages. While use of collateral estoppel may in some instances allow use of a prior conviction to simplify civil litigation initiated by a crime victim, it may not do so here. Plaintiff's motion is without legal or factual merit and must be denied.

## II. SUMMARY JUDGMENT STANDARDS

     The issues to be considered on a motion for summary judgment

1

1  are not those set forth in the pleadings but are those presented by

2  the materials submitted in support of the summary judgment motion.

3  <u>Yates v. Transamerica Ins. Co., Inc.</u>, 928 F.2d 199, 202(6th Cir. 1991)

4      In making its determination, however, the court must look to

5  the evidence offered by the nonmoving party in the light most

6  favorable to that party, must accept all justifiable inferences on

7  the nonmoving party's behalf, and must reject any contrary evidence

8  and inferences. <u>See Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144,

9  158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

10     Overall, the nonmoving party needs to show that the record

11 contains sufficient specific facts--by demonstrating that the

12 moving party either ignored or mischaracterized relevant facts--

13 such that there exists a genuine dispute of material fact. Raising

14 alternate inferences, on the other hand, might be sufficient to

15 defeat a motion for summary judgment. Because the court must draw

16 all reasonable inferences in a light most favorable to the

17 nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242,

18 250-51, 106 S. Ct. 2505, 91 L. Ed. 2d 202, 4 Fed. R. Serv. 3d 1041

19 (1986).

20

21     Moreover, not only must there be no genuine issue of fact, in

22 order for summary judgment to be granted there must also be no

23 genuine issue as to the inferences to be drawn from the facts.

24 <u>World-Wide Rights Ltd. Partnership v. Combe Inc.</u>, 955 F.2d 242 (4th

25 Cir. 1992). Where reasonable minds could differ on inferences

26 arising from undisputed facts, the court should deny summary

27 judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106

28 S. Ct. 2505, 91 L. Ed. 2d 202, 4 Fed. R. Serv. 3d 1041 (1986).

OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT

1  Plaintiff's relies on the plea agreement to show that there is

2  no genuine issue of material fact in dispute. Furthermore, argument

3  will show that plaintiff cannot clearly demonstrate that(1) the

4  elements of her tort claims have been met through the plea

5  agreement, (2) the issues decided in the federal criminal case

6  against Boehm are identical to the elements of her asserted tort

7  claims; (3) the issues were resolved in the first action by a final

8  judgment on the merits; and (4) the determination of the issues

9  were essential to the final judgment.

10

11

12  **III. <u>COLLATERAL ESTOPPEL STANDARDS</u>**

13  Collateral estoppel or "issue preclusion," recognizes that

14  suits addressed to particular claims may present issues relevant to

15  suits on other claims. In order to effectuate the public policy in

16  favor of minimizing redundant litigation, issue preclusion bars the

17  relitigation of issues actually adjudicated, and essential to the

18  judgment, in a prior litigation between the same parties. It is

19  insufficient for the invocation of issue preclusion that some

20  question of fact or law in a later suit was relevant to a prior

21  adjudication between the parties; the contested issue must have

22  been litigated and necessary to the judgment earlier rendered.

23

24  <u>Kaspar Wire Works, Inc. v. Leco Engr'g & Mach., Inc.</u>, C.A.5th,

25  1978, 575 F.2d 530, 535-536.

26  As previously stated, Plaintiff's reliance on the plea

27  agreement is misguided as she cannot support a finding of issue

28  preclusion.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV. LEGAL ARGUMENT

**A.  The elements of the actions differ and they may not be found to be identical.**

Before collateral estoppel may apply, Plaintiff must demonstrate that the issues actually litigated in the first action are *identical* to those in the second. Pardo v. Olson and Sons, 40 F.3d 1063 (9th Cir. 1994). It is insufficient that the issues are similar or related. Id. Plaintiff bears the burden of proving identically as part of her general burden of persuasion to establish the prerequisites of issue preclusion. See Lundborg v. Phoenix Leasing, Inc., 91 F.3d 265, 272 (1st Cir. 1996). She is required to 1) produce evidence that an issue was actually litigated and decided in a prior litigation, and 2) that the prior proceeding offered an opportunity and motivation for full and fair litigation. Id. If the party cannot do so or the court cannot ascertain what was litigated and decided, the issue of preclusion cannot operate. Id.

Plaintiff has not met her burden. Plaintiff argues that the facts necessary to recover under this civil action are conclusively established by the plea agreement and the facts established in the corresponding criminal action. Plaintiff's motion is silent regarding what was "actually litigated" in the criminal matter. Review of the issues before the federal court, however, will show that the issues are not identical as required.

