IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SALLEY C. PURSER,<br><br>             Plaintiff,<br><br>   vs.<br><br>JOSEF BOEHM, et al.,<br><br>             Defendants. | Case No. 3:05-cv-00085-JKS<br><br><br>O R D E R |

    Josef Boehm and others were convicted of certain federal felonies and sentenced to prison. In the course of the criminal proceedings, Salley Purser, a minor female, was identified as a potential victim of Boehm and his associates. Purser now sues Boehm and his associates for personal injuries resulting from his criminal activities. For jurisdiction, she relies on a federal statute that gives victims of certain sexual offenses a private right of action in federal court against their abusers. *See* 18 U.S.C. § 1595.

    Purser sought judicial notice of the record in Boehm's criminal case (motion at Docket No. 33) and, on the assumption that the motion would be granted, moved for partial summary judgment on liability (Docket No. 34). The motions were not opposed and no party sought a timely extension of time as provided for in Fed. R. Civ. P. 6. Upon independent review of the existing record, the Court granted the motions. Docket No. 38 (Order dated July 13, 2006).

    Thereafter, on July 18, 2006, Purser filed a "Notice to the Court" indicating that the parties had stipulated to extend the time for Boehm to respond to the motions previously filed and now granted. Docket No. 39. No motion was made to extend the time for such an answer. *See* Fed. R. Civ. P. 6(b) (request for extension after time has run must be made by motion

supported by a showing of excusable neglect). In a motion dated July 31, 2006 and electronically docketed on August 1, 2006, Boehm moved to set aside the order at Docket No. 38; the sole justification offered was the stipulation at Docket No. 39 that had not been disclosed to the Court at the time the Order was entered. Docket No. 44.

A stipulation undisclosed to the Court does not extend the time for taking actions prescribed by the Federal Rules. In the Civil Justice Reform Act, Congress clearly intended to take responsibility for scheduling civil cases away from counsel and to place it with the courts, in order to serve the public and litigants, rather than convenience the attorneys. Further, in Fed. R. Civ. P. 83, Congress and the Supreme Court made it clear that unwritten rules, directives, hidden policies and practices should not govern procedure in the courts. Thus, parties and their attorneys should rely upon published rules and no other source. The Court is aware of the liberalization of the phrase "excusable neglect" in *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993), and *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc). Nevertheless, the Court is not prepared to hold that either the absence of prejudice established by the stipulation, or the fact of the stipulation, automatically establish excusable neglect.

Consequently, the Court cannot simply treat the motion at Docket No. 44 as a motion for enlargement of time supported by a sufficient showing of excusable neglect. The Court is concerned about the effect on case management of automatically treating all time limits set by rule or order as subject to the whim of the parties. We are not addressing an inadvertent error by a low-ranking employee, unlikely to be repeated. Finding excusable neglect where an attorney or, more accurately, two attorneys simply substitute their views regarding case management for the orderly processes set out in the rules would, in effect, abdicate case management to those parties and set a very bad precedent. *See Certain Underwriters v. Inlet Fisheries Inc.*, 232 F.R.D. 609 (D.Ak. 2005) (stressing the importance of case management in weighing the factors relevant to excusable neglect). Thus, the Court will deny the motion at Docket No. 44, without prejudice to a motion pursuant to Fed. R. Civ. P. 6(b)(2).

The Court is open to the possibility that the best resolution of this issue would be to impose a fine on counsel for both parties as a deterrent in aid of case management, while in this

ORDER

case granting the additional time and considering the opposition. It would not do so, however, without hearing from both parties.

In short, the Court sees a significant difference between a timely unopposed motion for an extension of time supported by a stipulation (which no doubt would have been granted) and counsel simply waiting until the Court had ruled on a motion to inform the Court somewhat offhandedly that the Order should be set aside because the parties had secretly stipulated to an extension of time.

The Court is operating on the assumption (Boehm having pleaded in federal court, and Purser relying, apparently, on federal question jurisdiction) that the effect of a criminal judgment under the doctrines of collateral estoppel and res judicata will be determined under federal law. The related questions of the admissibility into evidence of the plea, statements, and admissions made during the plea process will be determined in conformity with Fed. R. Evid. 410. *See also*, Fed. R. Crim. P. 11(f), which cross-references Rule 410.

**IT IS THEREFORE ORDERED**:

The motion at **Docket No. 44** is **DENIED**. The Notice at **Docket No. 39** is **STRICKEN FROM THE RECORD** AND SHOULD BE RETURNED TO COUNSEL.

Dated at Anchorage, Alaska, this 25th day of August 2006.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.003.wpd