Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Josef F. Boehm, Allen K. Bolling, | ) |
| and Bambi Tyree, | ) |
| | ) |
| Defendants. | ) |
| _____) | **Case No. A05-0085 (JKS)** |

**MEMORANDUM IN SUPPORT OF
<u>MOTION FOR ORDER FREEZING ASSETS</u>**

Although this motion is brought under Rule 65 of the Federal Rules of Civil Procedure, it is not Rule 65 that authorizes the granting of injunctive relief; rather, it establishes procedural Rules for use by the Court in ruling on such a motion. <u>See</u> *11A Charles Alan Wrigght, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure, 2941 (2nd ed. 1995)*. Injunctive relief is authorized pursuant to the inherent power of the Court, through its exercise of discretion, "exercised in conformity with historic federal equity practice." <u>Id</u>. 2947. Injunctive relief is not only available in claims seeking equitable remedies, it is also available in claims at law where money damages are sought. <u>See id</u>. 2941. The prerequisites for obtaining an equitable as well as the general availability of injunctive relief are not altered by Rule 65 and depend on traditional principles of equity jurisdiction. <u>Id</u>. It is within the inherent power of the district court to grant injunctive relief, and it is within the inherent power of the district court to freeze the assets of a

defendant so as to preserve the status quo pending a final judgment awarding money damages. See In re Estate of Ferdinand Marcos, Human Rights Litigation, 25 F.3d 1467 (9th Cir. 1994); Reebok International, Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552 (9th Cir. 1992). While past decisions have generally held that use of Rule 65 was precluded for any claim not equitable in nature, there was a fundamental shift in this doctrine in the 1990's. Compare Federal Trade Comm'n v. H.N. Singer, Inc., 688 F.2d 1107, 1112 (9th Cir. 1982); and In re Estate of Ferdinand Marcos, Human Rights Litigation, 25 F.3d 1467 (9th Cir. 1994); Reebok International, Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552 (9th Cir. 1992).

The shift in this Circuit first occurred in Reebok International, Ltd. v. Marnatech Enterprises, Inc. In that case, Reebok sued Marnatech and others under the Lanham Act for selling counterfeit Reebok shoes in Mexican border towns. Reebok, 970 F.2d at 554. Reebok first obtained a temporary restraining order and then a preliminary injunction enjoining future copyright violations and freezing defendants' assets. Id. After refuting defendants' argument that the district court lacked jurisdiction over them under the Lanham Act, the court addressed the district court's power to freeze a defendant's assets. Id., at 554-58.

The court was unclear whether the Lanham Act authorized the restraint of assets ordered by the district court. Reebok, 970 F.2d at 559-59. However, the Court noted that the Act did allow for a recovery of defendant's profits and damages, and a pre-judgment restraint might be necessary to preserve those remedies. Id., at 559. The court did not find it necessary to decide the scope of the authority in the Lanham Act because they viewed the district court's injunction as authorized by its inherent equitable power to issue provisional remedies ancillary to its authority to provide final relief. Id., at 559-60. The injunction was necessary to preserve the district court's ability to order an accounting of the defendants' profits and subsequent return of

those profits illegally obtained, which are remedies expressly authorized by the Act. Id. Therefore, the injunction was ancillary to the district court's authority to provide final relief. Id., at 560.

Reebok clearly expanded the use of preliminary injunctions to restrain assets, although the court had been careful to emphasize the equitable nature of the claim and the final relief sought. Reebok, 970 F.2d at 552.  After Reebok, the Ninth Circuit again expanded the use of the injunction to secure assets.  In Marcos, the Ninth Circuit unequivocally embraced the use of injunctions to secure a source of funds for a strictly legal claim of money damages. In re Estate of Ferdinand Marcos, Human Rights Litigation, 25 F.3d 1467 (9th Cir. 1994).

Marcos was a class action lawsuit brought by families of alleged victims of torture, summary execution, or disappearance. Id., at 1468.  Only money damages were sought by the plaintiffs. Id., at 1476.   The court decided that a preliminary injunction was appropriate in a case where money damages would be inadequate because of the defendant's pending insolvency or where there was a potential for dissipation of assets. Id., at 1480.  The court noted that in allowing the use of the injunction to freeze assets, it joined the majority of other circuits in the expansive use of equity to maintain the status quo in an action at law. Id., at 1478-80.  The court also noted that the facts of that case supported the injunction because plaintiffs had prevailed on the merits while the appeal from the interlocutory order was pending and defendants would not be harmed by the restraint. Marcos, 25 F.3d at 1478-79.  See also Deckert v. Independence Shares Corp., 311 U.S. 282, 290 (1940) (in action in which defendant "was insolvent and its assets in danger of dissipation or depletion," holding that the remedy against it, without preliminary relief to secure assets, would be "inadequate"); Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 206 (3d Cir. 1990) (concluding that "the unsatisfiability of a money judgment

can constitute irreparable injury"); Fechter v. HMW Indus., Inc., 879 F.2d 1111, 1121 (3d Cir. 1989) (concluding that plaintiff employees, who sought to recover surplus benefits of terminated pension plan under ERISA, faced irreparable harm where employer's parent company, to whom surplus had been advanced by employer, could not "trace the funds to a single account or demonstrate the continued existence of the surplus"); In re Feit & Drexler, Inc., 760 F.2d 406, 416 (2d Cir. 1985) (noting that even where the ultimate relief sought is money damages, federal courts have found preliminary injunctions appropriate where it has been shown that the defendant intended to frustrate any judgment on the merits by transferring its assets out of the jurisdiction); Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 386 (7th Cir. 1984) (noting that a damages remedy may be inadequate and plaintiff may face irreparable harm if "damages [are] unobtainable from the defendant because he may become insolvent before a final judgment can be entered and collected").

In the instant case, plaintiff will prevail on final judgment. Indeed, an order granting summary judgment on liability has already been entered and there can be no doubt that plaintiff will prevail on the merits. The only question is not whether plaintiff is entitled to damages; rather the question is the amount of damages to be awarded.

Defendant, Joseph Boehm is in federal prison and his main asset lies within the jurisdiction of this court. That main asset is his ownership interest in Alaska Industrial Hardware, an interest subject to writ of execution and judicial sale upon entry of a final judgment in this case. Boehm's attorney has recently stated that plaintiff may get a judgment, but it will be impossible to collect that judgment. Affidavit of Darryl Jones. This is a clear indication that asset depletion, hiding or transfer is likely contemplated by Boehm, which will prevent collection of the judgment eventually entered on behalf of plaintiff.

Accordingly, plaintiff requests an order against Joseph Boehm, which precludes the transfer, depletion, encumbrance, or dissipation of any of his assets without first obtaining permission of this Court.

DATED this 6th day of September 2006.

/s/     Darryl L. Jones
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: 907-278-1212
Fax: 907-278-1213
E-mail: lodj.federalnotices@yahoo.com
ABA No.: 8811188