KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 – fax

Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

Sally C. Purser,                )
                                )  DEFENDANT JOSEF BOEHM'S
        Plaintiff,              )  MEMORANDUM OF POINTS AND
                                )  AUTHORITIES IN SUPPORT OF MOTION
        v.                      )  TO SET ASIDE PARTIAL SUMMARY
                                )  JUDGMENT ORDER
Josef F. Boehm, Allen K.        )
Bolling, and Bambi Tyree,       )
                                )
        Defendants.             )
                                )
                                )
_____)
                                )
                                   CASE NO.: A05-0085 (JKS)

## MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE PARTIAL SUMMARY JUDGMENT ORDER (Fed.R.Civ.P. 6(b)(2))

The defense moves to set aside the Order granting partial summary judgment to Plaintiff. The defense relies on Fed.R.Civ.Pro. 6(b)(2).

### 1. Legal Standards

Fed.R.Civ.Pro. 6(b)(2) provides the court with discretion to enlarge the period of time for response even after the expiration of the normal time if the movant can show "excusable neglect" for failure to meet the original deadline. "Excusable neglect" is an equitable determination requiring consideration of "all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993).

1

1    Generally, the court will consider several factors, including (1)
2  the danger of prejudice to the non-moving party, (2) the length of
3  delay and its potential impact on judicial proceedings, (3) the reason
4  for the delay, including whether it was within the reasonable control
5  of the movant, and (4) whether the moving party's conduct was in good
6  faith. 507 U.S. at 395; see also <u>Comm. for Idaho's High Desert, Inc.</u>
7  <u>v. Yost</u>, 92 F.3d 814, 825 (9th Cir. 1996) 2 Factual background.

8    The Law Offices of David Kenner substituted as counsel for
9  defendant Josef F. Boehm on May 24, 2006. At that time David Kenner
10 was a sole practitioner. It was anticipated he would immerse himself
11 in this matter as soon as he finished trial in <u>USA v. Wakine</u>, 04-
12 00373. That matter started trial on June 6, 2006 and finished on June
13 13, 2006.

14   The motion for partial summary judgment was filed on June 12, 2006.
15 A timely response would have been due on July 17, 2006. Mr. Kenner
16 suffered a serious accident on June 19, 2006. The injury, caused by
17 a fall, resulted in the need for emergency hip replacement surgery.
18 He remained under supervised medical care or otherwise limited to his
19 home until August 30, 2006. During September 2006, Mr. Kenner has
20 gradually returned to  to his office in a full time capacity.
21
22   During the months of June and July he attempted to insure
23 management of this case. He contacted undersigned counsel, Brett A.
24 Greenfield, on July 12, 2006. At that time Kenner was still very
25 limited as a result of his surgery and complications resulting
26 thereafter. Mr. Greenfield maintained a separate practice (Fisher &
27 Greenfield, A Partnership of Professional Law Corporations), but
28 agreed to assist. On July 12, 2006 Mr. Greenfield contacted Darryl

2

MEMORANDUM OF POINTS AND AUTHORITIES

Jones, opposing counsel, and notified him of Kenner's medical issues. Mr. Jones, agreed to stipulate to an extension of time to file the response until August 2, 2006. He also agreed to file the notice of stipulation for Greenfield as a matter of professional courtesy. The stipulation was prepared and sent via email to Mr. Jones on July 14, 2006. Mr. Jones filed the stipulation after the response due date on July 18, 2006.

Unfortunately, a formal request for an extension of time was not made to accompany the stipulation. In the jurisdiction where undersigned counsel regularly practices, stipulations of counsel for minor extensions are routine. Mr. Greenfield expended significant energy and resources responding to the motion for partial summary judgment and the opposition was filed on August 1, 2006, a day before the time anticipated by the stipulation.

During this time as Kenner's health continued to be a problem, he sought to negate other problems by reaching an agreement to work with Mr. Greenfield on a full time basis. An agreement was reached in early August but necessitated a move to a new office with the attendant problems of telephone and computer transfer and service, staff hires, moving, etc. The move was complete by September 1, 2006. In addition, during this time discovery in the form of 14 banker's boxes of documentary evidence was received by prior counsel.

