1 | KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
2 | Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
3 | Encino, CA 91364
818 995 1195
4 | 818 475 5369 – fax

5 | Attorney for Defendant Josef F. Boehm

6 |                IN THE UNITED STATES DISTRICT COURT

7 |                     DISTRICT OF ALASKA

8 |

9 | Sally C. Purser,                    )   NOTICE OF RULING IN RELATED CASE
                                        )
10 |            Plaintiff,              )
                                        )
11 |            v.                      )
                                        )
12 | Josef F. Boehm, Allen K.           )
   Bolling, and Bambi Tyree,           )
13 |                                    )
            Defendants.                 )
14 |                                    )
                                        )
15 |                                    )   CASE NO.: A05-0085 (JKS)
                                        )

16 |        Comes now defendant, Josef F. Boehm, and hereby gives

17 | notice of ruling in a related case.  Plaintiff in this matter

18 | has filed a request for collateral estoppel and for issue

19 | preclusion in this case based on Mr. Boehm's conviction and

20 | sentencing.  The same request was made in the related state

21 | case of E.A. v. Boehm, Superior Court Case 3AN-05-11782 CI.  A

22 | copy of the Honorable Mark Rindner's order denying that

23 | request is attached hereto as Exhibit A.

24 |

25 |

26 |

27 |

28 |

                                     1

                        NOTICE OF RELATED RULING

1 September 13, 2006                KENNER LAW FIRM, P.C.

2

3                            By: _____

4                                Brett A. Greenfield,
5                                Attorney for Defendant Josef F. Boehm

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF RELATED RULING

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

E.A., a minor,  )
by her mother and next friend D.A.,  )
  )
     Plaintiff,  )
  )
     v.  )  Case No. 3AN-05-11782CI
  )
JOSEF F. BOEHM,  )
  )
     Defendant.  )
_____  )

## ORDER Re: Plaintiff's Motion for Partial Summary Judgment on Liability and Punitive Damages

### Introduction

In November 2004, Defendant, Josef Boehm entered a plea agreement with the United States to pled guilty to 1) conspiracy to commit the crime of sex trafficking of children in violation of 18 U.S.C. § 371; and 2) conspiracy to distribute controlled substances, to wit over 50 grams of cocaine base, to persons under 21 years old in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 859 (a).

Plaintiff, E.A., who was one of Boehm's victims, is now seeking civil damages against Boehm for his actions. Plaintiff has filed a motion for partial summary judgment claiming that Boehm cannot deny liability because he was convicted in federal court. Plaintiff also claims that she is entitled to punitive damages because Boehm's actions were outrageous and were committed with malice or bad motive or with reckless indifference to the interest of another person. Defendant claims that the crimes in which he plead guilty to do not have the same

3AN-05-11782CI          1 of 13
*E.A. v. BOEHM*
ORDER Re: Plaintiff's Motion for Partial Summary Judgment on Liability and Punitive Damages

elements as the claims asserted against him in the civil case and that collateral estoppel cannot be applied.

### Factual and Procedural History

In January 2004, Defendant Josef Boehm was criminally charged for conspiracy to recruit E.A. and other children into engaging in commercial sex with him and others by providing the children with cocaine. In November 2004, Defendant entered into a plea agreement with the United States. Pl.'s Ex. A. He pled guilty to 1) conspiracy to commit the crime of sex trafficking of children in violation of 18 U.S.C. § 371; and 2) conspiracy to distribute controlled substances, to wit over 50 grams of cocaine base, to persons under 21 years old in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 859 (a).

In the plea agreement, Defendant admitted that E.A. was knowingly recruited by the defendants and received money and/or controlled substances from the defendants in the U.S. criminal case. Pl.'s Ex. A at 24-25. He also admitted that the defendants knew the juveniles' ages when they recruited the juveniles. Id. at 25. Judge Sedwick also made specific findings when he imposed Defendant's sentence. Judge Sedwick found that Defendant was the person who organized the conspiracies to which he pled guilty. Pl.'s Ex. B at 12. He also found that Defendant gave E.A. cocaine on multiple occasions. Id. at 10.

