UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| SALLY C. PURSER,<br><br>              Plaintiff,<br><br>vs.<br><br>JOSEF F. BOEHM, ALLEN K. BOLLING, LESLIE J. WILLIAMS, JR., and BAMBI TYREE,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. A05-085 CV (JKS)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF
MOTION TO SET ASIDE ENTRY OF DEFAULT**

COMES NOW defendant, Bambi Tyree, by and through her counsel of record, EIDE, GINGRAS & PATE, P.C., and requests this Court vacate the clerk's entry of default entered on September 23, 2005.

**I.    FACTS**

On June 14, 2005, Ms. Tyree was served with a summons and the complaint for this case. Ms. Tyree was served while housed at the Federal Detention Center in Seattle, Washington. Although Ms. Tyree read the documents she was sent, she did not understand the legal steps that she needed to take personally and what the consequences of failing to act would be. Ms. Tyree dropped out of public school during her 7th grade year, and although she later completed her GED, she has had no formal legal training and (at the time she read the complaint and summons) did not understand what

an entry of default was. The plaintiff's allegations track the charges in Ms. Tyree's federal criminal case. Sue Ellen Tatter of the Federal Public Defenders represented Ms. Tyree in the criminal case. Ms. Tyree believed that because the complaint dealt with the same allegations as the criminal case, that Ms. Tatter would be representing her in this case as well. Ms. Tyree did not believe that she personally needed to answer the complaint, and when she telephoned Ms. Tatter's office, she was not immediately able to speak with her. Ms. Tyree called back until she was able to connect with Ms. Tatter. Eventually, Ms. Tyree learned that Ms. Tatter would not be representing her in this case, as it was a civil matter. During this time, Ms. Tyree was incarcerated in an unfamiliar state and had no means to hire an attorney.

Ms. Tyree did not file an answer to the complaint within 20 days of service. On August 2, 2005, the Court sent out a minute order, warning Ms. Tyree had not filed an answer as required. On August 23, 2005, the Court sent out a minute order notifying the parties that Ms. Tyree's time to answer had expired. Ms. Tyree was not served with either of these documents because she had not entered an appearance. The clerk of court made an entry of default as to Ms. Tyree on September 23, 2005. Despite the clerk's entry of default, the plaintiff continued to serve Ms. Tyree with pleadings, including its preliminary witness list and a motion for partial summary judgment.

Ms. Tyree was held in various levels of incarceration, ranging from prison to home detention, until September 6, 2006. While on a pass from home detention, Ms.

Tyree sought legal counsel to inquire regarding the status of the lawsuit. It was then that Ms. Tyree learned for the first time what an entry of default was.

## II.    LAW AND ARGUMENT

Federal Rule of Civil Procedure 55(c) directs that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Issues for the court to consider in weighing whether or not to grant a motion to set aside an entry of default include "'(1) whether the default was willful; (2) whether setting aside the default judgment would prejudice the adversary; and (3) whether a meritorious defense is presented.'" Tesillo v. Emergency Physician Associates, Inc., 230 F.R.D. 287, 288-89 (W.D.N.Y. 2005); quoting Powerserve Intern. Inc. v. Lavi, 239 F.3d 508-514 (2nd Cir. 2001). "Decisions to vacate an entry of default are within the discretion of the court, but any doubts should be resolved in favor of a trial on the merits." Id. at 289. As such, other factors for the court to consider include whether the failure to answer was a good-faith mistake, whether the entry of default would bring about a harsh or unfair result, whether the parties have a history of dilatoriness, and whether alternative sanctions are available. Id., Coastal Mart v. Johnson Auto Repair, 196 F.R.D. 30, 33 (E.D. Penn. 2000).

### A.    Willfulness

In the instant case, Ms. Tyree's failure to answer in a timely manner was not a willful violation, since carelessness and negligence do not constitute willfulness for

purposes of default judgments. Tesillo, 230 F.R.D. at 289. Ms. Tyree may have been wrong in assuming that her Federal Public Defender would take care of her legal affairs, but this does not evidence willful, bad faith conduct which would preclude the Court from setting aside the entry of default.

In Ex re Shaver v. Lucas Western Corp., Shaver served Lucas with a complaint and Lucas failed to answer in a timely manner based on a clerical error. 237 F.3d 932, 933 (8th Cir. 2001). When the complaint was received, a supervisor in the human resources department at Lucas mistakenly believed the complaint related to ongoing workers' compensation litigation and forwarded the complaint to the claims-management provider handling that litigation. Id. The clerk entered default against Lucas and the mistake was discovered. Id. The 8th Circuit affirmed the trial court's ruling, setting aside the clerk's entry of default because Lucas had not acted intentionally. Id.

