Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| Josef F. Boehm, Allen K. Bolling, and Bambi Tyree, | ) |
|     Defendants. | ) |
| | ) Case No. A05-0085 (JKS) |

**RESPONSE TO BOEHM'S REQUEST
FOR JUDICIAL NOTICE OF STATE COURT DECISION**

Josef Boehm has asked this Court to take judicial notice of an Alaska Superior Court decision in E.A. v. Boehm, Ak.Super. 3AN-05-11782 Civil. (Docket 61). In seeking judicial notice of this State Court decision, Boehm says that plaintiff in that case sought summary judgment based on collateral estoppel and the request was denied. (Docket 61). However, that is not true and the request for judicial notice of the State Court decision should be denied.

First, it is clear from a reading of Judge Rindner's decision in E.K. v. Boehm, that the plea of collateral estoppel was withdrawn by the plaintiff. (Docket 61, Decision, p. 3). Judge Rindner noted that "at oral argument Plaintiff retracted her argument that collateral estoppel applied…." Id. Hence it is not true that Judge Rindner denied summary judgment based on a finding that collateral estoppel would not be applied. Judge Rindner's decision was based

1

entirely upon State law claims and the application of State law to the facts of that particular case. (Docket 61, generally). Because State law is not at issue in the instant case, and the question of collateral estoppel must be decided based upon application of Federal law, Judge Rindner's decision is irrelevant and not a proper subject for judicial notice. See Getty Petroleum Mktg., Inc. v. Capital Terminal Co., 391 F.3d 312, 322 (1st Cir. 2004) (LIPEZ, Circuit Judge concurring).

In Getty Petroleum, Judge Lipez notes that judicial notice of a State Court decision involves two issues: first whether there are adjudicative facts worthy of judicial notice, and second, whether there are any questions of State law that are relevant and worthy of judicial notice. Id., at 322-23.

Judge Rindner's decision was based entirely upon the application of State law. (Docket 61). Because State law is not at issue in the instant motion for summary judgment, the State Court decision is irrelevant as to the application of any legal standards and it should not be the subject of judicial notice.

In reaching his decision, Judge Rindner did not establish any adjudicative facts; rather he denied summary judgment based purely upon the application of State law. (Docket 61). Because no adjudicative facts exist within the State Court decision that are relevant to the instant case, judicial notice should be denied.

In the instant case, plaintiff has filed a suit under 18 U.S.C. § 1595, which gives her the right to sue in this Court if she was a victim of a violation of 18 U.S.C. § 1591. That Statute reads in relevant part: "An individual who is a victim of a violation of section 1589, 1590, or 1591 of this chapter may bring a civil action against the perpetrator in an appropriate district court of the United States." Boehm pled guilty to that violation 18 U.S.C. § 1591. (Plea

Agreement). Eighteen U.S.C. § 1591 makes it illegal to recruit, entice, obtain, provide, move or harbor a person or to benefit from such activities knowing that the person will be caused to engage in commercial sex acts where the person is under 18 or where force, fraud or coercion exists. The Statute does not require that Boehm actually have sex with the victim, it merely requires that he participated in the illegal conduct. Since he has admitted to the illegal conduct, and since he admitted Purser was a victim under the Statute, Purser is entitled to recover under 18 U.S.C. § 1595.

Judge Rindner's decision does not even address the relevant Federal Statutes. (Docket 61). Judge Rindner's decision does not apply Federal law to determine whether collateral estoppel applies. Id. In fact, he notes that the Plaintiff had withdrawn the claim that collateral estoppel should have been applied in that case. Because Judge Rindner's decision does not establish any "Law" that is relevant to this case and worthy of judicial notice, and because there are no adjudicative facts established in his decision that are relevant to Purser's claims, the request for judicial notice should be denied and the decision should be stricken from the record.

DATED this 20TH day of September 2006.

/s/ Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: 907-278-1212
Fax: 907-278-1213
E-mail: lodj.federalnotices@yahoo.com
ABA No.: 8811188