Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| Josef F. Boehm, Allen K. Bolling, and Bambi Tyree, | ) |
|     Defendants. | ) |
| | ) **Case No. A05-0085 (JKS)** |

**RESPONSE TO BOEHM'S MOTION TO
SET ASIDE THE ORDER GRANTING PARTIAL SUMMARY JUDGMENT**

Josef Boehm seeks an order setting aside the partial summary judgment, (Docket 38), granted in favor of the plaintiff on 13 July 2006. (Docket 59). He does not seek an order setting aside the granting of judicial notice. Id. Plaintiff takes no position on the question whether Boehm has shown excusable neglect under FRCP 6(b)(2), primarily due to the delay in filing a Rule 6(b) motion; however plaintiff does take exception to the relief requested. (Docket 59). Exception is taken because, contrary to Boehm's apparent belief, a finding of excusable neglect under Rule 6(b)(2) does not automatically mean that relief from the partial summary judgment is required as a matter of law. Instead, a finding of excusable neglect only requires allowance of a late filed opposition and then an independent review of the opposition and reply to determine whether summary judgment was warranted. If, after that independent review, summary

judgment is still warranted, then the order granting partial summary judgment should not be vacated.

Under Rule 60(b) of the Federal Rules of Civil Procedure, defendant would be entitled to relief from a judgment based on excusable neglect only if he demonstrated the existence of a meritorious defense. Relief from the judgment in such a case would be warranted because that is the relief prescribed by Rule 60(b). TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696-97 (9th Cir. 2001). Even under that rule if "the defendant presents no meritorious defense, then nothing but pointless delay can result from reopening the judgment." Id., at 697.

Defendant has not sought relief from the judgment under Rule 60(b); rather he seeks leave to late file his opposition under Rule 6(b)|(2). Under that rule, relief from the judgment is not required; rather, all that is required is the granting of leave to late file the opposition. If after a review of the opposition and the timely filed reply memorandum, this Court determines that summary judgment was warranted, then "nothing but pointless delay can result from reopening the judgment." Reason dictates that the summary judgment order would only be set aside if this Court finds, after an independent review of the motion, opposition and reply, that material issues of fact are in dispute. Since there are not issues of fact in dispute, and because defendant has not submitted even a scintilla of evidence tending to show that he is not liable to Purser, the summary judgment order should stand and the request for relief from that judgment should be denied.

This Court has already indicated that it conducted an independent review of the record before awarding summary judgment. (Docket 52, p. 1). This Court also noted that the admissible nature of the plea agreement and facts admitted therein would be governed by Rule 410 of the Federal Rules of Evidence. Id., at p. 3. Under Rule 410, only pleas of nolo

contendere, or a guilty plea that is later withdrawn are inadmissible. Moreover, only those statements made during discussion or negotiation of one of those pleas are inadmissible. By the plain meaning of the Rule a guilty plea that is not withdrawn is admissible, and so are the statements admitted in said plea agreements. Boehm entered into a plea of guilty. That plea has not been withdrawn, and thus the plea is admissible along with the admissions made in that plea agreement. For the reasons stated in Purser's motion for summary judgment, and the reply memorandum, the plea agreement has collateral estoppel effect and the facts admitted in the plea agreement are judicial admissions. Boehm is precluded, as a matter of law, from denying the facts necessary to prove liability on his part. Hence, even when the late filed opposition is considered, summary judgment is still warranted and relief from that judgment must be denied.

DATED this 20th day of September 2006.

/s/ Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: 907-278-1212
Fax: 907-278-1213
E-mail: lodj.federalnotices@yahoo.com
ABA No.: 8811188