Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Josef F. Boehm, Allen K. Bolling, | ) |
| and Bambi Tyree, | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) Case No. A05-0085 (JKS) |

**REPLY TO THE OPPOSITION TO**
**PURSER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

  Josef Boehm ("Boehm") opposes summary judgment by contending his criminal conviction has no collateral estoppel effect in the instant civil action. This is so says Boehm because there was no judgment on the merits finding that Sally Purser ("Purser") was one of his victims and that he committed any overt act against Purser. Boehm does not challenge the admissibility of the plea agreement, nor does he contest the fact set out in that plea agreement. Purser maintains that the plea agreement alone is sufficient evidence that warrants entry of summary judgment on liability.

      The Plea Agreement is admissible under Federal Rule of Evidence 807, the "residual" or "catch-all" exception to the hearsay rule. Rule 807 allows the admission of

1

statements "not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness . . . ." To be admissible under ER 807, "the statement must (1) be evidence of a material fact; (2) be more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) serve the general purposes of the Rules of evidence and the interests of justice by its admission into evidence." United States v. Sanchez-Lima, 161 F.3d 545, 547 (9th Cir. 1998). Courts have admitted guilty pleas pursuant to the residual exception to the hearsay rule. See Hancock v. Dodson, 958 F.2d 1367, 1372 (6th Cir. 1992); Estate of Chlopek by Fahrforth v. Jarmusz, 877 F. Supp. 1189, 1194-95 (N.D. Ill. 1995). By proffering the plea agreement, Purser has come forth with sufficient evidence demonstrating the absence of material issues of fact as to Boehm's liability.

Boehm's plea was made under oath with the advice of a competent attorney and it subjected him to severe criminal penalties. Moreover, the federal court appraised Boehm of his rights and concluded that the plea was made "knowingly and voluntarily." See Criminal File, Hearing on Change of Plea. Under these circumstances, Boehm's Plea Agreement is admissible under Rule 807.[1]

The primary issue is whether Boehm's Plea Agreement has a preclusive effect in this civil action by establishing, as a matter of law that Boehm violated 18 U.S.C. § 1591(a)(1) and (b)(2) and whether Purser was a victim of those offenses for purposes of 18

---

[1] . The Plea Agreement is also admissible under Federal Rule Evidence 803(22), which allows hearsay evidence of a final judgment, entered after a trial or upon a plea of guilty adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment. Boehm's Plea Agreement was reduced to a final judgment at the time of sentencing and is thus admissible pursuant to Federal Rule Evidence 803(22). See Scholes v. Lehmann, 56 F.3d 750, 762 (7th Cir. 1995) (finding plea agreement admissible under Rule 803(22) in a fraudulent transfer suit brought by receiver against various third parties).

U.S.C. § 1595. In deciding that issue, this Court needs look no further than the Plea Agreement. At the risk of being redundant, the following admissions in the Plea Agreement conclusively establish a violation of 18 U.S.C. §1591 and conclusively establish that Purser was a victim for purposes of 18 U.S.C. § 1595. Boehm admitted that:

1. Boehm, Bolling and Tyree entered into a conspiracy to distribute cocaine to persons under 21 years of age, including the plaintiff. Exhibit 1, p. 23.

2. Boehm, Bolling and Tyree did in fact distribute cocaine to persons under 21 years of age, including the plaintiff. Exhibit 1, p. 24.

3. Boehm, Bolling and Tyree conspired to recruit persons under 18 years of age to engage in commercial sex acts. Exhibit 1, p. 24.

4. Boehm, Bolling and Tyree distributed cocaine to juveniles in exchange for sexual acts. Id.

5. Juveniles were knowingly and intentionally recruited by defendants to engage in sexual acts, including plaintiff. Exhibit 1, p. 25.

6. Juveniles had sex with the defendants and received money and illegal drugs from the defendants, and the defendants knew the ages of the juveniles at the time they recruited them. Id.

On page 27 of the plea agreement, Boehm stated that "|I am admitting that the allegations against me contained in the factual basis for the pleas are true." Exhibit 1, p. 27.

On page 32 of the plea agreement, Boehm stated that; "I have read this plea agreement carefully, and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea."

The authority upon which Boehm relies to oppose summary judgment is completely inapposite. Boehm makes no attempt to discuss those competent authorities cited by Purser and which hold that a criminal plea has collateral estoppel effect in a subsequent civil proceeding. In fact, the collateral estoppel effect of a guilty plea has been so fairly well established by case law it has by now become axiomatic that estoppel applies. Courts have long held that for collateral estoppel purposes, a guilty plea and a conviction following trial are equivalent.[2] See United States v. Bejar-Matrecios, 618 F.2d 81, 83 (9th Cir. 1980)("The general rule is that the doctrine of collateral estoppel applies equally whether the previous criminal conviction was based on a jury verdict or a guilty plea."); Blohm v. Commissioner, 994 F.2d 1542, 1554 (11th Cir. 1993) ("Thus, for purposes of applying the doctrine of collateral estoppel, there is no difference between a judgment of conviction based upon a guilty plea and a judgment rendered after a trial on the merits."); Gray v. Commissioner, 708 F.2d 243, 246 (6th Cir. 1983) ("A guilty plea is as much a conviction as a conviction following a jury trial."); United States v. Podell, 572 F.2d 31, 35 (2d Cir. 1978); Brazzell v. Adams, 493 F.2d 489, 490 (5th Cir. 1974); Plunkett v. Comissioner, 465 F.2d 299, 306 (7th Cir. 1972). Courts also have routinely applied collateral estoppel in subsequent civil and criminal actions to establish material facts that were necessary to sustain a prior criminal conviction. See Ivers v. United States, 581 F.2d 1362, 1366-67 (9th Cir. 1978); Blohm, 994 F.2d at 1554; Gray, 708 F.2d at 246; Brazzell, 493 F.2d at 490; Plunkett, 465 F.2d at 307; See also Scholes v. Lehman, 56 F.3d 750 (7th Cir. 1995).

