KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 - fax

Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser,<br><br>      Plaintiff,<br><br>v.<br><br>Josef F. Boehm, Allen K. Bolling, and Bambi Tyree,<br><br>      Defendants. | DEFENDANT JOSEF BOEHM'S OPPOSITION TO PLAINTIFF'S MOTION TO FREEZE ASSETS<br><br>CASE NO.: A05-0085 (JKS) |

1. **PLAINTIFF MISTAKENLY RELIES ON THE ORDER GRANTING PARTIAL SUMMARY JUDGMENT AS THE BASIS FOR HER REQUESTED RELIEF**

Plaintiff argues that she will prevail on the merits of this action because summary judgment on the issue of liability has been decided. Plaintiff's reliance on the present Order is mistaken. The motion has never been litigated on its merits. Defendant has since filed a motion to set aside the Court's Order granting partial summary judgment pursuant to Fed.R.Civ.Pro. 6(b)(2).

This Court's Order granting partial summary judgment is solely procedural and derives from (1) defense counsel's medical emergency prohibiting a timely filing, (2) plaintiff counsel's late filing of a stipulation to extend the time for response, and (3) a mistaken

1

belief amongst both plaintiff and defendant's counsel that local rules allowed for a stipulation to extend the time period in which to respond.

It is anticipated that this Court will find good cause set to aside its prior Order and allow the summary judgment motion to be decided on the merits.

## 2. PLAINTIFF HAS NOT MET THE REQUIRED BURDEN OF PROOF

Plaintiff's motion primarily focuses on this Court's right to grant preliminary injunctive relief. The issue is not whether the Court has the *ability* to grant a preliminary injunction, but whether the plaintiff has successfully met all the required elements to gain such relief.

Plaintiff concludes that "In the instant case, plaintiff will prevail on final judgment", and therefore, she is entitled to the requested relief. *Plaintiff's Motion*, Page 4. Plaintiff fails to provide the court with any rational to support, (1) the required degree of irreparable harm, (2) the required showing of a probability of success, and (3) that the balance of hardships in her favor. Without the aforementioned, the motion fails.

### A. Plaintiff's Burden

The plaintiff must demonstrate *either* (1) a combination of probable success on the merits *and* the possibility of irreparable injury *or* (2) the existence of serious questions going to the merits *and* that the balance of hardships tips sharply in her favor. *Department of Parks and Recreation for State of California v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006); *Sardi's Restaurant*

2

OPPOSITION TO PLAINTIFF'S MOTION TO FREEZE ASSETS

*Corp. v. Sardie*, 755 F.2d 719, 723 (9th Cir. 1985); and *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987). The Plaintiff completely omitted this analysis from her motion.

### B. Plaintiff Has Not Demonstrated a Probability of Success on the Merits

Without any evidence or argument, the Plaintiff states "plaintiff will prevail on final judgment." *Plaintiff's Motion*, Page 4. The Plaintiff goes on to state that "Indeed, an order granting summary judgment on liability has already been entered and there can be no doubt that plaintiff will prevail on the merits. The only question is not whether plaintiff is entitled to damages; rather the question is the amount of damages to be awarded." *Id.*

Plaintiff fails to offer any oral or documentary evidence in which to support any of the allegations set forth in her amended complaint. Plaintiff ignores the extensive need for discovery on the issues of liability and damages.

Instead, Plaintiff detrimentally relies on the motion for summary judgment to prove a high probability of success on the merits. Although initially granted for procedural reasons (defendant's failure to timely respond due to the health of counsel David E. Kenner), it is anticipated that summary judgment will be set aside leaving plaintiff devoid of any argument for probability of success.

### C. Plaintiff Fails To Show a Significant Threat of Irreparable Injury

Plaintiff's required degree of irreparable harm is much higher because probability of success and irreparable harm are inversely

related. In other words, if the plaintiff has a low probability of success, then she is held to a high standard of proving irreparable harm. See *Oakland Tribune, Inc. v. Chronicle Publishing Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985).

Mr. Jones' rendition of his conversation with defendant's counsel Brett A. Greenfield is <u>factually incorrect</u>. Plaintiff relies on this conversation as the sole basis in which to argue the threat of irreparable harm. The conversations in question are addressed as follows:

   ii. August 30, 2006 Telephone Conversation

On August 30, 2006, defendant's counsel Brett A. Greenfield telephoned plaintiff's counsel Daryl Jones to inquire about the upcoming procedural deadlines and need for a general continuance of all dates due to the extenuating circumstances caused by the emergency health problems of lead counsel David E. Kenner. See *declaration of Brett A. Greenfield*, attached hereto and incorporated herein, page 1, paragraph 2.

