KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 - fax

Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| Plaintiff, | ) DEFENDANT JOSEF BOEHM'S REPLY TO<br>) PLAINTIFF'S OPPOSITION TO MOTION<br>) TO SET ASIDE PARTIAL SUMMARY |
| v. | ) JUDGMENT |
| Josef F. Boehm, Allen K. Bolling, and Bambi Tyree, | ) |
| Defendants. | ) |
| | ) CASE NO.: A05-0085 (JKS) |

### 1. PLAINTIFF BRINGS HER OPPOSITION IN BAD FAITH

Plaintiff's counsel submits the opposition in the face of (1) agreeing to stipulate to an extension of time in which to allow defendant to respond to the motion for partial summary judgment, (2) agreeing to file the proposed stipulation in a timely fashion, (3) curiously forgetting to file the stipulation in a timely fashion, and (4) filing a notice of stipulation only after the motion for partial summary judgment had been ruled on.

Plaintiff is an experienced attorney well versed in the local rules of this Court.

Plaintiff's opposition directly contradicts her prior position in which she agreed to a late filing due to the extenuating health

conditions suffered by defendant's counsel David E. Kenner. Plaintiff's actions are made in bad faith and are a clear abuse of process.

**2. DEFENDANT PRESENTS A MERITORIOUS DEFENSE AS WELL AS TRIABLE ISSUES OF MATERIAL FACT**

**a. Summary Judgment**

Plaintiff argues that (1) there are no facts in dispute, and (2) defendant is precluded from the facts necessary to prove liability. While use of collateral estoppel may in some instances allow use of a prior conviction to simplify civil litigation initiated by a crime victim, it may not do so here. Plaintiff's motion for partial summary judgment is without legal or factual merit

Defendant's conviction for conspiracy did not encompass any overt act directed at Plaintiff. None of the claims asserted by Plaintiff are conspiracy counts. The plaintiff did not demonstrate that any of the elements in the criminal charges constitute elements of her civil claims. Conspicuously absent in either the charges or plea agreement is any allegation, much less admission, that defendant directed any of the acts complained of towards plaintiff. Yet the torts brought in the civil matter mandate no less.

Plaintiff's argument fatally suffers from the fact that it was unnecessary to the plea agreement that Boehm in fact provide a controlled substance specifically to Plaintiff or that he conspired to commit the crime of sex trafficking specifically with plaintiff while that issue is absolutely necessary to the current case. Identical issues do not exist and issue preclusion is inappropriate.

**B. Rule 60(b) Application**

As a general matter, Rule 60(b) is "remedial in nature and ···

must be liberally applied." Falk v. Allen,2d 461, 463 (9th Cir.1984). More specifically, in applying the general terms of Rule 60(b) to default judgments, this Court has emphasized that such judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk, supra, 739 F.2d at 463.

Put another way, where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute.

Plaintiff cannot clearly demonstrate that(1) the elements of her tort claims have been met through the plea agreement, (2) the issues decided in the federal criminal case against Boehm are identical to the elements of her asserted tort claims; (3) the issues were resolved in the first action by a final judgment on the merits; and (4) the determination of the issues were essential to the final judgment. In addition she has not proven that Boehm had a full and fair opportunity to litigate the points she seeks to presumptively establish.

Defendant has shown the existence of a meritorious defense. Material facts remain in dispute. This matter must be allowed to be decided on the merits.

**C. Plaintiff Will Not Be Hindered From Pursuing Her Claims**

Rule 60(b)(1) stands for the premise that in order to be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case; rather, the standard is whether plaintiff's ability to pursue his claim will be hindered.

Plaintiff has made no argument to suggest that she is prevented from pursuing her claim in the event this Court grants relief from

summary judgment or denies summary judgment.

3. **PLAINTIFF'S ARGUMENT FOR CLAIM PRECLUSION HAS BEEN DECIDED IN DEFENDANTS FAVOR**

Plaintiff's motion for partial summary judgment on the issues of collateral estoppel and for issue preclusion in this case based <u>solely</u> on Defendant's conviction and sentencing. The same issues were litigated on there merits in the related state case of <u>E.A. v. Boehm</u>, Superior Court Case 3AN-05-11782 CI. The motion for partial summary judgment was denied.

4. **CONCLUSION**

For the foregoing reasons defendant respectfully requests that this Court set aside its order granting partial summary judgment and allow the opposition to be re-filed and heard on its own merit.

September 26, 2006           KENNER LAW FIRM, P.C.

                             By: _____
                             David E. Kenner,
                             Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| SALLY C. PURSER, | ) | CASE NO.: A05-0085 (JSK) |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEF F. BOEHM, ALLEN K. BOLLING AND BAMBI TYREE, | ) ) ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of September, 2006. I caused a true and correct copy of the foregoing **DEFENDANT JOSEF BOEHM'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE PARTIAL SUMMARY JUDGMENT** to be delivered to the following:

KEVIN T. FITZGERALD, ESQ.
CARMEN E. CLARK, ESQ.
INGALDSON, MAASSEN & FITZGERALD, P.C.
813 W. 3RD AVENUE
ANCHORAGE, AK 99501-2001

DARRYL L. JONES, ESQ.
109 W. 6TH STREET, SUITE 600
ANCHORAGE, ALASKA 99501

MARY L. PATE, ESQ.
425 G. STREET, SUITE 930
ANCHORAGE, ALASKA 99501

ALLEN K. BOLLING, PRO SE
REG. # 14911-006
U.S. PENITENTIARY
P.O. BOX 12015
TERRE HAUTE, IN 47801

Dated:   September 26, 2006                          _____
                                                     Rosie Ruiz