Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|   vs. ) | |
| ) | |
| Josef F. Boehm, Allen K. Bolling, ) | |
| Leslie J. Williams, Jr. and Bambi Tyree, ) | |
| ) | |
|   Defendants. ) | |
| _____ ) | **Case No. A05-0085 (JKS)** |

**REPLY TO OPPOSITION TO MOTION
FOR ORDER FREEZING DEFENDANT'S ASSETS**

   Josef Boehm opposes plaintiff's motion for an order enjoining him from disposing of his assets without first obtaining permission of this Court. Because his opposition is not well taken, because plaintiff has shown a clear and unequivocal likelihood of success on the merits and because irreparable harm will occur unless Boehm is enjoined, plaintiff's motion should be granted.

   First, plaintiff has not mistakenly relied on the order granting summary judgment based on liability. Boehm is absolutely precluded from denying his criminal conduct, and he is precluded from denying that plaintiff was injured as a direct result of his criminal conduct.

In 1971, the Supreme Court followed the lead of a number of state courts and moved away from the mutuality requirement as a matter of federal common law by permitting the use of nonmutual issue preclusion in patent infringement cases. Blonder-Tongue Labs, Inc. v. Univ. of Ill. Found, 402 U.S. 313, 349-50 (1971). The Court developed the doctrine further in Parklane Hosiery Co. v. Shore, 439 U.S. 322, 324, 329 (1979) by permitting the use of nonmutual offensive issue preclusion by allowing stockholders to preclude a corporation and its officers and directors from relitigating an issue decided in a previous SEC action. While issue preclusion is most commonly invoked in a civil case based on a judicial determination from a prior civil case, courts have also applied issue preclusion based on criminal convictions, Emich Motors Corp. v. Gen.Motors Corp., 340 U.S. 558, 568-69 (1951); and rulings on pre-trial motions in criminal cases. United States v. 6380 Little Canyon Road, 59 F.3d 974, 979-90 (9th Cir. 1985) (applying issue preclusion where suppression ruling had been upheld on appeal). An issue necessarily decided by a criminal conviction has been held to bind the defendant in a subsequent civil enforcement action, United States v. Three Tracts of Property Located On Beaver Creek, 994 F.2d 287, 290 (6th Cir. 1979); or a suit brought by the victims of a crime. Kowalski v. Gagne, 914 F.2d 299, 305-06 (1st Cir. 1990) (giving preclusive effect to a murder conviction in a subsequent wrongful death suit). The Ninth Circuit has consistently applied collateral estoppel based on a criminal conviction. Allen v. City of Los Angeles, 92 F.3d 842, 845 (9th Cir. 1996) (overruled on other grounds by Acri v. Varian Assoc., 114 F.3d 999 (9th Cir. 1997) (en banc).

When Rodney King brought a 1983 claim against the police officers who had been convicted of assaulting him, the officers filed a cross-claim against the City of Los

Angeles for reimbursement of their litigation expenses. Id. The City claimed that it was not obligated to defend the officers because they had acted with "actual malice," and the district court held that the City could use the criminal jury verdict to establish that the officers had acted with "actual malice." Id., at 850. On appeal, the Ninth Circuit held that "both the [federal] criminal verdict and the sentencing opinion are a basis for collateral estoppel." Id. The court probably meant that the jury verdict by itself would be a sufficient basis for invoking issue preclusion. However, the Ninth Circuit expressed no misgivings about granting preclusive effect to sentencing findings. Id.

Here, when Boehm entered into a guilty plea, he admitted that he engaged in the conduct supporting plaintiff's cause of action. He also admitted to causing harm to plaintiff and the other victims by agreeing to a restitution plan. Because he agreed and admitted to the conduct, and admitted that restitution was appropriate he is now absolutely precluded from denying that he caused injury to the plaintiff. See 18 U.S.C. § 3664(L). In cases where a criminal restitution order has been entered, Section 3664(L), statutorily estops the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding brought by a victim. This provision applies where the facts underlying the restitution order were fully and fairly litigated at the criminal trial, or stipulated through a guilty plea. Fed.R.Evid. 410(2); Raiford v. Abney, 695 F.2d 521, 523 (11th Cir. 1983).

Boehm admitted to the conduct, he admitted to the injury, he stipulated to the facts underlying the need for a restitution order, and he is now estopped from litigating those facts. There is not doubt whatsoever that plaintiff will prevail on the merits of this

case and thus, she has not mistakenly relied on the summary judgment order because that order must stand notwithstanding Boehm's meritless attempt to have the order set aside.

Because plaintiff has shown a clear likelihood of success on the merits, she is not required to show "a significant threat of irreparable injury." (Boehm's Opposition, p. 3, Docket 77). Instead, all plaintiff need do is demonstrate that the "possibility" of irreparable harm exists. City of Anaheim v. Kleppe, 590 F.2d 285, 288 n.4 (9th Cir. 1978); William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975). If the plaintiff has a high probability of success on the merits, then she has a minimal obligation to demonstrate irreparable harm. Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir. 1985). Plaintiff has shown that the possibility of irreparable injury exists and plaintiff has demonstrated that an injunction, enjoining the transfer of disposition of assets of a criminal defendant pending final judgment is appropriate in this Circuit. In re Estate of Ferdinand Marcos, Human Rights Litigation, 25 F.3d 1467 (9th Cir. 1994).

Plaintiff has met her burden of establishing a certain likelihood of probable success and the possibility of irreparable harm. Hence, the injunction, enjoining transfer of assets without first seeking leave of this Court should be granted.

DATED this 4th day of October 2006 at Anchorage, Alaska.

/s/ Darryl L. Jones, Esq.
Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: 907-278-1212
Phone: 907-278-1213
E-mail:lodj.federalnotices@yahoo.com
ABA No.: 8811188