Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
|  | ) |
|   Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| Josef F. Boehm, Allen K. Bolling, | ) |
| Leslie J. Williams, Jr. and Bambi Tyree, | ) |
|  | ) |
|   Defendants. | ) |
| _____ | ) **Case No. A05-0085 (JKS)** |

## OPPOSITION TO BAMBI TYREE'S
## MOTION TO SET ASIDE ENTRY OF DEFAULT

Bambi Tyree seeks to set aside the default entered on 23 September 2005. (Docket 20). Plaintiff opposes the motion on the grounds that Tyree has not met her burden of demonstrating good cause for relief from the partial summary judgment entered on 13 July 2006 and she has failed to establish a meritorious defense. (Docket 38).

This circuit has held that three factors, derived from the" good cause" standard, govern the lifting of entries of default under Fed. R. Civ. P. 55(c) and govern the vacating of a default judgment under Rule 60(b). Those factors are: whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff. See Falk v. Allen, 739 F.2d 461, 463 (9th Cir.

1984) (per curiam); Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); see also Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982) (explaining that the same factors that constitute "good cause" under Rule 55(c) govern the lifting of default judgments under Rule 60(b)); United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983) (same). As is true with respect to any Rule 60(b) motion and with respect to a defaulting party invoking Rule 55(c), the party seeking to vacate a default bears the burden of demonstrating that these factors favor vacating the judgment. See Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

In order to meet the standard outlined above, the party seeking relief must show a lack of culpability. A showing of lack of culpability is required to meet the "good cause" standard as well the "excusable neglect" criteria under Rule 60(b). Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987). Even if a lack of culpability is shown, relief must be denied if the party seeking relief fails to present a meritorious defense. This is because nothing but pointless delay can result from reopening the judgment. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Similarly, if reopening the judgment would actually prejudice the plaintiff who has diligently pursued her claim, then the interest in finality should prevail. Id.

In the instant case, Tyree says she received the complaint and thought her Public Defender would take care of the matter. (Docket 65, Affidavit of Tyree). She also says that she spoke to her Public Defender and was told that this was a civil matter and the Agency could not assist her. The reasonable inference here is that the Public Defender told her she needed to answer the complaint. Notably, Tyree provides no dates and times for these communications; and goes on to state that she did not answer the complaint because she did

2

not have money to hire an attorney. Id. In other words, her claim of excusable neglect, for failing to answer, is lack of funds to hire counsel; but that does not constitute excusable neglect or good cause. See Gregg v. Steele, 210 S.E.2d 434, 435 (N.C.App. 1974) ("If a party's neglect of a lawsuit is excusable simply because that party has no attorney, has never been involved in a lawsuit before, and lacks knowledge of when the case will come up for trial then the term 'excusable neglect' has little meaning).

Tyree's affidavit also fails to show a lack of culpability. By her own admission, Tyree was aware of the need to answer the complaint and there is clear evidence demonstrating her ability to do so suggestion in her affidavit to the contrary is most likely recent fabrication. In her affidavit, she claims she didn't understand that this was civil case, that this case was separate from her criminal case, and that she was required to file an answer. However, in the related case of Wallis v. Boehm, et al, Case No. A05-0085 (JKS), Tyree filed an answer and she did so timely. (Wallis v. Boehm, et al, Case No. A05-0085 (JKS), Docket 08). Not only did she file an answer, but she requested a jury trial. Id. Although the answer was not artfully drafted, it clearly demonstrates that Tyree understands the difference between a criminal and civil matter and that she understood the need for filing an answer. Id. The filing of an answer in Wallis also demonstrates that Tyree's failure to file an answer in this case was the result of culpable conduct and not the result of excusable neglect. Id. She has not demonstrated good faith, a lack of culpability and she is not entitled to have the default set aside. Hammer v. Drago (In re Hammer), 940 F.2d 524, 525-26 (9th Cir. 1991).

The request for relief from the default should also be denied because Tyree has not met her burden of establishing a meritorious defense to liability. Her meritorious defense is limited

to her contention that if given the opportunity she could deny the allegations in the complaint. (Docket 64, Motion, p. 6); (Id., Affidavit of Tyree, p. 2). Mere denials and bare allegations do not establish a meritorious defense. In re Hammer, 940 F.2d at 525-26. Moreover, general allegations without a statement of underlying facts are "insufficient to make out a colorable claim to a meritorious defense." Cassidy v. Tenorio, 856 F.2d 1412, 1415-16 (9th Cir. 1988). "Mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense" are insufficient to justify upsetting a default. In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978).

Tyree pled guilty to the criminal charges and when testifying at Boehm's sentence hearing she admitted to the conduct relevant to the entry of liability in this case. She is now estopped from denying the allegations. Plunkett v. Commissioner, 465 F.2d 299, 306 (7th Cir. 1972). Courts also have routinely applied collateral estoppel in subsequent civil and criminal actions to establish material facts that were necessary to sustain a prior criminal conviction. See Ivers v. United States, 581 F.2d 1362, 1366-67 (9th Cir. 1978); See also Scholes v. Lehman, 56 F.3d 750 (7th Cir. 1995).

## **CONCLUSION**

Tyree has failed to show a lack of culpability. She has failed to make out a showing of excusable neglect, and her bare assertion that if given the opportunity she will deny the allegations in the complaint does not constitute a meritorious defense. Having failed to meet her burden of establishing good cause or excusable neglect, and having failed to demonstrate that she has a meritorious defense, her motion must be denied.

DATED this 9th day of October 2006 at Anchorage, Alaska.

/s/ Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: 907-278-1212
Fax: 907-278-1213
Email: lodj.federalnotices@yahoo.com
ABA No: 8811188
