RECEIVED
OCT 0 4 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| Josef F. Boehm, Allen K. Bolling, and Bambi Tyree, | ) |
|     Defendants. | ) Case No. A05-0085 (JKS) |

## DECLARATION OF DARRYL L. JONES RE: REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO FREEZE ASSETS

I, Darryl L. Jones, hereby state and declare as follows:

1. I am the attorney for Sally C. Purser in this matter an have knowledge of the facts stated herein;

2. Mr. Greenfield mis-states the conversations regarding this matter;

3. I previously agreed to an extension of time for the filing of an opposition to plaintiff's Motion for Partial Summary Judgment when Mr. Kenner's secretary called me and informed me that Mr. Kenner had broken his hip;

4. Out of professional courtesy I voiced no objection to the continuance. The court has since addressed this issue and I made note that no extensions would again be granted by my law office without the court's prior permission, as well as my clients, to non-oppose such a motion;

DARRYL L. JONES
ATTORNEY AT LAW
109 W. 6TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PH: (907) 278-1212  FAX: (907) 278-1213

1

5. On July 24, 2006 the law offices of Attorney Kenner contacted my law office and requested a courtesy copy of the original complaint, the amended complaint and a copy of Mr. Boehm's federal plea agreement. My assistant Deborah Bushue faxed the documents to Attorney Kenner's office immediately;

6. On or about August 30, 2006, Attorney Greenfield called this office and inquired about an extension of time. I indicated that I would contact my client and I did so, and she instructed me that there should be no more delay and continuances granted defendants, unless the court orders to do so;

7. As Mr. Greenfield had been involved in this matter for many weeks, he has missed deadlines and has stated telephonically that he has not even met with his client. I declined to put myself at odds with this court again about continuing this matter. I did, however, confer with my client regarding the request for extension and my client was adamant that she would not agree to any more extensions in this matter but would entertain settlement talks. Mr. Greenfield was given notice of my client's position regarding this matter via faxed and mailed letter;

8. I did again mention the possibility of settlement. However, I did not couch it in the terms expressed by Mr. Greenfield and I can only believe he fashioned his affidavit in terms calculated to prejudice me with this court;

9. The fact of the matter is that I was contemplating a trip to Las Vegas for a DUI seminar for the week of October 9, 2006 with some of my staff, with the actual seminar set for October 12-14, 2006. A copy of the seminar advertisement front page is attached;

10. This information was passed on to Mr. Greenfield some 45 days or so ago in a prior conversation with Mr. Greenfield about settlement discussions. I did not need an excuse to go to

Las Vegas, I just needed to coordinate with Mr. Greenfield if his client was interested in resolving this matter;

11. During the last conversation with Mr. Greenfield, on or about August 31, 2006, Mr. Greenfield again admitted that, as of that date, he had not even met his client;

12. It concerned me that for the last month and a half, he had been stringing me along with talks of settlement, which was clearly bogus and designed to elicit cooperation from me to continue extending court ordered deadlines;

13. When he brought up the issue being unable to collect on a judgment, I informed him that Mr. Boehm had a cash flow, based on my research, of over $40 million a year and that should judgment be entered against Mr. Boehm, he may have trouble hiding those assets, even in off-shore accounts;

14. There was no boasting and I resent being painted in such a negative light. Either Mr. Boehm has the assets to pay a potential judgment or he does not. I have attempted to address that issue with the proper discovery, interrogatories and admissions. Mr. Greenfield has returned nothing but frivolous and non-responsive answers and has not produced one single document requested;

15. Both Attorney Kenner and Greenfield are trying to posture this case for continuance by missing deadlines and by refusing to answer Plaintiff's first set of discovery requests, interrogatories and admissions. They claim that all requests made are burdensome, overly broad, invasion of privacy, and that the requested information is not a determining factor to prove liability or damages. This is far from the truth and Plaintiff has been forced by rule to write a notice letter to Defendant and grant him additional time over the thirty day rule in which to answer properly;

DARRYL L. JONES
ATTORNEY AT LAW
109 W. 6TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PH: (907) 278-1212  Fax: (907) 278-1213

16. Based on the apparent sandbagging and the defendant's refusal to answer any discovery requests propounded to him, it is clear that collecting on any potential judgment would be far from easy: I have taken the proper steps outlined within federal rule 37 and notified Mr. Greenfield in writing and provided the affidavit of good faith for him to sign;

17. Mr. Boehm has been represented by Attorney Fitzgerald, a very competent Alaskan Attorney until Attorney Kenner substituted as counsel of record on May 24, 2006;

18. From May 24, 2006 till June 19, 2006 when the alleged accident occurred to Attorney Kenner, he had twenty six days (26) to bring himself up to speed with regard to this litigation and at the very least he should have acquired the courts calendar order so as to not miss important deadlines set out by the court. **Apparently he did not do so;**

19. Mr. Greenfield admitted in his Affidavit In Support of Motion to Set Aside Partial Summary Judgment Order, that he began assisting Attorney Kenner on this litigation on July 12, 2006;

20. Twenty-Four (24) more days passed for the Law Offices of Kenner and Greenfield to acquire the courts orders regarding dates that parties to this litigation shall adhere to. **Apparently they did not do so;**

21. From July 12, 2006 until August 14, 2006 another thirty-four (34) days passed by and Attorney Kenner and Greenfield still continued their bad faith practice of law by missing court ordered due dates. They did not file the names, vitaes and reports for the intended experts they were going to rely on with regard to this litigation. The Courts order is very clear that Defendant shall not be allowed any expert testimony at trial. Id. Courts order November 10, 2005. The Plaintiff filed her experts names, vitaes and reports on time:

4

22. A total of Eighty (80) days have passed and both Attorney Kenner and Greenfield are still refusing to adhere to court ordered due dates;

23. Finally, I take exception to Attorney Greenfield trying to persuade this court that I have acted in bad faith by not filing notice to the court of extending the deadline for Defendant's Attorney to file his opposition to the summary judgment order issue by the court. I agree that I granted him an extension verbally but I never agreed to prepare and file a motion on Defendant's behalf for such an extension.

DATED this 4th day of October 2006.

_____
Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: 907-278-1212
Fax: 907-278-1213
Email: lodj.federalnotices@yahoo.com
ABA No: 8811188

STATE OF ALASKA            )
                           )ss.
THIRD JUDICIAL DISTRICT    )

SUBSCRIBED AND SWORN TO before me this 4th day of October 2006 at Anchorage, Alaska.

_____
Notary Public in and for the State of Alaska
My Commission Expires: 8/19/2009

State of Alaska
NOTARY PUBLIC
Deborah L. Fenton-Bushue
Commission No: 101289

5