Darryl L. Jones, Esq.
The Law Office of Darryl Jones
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: 907-278-1212
Fax: 907-278-1213

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT AT ALASKA

| | |
|---|---|
| SALLY C. PURSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOSEF F. BOEHM, ALLEN K. | ) |
| BOLLING and BAMBI TYREE | ) |
| | ) |
| Defendant. | ) Case No. 3:05-CV-00085-JKS |

## <u>MOTION TO COMPEL ANSWERS TO PLAINTIFF'S FIRST SET OF DISCOVERY, INTERROGATORIES AND ADMISSIONS REQUESTS</u>

Pursuant to FEDERAL R. CIV. P. 26, 33, 34 and 36, the Plaintiff requested that the Defendant Boehm answer the attached interrogatories, discovery requests and admissions in writing and under oath within thirty (30) days from the date of service. Pursuant to FEDERAL CIV. P. 26, 33, 34 and 36, you are requested to supplement your answers if you become aware that those answers are incorrect, misleading or incomplete.

A clear and concise explanation was detailed within the request in order for the Defendant to produce the information that the Plaintiff required to properly

prepare her case for trial. It should be noted that Plaintiff was just a thirteen-year old (13) minor child, when Mr. Boehm subjected her to despicable sexual acts in clear violation of Federal Law. The information requested by Plaintiff from Defendant is financial information needed from relevant years so Plaintiff can establish a proper punitive damage award.

The answers provided to Plaintiff on the thirtieth day after service, were without a doubt not in good faith and in no way adheres to case law that has been defined within many Federal case decisions.  The Defendant objected to answering any of the requests, stating that the information requested is irrelevant, overbroad, and burdensome. Attached to this motion is a copy of the Defendants answers for the courts review.

 The most recent decisions were handed down in June and September of 2006 by the United States District Court for the District of Utah, and California Central Divisions**.  Equal Employment Opportunity Commission, Plaintiff, ANDREA LIENDER, Plaintiff-Intervenor, vs. BODY FIRM AEROBICS, INC. d/b/a Gold's Gym, Defendant. Case no. 2:03 CV 846 TC. and  Southern California Housing Rights Center, dba Housing Rights Center v. Robert Krug, et al., Case no. CV 06-1420 SJO (JCx).**

Mr. Boehm has pled guilty to the above acts and Plaintiff shall not burden the court with a long dissertation of those facts because the court is more than well aware of all the relevant facts regarding this cause of action.

The Plaintiff is entitled to the information requested as a matter of law. The Defendant's net worth and financial condition is very directly relevant and admissible to establish the appropriate amount of punitive damages. . **City of**

**Newport v. Facts Cocerts. Inc. 453 U.S. 247, 270, 101 S. Ct. 2748, 69 L. Ed. 2d 616, (1981).**

The tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded. **Oaks v Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998).**

Evidence of net worth crucial to issue of punitive damages, **United States v. Big D. Enterprises, Inc., 184 F 3d. 924 ( 8th Cir. 1999).** Under federal law, evidence of defendant's financial worth is traditionally admissible for purpose of evaluating amount of punitive damages. When a punitive damage claim has been asserted by Plaintiff and this case it has been, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff establish a prima facie case on the issue of punitive damages. **Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc., 130 F.D.R. 149, 151 ( D. Kan. 1990) ( citing cases).**

Plaintiff through her Attorney of record hereby gave the Defendant an additional five additional week days over the normal 30 day response time, to properly answer Plaintiff's first set of interrogatories, admissions and discovery requests. He has refused to do so even after ten additional days and refused to send a signed good faith certificate as required by Federal Rule 37.1, therefore Plaintiff is asking the court for an order compelling Mr. Boehm to answer the discovery, and interrogatories immediately and to order that all admissions not answered were deemed admitted.

Instead of making a good faith attempt in answering Plaintiff's first set of discovery requests, interrogatories and admissions, Defendant has taken the

position of attempting to have this court extend all deadlines with regard to this case. The Defendant has not adhered to any court ordered deadlines and now Defendant wants to punish the Plaintiff even more by utilizing the legal system and delaying her chance to move on with her young life and have closure.

This court must be aware that the Defendants current Attorneys have had more than sufficient time to review the courts scheduling order and adhere to the dates. The Defendant has not produced any pre-disclosure documents, preliminary witness list, named any experts or provided opposition to Plaintiff's expert reports, and has failed to file a final witness list. The Plaintiff has met each and every deadline on time or way ahead of schedule.

Defendant is continuing his stalling attics in asking this court to reschedule all due dates as outlined within the pre-trial and scheduling order, is nothing more than a travesty of justice and a pure waste of this courts valuable time. A more thorough opposition to the Defendants latest rescheduling request shall be filed in due time by Plaintiff.

DATED THIS 17th day of October, 2006 at Anchorage, Alaska.

/s/ Darryl L. Jones, Esq.
Darryl L. Jones
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: 907-278-1212
Fax: 907-278-1213
E-mail: lodj.federalnotices@yahoo.com
ABA No: 8811188