KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
Brett A. Greenfield, 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 - fax

Attorney for Josef F. Boehm

RECEIVED
SEP 18 2006
Law Office of Darryl Jones
via: Mail/DB

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| SALLY C. PURSER, | ) |
| | ) |
| Plaintiff, | ) DEFENDANT JOSEF BOEHM'S RESPONSE TO PLAINTIFF'S FIRST SET OF DISCOVERY |
| v. | ) |
| JOSEF F. BOEHM, ALLEN K. BOLLING and BAMBI TYREE | ) |
| Defendants. | ) |
| | ) CASE NO.: 3:05-CV-0085-JKS |

## GENERAL STATEMENT

Responding Party has not fully completed his investigation of the facts relating to this case, has not fully completed his discovery in this action, and has not completed his preparation for trial. All of the Responses contained herein are based upon only such information and documents as are presently available to and specifically known to this Responding Party, and discloses only those contentions which presently occur to such Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, adding meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may

lead to substantial additions to, changes in, and variations from the contentions set forth herein. The following Responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts, documents or tangible things, which this Responding Party may later recall or discover. Responding Party accordingly reserves the right to change any and all Responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The Responses contained herein are made in a good faith effort to supply as much factual information, documents, tangible things, and as much specification of legal contentions as is presently known, and should in no way be to the prejudice of Responding Party in relation to further discovery, research or analysis.

## RESPONSE TO INTERROGATORIES

**RESPONSE TO INTERROGATORY NUMBER 1:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO INTERROGATORY NUMBER 2:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection,

Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

### RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 1:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 2:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 3:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad.

1  Objection, invasion of privacy. Objection, burdensome. Objection,
2  requests confidential proprietary business information. Objection,
3  Defendant's ability to pay is not a determining factor in which to
4  prove liability or damages. Plaintiff's request is not relevant to
5  determine Defendant's liability nor is it relevant to prove
6  Plaintiff's damages.
7
8  **RESPONSE TO REQUEST FOR PRODUCTION NUMBER 4:**
9  Objection, irrelevant and not reasonably calculated to lead to
10 the discovery of admissible evidence. Objection, overly broad.
11 Objection, invasion of privacy. Objection, burdensome. Objection,
12 requests confidential proprietary business information. Objection,
13 Defendant's ability to pay is not a determining factor in which to
14 prove liability or damages. Plaintiff's request is not relevant to
15 determine Defendant's liability nor is it relevant to prove
16 Plaintiff's damages.
17
18
19 **RESPONSE TO REQUEST FOR PRODUCTION NUMBER 5:**
20 Objection, irrelevant and not reasonably calculated to lead to
21 the discovery of admissible evidence. Objection, overly broad.
22 Objection, invasion of privacy. Objection, burdensome. Objection,
23 requests confidential proprietary business information. Objection,
24 Defendant's ability to pay is not a determining factor in which to
25 prove liability or damages. Plaintiff's request is not relevant to
26 determine Defendant's liability nor is it relevant to prove
27 Plaintiff's damages.
28
**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 6:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 7:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 8:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

1 | **RESPONSE TO REQUEST FOR PRODUCTION NUMBER 9:**

2 | Objection, irrelevant and not reasonably calculated to lead to
3 | the discovery of admissible evidence. Objection, overly broad.
4 | Objection, invasion of privacy. Objection, burdensome. Objection,
5 | requests confidential proprietary business information. Objection,
6 | Defendant's ability to pay is not a determining factor in which to
7 | prove liability or damages. Plaintiff's request is not relevant to
8 | determine Defendant's liability nor is it relevant to prove
9 | Plaintiff's damages.

11 | **RESPONSE TO REQUEST FOR PRODUCTION NUMBER 10:**

12 | Objection, irrelevant and not reasonably calculated to lead to
13 | the discovery of admissible evidence. Objection, overly broad.
14 | Objection, invasion of privacy. Objection, burdensome. Objection,
15 | requests confidential proprietary business information. Objection,
16 | Defendant's ability to pay is not a determining factor in which to
17 | prove liability or damages. Plaintiff's request is not relevant to
18 | determine Defendant's liability nor is it relevant to prove
19 | Plaintiff's damages.

