UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| SALLY C. PURSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOSEF F. BOEHM, ALLEN K. BOLLING, | ) |
| LESLIE J. WILLIAMS, JR. & BAMBI TYREE, | ) |
| | ) Case No. A05-085 CV (JKS) |
| Defendants. | ) |

## REPLY TO OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT

Defendant Bambi Tyree, by and through her counsel Eide, Gingras & Pate, P.C., replies to Plaintiff's Opposition to Motion to Set Aside Entry of Default.

**A. As A Matter Of Law, The Entry of Default Should Be Set Aside.**

As discussed in the underlying motion, issues for the Court to consider in setting aside an entry of default include: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. Tesillo v. Emergency Physician Assoc., Inc., 230 F.R.D. 287, 288-289 (W.D.N.Y. 2005). All of these factors favor setting aside the entry of default.

First, Plaintiff argues that Ms. Tyree's conduct was culpable or willful because there is a "reasonable inference" that her public defender at the time told her she needed to answer the complaint. That inference is, in fact, unreasonable. Ms. Tyree's public

defender at the time, Sue Ellen Tatter, did not tell Ms. Tyree to answer the complaint. [Exhibit A, Affidavit of Sue Ellen Tatter] As discussed in the underlying motion, Ms. Tyree was incarcerated in an unfamiliar state, had no means to hire an attorney, was ill-prepared to answer the complaint herself under the circumstances, and was not served with either of the minute orders the Court issued warning her of the lack of an answer.

Plaintiff's contention that Ms. Tyree understood the difference between a criminal and a civil matter is also without merit. If Ms. Tyree had understood that distinction, she would not have repeatedly tried to contact her federal defender about the matter. The fact that Ms. Tyree filed an answer in the *subsequent* related case of <u>Wallis v. Boehm et al.</u>, Case No. 3:06-CV-0003, in no way indicates that she necessarily understood the procedure before that time.[1] There is absolutely no evidence that the failure to file an answer was deliberate or the result of bad faith on the part of Ms. Tyree.

Second, Ms. Purser has failed to demonstrate any prejudice whatsoever if the entry of default is set aside. To the contrary, Ms. Purser acknowledges that prejudice to the opposing party is a factor for the court's consideration and then wholly fails to demonstrate how or why she would be prejudiced if the entry of default is set aside. To show prejudice to the opposing party, any delay must result in the loss of evidence, create difficulties with discovery, or provide greater opportunities for fraud and collusion.

---

[1] Ms. Purser refers to this as Case No. A05-0085 (JKS) in her Opposition at page 3, but this appears to be an error.

Reply
*Purser v. Boehm, et al*, Case No. A05-085 CV (JKS)                                                                 Page 2

Tesillo, 230 F.R.D. at 289. There is no evidence that any of these results will occur as a result of setting aside the entry of default, and no evidence that Ms. Purser's ability to pursue her claim will otherwise be hindered. Ms. Tyree incorporates the arguments on the issue of prejudice in the underlying motion as if they were set forth in full.

Third, Ms. Purser argues that Ms. Tyree has not met her burden of establishing a meritorious defense. As discussed in the underlying motion, Ms. Tyree need only show that there is a determination for the fact finder to make. Id. The criminal case and the civil cases against Ms. Tyree in this matter are substantively different. Ms. Tyree was convicted in the criminal case pursuant to a plea bargain of conspiracy to distribute a controlled substance. Ms. Tyree, however, did not plea to and denies coercing others into the commercial sex trade as Ms. Purser alleges in the civil complaint. This is a determination for the fact finder to make. Contrary to Ms. Purser's argument, Ms. Tyree is *not* collaterally estopped from denying this allegation. See Ivers v. United States, 581 F.2d 1362m 1367 (9th Cir. 1978) (a plea of guilty is an admission of the elements of the crime to which the plea is made).

