Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| Plaintiff, | ) |
| vs. | ) |
| Josef F. Boehm, Allen K. Bolling, and Bambi Tyree, | ) |
| Defendants. | ) Case No. A05-0085 (JKS) |

**OPPOSITION TO BOEHM'S MOTION
FOR A CONFRENCE REGARDING SCHEDULINGAND PLANNING**

Defendant, Josef Boehm, filed a motion for a hearing so he can ask for an extension of the deadlines in the Court's scheduling order.  Rather than support his motion with the required showing of "good cause," Boehm says he will present just reasons for an extension at the conference.  Boehm's motion must be denied because it violates Local Rule 7.1 and is subject to summary denial under Rule 7.1(d).

Boehm's motion is an obvious attempt to sandbag the plaintiff, because he wants to wait until the conference to support his motion as required by Local Rule 7.1(d).  Competent counsel should be aware of Rule 7.1's requirement that a motion be supported with facts and authority.  Local Rule 7.1 means that this showing must be made upon initial motion, not at some later point.  Motions based on a clandestine showing of good cause, that will only be disclosed if the motion is granted, should be rejected summarily as they are a waste of the

Court's time and resources. As the opposing party, plaintiff has the right to know what it is she is opposing, and she cannot do so if the so called "good cause" will be disclosed only if a hearing is granted by the Court.

Competent counsel should also be aware that, in this Circuit, two things must be shown when moving to modify an existing scheduling order. <u>Johnson v. Mammoth Recreation Inc</u>., 975 F.2d 604 (9th Cir. 1992). First, the moving party must demonstrate good cause for the modification. <u>Id</u>., at 608. Here, Boehm has utterly failed to show good cause. In fact, he has made no attempt to do so. Second, the moving party must show due diligence. <u>Id</u>. at 609. Boehm has failed to make this showing as well and according to the Ninth Circuit, the failure to show due diligence requires summary denial of the motion.

According to the Ninth Circuit, once the initial scheduling order has been entered, any party who moves to modify that order must show good cause of the modification. <u>Johnson</u>, 975 F.2d at 609. The Ninth Circuit has also made clear that "good cause" includes the requirement that a moving party must show he exercised due diligence and that the schedule set by the Court cannot reasonably have been met even if the party had exercised due diligence. <u>Id</u>. The showing of diligence on the part of the moving party is so important that the Ninth Circuit held that "although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end. <u>Id</u>. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Disregard of the order undermines the court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards the indolent and the cavalier ". Id.

In reply, it is likely that Boehm will rely on the fact that his attorney, David Kenner, was involved in an accident, and that prevented compliance with the initial scheduling order. (Docket 60, Declaration of Brett Greenfield). Because Boehm will likely rely on the accident as an excuse, a timeline review is necessary to show such reliance would be unfounded.

Boehm's original attorney was Kevin Fitzgerald, and Kenner substituted as counsel of record on May 24, 2006. From May 24, 2006 till June 19, 2006, when the alleged accident occurred, Kenner had ample time to bring himself up to speed with regard to this litigation and at the very least he should have acquired the Court's scheduling order so as to not miss important deadlines set out by the Court. There is no allegation that Fitzgerald failed to provide information to Kenner and it must be assumed that Fitzgerald met his duty of informing Kenner of deadlines. Greenfield admitted he began assisting Attorney Kenner on July 12, 2006. (Docket 60). He also admitted that he has not even met with his client. (Docket 95).

Although Kenner and Greenfield have had more than ample time to at least attempt to comply with the initial scheduling order, they have failed to do so. They failed to make initial disclosures, failed to file a preliminary witness list, failed to identify any experts or produce expert reports, and failed to file a final witness list. They have made no attempt to meet the deadlines in the initial scheduling order. (See Docket 95, Declaration of Darryl Jones). Instead they chose to ignore deadlines and concentrate on frivolous defenses with absolutely no evidentiary support whatsoever.

Greenfield has made no showing of due diligence, and he has made no attempt to show that the schedules could not be met even if he had exercised due diligence. The

plaintiff has met all of the deadlines set by this Court, which is evidence that the deadlines could be met through due diligence.  As an example, both plaintiff and defendant were ordered to file their final witness lists on or before October 16, 2006.  Plaintiff did so 65-days in advance of the deadline.  This should have been a warning to defendant that the list was due, yet defendant has made no attempt to even identify any witnesses let alone file a witness list.

Boehm's motion fails to show "good cause" for modification of the Scheduling Order. This case does not involve complex legal issues, being simply a complaint to recover damages for conduct that Boehm has already admitted he committed.  The motion fails to explain how due diligence was exercised and why the current deadlines could not be met even though Boehm's counsel exercised that due diligence.  Absolutely no explanation is given for why the deadlines in the scheduling order, which is a first step of prime importance in the Court's effort to undertake to effectively and expeditiously manage the case and to control its docket, passed not only without objection but without notice by counsel.  Nor is there any explanation of why counsel did not move immediately either to undertake some form of discovery or to bring to the Court's attention the fact that due diligence would not allow compliance with the scheduling order.  No explanation is given as to why counsel focused attention on frivolous defenses rather than real issues to be decided. Finally, there is no specification of what discovery remains to be done, what purposes such additional discovery is expected to achieve, nor any justification for the delay in having failed to commence that discovery at an earlier date.

Because Boehm has failed to comply with Local Rule 7.1, and made no attempt to show due diligence or good cause, his motion must be denied.

DATED this 18th day of October 2006.

        /s/ Darryl L. Jones, Esq.
        The Law Office of Darryl L. Jones
        109 W. 6th Avenue, Suite 200
        Anchorage, Alaska 99501
        Telephone: 907-278-1212
        Fax: 907-278-1213
        E-mail: lodj.federalnotices@yahoo.com
        ABA No.: 8811188