```
KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 - fax
```

Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser,<br><br>       Plaintiff,<br><br>v.<br><br>Josef F. Boehm, Allen K. Bolling, and Bambi Tyree,<br><br>       Defendants. | DEFENDANT JOSEF BOEHM'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR A CONFERENCE REGARDING SCHEDULING AND PLANNING |

CASE NO.: A05-0085 (JKS)

1. **A REQUEST FOR DEADLINE EXTENSIONS WAS ANTICIPATED BY PLAINTIFF'S COUNSEL IN THE SCHEDULING AND PLANNING CONFERENCE REPORT AS WELL AS THE SCHEDULING AND PLANNING ORDER**

On October 13, 2005, in accordance with F.R.Civ.P. 26(f), a meeting was held and attended by Mr. Darryl Jones, counsel for plaintiff and Mr. Kevin Fitzgerald, former counsel for defendant Boehm, wherein a Joint Scheduling and Planning Report was agreed upon and drafted. The Scheduling and Planning Conference Report, signed by attorney Darryl Jones, contains several passages regarding the anticipated re-scheduling of discovery deadlines as well as an acknowledgment of contested issues of liability and damages.

Boehm brings his motion for a scheduling and planning conference in good faith and pursuant to the language set forth in the Joint

Scheduling and Planning Conference Report and Scheduling and Planning Order. On November 10, 2005 the Scheduling and Planning Order was issued by this Honorable Court. *The Scheduling and Planning Order, Further Pre-Trial Proceedings Section, subsection (2), states in pertinent part:*

> " Status, discovery, settlement, or other pre-trial conferences will be scheduled at the <u>request of a party</u> or at the discretion of the court."

Additionally, the Order sets forth language in anticipation that discovery deadline extensions might be warranted. *The Scheduling and Planning Order, Discovery Section, subsection (7) reads:*

> "If expert witness or other fact discovery is not completed by the dates specified, counsel may stipulate to a continuance of no more than two months for completion of the same...A discovery conference must be requested if more time is required to complete such discovery.."

Counsel for Boehm is surprised by the representations and personal attacks set forth by Mr. Jones in his opposition to the request for a conference regarding scheduling and planning. Counsel for Boehm is in no way attempting to "sandbag the plaintiff" or plaintiff's attorney Mr. Jones, nor has counsel chosen to "ignore deadlines and concentrate on a frivolous defense."

Mr. Jones recognized and anticipated the probable need for an extension due to the circumstances surrounding this litigation. *The signed Joint Scheduling and Planning Report states:*

> "Mr. Boehm may have to seek extensions for his responses to discovery requests, considering his incarceration in a federal prison, which will almost certainly serve to delay his responses, and if need be, any verifications. <u>Nonetheless, the parties expect that they will be able to agree on any such extensions</u>". Page 3.

In good faith reliance on the Joint Scheduling and Planning Report and Scheduling and Planning Order, Brett A. Greenfield, counsel for Boehm, telephoned Mr. Jones on August 30 and 31, 2006 requesting an extension of 60 days due to the extenuating health conditions of Mr. Kenner. Mr. Greenfield described Mr. Kenner's health and resulting office situation in painstaking detail. Mr. Jones denied Mr. Greenfield's good faith request.

Quite contrary to Mr. Jones assertion that Mr. Greenfield is somehow attempting to "sand bag" plaintiff and counsel is the fact that Mr. Greenfield has been up front with Mr. Jones regarding the need for an extension of 60 days for pre-trial deadlines. Mr. Jones is aware of the circumstances but still refused to stipulate to a extension request in contravention of the wording set forth in the signed Joint Scheduling and Planning Report and the Scheduling and Planning Order. True and correct copies of *the Joint Scheduling And Planning Report, Exhibit "A" and the Scheduling And Planning Order, Exhibit "B", are attached to the declaration of Brett A. Greenfield and incorporated herein by this reference.*

To make matters worse, in his October 6, 2006 responsive correspondence to Mr. Greenfield, Mr. Jones set forth his refusal to communicate via telephone and pledged to refuse any cooperation other than required under the rules and court in this matter. True and correct copies of written correspondence between counsel dated September 22, October 5,6, and 13 are attached to the declaration of Brett A. Greenfield as Exhibits "C", "D", "E", "F" and incorporated herein by this reference.

In his October 13, 2006 correspondence, Mr. Greenfield responded to Mr. Jones by referring to the potential need for a discovery referee in the event that normal communications can not be restored amongst counsel. The arduous and hotly contested nature of this litigation obviates the need for a conference with this Honorable Court in order that counsel can communicate with the Judge regarding the extensive need for future discovery, scheduling and planning.

2.  **GOOD CAUSE IS SHOWN FOR THE SCHEDULING CONFERENCE DUE TO THE EMERGENCY HEALTH CONDITION OF COUNSEL**

Where counsel for Purser anticipated a good cause need for a potential deadline extension as a result of Mr. Boehm's incarceration, he likely did not anticipate the unanticipated events that have occurred relating to the June 19, 2006 emergency hip replacement surgery of counsel David E. Kenner.

