KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 – fax

Attorney for Defendant Josef F. Boehm

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser,<br><br>       Plaintiff,<br><br>       v.<br><br>Josef F. Boehm, Allen K.<br>Bolling, and Bambi Tyree,<br><br>       Defendants. | )<br>) DECLARATION OF BRETT A.<br>) GREENFIELD RE REPLY TO OPPOSITION<br>) FOR A CONFERENCE REGARDING<br>) SCHEDULING AND PLANNING.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.: A05-0085 (JKS) |

I, Brett A. Greenfield, declare as follows:

1.    I am an attorney duly licenced to practice law in the State of California and an associate at Kenner Law Firm, APC.;

2.    In good faith reliance on the Joint Scheduling and Planning Report and Scheduling and Planning Order, I telephoned Mr. Jones on August 30 and 31, 2006 requesting an extension of 60 days due to the extenuating health conditions of Mr. Kenner. I described Mr. Kenner's health and resulting office situation in painstaking detail. Mr. Jones denied my request;

3.    True and correct copies of the Joint Scheduling And Planning Report, Exhibit "A" and the Scheduling And Planning Order, Exhibit "B", are attached hereto;

1

DECLARATION OF BRETT A. GREENFIELD

4.    A  true  and  correct  copy  of  Mr.  Jones  September  22,  2006 correspondence, Exhibit "C", is attached hereto;

5.    A true and correct copy of my October 5, 2006 correspondence, Exhibit "D", is attached hereto;

6.    A  true  and  correct  copy  of  Mr.  Jones  October  6,  2006 correspondence, Exhibit "E", is attached hereto;

7.    A true and correct copy of my October 13, 2006 correspondence, Exhibit "F", is attached hereto;

8.  Mr. Kenner fell and shattered his hip. The injury resulted in the need for emergency hip replacement surgery on June 19, 2006. Other health  issues  were  subsequently  implicated.  He  remained  under supervised medical care or was otherwise limited to his home until August 30, 2006. During September 2006, Mr. Kenner gradually returned to his office in a full time capacity.

9.    Within a short time of being released from the hospital near the end of June, 2006,  Mr. Kenner attempted to insure limited management of this case by arranging for a response to plaintiff's pending motion for partial summary judgment. He contacted me on July 12, 2006. At that time Mr. Kenner was still very limited as a result of his surgery and  complications  resulting  thereafter.  I  maintained  a  separate practice (Fisher & Greenfield, A Partnership of Professional Law Corporations), but agreed to assist.

10.  On  July  12,  2006,  I  contacted  Mr.  Jones  via  telephone  and notified him of Kenner's medical issues. I had very little knowledge concerning this matter and had never met with or spoken to Mr. Boehm at that time. Irrespective of that fact, I spent substantial time and resources responding to and filed the opposition pursuant to an agreed

DECLARATION OF BRETT A. GREENFIELD

1  upon stipulation with Mr. Jones.

2  11.   During this time as Kenner's health continued to be a significant

3  and debilitating problem, he sought to negate other problems by

4  reaching an agreement to work with me on a full time basis. An

5  agreement was reached in early August but necessitated the closing

6  down of my partnership, transferring files, notifying clients and

7  arranging a move to a new office with the attendant problems of

8  telephone and computer transfer and service, staff hires, moving, etc.

9  The move was complete by September 5, 2006. Mr. Kenner has since

10  returned to his practice on a full time basis and has expended a great

11  deal of time and energy getting this matter back on track.

12  12. Our office received discovery in the form of 14 banker's boxes of

13  documents from prior counsel encompassing a combination of the entire

14  criminal matter as well as three civil matters. The boxes were not

15  received by our office until the first week of August, 2006. As set

16  forth above, we were not able to begin inspection of the documents

17  until September 5, 2006.

18

19  I declare the foregoing to be true and correct under the penalty of

20  perjury.  Executed this 19th of October, 2006 at Encino, California.

