Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

Sally C. Purser,                                )
                                                )
        Plaintiff,                              )
                                                )
    vs.                                         )
                                                )
Josef F. Boehm, Allen K. Bolling,               )
and Bambi Tyree,                                )
                                                )
        Defendants.                             )
_____ )  **Case No. A05-0085 (JKS)**

**REPLY TO OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant, Josef Boehm, has never provided his initial disclosures; he has not filed any witness lists, final witness list, never identified any experts or produced expert reports, and admitted to the substantive allegations in the complaint when he entered into a plea agreement with the U.S. Government. (Docket 34, 35 Plea Agreement). Defendant continues to change attorneys every few months and he continues to assert frivolous denials of the facts he admitted in his plea agreement. Now, in continuing to be the ever obstreperous defendant, Boehm failed to answer relevant and reasonable discovery requests and opposes a motion to compel those responses. In opposing the motion, Boehm engages in transference by placing blame for his present situation on the plaintiff. Indeed, Boehm says plaintiff is making bald allegations of

1

outrageous conduct (Opposition, p. 2) and plaintiff is "unscrupulous" in trying to coerce a settlement. (Opposition, p. 5). Like nearly every position taken by Boehm to date, the opposition lacks appreciable merit and the motion to compel should be granted. Boehm is in the present situation subject to disclosure of his financial information due to his intentional, outrageous and vile conduct and not because of the actions of the plaintiff.

**A.     It is undisputed and indisputable that Boehm directed overt acts at the plaintiff.**

Boehm argues that he does not have to produce his financial information because there is no proof or prima facie evidence that he actually directed "any overt act directed at plaintiff." (Opposition, p. 2). Boehm obviously and conveniently forgets just what he pled and admitted to in his plea agreement. To remind him, he pled guilty to violation of 18 U.S.C. § 1591, which criminalizes sex trafficking. Sex trafficking is defined as causing a person to engage in a commercial sex act under certain statutorily enumerated conditions. A commercial sex act means any sex act, on account of which anything of value is given to or received by any person. The specific conditions are the use of force, fraud, or coercion, or conduct involving persons under the age of 18. In admitting to this violation, Boehm specifically admitted that plaintiff was knowingly recruited by him. (Docket 34-35, Plea agreement, p. 24-25). He also admitted that plaintiff was "recruited" by offering her cocaine. Id., p. 24. Boehm admitted that to "effect the purposes of the conspiracy, the defendant purchased cocaine and distributed cocaine to one or more juveniles, including…" the plaintiff. Id., p. 25. On page 27 of the plea agreement, Boehm stated that "I am admitting that the allegations against me contained in the factual basis for the pleas are true." Id. Boehm's assertion that there is no proof or prima facie evidence that he directed an overt act towards the plaintiff is completely without merit.

Conspiracy involves an agreement between two or more people for the purpose of promoting or committing a crime. E.g., United States v. Small, 423 F.3d 1164, 1182 (10th Cir. 2005). Additionally, conspiracy requires an overt act in furtherance of the conspiracy. United States v. Taylor, 413 F.3d 1146, 1155 (10th Cir. 2005) (providing that conspiracy requires intent to commit crime and overt act in furtherance of that intent). Boehm directed overt acts at plaintiff when he recruited and enticed her to engage in sex acts. Boehm directed overt acts at the plaintiff when he gave her cocaine in exchange for performing sexual acts. Enticing, engaging and procuring to a young girl to engage in indiscriminate sexual intercourse is an overt act. See People v. Nasworthy, 210 P.2d 83, 88 (Calif. App. 3d 1949).

**B.     The overt acts directed at plaintiff establish a prima facie case for punitive damages.**

Punitive damages are available in a federal cause of action against an individual who engaged intentional conduct warranting an award of such damages. See Carroll v. Bristol Twp., 827 F. Supp. 332, 335 (E.D. Pa. 1993) (citing City of Newport, 453 U.S. 247 at 267, 101 S. Ct. 2748, 69 L. Ed. 2d 616); see also Carey v. Piphus, 435 U.S. 247, 55 L. Ed. 2d 252, 98 S. Ct. 1042 (1978). In order to obtain such damages, a plaintiff must allege conduct that intentional or motivated by evil motive, but the defendant's action need not necessarily meet this higher standard. Punitive damages are available if the defendant's conduct was merely reckless or callous. Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989) (citing Smith v. Wade, 461 U.S. 30, 56, 75 L. Ed. 2d 632, 103 S. Ct. 1625 (1983)); see also Keenan v. City of Phila., 983 F.2d 459, 470 (3d Cir.1992); Enticing a child to engage in sexual acts is outrageous conduct as a matter of law. Angie M. v. Superior Court, 44 Cal. Rptr. 2d 197, 204 (Calif. App. 4th 1995).

Plaintiff has alleged that Boehm recruited and enticed her, as a juvenile, to engage in sexual acts. Boehm admitted to this conduct in his plea agreement, and contrary to Boehm's frivolous contentions, plaintiff has made out a prima facie case for punitive damages.

**C.   Boehm's reliance on Rule 30(b) of the Federal Rules of Civil Procedures is misplaced.**

If plaintiff's discovery requests are burdensome and oppressive, which they are not, then the proper procedure would be to limit them as to scope of time and not to deny access to the information.  See Hughes v. Groves, 47 F.R.D. 52, 55 (W.D. Missouri 1969).

Regarding privilege, there Boehm has no privilege in his financial records.  Questions of privilege that arise in the course of the adjudication of federal rights are governed by the principles of federal common law. United States v. Zolin, 491 U.S. 554, 562, 109 S. Ct. 2619, 105 L. Ed. 2d 469 (1989) (citing Federal Rules of Evidence 501) see also  Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir.), cert. denied, 126 S. Ct. 473, 163 L. Ed. 2d 359 (2005). Under federal law, tax returns and related documents "do not enjoy an absolute privilege from discovery." Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975); Heathman v. United States District Court, 503 F.2d 1032, 1035 (9th Cir. 1974) (Title 26 U.S.C. § 6103(a)(2) only restricts dissemination of tax returns by government and does not otherwise make copies of tax returns privileged).

Boehm's argument that his financial information is protected because the information contains trade secrets is likewise without merit.  Rather than deprive a plaintiff of relevant discovery necessary to prove an element of damages, all this Court need do is enter a protective order directing return of the documents at the close of the case, and prohibiting further disclosure of the information.  *Rule 26(c)(7) of the Federal Rules of Civil Procedure*.

## CONCLUSION

Plaintiff has made out a prima facie case for punitive damages.  Boehm admitted to overt acts directed at the plaintiff and he admitted to conduct which is outrageous as a matter of law. Accordingly, the motion to compel should be granted.

DATED this 8th day of November 2006.

/s/ Darryl L. Jones, Esq.
The Law Office of Darryl L. Jones
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: 907-278-1212
Fax: 907-278-1213
Email: lodj.federalnotices@yahoo.com
ABA No: 8811188