For current purposes Boehm does not challenge the fact that he

4

1  was convicted of two federal conspiracy crimes. However, those

2  crimes are not identical to the civil torts asserted here and

3  collateral estoppel may not be used to prevent Boehm from defending

4  himself. The doctrine of collateral estoppel acts only to preclude

5  a criminally convicted defendant from relitigating the "elements" of

6  crime for which he was convicted. See Howarth v. State, Public

7  Defender Agency, 925 P.2d 1330, 1334-35 (Alaska 1996). The court is

8  to compare the elements of the causes of action to determine if the

9  issues are identical and appropriate for issue preclusion. Id. A

10 careful inquiry and comparison is required. Pardo, supra; see also

11 Moore's Federal Practice P. 132.02.[2][a] (3d ed. 2003).

12

13 Plaintiff's analysis on this point is wanting. Indeed, in her

14 motion, Plaintiff does not identify the elements extant in the

15 federal criminal matter, or the claims made in the instant matter,

16 much less compare them. The appropriate comparison of the elements

17 compels the conclusion that no preclusive effect should be given

18 here.

19 **i.   Issue preclusion is inappropriate when the first count of the**

20 **federal case is compared to the causes of action in this civil**
**suit because the issues are not identical.**

21 In the federal matter Boehm was convicted of two offenses.

22 Count 1 alleged that he and his co-defendants conspired to commit

23 the crime of sex trafficking of children, in violation of 18 U.S.C.

24 §371. The elements of this crime are, as follows:

25

26 **1. there was an agreement between two or more**
**individuals to commit the crime of sex**

27 **trafficking of children;**

28 **2. the defendant became a member of the**
**conspiracy knowing of at least one of its**

5

1
2
3

        **objects and intending to help accomplish it;
and,**
        **3. one of the members of the conspiracy
performed at least one overt act for the
purpose of carrying out the conspiracy.**

4     Conspiracy is a specific intent crime. <u>U.S. v. Blair</u>, 54 F.3d

5    639 (10th Cir. 1995). In <u>Blair</u>, the court stated: 'The specific

6    intent required for the crime of conspiracy is in fact the intent

7    to advance or further the unlawful object of the conspiracy. <u>Id.</u> at

8    642 [citations omitted]. It is not necessary that the individual in

9    fact commit any direct act. <u>Id.</u> The underlying overt act sustaining

10   Count I was not identified in federal court. It was not identified

11   in the charging document nor in the written plea agreement. Since

12   the act was not specified, it cannot be "identical" to the

13
14   particular acts asserted here.

15     Thus, this criminal charge did not encompass any overt act

16   directed at Plaintiff. A conviction in Count I did not require that

17   Boehm himself in fact attempt or complete any misconduct directed

18   at Plaintiff. It was sufficient that he agree with other co-

19   conspirators to advance a conspiracy of which she may or may not

20   have been involved. In contrast, the gravamen of each of the torts

21   claimed by Plaintiff is that misconduct expressly directed at her

22   by Boehm did in fact occur. These issues are not identical and

23   collateral estoppel may not apply. <u>Howarth, supra.</u>

24
25     None of the claims asserted by Plaintiff are conspiracy

26   counts. By virtue of his plea to the two aforementioned

27   conspiracies, there is simply no demonstration that Boehm had sex

28   with Plaintiff, or distributed any cocaine to her.

6

1    The factual underpinning of the federal conspiracy charges
2 underscores the problem with providing preclusive effect to the
3 instant claims. As noted, the essence of a conspiracy is the
4 agreement to engage in nothing more than one of the overt acts.
5 Again, the plaintiff did not demonstrate that any of the elements
6 in the criminal charges constitute elements of her civil claims.
7 Conspicuously absent in either the charges or plea agreement is any
8 allegation, much less admission, that Boehm had sex with the
9 plaintiff, enslaved her, or distributed cocaine to her. Yet the
10 torts brought in the civil matter mandate no less.

11

12 ii.    **Issue preclusion is inappropriate when the second count of the
     federal case is compared to the causes of action in this civil
     suit because the issues are not identical.**

13

14    In Count II of the federal case Boehm was convicted of
15 conspiracy to distribute controlled substances to person under 21
16 years of age, in violation of Title 21, U.S.C. §§ 846, 841(a)(1),
17 (b)(1)(A), and 859(a). The elements of this crime are, as follows:

18          **1. there was an agreement between two or more
             individuals to distribute more than 50 grams of
19           cocaine base to persons under 21; and**
20          **2. the defendant became a member of the
             conspiracy knowing of at least one of its
21           objects and intending to help accomplish it.**

22    Plaintiff has not defined the elements of the torts she claims
23 in her five separate claims for relief: violation of civil rights
24 (Count 1); sexual trafficking of a minor(Count 2); distribution of
25 controlled substances to a minor(Count 3); intentional infliction
26 of emotional distress (Count 4); and punitive damages(Count 5). The
27 defense will not presume to define them for her.