2. **Application of law to the current case**

Application of a totality of circumstances test including use of the Pioneer factors shows that set aside and acceptance of the opposition are appropriate. First, this case does not involve prejudice to the opposing party because the substantive pleading was

3

---

MEMORANDUM OF POINTS AND AUTHORITIES

filed within the time frame the opposing party had previously deemed appropriate through stipulation. Second, the delay was not extensive and not likely to have impact on other judicial proceedings. Third, the reason for the delay did not involve conscious disregard of known deadlines or a mistake of law readily attributable to counsel. Pincay, supra.

Mr. Kenner was involved in a critical medical emergency beyond his control. Despite his situation, he attempted to avoid harm to the court or prejudice to the opposing party by seeking assistance of attorney Brett Greenfield who took prompt action with regard to the deadline. The delay was minimal and substantial energy and resources were expended, including filing the substantive response prior to the term anticipated in the stipulation. See CapstarCorp v. Pristine Ind. Inc., 768 F.Supp. 518, 521-22 (W.D.N.C. 1991). The defense has demonstrated a reasonable basis for non-compliance within the originally specified time periods in Fed.R.Civ.P. 6.

The primary error was a failure to request permission from the court to extend the deadline to the date anticipated in the stipulation. The Court has recognized, however, that had such an unopposed request been made an extension would have been likely. The failure was not motivated by tactical or strategic considerations, and is another indication that the moving party's conduct was in good faith. Thus, the final Pioneer factor also weighs in favor of granting the motion to set aside. See Pincay, 389 F.3d at 860-61 (Benzon, J., concurrence). This Court should therefore conclude in light of "all relevant circumstances surrounding the party's omission" that the

1  situation here warrants the equitable remedy of a finding of excusable

2  neglect under Rule 6(b) (2).

3      **3. Conclusion and Request for Relief**

4      For the reasons contained herein the Court should grant the

5  motion for set-aside of partial summary judgment, accept the late-

6  filed opposition to the motion for partial summary judgment, and allow

7  the case to proceed.

8

September 13, 2006              KENNER LAW FIRM, P.C.

9

10

11                      By: _____

12                          Brett A. Greenfield,
                            Attorney for Defendant Josef F. Boehm

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES

1  KENNER LAW FIRM, P.C.
   David E. Kenner, SBN 41425
2  16000 Ventura Boulevard, PH 1208
   Encino, CA 91364
3  818 995 1195
   818 475 5369 – fax
4
   Attorney for Josef F. Boehm
5

6        IN THE UNITED STATES DISTRICT COURT DISTRICT OF ALASKA

7
   Salley C. Purser,              )  CASE NO.: A05-0085
8                                 )
                                  )  CERTIFICATE OF SERVICE
9              Plaintiff,         )
                                  )  DATE:      September 15, 2006
10        v.                      )  TIME:      8:30 a.m.
                                  )
11 Joesef F. Boehm, Allen K.      )
   Bolling, Leslie J. Williams, Jr.)
12 and Bambi Tyree,               )
                                  )
13             Defendants.        )
                                  )
14 _____

15        This is to Certify that on or about September 15, 2006 a true

16 and correct copy of the attached documents were caused to be mailed

17 to the following parties of record:

18

19 Bambi Tyree
   Inmate No: 13016-006
20 FCI Dublin
   5701 8th Street-Camp Parks
21 Dublin, CA 94568
   C.M. No.: 7002 2410 0006 6742 2539
22
   Allen K. Bolling
23 Inmate No: 14911-006
   USP Terre Haute
24 U.S. Penitentiary
   P.O. Box 12015
25 Terre Haute, IN 47801
   C.M. 7002 2410 0006 6742 2188
26

27

28

The following parties were served electronically on September 15, 2006:

**Darryl L. Jones**
lodj.federalnotices@yahoo.com

KENNER LAW FIRM, P.C.

By: _____
David E. Kenner,
Attorney for Defendant
Josef Boehm