E.A.'s claims for civil damages is based upon ten claims: 1) Sexual Abuse; 2) Sexual Assault; 3) Unlawful Exploitation and Slavery; 4) Contributing to Delinquency of a Minor; 5) Wrongful Distribution of Controlled Substance; 6) Wrongful Detention; 7) Intentional Infliction of Emotional Distress; 8) Civil Conspiracy to Engage in Sex Trafficking; 9) Civil Conspiracy to Distribute Controlled Substances; and 10) Punitive Damages. Pl.'s First Am. Comp. Plaintiff

3AN-05-11782CI                         2 of 13
*E.A. v. BOEHM*
ORDER Re: Plaintiff's Motion for Partial Summary Judgment on Liability and Punitive Damages

has filed a motion for partial summary judgment claiming that Defendant is barred from denying liability by collateral estoppel since he was criminally convicted. However, at oral argument Plaintiff retracted her argument that collateral estoppel applied and instead relied solely on Defendant's admissions and Judge Sedwick's findings from his sentencing order. Plaintiff also claims that Defendant is liable for punitive damages because his conduct was outrageous and his acts were committed with malice or bad motive or with reckless indifference to the interest of another person. Defendant argues that collateral estoppel cannot be applied to Plaintiff's causes of action.

## Standard for Summary Judgment

A party seeking to recover upon a claim may move for summary judgment in his or her favor as to all or any part thereof. Summary judgment may be granted in favor of a party if there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Alaska Civ. R. 56(c). In considering the motion for summary judgment, the court shall draw all reasonable factual inferences in favor of the non-moving party. Alaska S. Partners v. Prosser, 972 P.2d 161, 164 (Alaska 1999); Rush v. Alaska Mortgage Group, 937 P.2d 647, 651 (Alaska 1997).

The moving party "has the initial burden of making a prima facie showing establishing the absence of genuine issues of material fact and his or her right to judgment as a matter of law." Yurioff v. Am. Honda Motor Co., Inc., 803 P.2d 386, 389 (Alaska 1990). This showing must be based on admissible evidence. Morgan v. Fortis Benefits Ins. Co., 107 P.3d 267, 269 (Alaska 2005) (citing Brock v. Rogers & Babler, Inc., 536 P.2d 778, 782 (Alaska 1975)).

Where the moving party has made a prima facie showing that he or she is entitled to judgment on the established facts as a matter of law, "the opposing party must demonstrate that a genuine issue of fact exists to be litigated by showing that it can produce admissible evidence reasonably tending to dispute the movant's evidence." French v. Jadon, Inc., 911 P.2d 20, 23 (Alaska 1996) (citing Wassink v. Hawkins, 763 P.2d 971, 973 (Alaska 1988)).

"In attempting to satisfy their respective burdens, the parties may utilize pleadings, affidavits, and any other materials otherwise admissible in evidence." Morgan, 107 P.3d at 269 (citing Miller v. City of Fairbanks, 509 P.2d 826, 829 (Alaska 1973) (footnotes omitted)). "Unsworn assertions of fact in a party's own pleadings and memoranda are not admissible evidence and cannot be relied upon to satisfy these burdens." Id. (citing Brock, 536 P.2d at 783).