At the time Ms. Tyree was served with the complaint in the above captioned case, she had never been a civil litigant in a case alleging claims for damages. Ms. Tyree's only experience with the judicial system, excluding traffic tickets and a forcibly entry and detainer complaint, was in the context of being a criminal defendant. In criminal cases, Ms. Tyree had always been represented by a publicly appointed attorney. Given the legal standards which apply, Ms. Tyree was not willful in failing to answer. She was merely mistaken.

### B. Prejudice

In deciding whether to vacate a clerk's entry of default, the court must next consider whether or not the non-defaulting party will suffer any prejudice. Mere delay does not amount to prejudice; rather, to show prejudice, the delay must result in the loss of evidence, create difficulties with discovery, or provide greater opportunities for fraud and collusion. Tesillo, 230 F.R.D. at 289.

In the instant case, there have been no depositions taken and the parties have not yet completed written discovery. Some interrogatories are circulating, but they have not yet been answered. Motion practice has been minimal to date. Therefore, there is no prejudice to the other parties. Ms. Tyree can easily answer the complaint if the Court permits, and answer interrogatories without there being any further delay in this case. Additionally, any delay that would have been created by Ms. Tyree's default will not result in the loss of any evidence, create difficulties with discovery, or provide opportunities for fraud or collusion. Therefore, there will be no prejudice to the other parties in setting aside the clerk's entry of default.

### C. Meritorious Defense

In order to show that Ms. Tyree possesses a meritorious defense, she needs only show that there is a determination for the fact finder to make. Id. She does not have to prove that she will succeed at trial; instead, she can prove a meritorious defense by showing that there is some possibility that a full trial will result in the different outcome

than that created by the entry of default. U.S. v. Cagle, 235 F.R.D. 641, 645 (E.D. Mich. 2006).

If the Court grants Ms. Tyree's motion to set aside the clerk's entry of default and grants her leave to answer the complaint, Ms. Tyree will deny the substantive allegations levied against her. Ms. Tyree was convicted pursuant to a plea bargain of conspiracy to distribute a controlled substance. However, despite this conviction, she denies cajoling others into the commercial sex trade as the plaintiff alleges. Ms. Tyree's denial of the specific allegations raised against her in the plaintiff's complaint establishes that she has a meritorious defense.

### D. Other Factors

All other factors the Court need consider weigh in favor of granting Ms. Tyree relief. Her failure to answer the complaint was the result of a good-faith mistake, she has not acted dilatory in the past, and alternative sanctions are available to the Court. Other sanctions available include paying attorney's fees for the time it took for the plaintiff to draft a single page motion for entry of default. While Ms. Tyree does not request the Court levy this or any other sanction, the availability of other sanctions weighs in favor of the Court setting aside the clerk's entry of default.

### III. CONCLUSION

In considering a motion to set aside a clerk's entry of default, the Court is vested with considerable discretion and must hold the defaulting party to a lower standard

than if a judgment of default had been entered. In reliance on the above referenced authorities, the Court would be well within its discretion in granting the relief requested.

Ms. Tyree failed to act, under a mistaken belief that her Federal Public Defender would protect her interests related to the above captioned case. Upon learning that her belief was mistaken, Ms. Tyree was without funds, in an out-of-state prison and had been served with legal paperwork she did not understand. Her failure to answer the complaint does not evidence willful or bad-faith conduct. Additionally, the parties have not been prejudiced and she will deny all substantive allegations in the complaint if permitted to do so evidencing a meritorious defense. All of the factors which the Court must consider weigh in favor of granting Ms. Tyree's motion to set aside the clerk's entry of default, and she requests the Court exercise that discretion.

DATED at Anchorage, Alaska this 20th day of September, 2006.

EIDE, GINGRAS & PATE
Attorneys for Defendant Bambi Tyree

By _____s/Mary L. Pate_____
Mary L. Pate
Alaska Bar No. 9011109

CERTIFICATE OF SERVICE

PATTI J. JULIUSSEN certifies as follows:
That I am a legal secretary employed by the
law firm of Eide, Gingras & Pate, P.C. That on this
20th day of September, 2006, I served
a true and accurate copy of the foregoing
document upon the following counsel of record:

ATTORNEY FOR PLAINTIFF

Darryl L. Jones, Esq.            [X] electronically
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501

ATTORNEYS FOR DEFENDANT JOSEF F. BOEHM

David Kenner, Esq.               [X] electronically
Kenner Law Firm
16000 Ventura Blvd., Suite 1208
Encino, CA 91436

Allen K. Bolling                 [X] First Class Mail
Inmate No.: 14911-006
USP Terre Haute
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

Leslie Williams                  [X] First Class Mail
Reg. 14903-006
Federal Correctional Institution – Victorville – Medium II
P.O. Box 5700
Adelanto, CA 92301

EIDE, GINGRAS & PATE, P.C.


By____s/Patti J. Juliussen_____
       PATTI J. JULIUSSEN


f:\492\03\mem in support of motion to set aside entry of default