---

[2]. Courts typically reject the argument that because plea agreements often result in lower sentences for the accused, their contents are somehow less reliable than facts established by a trial on the merits. See,e.g., Brady v. United States, 397 U.S. 742, 757-58 (1970). Courts will not "'look behind (their) convictions,' especially when the record demonstrates that the pleas were made knowingly and voluntarily." Alsco-Harvard Fraud Litigation, 523 F. Supp. 790, 801 (D.D.C. 1981).

Scholes involved a Ponzi scheme created by a man named Michael Douglas ("Douglas"). Id. at 752. Douglas formed three corporations and caused them to sell limited-partner interests to investors, representing that they would yield returns between ten and twenty percent per month. Id. While the corporations made some legitimate investments, the bulk of the funds were used by Douglas to fuel a Ponzi scheme. Id. Douglas pleaded guilty to fraud and was sentenced to twelve years in federal prison. Id. The Securities and Exchange Commission ("SEC") brought a civil suit against Douglas and his three corporations. Id. At the request of the SEC, the district court appointed a receiver for Douglas and the corporations to attempt to recover funds to be distributed to the Ponzi scheme victims. Id. at 752-53. The receiver sued a number of individuals, including an investor in the Ponzi scheme who made a "return" on his investment with Douglas. Id. at 753. Judge Posner, writing for the Seventh Circuit, held that the district court did not err in relying on Douglas' plea agreement, on a motion for summary judgment, to establish that Douglas had the actual intent to defraud his creditors. Id. at 762.

Judge Posner in Scholes reasoned that Douglas was not permitted to "backpedal" from the admissions in his plea agreement, because "just as an affidavit in which a witness tries to retract admissions that he made earlier in his deposition is normally given no weight in a summary judgment proceeding, so a witness should not be permitted by a subsequent affidavit to retract admissions in a plea agreement." Id. (citations omitted). As such, in the receiver's fraudulent transfer suit against the defendant investor, there was no genuine issue of material fact as to Douglas' fraudulent intent.

The Court of Appeals for the Ninth Circuit has likewise held that a guilty plea constitutes an admission to the truth of all the material facts alleged in the indictment.

United States v. Matrecios, 618 F.2d 81, 83-84 (9th Cir. 1980).  Boehm does not dispute that it is settled law in this circuit that a guilty plea may be used to establish issue preclusion in a subsequent civil suit.  United States v. Section 18, 976 F.2d 515, 519 (9th Cir. 1992); See also United States v. $ 31,697.59 Cash, 665 F.2d 903, 904 (9th Cir. 1982); United States v. Bejar-Matrecios, 618 F.2d 81, 83-84 (9th Cir. 1980);  Ivers v. United States, 581 F.2d 1362, 1367 (9th Cir. 1978).

Boehm admitted to violating 18 U.S.C. § 1591 and he admitted that SP (Sally Purser) was a victim of that offense.  Exhibit 1, pp. 24-25.  Boehm admitted that "[t]he following juveniles were knowingly recruited by … [him] to engage in sex: S.P."  Id.  Sally Purser is S.P.  Thus, Boehm has admitted to the facts supporting Purser's claims under 18 U.S.C. § 1595 and Boehm's claims to the contrary have no merit.

## **CONCLUSION**

A party opposing summary judgment must come forward with significant probative evidence that shows there is a material issue of fact in dispute that precluded entry of judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).  Purser moved for summary judgment as to liability and met her burden of coming forth with admissible evidence that demonstrated the absence of material issues of fact.

Boehm has not contested this Court's jurisdiction under 18 U.S.C. § 1595.  Therefore, this Court's ruling that it has jurisdiction was correct.

Boehm has not contested that evidence by submitting significant probative evidence that shows there is a material issue of fact in dispute.  In opposing summary judgment, Boehm has failed to produce, and is in fact precluded from coming forth with, any evidence

that establishes the existence of a material issue of fact. The undisputed facts show that Boehm violated 18 U.S.C. § 1591, that Purser was one of Boehm's victims for purposes of 18 U.S.C. § 1595 and that Purser is now entitled to damages pursuant to that section. It is irrelevant, for purposes of the motion for partial summary judgment on liability that Purser sued under various legal theories. It is sufficient that she show she is entitled to judgment on any one of her claims and she has shown Boehm is liable to her under 18 U.S.C. § 1595, which gives her the right to damages and actual, reasonable attorney fees.

There are no issues of material fact in dispute and Boehm is liable to Purser as a matter of law. Hence, summary judgment on liability under 18 U.S.C. § 1595 should be granted as to Boehm.

Regarding defendants Bolling and Tyree, they have not opposed summary judgment, judgment on liability has already been entered, Tyree is in default, and the judgment as to liability of Bolling and Tyree should remain.

DATED this 20th day of September 2006 at Anchorage, Alaska.

/s/ Darryl L. Jones, Esq.
The Law Office of Darryl L. Jones
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Phone: 907-278-1212
Fax: 907-278-1213
E-mail: lodj.federalnotices@yahoo.com
ABA No.: 8811188