Mr. Jones responded to Mr. Greenfield's request by communicating the need to speak with plaintiff. Mr. Jones additionally inquired about the possibility of engaging in settlement negotiations in the Los Angeles area. Mr. Jones had inquired about settlement with Mr. Greenfield on two prior occasions and indicated that he could use the excuse to travel to Las Vegas, Nevada. Mr. Greenfield represented the need to speak with Mr. Kenner and defendant as he had in response to the two prior requests. See *declaration of Brett A. Greenfield* page 1, paragraph 3.

4

OPPOSITION TO PLAINTIFF'S MOTION TO FREEZE ASSETS

       (ii) August   , 2006 Telephone Conversation

On August 31, 2006, defendant's counsel Brett A. Greenfield telephoned plaintiff's counsel Daryl Jones to followup on the request for a general continuance. Mr. Jones denied Mr. Greenfield's request. *See declaration of Brett A. Greenfield* page 2, paragraph 5.

Mr. Jones again inquired about engaging in settlement discussions in Los Angeles. Additionally, Mr. Jones boasted about his perceived understanding of defendants' financial status. Mr. Jones went on to represent the ease in which he felt he could collect a potential judgment. Mr. Greenfield could neither confirm nor deny Mr, Jones' statements as he had yet to speak with or meet defendant. Mr. Greenfield acknowledged Mr. Jones' statement that receiving settlement money is easier than collection work. *See declaration of Brett A. Greenfield* page 2, paragraphs 6-9.

Plaintiff fails to provide any evidence in which to prove that defendant has attempted to (1) transfer any of his assets, (2) deplete any of his assets, (3) encumber any of his assets, or (4) dissipate any of his assets.

Plaintiff's motion fails to show any threat of irreparable injury and must be denied.

### 3. CONCLUSION

For the foregoing reason defendant respectfully requests that this Court deny Plaintiff's motion in its entirety.

OPPOSITION TO PLAINTIFF'S MOTION TO FREEZE ASSETS

September 23, 2006          KENNER LAW FIRM, P.C.


                            By: /s/ David E. Kenner
                            David E. Kenner,
                            Attorney for Defendant Josef F. Boehm


September 23, 2006          KENNER LAW FIRM, P.C.


                            By: /s/ Brett A. Greenfield
                            Brett A. Greenfield,
                            Attorney for Defendant Josef F. Boehm

6

OPPOSITION TO PLAINTIFF'S MOTION TO FREEZE ASSETS

```
1  KENNER LAW FIRM, P.C.
   David E. Kenner, SBN 41425
2  16000 Ventura Boulevard, PH 1208
   Encino, CA 91364
3  818 995 1195
   818 475 5369 - fax
4
   Attorney for Josef F. Boehm
5

6        IN THE UNITED STATES DISTRICT COURT DISTRICT OF ALASKA

7
   Salley C. Purser,                    )  CASE NO.: A05-0085
8                                       )
                                        )  CERTIFICATE OF SERVICE
9               Plaintiff,              )
                                        )  DATE:    August 28, 2006
10         v.                           )  TIME:    8:30 a.m.
                                        )
11 Joesef F. Boehm, Allen K.            )
   Bolling, Leslie J. Williams, Jr.)
12 and Bambi Tyree,                     )
                                        )
13              Defendants.             )
                                        )
14 _____

15     This is to Certify that on or about September 25, 2006 a true

16 and correct copy of the attached documents were caused to be mailed

17 to the following parties of record:

18

19 Bambi Tyree
   Inmate No: 13016-006
20 FCI Dublin
   5701 8th Street-Camp Parks
21 Dublin, CA 94568
   C.M. No.: 7002 2410 0006 6742 2539
22
   Allen K. Bolling
23 Inmate No: 14911-006
   USP Terre Haute
24 U.S. Penitentiary
   P.O. Box 12015
25 Terre Haute, IN 47801
   C.M. 7002 2410 0006 6742 2188
26

27

28
```

The following parties were served electronically on September 25, 2006:

**Darryl L. Jones**

lodj.federalnotices@yahoo.com

**Mary L. Pate**

mary.pate@egpalaska.com

KENNER LAW FIRM, P.C.

By: /s/ David Kenner
David E. Kenner,
Attorney for Defendant
Josef Boehm