21 | **RESPONSE TO REQUEST FOR PRODUCTION NUMBER 11:**

22 | Objection, irrelevant and not reasonably calculated to lead to
23 | the discovery of admissible evidence. Objection, overly broad.
24 | Objection, invasion of privacy. Objection, burdensome. Objection,
25 | requests confidential proprietary business information. Objection,
26 | Defendant's ability to pay is not a determining factor in which to
27 | prove liability or damages. Plaintiff's request is not relevant to
28 | determine Defendant's liability nor is it relevant to prove
Plaintiff's damages.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 12:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 13:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 14:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 15:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 16:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 17:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 18:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 19:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR ADMISSIONS**

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 1:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove

1 | Plaintiff's damages.
2 |
3 | **RESPONSE TO REQUEST FOR ADMISSION NUMBER 2:**
4 | Objection, irrelevant and not reasonably calculated to lead to
5 | the discovery of admissible evidence. Objection, overly broad.
6 | Objection, invasion of privacy. Objection, burdensome. Objection,
7 | requests confidential proprietary business information. Objection,
8 | Defendant's ability to pay is not a determining factor in which to
9 | prove liability or damages. Plaintiff's request is not relevant to
10 | determine Defendant's liability nor is it relevant to prove
11 | Plaintiff's damages.
12 |
13 | **RESPONSE TO REQUEST FOR ADMISSION NUMBER 3:**
14 | Objection, irrelevant and not reasonably calculated to lead to
15 | the discovery of admissible evidence. Objection, overly broad.
16 | Objection, invasion of privacy. Objection, burdensome. Objection,
17 | requests confidential proprietary business information. Objection,
18 | Defendant's ability to pay is not a determining factor in which to
19 | prove liability or damages. Plaintiff's request is not relevant to
20 | determine Defendant's liability nor is it relevant to prove
21 | Plaintiff's damages.
22 |
23 | **RESPONSE TO REQUEST FOR ADMISSION NUMBER 4:**
24 | Objection, irrelevant and not reasonably calculated to lead to
25 | the discovery of admissible evidence. Objection, overly broad.
26 | Objection, invasion of privacy. Objection, burdensome. Objection,
27 | requests confidential proprietary business information. Objection,
28 | not a proper request as the subject matter of this request is a
  | public record. Objection, Plaintiff's request is not relevant to

determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

Without waiving the aforementioned objections, Responding party responds as follows:

I admit to entering into a plea agreement that made no specific reference to Sally Purser. The plea agreement does not contain language setting forth the elements required to be established to prove liability as it relates to plaintiff's causes of action. The validity of the plea agreement is currently subject to dispute.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 5:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 6:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to

determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 7:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 8:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Objection, overly broad. Objection, invasion of privacy. Objection, burdensome. Objection, requests confidential proprietary business information. Objection, Defendant's ability to pay is not a determining factor in which to prove liability or damages. Plaintiff's request is not relevant to determine Defendant's liability nor is it relevant to prove Plaintiff's damages.

September 12, 2006 KENNER LAW FIRM, A.P.C.

By: ______________________
Brett A. Greenfield
Attorney for Josef Boehm

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of September, 2006. I caused a true and correct copy of the foregoing RESPONSE TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS to be delivered to the following via United States Certified Mail:

CARMEN E. CLARK, ESQ.
INGALDSON, MAASSEN & FITZGERALD, P.C.
813 W. 3rd AVENUE
ANCHORAGE, AK 99501-2001

Bambi Tyree
Inmate No: 13016-006
FCI Dublin
5701 8th Street-Camp Parks
Dublin, CA 94568
C.M. No.: 7002 2410 0006 6742 2539

Allen K. Bolling
Inmate No: 14911-006
USP Terre Haute
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801
C.M. 7002 2410 0006 6742 2188

Darryl L. Jones
109 W. 6th Ave., ste. 200
Anchorage, Alaska 99501

Date: September 13, 2006                    _____
                                             Rosie Ruiz