**B. Plaintiff's Reliance On The Order Granting Partial Summary Judgment Is Without Merit.**

Plaintiff Sally Purser opposes the underlying motion, in part, "on the grounds that Ms. Tyree has not met her burden of demonstrating good cause for relief from the partial summary judgment entered on 13 July 2006." [Opposition at 1] It is unclear why

Ms. Purser is referring to good cause for relief from the partial summary judgment entered on 13 July 2006. As a preliminary matter, the clerk's notice of entry of default for Ms. Tyree was entered on September 23, 2005. Thus, the clerk's notice of entry of default against Ms. Tyree had occurred before the motion for partial summary judgment was filed on June 9, 2006. Because of the notice of entry of default against Ms. Tyree, she was not served with the motion for partial summary judgment and was not required or expected to provide a response. Ms. Purser cannot reasonably expect a party against whom she has obtained an entry of default to participate in ongoing motion practice. For the same reasons, the order granting the motion for partial summary judgment issued on July 13, 2006 did not apply to Ms. Tyree.

Further, after referring to "good cause for relief from the partial summary judgment entered on 13 July 2006" Plaintiff proceeds to argue a "good cause" standard not for relief from partial summary judgment, but for the lifting of entries of default. There does not appear to be a legal or logical connection between the order granting partial summary judgment on July 13, 2006 and the standard for setting aside an entry of default. There is no legal basis for opposing the motion to set aside the entry of default on the basis of the order granting the motion for partial summary judgment. Plaintiff's reliance on that order in its Opposition is without merit.

### C.     Policy Considerations

The Ninth Circuit has articulated two policy concerns with respect to this issue.

First, Rule 60(b) is remedial in nature and must be liberally applied. Falk v. Allen, 739 F. 2d, 461, 463 (9th Cir. 1984). Second, judgment by default is considered a drastic step appropriate only in extreme circumstances; whenever possible, a case should be decided on the merits. Id. This case does not present extreme circumstances that warrant the drastic step of judgment by default rather than a decision on the merits.

## CONCLUSION

Ms. Tyree's conduct in this matter was not culpable or willful. There will not be any prejudice to Ms. Purser as the result of setting aside the entry of default. In addition, Ms. Tyree has a meritorious defense because she is not collaterally estopped from denying an allegation for which she did not enter a guilty plea in her associated criminal case. Finally, policy considerations suggest that judgment by default is inappropriate to this case and it should be decided on the merits. Based on all of these factors, the entry of default should be set aside.

DATED at Anchorage, Alaska this 17th day of October, 2006.

EIDE, GINGRAS & PATE
Attorneys for Defendant Bambi Tyree

By   s/Mary L. Pate
    Mary L. Pate
    EIDE, GINGRAS & PATE
    425 G Street, Suite 930
    Anchorage, AK  99501
    Phone: (907) 279-0930
    Fax:    (907) 279-0933
    mary.pate@egpalaska.com
    Alaska Bar No. 9011109

CERTIFICATE OF SERVICE

PATTI J. JULIUSSEN certifies as follows: That I am a legal secretary employed by the law firm of Eide, Gingras & Pate, P.C. That on this 17th day of October, 2006, I served a true and accurate copy of the foregoing document upon the following counsel of record:

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| Darryl L. Jones, Esq.<br>109 W. 6th Avenue,<br>Suite 200<br>Anchorage, AK 99501 | [X] electronically |

ATTORNEYS FOR DEFENDANT JOSEF F. BOEHM

| | |
|---|---|
| David Kenner, Esq.<br>Kenner Law Firm<br>16000 Ventura Blvd.<br>Suite 1208<br>Encino, CA 91436 | [X] electronically |
| Allen K. Bolling<br>Inmate No.: 14911-006<br>USP Terre Haute<br>U.S. Penitentiary<br>P.O. Box 12015<br>Terre Haute, IN 47801 | [X] First Class Mail |
| Leslie Williams<br>Reg. 14903-006<br>Federal Correctional Institution –<br>Victorville – Medium II<br>P.O. Box 5700<br>Adelanto, CA 92301 | [X] First Class Mail |

EIDE, GINGRAS & PATE, P.C.

By s/Patti J. Juliussen
    PATTI J. JULIUSSEN

f:\492\03\pleadings\reply to opp re set aside entry of default

Reply
*Purser v. Boehm, et al*, Case No. A05-085 CV (JKS)                                             Page 6