The Law Offices of David Kenner substituted as counsel for defendant Josef F. Boehm on May 24, 2006. At that time David Kenner was a sole practitioner. It was anticipated he would immerse himself in this matter as soon as he finished trial in USA v. Waknine, Case No. 04-00373. That matter started trial on June 6, 2006 and finished on June 13, 2006, shortly thereafter, Mr. Kenner fell and shattered his hip.

The injury resulted in the need for emergency hip replacement surgery on June 19, 2006. Other health issues were subsequently implicated. He remained under supervised medical care or was otherwise limited to his home until August 30, 2006. During September 2006, Mr. Kenner gradually returned to his office in a full time capacity.

REPLY BRIEF

### A. Due Diligence Resulting From The Emergency

Within a short time of being released from the hospital near the end of June, 2006, Mr. Kenner attempted to insure limited management of this case by arranging for a response to plaintiff's pending motion for partial summary judgment. He contacted counsel, Brett A. Greenfield on July 12, 2006. At that time Mr. Kenner was still very limited as a result of his surgery and complications resulting thereafter. Mr. Greenfield maintained a separate practice (Fisher & Greenfield, A Partnership of Professional Law Corporations), but agreed to assist.

On July 12, 2006, Mr. Greenfield contacted Mr. Jones via telephone and notified him of Kenner's medical issues. Mr. Greenfield had very little knowledge concerning this matter and had never met with or spoken to Mr. Boehm at that time. Irrespective of that fact, Mr. Greenfield spent substantial time and resources responding to and filed the opposition pursuant to an agreed upon stipulation with Mr. Jones.

During this time as Kenner's health continued to be a significant and debilitating problem, he sought to negate other problems by reaching an agreement to work with Mr. Greenfield on a full time basis. An agreement was reached in early August but necessitated the closing down of Mr. Greenfield's partnership, transferring files, notifying clients and arranging a move to a new office with the attendant problems of telephone and computer transfer and service, staff hires, moving, etc. The move was complete by September 5, 2006. Mr. Kenner has since returned to his practice on a full time basis and has expended a great deal of time and energy getting this matter back on track.

It is not the intention of counsel, nor has it ever been the intention to cause unreasonable or unsubstantiated delays to this litigation.

### 3. GOOD CAUSE IS SHOWN DUE TO THE EXTENSIVE NEED FOR DISCOVERY AND DUE TO THE COMPLEXITY OF THE CASE

#### A. File Materials

In addition to the aforementioned unanticipated delay, Boehm's counsel received discovery in the form of 14 banker's boxes of documents from prior counsel encompassing a combination of the entire criminal matter as well as three civil matters. The boxes were not received by Mr. Kenner's office until the first week of August, 2006. As set forth above, counsel was not able to begin inspection of the documents until September 5, 2006.

In six short weeks Boehm's counsel has 1) indexed the entire set of documents, 2) Scanned every page, 3) saved all of the documents in pdf format, 4) converted the documents to OCR format (optical character recognition), 5) formatted the documents into a T.I.F. (tagged image file format) image file, and 6) imported the documents into a laser fiche database.

#### B. Complexity Of Action and Continued Due Diligence

Mr. Jones states "this case does not involve complex legal issues, being simply a complaint to recover damages for conduct that Boehm has already admitted he committed." This statement directly contradicts his representations set forth in the signed Joint Scheduling and Planning Report which states in pertinent part:

> **"The parties expect there to be significant contested issues of both fact and law, including issues of defendant Boehm's liability on plaintiff's claims." Page 2**

> "Finally, there will be contested issues concerning damages related to Boehm's relative culpability, if any, as well as based upon the fact that pursuant to the resolution of the criminal case as restitution fund established by defendant Boehm in the amount of $1.2 million was to compensate the "victims," including plaintiff Sally C. Purser." Page 2-3

Mr. Jones goes on to state in his opposition that Boehm has not produced a shred of evidence in his defense ignoring the fact that Mr. Jones has failed to initiate any discovery other than requests limited to Boehm's finances. It should also be noted that Ms. Purser has failed to present the required evidence of damages in order to collect a portion of the restitution fund.

This case is extremely complex. It is anticipated that Boehm's counsel will need to take as many as twenty depositions, including party depositions, witness depositions and expert depositions. Many of the witness locations are currently unknown to Boehm's counsel. Furthermore, some of the witnesses are incarcerated throughout the United States, creating an obvious hurdle with respect to gaining access to the correctional facilities for the purpose of communications and the setting and taking of depositions.

In addition, Plaintiff has put her psychological and physiological well being at issue obviating the need for a psychological evaluation of Plaintiff with Boehm's expert Mark Mills, M.D.. This will certainly create a need for expert depositions and reports. In addition, Plaintiff has retained the services of an economist for the purpose of proving damages. Defendant Boehm is in the process of retaining an expert economist for the purpose of analyzing plaintiff's claims.

Boehm is incarcerated in a federal prison located in Victorville, California approximately 100 miles from his counsel's office. In order for counsel to meet with Mr. Boehm they must spend upwards of five hours in driving time and an hour of processing time to see Mr. Boehm for a few hours per visit. Both Mr. Kenner and Mr. Greenfield have made at least six visits in the last six weeks in order to effectively prepare and present a defense in all three civil matters.