21

22                      Brett A. Greenfield

23

24

25

26

27

28

3

DECLARATION OF BRETT A. GREENFIELD

**EXHIBIT "A"**

*Client rec'd*
*11/1/05*

Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen & Fitzgerald, P.C.
813 West Third Avenue
Anchorage, AK  99501
(907) 258-8750
(907) 258-8751/Fax

Attorneys for Defendant Boehm

UNITED SATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SALLY C. PURSER,

        Plaintiff,

vs.

JOSEF F. BOEHM, ALLEN K.
BOLLING, LESLIE J. WILLIAMS,
JR. and BAMBI TYREE,

        Defendants.

A05-0085 CV (JKS)

## SCHEDULING AND PLANNING CONFERENCE REPORT

---

**VRA CERTIFICATION**

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

---

INGALDSON,
MAASSEN &
FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

      1.  **Meeting.**  In accordance with F.R.Civ.P. 26(f), a meeting was held on October 13, 2005, and was attended by:

      Darryl L. Jones        Attorney for Plaintiff

*BOEHM ADV. PURSER*
A05-0085 CV (JKS)
Report

Kevin T. Fitzgerald        Attorney for Defendant Boehm

The parties recommend the following:

2.    **Pre-Discovery Disclosures.**    The information required by F.R.Civ.P. 26(a)(1):

X    will be exchanged by the parties by December 15, 2005.

Preliminary witness lists

X    will be exchanged by January 24, 2006.

3.    **Contested Issues of Fact and Law.**    Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

The parties expect there to be significant contested issues of both fact and law, including issues of defendant Boehm's liability on plaintiff's claims. Defendant Boehm expects to file motions dismissing most of plaintiff's claims. Additionally, there will be significant issues of fact concerning Mr. Boehm's involvement, as compared to that of his co-defendants and others. Finally, there will be contested issues concerning damages related to Mr. Boehm's relative culpability, if any, as well as based upon the fact that pursuant to the resolution of the criminal case a restitution fund established by defendant Boehm in the amount of $1.2

INGALDSON,
MAASSEN &
FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*BOEHM ADV. PURSER*
*A05-0085 CV (JKS)*
*Report*

million was to compensate "victims," including plaintiff Sally C. Purser.

4.   **Discovery Plan.**   The parties jointly propose to the court the following discovery plan.

A.   Discovery will be needed on the following issues:

i) Mr. Boehm's liability on plaintiff's claims;

ii) plaintiff's damages.

B.   All discovery commenced in time to be completed by November 15, 2006 ("discovery close date").

C.   Limitations on Discovery.[1]

1.   Interrogatories

X     No change from F.R.Civ.P. 33(a)

2.   Requests for Admissions

X     No change from F.R.Civ.P. 36(a)

3.   Depositions.

X     No change from F.R.Civ.P. 36(a), (d).

d.   Reports from retained experts

X     Not later than 90 days before the close of discovery subject to F.R.Civ.P. 26(a)(2)(C).

---

INGALDSON,
MAASSEN &
FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

[1]     Mr. Boehm may have to seek extensions for his responses to discovery requests, considering his incarceration in a federal prison, which will almost certainly serve to delay his responses, and if need be, any verifications.   Nonetheless, the parties expect that they will be able to agree to any such extensions.

*BOEHM ADV. PURSER*
A05-0085 CV (JKS)
Report

Page 3 of 5

E.   Supplementation of disclosures and discovery responses are to be made:

X   Periodically at 60-day intervals from the entry of the scheduling and planning order.

F.   A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

X   45 days prior to the close of discovery.

5.   **Pretrial Motions.**

X   No change from D.Ak.LR 16.1(c).

6.   **Other Provisions.**

X   A.   The parties do not request a conference with the court before the entry of the scheduling order.

B.   Alternative Dispute Resolution [D.Ak.LR 16.2]

X   The parties will file a request for alternative dispute resolution not later than November 15, 2006.

C.   The parties do not consent to trial before a magistrate judge.

D.   Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1.

X   Compliance not required by any party

7.   **Trial.**

A.   The matter will be ready for trial:

INGALDSON,
MAASSEN &
FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*BOEHM ADV. PURSER*
A05-0085 CV (JKS)
Report

X    45 days after the discovery close date.