28

7

As to Count 2 and 3 of the civil case, the only counts in which

potential overlap can be argued; Plaintiff's case must fail because

identical issues do not exist. Again, plaintiff's argument fatally

suffers from the fact that it was unnecessary to the federal case

that Boehm in fact provide a controlled substance specifically to

Plaintiff or that he conspired to commit the crime of sex

trafficking specifically with plaintiff while that issue is

absolutely necessary to the current case. Identical issues do not

exist and issue preclusion is inappropriate.

B.  **Issue preclusion is inappropriate because the issue of whether Plaintiff was a "victim" was not resolved in the first action by a judgment on the merits. Nor was it essential to a final determination of the case.**

The requirement the issue sought to be precluded be identical

to that raised in the subsequent action is related to the

requirement that the issue be resolved by a judgment on the merits.

A judgment on the merits occurs when an issue is raised, contested

by the parties, submitted for determination by the court, and

determined. E.g. Raspanti v. Keaty (In re Keaty), 397 F.3d 264,

271-272 (5th Cir. 2005). In this case no judgment includes

resolution of the issue Plaintiff seeks conclusively proven, i.e.

that she was "victimized" by Boehm. Nor was such a determination

essential to support the plea.

The doctrine of collateral estoppel rests on the public policy

that it is fair to hold a party to a result when they have

previously had the opportunity and motivation to fully litigate the

OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT

1  question. Schiro v. Farley, 510 U.S. 222 (1994); Sea-Land Serv. V.

2  Gaudet, 414 U.S. 573, 593 (1974)( prior action acts a estoppel

3  "only as to those matters in issue or points controverted, upon

4  determination of which the finding or verdict was rendered");

5  Commissioner v. Sunnen, 333 U.S. 591 (1948) (estoppel only as to

6  matters in second proceeding actually presented or determined in

7  the first suit). The party must have had substantial motivation to

8  litigate the issue in both contexts. Id. In other words, the issue

9  must be "material" to both cases. S.E.C. Monarch Funding Corp., 192

10  F.3d 295 (2nd Cir. 1999). Thus, similarity of fact as well as

11  identicality of legal issue must exist before the public policy

12  allowing issue preclusion is triggered. Id. These requirements

13  exist to insure that issues which were tangential to the initial

14  action do not subsequently assume unanticipated importance.

15

16      Plaintiff's status as a victim was tangential rather than

17  material to the federal case. Tangential issues are not entitled to

18  issue preclusion because to do so violates the underlying public

19  policy which requires both fair opportunity and sufficient

20  motivation to litigate as rationale for the doctrine. See e.g.

21  Diplomat Elc. Inc. V. Westinghouse Elc Supply Co., 430 F.2d 38, 45

22  (5th Cir. 1970)(where court in former action decided an issue that

23  was not submitted by the parties in their pleadings, that ruling is

24  not subject to collateral estoppel). Also Appley v. West, 832 F.2d

25  1201 (7th Cir. 1987) (amount of restitution is "immaterial" and not

26  subject to collateral estoppel) (victim identity should be

27  analogous). When the fairness and efficiency rationales for

28  collateral estoppel fail, courts will not apply the rule. S.E.C. v.

9

1  Monarch Funding Corp., 192 F.3d 295, 304 (2nd Cir. 1999).

2      Plaintiff's status as a "victim" of the conspiracy was a
3  tangential issue in criminal court. She was one of many named and
4  unnamed potential victims. It was unimportant to the government's
5  case whether Plaintiff was or was not a specific victim. For Count
6  I of the criminal case it was unimportant whether Plaintiff was the
7  target of a child trafficking conspiracy; so long as any young
8  woman was the target and the co-defendants had conspired, the
9  elements were met. For Count II of the criminal case it was
10 unimportant whether Plaintiff or any one actually received a
11 controlled substance so long as Boehm conspired to provide cocaine
12 to any young woman. Thus, her status was tangential to the
13 government's case because it could proceed without her as long as
14 some "overt act" could be used as the basis for each of the
15 conspiracy counts. Her status was not actually litigated. It was
16 not raised, contested, or submitted for determination by the court.
17 Raspanti, supra. Nor did the government have sufficient motivation
18 to litigate this as a primary issue.