## Discussion

Plaintiff argues that Defendant's admissions along with Judge Sedwick's findings in the Defendant's criminal sentencing hearing are sufficient to grant summary judgment on the issue of liability for Plaintiff's claims.[1]

Plaintiff alleges ten causes of action: 1) Sexual Abuse; 2) Sexual Assault; 3) Unlawful Exploitation and Slavery; 4) Contributing to Delinquency of a Minor; 5) Wrongful Distribution of Controlled Substance; 6) Wrongful Detention; 7) Intentional Infliction of Emotional Distress; 8) Civil Conspiracy to Engage in Sex Trafficking; 9) Civil Conspiracy to Distribute Controlled Substances; and 10) Punitive Damages. First Amended Complaint. As noted above, Defendant pled guilty to 1) conspiracy to commit the crime of sex trafficking of children; and 2) conspiracy to distribute controlled substances, to wit over 50 grams of cocaine base, to persons under 21

---

[1] During oral arguments, Plaintiff abandoned her collateral estoppel argument and relied only on Defendant's admissions and Judge Sedwick's findings.

3AN-05-11782CI                           4 of 13
*E.A. v. BOEHM*
ORDER Re: Plaintiff's Motion for Partial Summary Judgment on Liability and Punitive Damages

years old. In his findings during the sentencing hearing, Judge Sedwick found that Defendant gave Plaintiff cocaine on multiple occasions. Pl.'s Ex. B at 10. After oral argument, Plaintiff submitted a memo with citations to supplemental authorities to support each cause of action pled in her Complaint.

**1) Civil Liability for Sexual Abuse under AS 09.55.650 (a):**

> (a) A person who, as a minor under 16 years of age, was the victim of sexual abuse may maintain an action for recovery of damages against the perpetrator of the act or acts of sexual abuse based on the perpetrator's intentional conduct for an injury or condition suffered as a result of the sexual abuse.

AS 09.55.650 (a). Section (c) explains that "sexual abuse" means an "act committed by the defendant against the plaintiff maintaining the cause of action if the defendant's conduct would have violated a provision of AS 11.41.410 -- 11.41.440...." AS 11.41.434 states that sexual abuse of a minor in the first degree occurs when "the offender engages in sexual penetration with a person who is under 13 years of age or aids, induces, causes, or encourages a person who is under 13 years of age to engage in sexual penetration with another person." AS 11.41.434 (a)(1).

Here, Defendants pled guilty to conspiracy charges. Conspiracy is a specific intent crime. The intent required for the crime of conspiracy is the intent to advance or further the unlawful object of the conspiracy. U.S. v. Blair, 54 F.3d 639, 642 (10th Cir. 1995). In other words, it is not necessary that the individual in fact commit any direct act, he only has to have the intent to commit the conspiracy. As Defendant notes, the underlying overt act was not identified in federal court or in the written plea agreement. The only facts that were established from the federal criminal suit are 1) Defendant conspired to commit the crime of sex trafficking of children; 2) Defendant conspired to commit to distribute cocaine to persons under 21 years old; and that 3) Judge Sedwick found in his sentencing hearing that Defendant gave Plaintiff

3AN-05-11782CI                    5 of 13
*E.A. v. BOEHM*
ORDER Re: Plaintiff's Motion for Partial Summary Judgment on Liability and Punitive Damages

cocaine on numerous occasions.  Nowhere in the plea agreement or in Judge Sedwick's findings

are there established facts that Defendant, himself, engaged in sexual acts with E.A. or that E.A.,

herself, engaged in sexual acts with Defendant or others.  Plaintiff's argument that the

Defendant's admissions establish liability under this cause of action must fail and summary

judgment cannot be granted.

### 2) Civil Liability for Unlawful Exploitation and Slavery:

Plaintiff cites to the criminal statute for kidnapping (AS 11.41.300 (a)(1)(F)) as the

foundation for civil liability for her claim for Unlawful Exploitation and Slavery.  Under that

statute:

> (a) A person commits the crime of kidnapping if
> (1) the person restrains another with intent to
> (F) commit an offense in violation of AS 11.41.434 -- 11.41.438 upon the restrained
> person or place the restrained person or a third person in apprehension that a person will
> be subject to an offense in violation of AS 11.41.434 -- 11.41.438