Mr. Jones has indicated his desire to depose Mr. Boehm and Mr. Bolling which will result in a lengthy process of getting counsel admitted to the separate correctional facilities as well as a certified court reporter and additional counsel who also desire to participate.

In order to effectively defend this matter and move litigation in a expeditious manner Boehm's counsel has retained the services of local counsel Pam Sullivan of Wade, Kelly & Sullivan. Boehm's counsel have been extremely diligent in preparing and defending this matter ever since Mr. Kenner's return to the office in early September and his association with Mr. Greenfield. Specifically, since September 5, 2006, Mr. Kenner's firm has performed the following work:

1. Propounded an initial set of Interrogatories;
2. Propounded an initial demand for production of documents;
3. Filed an opposition to plaintiff's motion for partial summary judgment;
4. Filed a motion to set aside the order for partial summary judgment;
5. Filed a reply brief to plaintiff's opposition to motion to set aside the partial summary judgment order;
6. Filed an opposition to plaintiff's motion to freeze assets;
7. Filed the instant motion for a scheduling conference;
8. Filed a reply brief to plaintiff's

opposition to the instant motion;
9. Responded to plaintiff's initial set of interrogatories;
10. Responded to plaintiff's initial set of requests for admission;
11. Responded to plaintiff's initial set of demands for production of documents;
12. corresponded with plaintiff's counsel via telephone on several occasions;
13. Corresponded with plaintiff's counsel via written correspondence several occasions;
14. Reviewed, indexed and converted 14 bankers boxes of discovery documentation into laser fiche;
15. Spent six full days traveling to and visiting with client;
16. Retained expert Mark Mills, M.D. for the purpose of analyzing plaintiff's psychological and physiological claims;
17. Retained local counsel Pam Sullivan of Wade, Kelly & Sullivan in order to expedite discovery and litigation;
18. Identified over twenty witnesses for the purpose of depositions and further discovery;
19. Began the process of investigating the location of witnesses;
20. Began the process of gaining access to federal penitentiaries were some of the witnesses reside.

Counsel is working at a feverish pace to effectively represent and defend Mr. Boehm in this action as well as two additional civil matters. The need for extensive discovery is obvious as is the need for an extension of time do to the aforementioned delays which were out of the control of Boehm's counsel. It is not the intention of counsel to "sand bag" plaintiff's counsel nor seek unnecessary delays. Mr. Jones has been made well aware of the situation and need for extension.

Boehm has shown good cause for an order granting his motion and allowing a conference regarding scheduling and planning.

4.  **CONCLUSION**

For the foregoing reasons, defendant respectfully requests that this Court grant his motion and order a conference regarding

1  scheduling and planning.
2
3
4  October 19, 2006              KENNER LAW FIRM, P.C.
5
6                            By: _____
7                              David E. Kenner,
                               Attorney for Defendant Josef F. Boehm
8                              KENNER LAW FIRM, P.C.
                               David E. Kenner, SBN 41425
9                              16000 Ventura Boulevard
                               Encino, CA 91436
10
                               Phone: (818) 995-1195
11                             Fax:   (818) 475-5369
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY BRIEF

1  KENNER LAW FIRM, P.C.
   David E. Kenner, SBN 41425
2  16000 Ventura Boulevard, PH 1208
   Encino, CA 91364
3  818 995 1195
   818 475 5369 - fax
4
   Attorney for Josef F. Boehm
5

6      IN THE UNITED STATES DISTRICT COURT DISTRICT OF ALASKA

7
   Sally C. Purser,              ) CASE NO.: A05-0085
8                                )
                                 ) CERTIFICATE OF SERVICE
9               Plaintiff,       )
                                 ) DATE:    October 19, 2006
10       v.                      )
                                 )
11 Josef F. Boehm, Allen K. Bolling,)
   Leslie J. Williams, Jr. and Bambi)
12 Tyree,                        )
                                 )
13              Defendants.      )
                                 )
14 _____ )

15      This is to Certify that on or about October 19, 2006, a true and
16 correct copy of the attached documents were caused to be mailed to the
17 following parties of record:
18
19 Allen K. Bolling
   Inmate No: 14911-006
20 USP Terre Haute
   U.S. Penitentiary
21 P.O. Box 12015
   Terre Haute, IN 47801
22 C.M. 7002 2410 0006 6742 2188

23 The following parties were served electronically on October 19, 2006:
24 **Darryl L. Jones**
   lodj.federalnotices@yahoo.com
25

26

27

28

                                    11
   _____
                                REPLY BRIEF

**Mary L. Pate**

mary.pate@egpalaska.com

KENNER LAW FIRM, P.C.

By: /s/

David E. Kenner,
Attorney for Defendant
Josef Boehm
16000 Ventura Boulevard.
Penthouse 1208
Encino, CA 91436
Bar # 41425
Phone: 818-995-1195
Fax: 818-475-5369
Email: Office@kennerlaw.com