B.    This matter is expected to take 10 trial days.

C.    Jury has been demanded.    The right to jury trial

is disputed on some of plaintiff's claims by defendant Boehm.

Dated: _____          _____
                                 Darryl L. Jones
                                 ABA No 8811188
                                 Attorney for Plaintiff

                                 INGALDSON MAASSEN &
                                 FITZGERALD, P.C.
                                 Attorneys for Defendant
                                 Josef F. Boehm

Dated: __11/01/05.___          By: _____
                                 Kevin T. Fitzgerald
                                 ABA No. 8711088

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on
the __1__ day of __November_____,
200**5**_____, a copy of the foregoing was
sent to the following via:

[ ✓ ] U.S. Mail, First Class, Postage Prepaid
[ ] Hand-Delivery
[ ] Fax
[ ] Federal Express

Mr. Leslie Williams
#14903-006
FCI Victorville
P.O. Box 5700
Adlanto, CA   92301

F:\W\2003-4\Pleading\Scheduling Planning Rpt.doc

BOEHM ADV. PURSER
A05-0085 CV (JKS)
Report

INGALDSON,
MAASSEN &
FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Page 5 of 5

**EXHIBIT "B"**

**FILED**

NOV 1 0 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ PD ___ Deputy

**SCANNED**

**RECEIVED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA** Maassen & F.......

NOV 1 4 2005
File No. 3663-4 *val.mp*
Approved for File: _____

| | |
|---|---|
| SALLY C. PURSER, | ) |
| Plaintiff(s), | ) |
| | ) Case No. A05-0085 CV (JKS) |
| v. | ) |
| | ) |
| JOSEF F. BOEHM, et al., | ) |
| | ) |
| Defendant(s). | ) |

SCHEDULING AND PLANNING ORDER

Based upon information available to the court through a status report completed by the parties pursuant to Rules 16 and 26(f), Federal Rules of Civil Procedure, and D.Ak. LR 16.1, and, if one was held, the scheduling and planning conference, this order for the pre-trial development of the case is entered pursuant to Rule 16(b), Federal Rules of Civil Procedure.

Discovery

Discovery shall be conducted in accordance with Rules 26 through 37, Federal Rules of Civil Procedure, D.Ak. LR 30.1, 32.1, and 37.1, and the discovery plan contained in the status report of the parties except that:

(1) Counsel for each party must contemporaneously prepare and maintain a written record of all disclosures and supplementation of disclosures or responses made to requests for discovery under Rule 26(a) and (e), Federal Rules of Civil Procedure.  Unless required in support of a motion or by order of the court,

SCHEDULING & PLANNING ORDER
[]{IIC2.WPD*Rev. 7/04}

26

cc: client

disclosures and supplemental disclosures are not to be filed with
the court.

     (2) Joint statement of issues:

          (a)  _X_ Nothing further is required.

          (b)  ___ The parties have not submitted a preliminary
              joint statement of issues.  The parties shall meet,
              prepare, and file a preliminary joint statement of
              issues by .

          (c)  ___

     (3) Preliminary disclosures (including a preliminary witness
list) is required as a part of the  Rule 26(a)(1) disclosure:

          (a)  ___ Have been exchanged

          (b)  _X_ Will be exchanged by December 15, 2005.

     (4) Expert witness disclosures in accordance with Rule
26(a)(2) must be made no later than 90 days before the close of
discovery.

     (5) No later than 30 days before the close of discovery, each
party shall serve and file a final, revised witness list which
unless otherwise specifically stated must include expert as well as
lay witnesses.  Only those witnesses so disclosed will be permitted
to testify at trial.

     (6) All discovery must be scheduled so as to be <u>completed</u> by
**November 16, 2006** .

     (7) If expert witness or other fact discovery is not completed
by the dates above specified, counsel may stipulate to a
continuance of no more than two months for completion of the same,
provided that any such stipulation shall state precisely what
discovery remains and when it will be accomplished.  A discovery
conference must be requested if more time is required to complete
such discovery.  The court will not routinely approve requests or
stipulations for extensions of time for discovery.