19      Her status was also tangential to Boehm's defense of the
20 charges. Boehm had no incentive to defend the charges simply
21 because Plaintiff's name appeared as a potential victim so long
22 some other event could be used to support the government's
23 conspiracy theory. It would, in fact, have been counterproductive
24 to his defense to continue litigation simply because she was a
25 potential victim rather than resolve the case with the government
26 based on an agreement to overt act which did not necessarily

10

1 involve h r.Thus, Plaintiff's status as a victim was not resolved

2 in the first case by a judgment on the merits. It was not "actually

3 litigated" nor decided as required. There is no final judgment

4 regarding it nor was it essential to resolution of the plea

5 agreement.

6     Plaintiff cannot maintain her burden of proving that sexual

7 abuse, drug delivery or other issues involving tortuous conduct

8 toward her were "necessarily" resolved by the plea agreement.

9

10

11 **C.   Collateral Estoppel can not be applied because Boehm did not have a full and fair opportunity to litigate the issues in the prior proceeding.**

12

13     Collateral estoppel may occur only where the opportunity for

14 full and fair litigation existed in the initial proceeding. Allen

15 v. McCurry, 449 U.S. 90, 95 (1980); Montana v. United States, 440

16 U.S. 147, 153 (1979); Blonder-Tongue Laboratories, Inc. v.

17 University of Illinois Foundation, 402 U.S. 313, 328-29 (1971).

18 "Redetermination of issues is appropriate when there is reason to

19 doubt the quality, extensiveness, or fairness of the procedures

20 used in the prior litigation." Montana v. United States, 440 U.S. at

21 164 n. 11. Concerns regarding the fairness of estoppel arise where

22 the subsequent proceeding offers "procedural opportunities

23 unavailable in the first action that could readily cause a

24 different result". Monarch, 192 F.3d at 304. Here procedural

25 mechanisms crucial to Boehm's ability to gather probative evidence

26 to the specific claims now made were either not available or

27 available to such a lesser degrees in the sentencing proceedings

28

1  that he lacked a sufficiently fair opportunity to litigate the

2  issues relevant here in the prior proceeding.

3

4       There is no federal right to pretrial discovery in a criminal

5  case. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977)("There is

6  no general constitutional right to discovery in a criminal case and

7  Brady did not create one.") The information provided to Boehm in

8  the criminal case was provided as a matter of discretion not of

9  right. There is no doubt that he was denied access to most of the

10 information in the government's possession, including a copy of

11 Plaintiff's testimony to the grand jury and interviews she may have

12 had with the U.S. Attorney's office.

13      In contrast, federal rules of civil litigation afford a civil

14 defendant extensive access to information regarding the plaintiff's

15 case. In the civil case Boehm has recourse to the full array of

16 discovery procedures including interrogatories, requests for

17 admissions, document requests, depositions and so forth. The

18 differences in the procedural opportunities available to Boehm in

19 the criminal and civil proceedings mean that he lacked a

20 sufficiently fair opportunity to litigate the issues sought to be

21 precluded here so that collateral estoppel should not apply. See,

22 United States v. U.S. Currency in the Amount of $119,984.00 More or

23 Less, 304 F.3d 165 (2nd Cir. 2002).

24

25      The inadequate access to discovery in the federal criminal

26 proceeding when compared to the broad protections afforded to civil

27 litigants in federal civil court raise the same concerns and lead

28 to the conclusion Plaintiff's motion should be denied. It would

12

1  offend notions of due process and fundamental fairness to give

2  preclusive effect to a federal conviction when the lack of

3  discovery means the prerequisite opportunity to fully and fairly

4  litigate prior to invocation of collateral estoppel does not exist.

5  That is particularly true here where the limited evidence available

6  to Boehm gave no indication a subsequent civil suit was

7  foreseeable.

## V. CONCLUSION

10       For the reasons contained herein the court should concluded

11 that the plaintiff cannot clearly demonstrate that(1) the elements

12 of her tort claims have been met through the plea agreement, (2)

13 the issues decided in the federal criminal case against Boehm are

14 identical to the elements of her asserted tort claims; (3) the

15 issues were resolved in the first action by a final judgment on the

16 merits; and (4) the determination of the issues were essential to

17 the final judgment. In addition she has not proven that Boehm had a

18 full and fair opportunity to litigate the points she seeks to

19 presumptively establish. Therefore, the motion for partial summary

20 judgment should be denied.

July 26, 2006                    KENNER LAW FIRM, P.C.

By: _____

                                 David E. Kenner,
                                 Attorney for Defendant Josef F. Boehm

13