AS 11.41.300 (a)(1)(F).  AS 11.41.434-.438 are the criminal statutes for the crime of sexual

abuse of a minor.[2]  Because the statute is a criminal one, Plaintiff cites to Chokwak v. Worley,

912 P. 2d 1248, for the proposition that a civil damages remedy is implied in criminal statutes.

In Chokwak, the court found that civil liability could not be implied from a criminal statute that

prohibits furnishing alcohol to minors because a later statute was passed that expressly limited

civil liability to persons supplying alcoholic beverages to another person.  Chokwak, 912 P.2d at

1253-54.  The court noted that "a cause of action 'implied' from a criminal statute generally

cannot be harmonized with a later statute expressly abrogating civil liability."  Id.  In its opinion,

---

[2] Though Plaintiff's second cause of action is for unlawful exploitation, she does not cite to the corresponding criminal statute AS 11.41.455.  That statute makes it a crime to produce "a live performance, film, audio, video, electronic, or electromagnetic recording, photograph, negative, slide, book, newspaper, magazine, or other material that visually or aurally depicts" minors in various sexual contexts.  There do not appear to be any allegations that Defendant performed any of these acts.

3AN-05-11782CI                    6 of 13
*E.A. v. BOEHM*
ORDER Re: Plaintiff's Motion for Partial Summary Judgment on Liability and Punitive
Damages

the court quoted <u>Prosser and Keeton on the Law of Torts</u> explaining how courts find civil

liability in criminal statutes:

> Many courts have, however, purported to "find" in the statute a supposed "implied," "constructive," or "presumed" intent to provide for tort liability···· In the ordinary case inquiries into legislative intent are pure fiction, concocted for the purpose. The obvious conclusion must usually be that when the legislators said nothing about it, they either did not have the civil suit in mind at all, or deliberately omitted to provide for it····
>
> Perhaps the most satisfactory explanation is that the courts are seeking, by something in the nature of judicial legislation, to further the ultimate policy for the protection of individuals which they find underlying the statute, and which they believe the legislature must have had in mind. The statutory standard of conduct is simply adopted voluntarily, out of deference and respect for the legislature.

<u>Id.</u> at 1254 citing W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 36, at 220-22

(5th ed. 1984).

Here, this Court need not delve into the legislative history because even if civil liability

could be implied under these criminal statutes, Defendant's admissions do not satisfy the

elements of the cause of action.  Again, Defendant pled guilty to conspiracy charges; there are no

claims or specific facts establishing that Defendant restrained E.A. with the purpose of sexually

abusing her.  Summary judgment must be denied for this claim.

### 3) Civil Liability for Contributing to the Delinquency of a Minor:

Plaintiff again cites to a criminal statute and to <u>Chokwak v. Worley</u> to support her claim

that Defendant is civilly liable for contributing to the delinquency of a minor.  AS 11.51.130

states:

> (a) A person commits the crime of contributing to the delinquency of a minor if, being 19 years of age or older or being under 19 years of age and having the disabilities of minority removed for general purposes under AS 09.55.590, the person aids, induces, causes, or encourages a child
> (1) under 18 years of age to do any act prohibited by state law unless the child's disabilities of minority have been removed for general purposes under AS 09.55.590;

3AN-05-11782CI                                    7 of 13
*E.A. v. BOEHM*
ORDER Re: Plaintiff's Motion for Partial Summary Judgment on Liability and Punitive
Damages

(2) under 18 years of age or allows a child under 18 years of age to enter or remain in the immediate physical presence of the unlawful manufacture, use, display, or delivery of a controlled substance knowing that the manufacture, use, display, or delivery is occurring, unless the child's disabilities of minority have been removed for general purposes under AS 09.55.590.