SCHEDULING & PLANNING ORDER
[](IIC2.WPD*Rev. 7/04)

(8) Limits on discovery:

    (a)  _X_ No limitations on discovery other than those suggested by the parties are imposed at this time.

    (b)  ___ Requests for admissions are limited to__.

    (c)  ___ Interrogatories(including subparts) to parties are limited to __.

    (d)  (1)  ___ Depositions are limited to __ per side

          (2)  ___ Depositions are limited to __ hours per non-party witness.

    (e)  ___ [other as directed by the court].

(9) Disclosures and discovery responses are to be supplemented in accordance with Rule 26(e) at:

    (a)  ___ -day intervals; or    9-17-06 ⟶ 9.18-06 ✗

    (b)  _X_ 60 days before the close of discovery.

(10) The disclosures required by Rule 26(a)(3), Federal Rules of Civil Procedure, to the extent not covered by this order, will be addressed by the court in an Order for Pre-Trial Proceedings & Final Pre-Trial Conference that the court will issue concurrent with setting this case for trial.

(11) The deadline for completion of discovery is applicable to all depositions, including what some lawyers call "perpetuation" depositions. A deposition may be taken after the close of discovery only by leave of court obtained upon a showing of good cause why the deposition was not taken prior to the close of discovery.

Motions

(1) Motions to add other parties and/or amend the pleadings subsequent to the date of this order must be served and filed no later than 90 days before the close of discovery. 8·18·2006 ✗ Thereafter, parties may be added and/or pleadings amended only upon leave of court and for good cause shown.

(2) All motions under the discovery rules must be filed no later than thirty (30) days following the date set for the closure

SCHEDULING & PLANNING ORDER

[](IIC2.WPD*Rev. 7/04)

new motions 12·16·06 ✗
12·18·06 ✓

3

of a class of discovery.  Discovery motions will be stricken if the parties fail to comply with Rule 37(a)(2), Federal Rules of Civil Procedure, and D.Ak. LR 37.1.

·     (3)  Dispositive motions and motions <u>in limine</u> must be filed no later than thirty (30) days following the date set for the closure of all discovery.  ~~12-1-06~~ 12·18·06 ✗

### Further Pre-Trial Proceedings

(1)  The parties have not consented to all future proceedings in this case being before a United States magistrate judge.

(2)  Status, discovery, settlement, or other pre-trial conferences will be scheduled at the request of a party or at the discretion of the court.                              ✗10·2·06

(3)  In the event that discovery is completed more than 45 days before the discovery close date set in this scheduling and planning order, and if no dispositive motion is to be made by any party,  counsel for the plaintiff must file a certificate that the case is ready for trial as provided in D.Ak. LR 40.3(b).  When the time allowed for discovery and motion practice has passed, and all pending dispositive motions have been ruled upon, the court will call upon the parties to certify the case ready for trial.

### Trial

It is estimated that this case will require 10 days for trial by jury.

DATED at Anchorage, Alaska, this _10_ day of November, 2005.


For  James K. Singleton, Jr.
     United States District Judge


SCHEDULING & PLANNING ORDER
A05-0085--CV (JKS)   PD 11-10-05
------------------------------------------------------
D. JONES
K. FITZGERALD
A. BOLLING

**EXHIBIT "C"**

# DARRYL L. JONES
## ATTORNEY AT LAW

109 W. 6TH AVE., SUITE 200 • ANCHORAGE, ALASKA 99501
(907) 278-1212 • FAX (907) 278-1213

**RECEIVED**

OCT 0 2 2006

BY:_____

September 22, 2006

David Kenner
Kenner Law Firm
16000 Ventura Blvd #1208
Encino, CA 91436

RE:    Purser v. Boehm, et. al.

Dear Attorney Kenner and Attorney Greenfield:

Please be advised that the intent of this letter is to officially put your client on notice to respond to the Discovery requests and Interrogatories served on your client on August 14, 2006.