AS 11.51.130 (a)(1), (a)(2). The only facts established thus far is that Defendant conspired to commit the crime of sex trafficking of children and conspired to commit to distribute cocaine to persons under 21 years. Defendant did not admit that he committed the crime of sex trafficking or that he did in fact distribute cocaine to persons under 21 years of age. The only possible fact that could establish that Defendant is liable under this theory is that Judge Sedwick found that Defendant gave E.A. cocaine on numerous occasions.[3] Pl.'s Ex B at 10.

The doctrine of collateral estoppel has four elements: 1) the party against whom the preclusion is employed was a party to or in privity with the first action; 2) the issue precluded from re-litigation is identical to the litigation decided in the first action; 3) the issue was resolved in the first action by a final judgment on the merits; and 4) the determination of the issue was essential to the final judgment. Midgett v. Cook Inlet Pre-Trial Facility, 53 P.3d 1105, 1110 (Alaska 2002). In Ross v. Alaska, the Ninth Circuit, citing the Restatement (Second) of Judgments, noted the four factors to be considered in determining whether the issue in a proceeding is identical to an issue previously litigated: 1) Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? 2) Does the new evidence or argument involve application of the same rule of law as that involved in the prior proceeding? 3) Could pretrial preparation and discovery relating to the matter presented in the first action reasonably be expected to have embraced the matter sought to

---

[3] Plaintiff claims that her arguments are based mainly on Defendant's admissions and not on the theory of collateral estoppel. However, since she attempts to rely on Judge Sedwick's findings as a basis for liability, collateral estoppel must be discussed with respect to those findings.

3AN-05-11782CI                                8 of 13
E.A. v. BOEHM
ORDER Re: Plaintiff's Motion for Partial Summary Judgment on Liability and Punitive Damages

be presented in the second? 4) How closely related are the claims involved in the two proceedings?  Ross v. Alaska, 189 F.3d 1107, 1111 (9th Cir. 1999) (citing Restatement (Second) of Judgments § 27 cmt. c).  The court also noted that the Alaska courts generally follow the Restatements.  Ross, 189 F.3d at 1111 n.5.

Defendant points to S.E.C. v. Monarch Funding Corp., 192 F.3d 295 (2nd Cir. 1999), to support his argument that Judge Sedwick's findings in his sentencing proceeding could not be used in this subsequent civil suit to establish liability.  In Monarch Funding, the court found that there were several circumstances where collateral estoppel should not be applied: 1) "where the second action affords 'procedural opportunities unavailable in the first action that could readily cause a different result;'" and 2) "where a defendant has little incentive to litigate the relevant issue vigorously in the original action, particularly if the second action is not foreseeable."  Monarch Funding Corp., 192 F.3d at 304.  After citing the four-part collateral estoppel test, the court then decided whether the doctrine would apply to sentencing findings.  Id.  After a lengthy discussion, the court concluded that collateral estoppel did not apply.  Id. at 307.

Specifically, the court found that 1) unlike a civil litigant, a criminal defendant's opportunities to take discovery may be limited for sentencing purposes (Id. at 305); 2) the evidence admissible against a civil litigant must survive challenge under the Federal Rules of Evidence and by contrast, a sentencing judge "is largely unlimited either as to the kind of information [he] may consider, or the source from which it may come," so long as the information has sufficient indicia of reliability to support its probable accuracy (Id. (internal citations omitted); 3) the incentive to litigate a sentencing finding is frequently less intense, and certainly more fraught with risk, than it would be for a full-blown civil trial, noting that a

criminal defendant will often choose not to challenge sensitive issues during sentencing for any number of reasons, including a belief, or at least a hope, that the sentencing court will grant a prosecutorial downward departure motion or other recommendation (Id.); and 4) in sentencing proceedings...the government's factual assertions may well be subjected to less adversarial testing (Id. at 306).

The court concluded that "regardless of how carefully considered an issue may have been during the process leading up to decision, and regardless of what may be inferred from that decision, estoppel does not apply to a finding that was not legally necessary to the final sentence" and "precluding relitigation on the basis of [sentencing] findings should be presumed improper." Id. at 306, 307. "[T]he burden should be on the plaintiff in the civil case to prove [it is clearly fair and efficient]." Id. at 306.