We have received responses from your client. He has made it perfectly clear that he has no intention of making a good-faith effort in answering the Discovery Requests and Interrogatories and has no intention of complying with the Federal Rules of Civil Procedure. As such, your client has failed to respond as required by the Federal Rules of Civil Procedure and all admissions served upon your client are deemed to have been admitted by Mr. Boehm.

If you fail to respond to Ms. Purser's Discovery Requests and Interrogatories with legitimate and good-faith answers within five working days of this Notice being faxed to Attorney Kenner's office, Ms. Purser shall file a Motion to compel discovery and ask for sanctions as outlined with Rule 37.1 against your client, Mr. Boehm.

Attached and incorporated herein you will find a Good Faith Certificate, Local Rule 37.1, stating that counsel has conferred and have made an attempt in good faith to resolve the questions regarding Mr. Boehm's Discovery and Interrogatory answers. Please sign this document and return to our office for filing. If you chose to not sign this document, we will notify the Court of your decision.

Respectfully,

Darryl L. Jones

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

Sally C. Purser,              )
                               )
      Plaintiff,        )
                               )
      vs.                   )
                               )
Josef F. Boehm, Allen K. Bolling,   )
Leslie J. Williams, Jr. and Bambi Tyree,   )
                               )
      Defendants.      )
_____) **Case No. A05-0085 (JKS)**

**GOOD FAITH CERTIFICATE**
**LOCAL RULE 37.1**

    Undersigned counsel certify that they have conferred in good faith in an attempt to resolve the question regarding Josef Boehm's objections to interrogatories and requests for production propounded upon him by the plaintiff and it is necessary to file the following motion:

    a.    Motion to Compel response to Interrogatories and Requests for Production.

    The motion is opposed by Josef Boehm and the parties agree that oppositions to the motion and any reply are to be served and filed as provided in D.Ak.LR 7.1.

    DATED this 22 day of September 2006.

                                   _____
                                   Darryl L. Jones, Esq.
                                   Attorney for Plaintiff
                                   ABA No: 8811188

    DATED this ___ day of September 2006.

                                   KENNER LAW FIRM, P.C.

                                   By: _____
                                   David E. Kenner
                                   Counsel for Josef Boehm

DARRYL L. JONES
ATTORNEY AT LAW
109 W. 6TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PH: (907) 278-1212 FAX: (907) 278-1213

**EXHIBIT "D"**

*David E. Kenner*
*Kenner Law Firm*
*A Professional Corporation*
**16000 Ventura Blvd., Penthouse 1208**
**ENCINO, CALIFORNIA 91436**
**PHONE (818) 995-1195**
**FAX (818) 475-5369**
**DAVID@KENNERLAW.COM**
**OFFICE@KENNERLAW.COM**

October 5, 2006

Darryl L. Jones, Esq.
109 W. 6th Ave., ste. 200
Anchorage, Alaska 99501

RE: Purser vs. Boehm

Dear Darryl,

Please let me begin by extending my sincerest apologies for any misunderstandings we have had in our previous telephone communications. I anticipate that we will be very clear in all future discussions. That being said, please accept the following response to your September 22, 2006 letter which was received by our office on October 2, 2006.

Your assumption that Mr. Boehm has no intention of making a good-faith effort in answering Ms. Purser's discovery requests is incorrect. Mr. Boehm has every intention of answering all relevant discovery and litigating this matter on its merits through trial.

Your assertion that Mr. Boehm has failed to respond as required by the Federal Rules of Civil Procedure and that all admissions served upon him are deemed admitted is also incorrect. Rule 36 of the Federal Rules of Civil Procedure states:

> **The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated.**

*Page Two*
*October 5, 2006*
*Purser vs. Boehm*

Mr. Boehm responded to your client's outstanding discovery in a timely manner. The discovery was limited to requests pertaining to Mr. Boehm's confidential proprietary business information. Pursuant to code, objections were made and the reasons were stated. Ms. Purser's discovery requests were not relevant to the instant action as they fail to address liability or damages. As previously stated, Mr. Boehm's ability to pay a judgment is not relevant to determine his alleged liability nor is it relevant to prove Ms. Purser's alleged damages. As such, Mr. Boehm's objections are proper and made in good faith.