Additionally, there is no federal right to pretrial discovery in a criminal case. Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Thus, limiting Defendant's ability to fully litigate the issues in his sentencing proceeding. Plaintiff has not demonstrated how Judge Sedwick's finding that Defendant provided E.A. with cocaine on multiple occasions was material to the sentencing proceeding, nor has she shown that collateral estoppel on this issue is "clearly fair and efficient." In the proceedings, Judge Sedwick determined whether any aggravators applied to Defendant's sentencing which would allow the judge to impose the maximum sentence. Judge Sedwick's finding that Defendant gave E.A. cocaine on multiple occasions was not necessary in the sentencing proceeding. Judge Sedwick concluded that Defendant acted as the organizer and leader of the conspiracy and found that an upward adjustment of two levels for

Defendant's role in the offense was required. Pl.'s Ex. B at 15. Judge Sedwick then imposed

the maximum sentence of 135 months.

Under the standards above, Plaintiff cannot use collateral estoppel to conclusively

establish that he committed the alleged underlying acts; summary judgment cannot be granted on

this claim.

**4) Civil Liability Wrongful Distribution of Controlled Substance under AS 11.71.010:**

To support her cause of action, Plaintiff again cites to a criminal statute and to Chokwak

v. Worley. AS 11.51.130 states:

> (a) Except as authorized in AS 17.30, a person commits the crime of misconduct
> involving a controlled substance in the first degree if the person
> (1) delivers any amount of a schedule IA controlled substance to a person under 19 years
> of age who is at least three years younger than the person delivering the substance

AS 11.71.010 (a). As discussed above, even if this Court were to find that civil liability could be

implied from this criminal statute, Plaintiff has not conclusively shown that Defendant, himself,

provided Plaintiff with a controlled substance. Defendant's admissions and Judge Sedwick's

findings are not sufficient to establish liability; summary judgment must be denied.

**5) Civil Liability for Wrongful Detention:**

Plaintiff cites to the same case law and criminal statutes as her claim for Unlawful

Exploitation and Slavery. For the same reasons discussed above, summary judgment on this

claim must be denied.[4]

**6) Civil Liability for Intentional Infliction of Emotional Distress:**

To support her cause of action, Plaintiff cites to Johnson v. State, 762 P.2d 493, 496

(Alaska App. 1988), as an example of damages resulting from sexual abuse of a child. However,

---

[4] Since Plaintiff has the same basis for her third and fifth claim, it appears that these two claims should not be separate, but instead are the same.

3AN-05-11782CI                    11 of 13
*E.A. v. BOEHM*
ORDER Re: Plaintiff's Motion for Partial Summary Judgment on Liability and Punitive
Damages

that case addressed whether a sentence imposed on a convicted sexual abuser was appropriate, not whether Defendant was civily liable for IIED. The court did note that '[t]he emotional trauma suffered by such a young victim cannot be underestimated." Johnson, 762 P.2d at 496. That observation, however, was made in response to whether Defendant's actions were the least serious within the definition of his convicted crimes. Id.

Plaintiff has not established liability for the underlying basis for this cause of action (sexual abuse of a minor or distributing a controlled substance); therefore, she cannot prevail on summary judgment on this claim.

## 7) Civil Conspiracy to Engage in Sex Trafficking:

Plaintiff next argues that civil liability for conspiracy is a cognizable action in Alaska. Defendant contends that conspiracy is distinct crime and a tort for conspiracy does not exist in Alaska.