Federal Rules of Civil Procedure Rule 37 (c)(2) states:

> **objections to requests for admission are proper where (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.**

Ms. Purser's reliance on the Court's Order granting partial summary judgment as a reason to base her discovery requests entirely on Mr. Boehm's financial status is misguided. Our office has filed an opposition to your clients summary judgment motion as agreed upon pursuant to our stipulation. As you were also aware our office filed a motion to set aside the Court's Order granting partial summary judgment due to the significant health issues of Mr. Kenner.

We believe that the Court will revisit the issues presented in the Motion for partial summary judgment and opposition thereto. Ms. Purser has not presented a substantial probability of proving liability nor has she presented any evidence to suggest she has been damaged. The fact that an Order for partial summary judgment has been issued is a solely a result of your inaction. You were made very aware of the circumstances surrounding Mr. Kenner's health at the time the response was due and were also aware that I was not associated with Mr. Kenner's firm at the time.

I relied upon your representation that a stipulation to extend the time in which to respond to Ms. Purser's motion for partial summary judgment was acceptable in the district where you practice law. I prepared the stipulation for your signature and sent it to you in a timely manner. In addition, I relied on your representation that you would timely file the stipulation before the date in which the response was due. Neither of your representations proved to be true.

*Page Three*
*October 5, 2006*
*Purser vs. Boehm*

I later learned via court order that it is entirely improper to enter into a stipulation to extend dates in the subject jurisdiction for which you have been practicing for a number of years. I additionally learned that you failed to file the stipulation and/or notify the Court of our agreement in a timely manner. To make matters worse, you are now attempting to capitalize on a situation that you created. In the future, please govern yourself accordingly.

Should you have any questions or comments regarding the above, please do not hesitate to contact me.

Sincerely,

Brett A. Greenfield

DAVID E. KENNER
LAW OFFICES OF DAVID E. KENNER
16000 Ventura Blvd., Penthouse 1208
ENCINO, CALIFORNIA 91436
PHONE (818) 995-1195
FAX (818) 475-5369
DAVID@KENNERLAW.COM
OFFICE@KENNERLAW.COM

# FACSIMILE TRANSMISSION

**DATE:**        **October 5, 2006**
**RE:**          **Purser vs. Boehm**
**FROM:**        **David E. Kenner**

To: Darryl Jones, Esq.                        Phone Number:


                                              Fax: 907-278-1213
Documents:                                    Number of Pages: _4_

   COMMENTS:                        ORIGINAL FACSIMILE WILL BE SENT
                                    VIA:


   NOTES:

                              ❑

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PROTECTED BY THE ATTORNEY-CLIENT AND/OR THE ATTORNEY/WORK PRODUCT
PRIVILEGES AND MAY BE CONFIDENTIAL.  IT IS INTENDED ONLY FOR THE USE  OF THE INDIVIDUAL NAMED ABOVE, AND THE PRIVILEGES AND
CONFIDENTIALITY ARE NOT WAIVED BY VIRTUE OF THIS HAVING BEEN SENT BY FACSIMILE.  IF THE PERSON ACTUALLY RECEIVING THIS FACSIMILE OR ANY
OTHER READER OF THE FACSIMILE IS NOT THE NAMED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT THE NAMED RECIPIENT, ANY
USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN
ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL
SERVICE.  THANK YOU.

TRANSMISSION VERIFICATION REPORT

```
TIME  : 10/05/2006 12:57
NAME  : JAMES E BLATT
FAX   : 8189904838
TEL   : 8189864180
SER.# : BROL4J163798
```

```
DATE,TIME          10/05  12:56
FAX NO./NAME       19072781213
DURATION           00:01:16
PAGE(S)            04
RESULT             OK
MODE               STANDARD
                   ECM
```

Fax Confirmation
RE: Darryl Jones letter

**EXHIBIT "E"**

**DARRYL L. JONES**
ATTORNEY AT LAW

109 W. 6TH AVE., SUITE 200 • ANCHORAGE, ALASKA 99501
(907) 278-1212 • FAX (907) 278-1213

October 6 2006

Kenner Law Firm
16000 Ventura Blvd, Penthouse 1208
Encino, CA 91436

Attn: Brett A. Greenfield, Esq.