In Summers v. Hagen, a creditor brought action for damages against grantee of debtor for fraudulent conveyance and conspiracy to fraudulently convey property. 852 P.2d 1165 (Alaska 1993). The court found that a cause of action exists for conspiracy to fraudulently convey property. The court supported it decision by citing to an Arizona case that found liability for civil conspiracy based on the Uniform Fraudulent Conveyance Act which makes fraudulent conveyances of a debtor's property to the grantee a definite legal wrong which could be the subject of a civil conspiracy action. Summers, 825 P.2d at 1169.[5] The other cases in Alaska that remotely touch on the theory of civil conspiracies appear to center around business or financial

[5] Plaintiff also cites to Still v. Cunningham, 94 P.3d 1104 (Alaska 2004), to show that civil conspiracy is recognized in Alaska; however, her reliance on this case is misplaced. Like the few other civil conspiracy cases in Alaska, Still dealt with a financial business transaction. It is not clear from the case if the court recognized a claim for civil conspiracy. The claim was resolved in favor of the party whom the claim was against and the Supreme Court could not figure out under which procedural mechanism the issue was resolved. Still, 94 P.3d at 1108, n.4. In other words, it is not clear if the lower court dismissed the claim because it was not a cognizable one or if the party simply withdrew the claim.

3AN-05-11782CI                    12 of 13
E.A. v. BOEHM
ORDER Re: Plaintiff's Motion for Partial Summary Judgment on Liability and Punitive Damages

transactions.  See Hanadel v. Blum, 2002 WL 987903 (Alaska 1996) (conspiracy claims based

on corporate actors); Sever v. Alaska Pulp Corp., 931 P.2d 354 (Alaska 1996) (civil conspiracy

claims based on contractual interference); and Matter of Stump, 621 P.2d 263 (Alaska 1980)

(claims related to an escrow holder's intention to deprive Plaintiff of tax breaks).

     Plaintiff has not adequately demonstrated that a civil claim for conspiracy exists for

Defendant's actions; summary judgment on this claim must be denied.

**8)  Civil Conspiracy to Distribute Controlled Substances:**

     Plaintiff's final claim relies on the same arguments as above.  For the same reasons, this
Court must deny summary judgment on this claim.

     For all these reasons Plaintiff's motion for partial summary judgment is DENIED.

     DATED at Anchorage, Alaska, this __17__ day of August 2006.

                                   MARK RINDNER
                                   Superior Court Judge

I certify that on _August 17, 2006_ a copy was mailed to:

Winner    Angstman
Fitzgerald    Kehner
_____
Administrative Assistant

3AN-05-11782CI               13 of 13
*E.A. v. BOEHM*
ORDER Re: Plaintiff's Motion for Partial Summary Judgment on Liability and Punitive
Damages

KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 - fax

Attorney for Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT DISTRICT OF ALASKA

| | |
|---|---|
| Salley C. Purser, | ) CASE NO.: A05-0085 |
| | ) |
| | ) CERTIFICATE OF SERVICE |
| Plaintiff, | ) |
| | ) DATE:      September 15, 2006 |
| v. | ) TIME:      8:30 a.m. |
| | ) |
| Joesef F. Boehm, Allen K. | ) |
| Bolling, Leslie J. Williams, Jr.) | |
| and Bambi Tyree, | ) |
| | ) |
| Defendants. | ) |
| | ) |

        This is to Certify that on or about September 15, 2006 a true
and correct copy of the attached documents were caused to be mailed
to the following parties of record:


Bambi Tyree
Inmate No: 13016-006
FCI Dublin
5701 8th Street-Camp Parks
Dublin, CA 94568
C.M. No.: 7002 2410 0006 6742 2539

Allen K. Bolling
Inmate No: 14911-006
USP Terre Haute
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801
C.M. 7002 2410 0006 6742 2188

1  The following parties were served electronically on September 15,
2  2006:

3  **Darryl L. Jones**
4  lodj.federalnotices@yahoo.com

5

6

7                     KENNER LAW FIRM, P.C.

8

9                     By: _____
10                     David E. Kenner,
11                     Attorney for Defendant
12                     Josef Boehm