Re: Jennifer Gregory, Claim No: 05-463974

Dear Brett:

In receipt of your letter dated October 5, 2006.

This matter is my fault for even extending the professional courtesy of non-opposing an extension of time in this matter. I should have left the full burden on Mr. Kenner's shoulders.

First, it was not you, but Mr. Kenner's secretary that called and indicated Mr. Kenner had broken his hip.

She further indicated that he was a sole practitioner, was in the hospital and would I object to an extension of time to respond to the summary judgment motion.

She indicated that she would have a stipulation prepared and I agreed to sign it, not draft an entire motion regarding the stipulation.

Now, although I have been practicing law for 18 years, 99% of my practice is limited to state law and federal criminal law.

As such, I never had this particular situation arise in my practice in federal court. You may notice that Judge Singleton reprimanded both of us, not just you.

Where I have my problem with you is your characterization of what occurred in this matter.

I never informed you that the federal court in this district accepted stipulations and I never represented that I would file same. I did agree to sign a stipulation, but was under the impression that you would file and draft your own motion. I did not realize that I took on the burden of your job in this situation and perhaps that is where the miscommunication lies.

What I did represent to you was that, after the summary judgment order came out and it was brought to my attention that the judge apparently had not taken your opposition into account, I would file a notice with the court that we had agreed to an extension of time on the summary judgment motion.

I immediate filed the notice and which the judge immediately kicked back.

Instead of relying on Mr. Kenner's illness, excusable neglect and confusion on your part as a result of coming in late in this matter, you have attempted to push this off on me as acting in bad faith.

I resent this personally as well as professionally, as I never play games nor seek an unfair advantage regarding litigation.

I also have a problem with your characterization of settlement efforts regarding this matter.

The courts, even federal courts in Alaska, encourage settlement negotiations and I was acting on good faith in agreeing to come to Los Angeles while I was in a DUI seminar in Las Vegas to discuss potential settlement.

You encouraged the possibility of settlement and then I find out that you had not even met with your client. You could have simply stated the truth, that your client was not interested.

I feel like you were stringing me out regarding settlement in order to buy more time and better position your client in this matter.

That became evident when I refused to agree to extend the deadline on or about August 30, 2006. I notice that your attitude immediately changed and then I saw that change in the subsequent filings by your office.

Your "spin" on the facts surrounding the summary judgment motion mandates that only written communication occur and no quarter be given.

I have always preferred amiable resolution of all matters and conducted myself in a professional manner when possible, so don't even make the condescending statement to make that I should govern myself accordingly, as you don't even know me.

It is clear that "no good deed goes unpunished" and you will never get any more cooperation from me than is required under the rules and the court in this matter.

Lastly, while your objections to my discovery requests makes interesting reading, it does not comport, in my humble opinion, with federal law and a motion to compel shall be forthcoming.

2

Sincerely,

Darryl L. Jones, Esq.

cc:  Sally Purser
     File

DARRYL L. JONES
ATTORNEY AT LAW

100 W. 6TH AVE., SUITE 200 · ANCHORAGE, ALASKA 99501
(907) 278-1212 • FAX (907) 278-1213

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMITTAL MAY BE PRIVILEGED AND CONFIDENTIAL AND
IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF THE READER OF
THIS MESSAGE IS NOT THE INTENDED RECIPIENT YOU ARE NOTIFIED THAT ANY DISCLOSURE, DISTRIBUTION OR
COPY OF THIS INFORMATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR,
PLEASE NOTIFY US VIA TELEPHONE AT 907-278-1212 AND RETURN THE ORIGINAL MESSAGE TO US AT THE
ABOVE ADDRESS VIA THE U.S. MAIL. THANK YOU.

SEND TO

| Firm Name | Fax Number |
|---|---|
| Law Offices of David Kenner | 818 - 475 - 5369 |
| Attention | Date |
| Attorney Kenner | 10 - 6 - 06 |
| Sender | Verification Phone Number |
| Darryl Jones | (907) 278-1212 |

COMMENTS/SPECIAL INSTRUCTIONS

Please see attached letter re: Purser
v. Boehm.

ACCOUNTING INFORMATION

Date _____    Client Name _____

Client Billing Number _____    Posting Date/By _____

Fax Charges  Total Pages Sent _____ x $ 50 = $ _____

**EXHIBIT "F"**

*David E. Kenner*
*Kenner Law Firm*
*A Professional Corporation*
**16000 Ventura Blvd., Penthouse 1208**
**ENCINO, CALIFORNIA 91436**
**PHONE (818) 995-1195**
**FAX (818) 475-5369**
**BGREENFIELD@KENNERLAW.COM**
OFFICE@KENNERLAW.COM

October 13, 2006

**Sent Via U.S. Mail and Facsimile Service**
Mr. Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 600
Anchorage, Alaska 99501

      **RE:**    **Purser vs. Boehm, Case No. A05-0085 (JKS)**

Dear Darryl:

      Please accept this correspondence in response to yours of October 6, 2006. Again, I apologize for the apparent miscommunication, however, it is my intention to remain professional, courteous and cooperative throughout the remainder of this litigation.

      Your perceived version of the facts surrounding the stipulation to extend the date for filing an opposition to Ms. Purser's motion for partial summary judgment as set forth in your letter is incorrect.

      On July 12, 2006, I contacted you directly and notified you of Mr. Kenner's significant and debilitating medical issues. I explained to you that I was assisting Mr. Kenner as a favor due to his health condition and was not associated with his firm. I made you well aware at that time that I knew very little about the case and that I had never met or spoken with Mr. Boehm.

      You graciously agreed to stipulate to an extension of time to file the response to Ms. Purser's partial summary judgment motion until August 2, 2006. You also agreed to file the stipulation as a matter of professional courtesy. You inquired about the possibility of settlement and stated that you would be willing to drive to Los Angeles from Las Vegas as you "needed an excuse to go to Las Vegas." I explained to you that I would forward your offer to engage in settlement talks to Mr. Kenner.

*Page Two*
*RE: Purser vs. Boehm*
*October 13, 2006*

Pursuant to our agreement, I prepared the stipulation and sent it via email to you on July 14, 2006. Mysteriously, you filed the stipulation after the response due date of July 18, 2006. When the Court's Order for partial summary judgment was issued, Mr. Kenner immediately contacted you and inquired as to why the stipulation was not timely filed. In response to his question, you apologized and then immediately filed a notice of our stipulation.

Unfortunately, a formal request for an extension of time was not made to accompany the stipulation. In the jurisdiction where I regularly practice, stipulations of counsel for minor extensions are routine. As you are an attorney with over 20 years of experience, I depended on your knowledge of your local court system with respect to the filing of the stipulation. You now state that you have little experience in the federal civil setting. I expended significant energy and resources responding to the motion for partial summary judgment and the opposition was filed on August 1, 2006, a day before the time anticipated by the stipulation.

Most troubling to me is the fact that you have attempted to take advantage of the current situation by 1) filing a motion to freeze Mr. Boehm's assets, 2) propounding written discovery limited to his financial condition, and 3) opposing Mr. Boehm's motion to set aside the summary judgment order. I am additionally troubled by your characterization of our purported settlement discussions.

Finally, I am very concerned regarding your statement that you intend to somehow punish me by allowing only written communications between our respective offices and that no future cooperation will be given other than required under the rules and the Court. It is not my practice to nor do I wish to litigate this matter under such arduous circumstances, however, your posturing leaves me no alternative but to seek a court ordered discovery referee which will likely result in significant additional costs.

Should you have any questions or concerns regarding the above, please do not hesitate to contact me.

Sincerely,

Brett A. Greenfield, Esq.