IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SALLY C. PURSER,<br><br>                Plaintiff,<br>    vs.<br>JOSEF BOEHM, et al.,<br><br>                Defendants. | Case No. 3:05-cv-00085-JKS<br><br>O R D E R |

    A number of pending motions will be addressed in this Order.

### BACKGROUND

    Josef Boehm and others were convicted of certain federal felonies and sentenced to prison. In the course of the criminal proceedings, Sally Purser, a minor female, was identified as a potential victim of Boehm and his associates. Purser now sues Boehm and his associates for personal injuries resulting from his criminal activities. For jurisdiction, she relies on a federal statute that gives victims of certain sexual offenses a private right of action in federal court against their abusers. *See* 18 U.S.C. § 1595.

    Purser sought judicial notice of the record in Boehm's criminal case (motion at Docket No. 33) and, on the assumption that the motion would be granted, moved for partial summary judgment on liability (Docket No. 34). The motions were not opposed and no party sought a timely extension of time as provided for in Fed. R. Civ. P. 6. Upon independent review of the existing record, the Court granted the motions. Docket No. 38 (Order dated July 13, 2006).

    Thereafter, on July 18, 2006, Purser filed a "Notice to the Court" indicating that the parties had stipulated to extend the time for Boehm to respond to the motions previously filed and now

granted. Docket No. 39. No motion was made to extend the time for such an answer. *See* Fed. R. Civ. P. 6(b) (request for extension after time has run must be made by motion supported by a showing of excusable neglect). In a motion dated July 31, 2006, and electronically docketed on August 1, 2006, Boehm moved to set aside the order at Docket No. 38; the sole justification offered at that time was the stipulation at Docket No. 39 that had not been disclosed to the Court at the time the Order was entered. Docket No. 44.

This Court denied the motion to set aside the Order. *See* Order at Docket No. 52. A stipulation undisclosed to the Court does not extend the time for taking actions prescribed by the Federal Rules. In the Civil Justice Reform Act, Congress clearly intended to take responsibility for scheduling civil cases away from counsel and to place it with the courts, in order to serve the public and litigants, rather than convenience the attorneys. Further, in Fed. R. Civ. P. 83, Congress and the Supreme Court made it clear that unwritten rules, directives, hidden policies and practices should not govern procedure in the courts. Thus, parties and their attorneys should rely upon published rules and no other source. The Court is aware of the liberalization of the phrase "excusable neglect" in *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993), and *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc). Nevertheless, the Court was not prepared to hold that either the absence of prejudice established by the stipulation, or the fact of the stipulation, automatically established excusable neglect.

Boehm has now requested that the Court find excusable neglect, consider his opposition to the motion for partial summary judgment, and reconsider its earlier ruling granting the motion. Docket No. 59. Boehm also asks this Court to consider a state court ruling dealing with the preclusive effect of Boehm's conviction and related admissions in similar litigation by an alleged victim of Boehm. *See* Docket No. 61. Purser opposes Boehm's motion to set aside the partial judgment against him. Docket No.73. Purser also opposes what she views as a motion to take judicial notice of the state court decision. Docket No. 68. Boehm has filed his replies. Docket Nos. 80; 73.

In the meantime, in the expectation that this Court will not set aside the judgment in her favor on the issue of liability, Purser seeks a preliminary injunction freezing Boehm's assets

based upon *In re Estate of Marcos,* 25 F.3d 1467 (9th Cir. 1994).  Docket No. 55.  The motion is opposed.  Docket No. 77.  A reply has been submitted.  Docket No. 88.

Additionally, Bambi Tyree who was originally named as a co-defendant of Boehm in these proceedings, and was a co-defendant in the related criminal proceedings, seeks to set aside the default that was entered against her when she failed to plead or otherwise defend after being served with process.  Docket No. 63.  The motion is opposed.  Docket No. 90.  Tyree has replied.  Docket No. 100.

Finally, two more motions have been filed:  Boehm's Motion for Hearing Regarding Scheduling and Planning (Docket Nos. 92 (motion); 101 (opp'n); 103 (reply)); and Purser's Motion to Compel Defendant's Discovery Answers (Docket No. 96).

## DISCUSSION

### Boehm's Motion for Additional Time to Oppose the Motion for Partial Summary Judgment

The Court has considered Boehm's request for additional time to oppose the motion for partial summary judgment.  It appears that Boehm was in prison and his counsel ill during the relevant time.  Purser will suffer no prejudice from granting the motion since she stipulated in advance to allow it.  Boehm's only error was his failure to follow the federal rules in seeking an extension.  Under the circumstances, the Motion for Additional Time at **Docket No. 59** will be **GRANTED**, Boehm's untimely opposition to the motion for partial summary judgment considered, and the motion for partial summary judgment itself reconsidered.

### Purser's Motion for Partial Summary Judgment

Purser relies upon Boehm's criminal conspiracy conviction and admissions he made in support of his plea in her motion for partial summary judgment.  Docket Nos. 34 (motion); 35 (memorandum); 43 (opp'n); 66 (reply); 75 (duplicate reply).  The Court is satisfied that collateral estoppel applies to the extent that Boehm cannot deny the fact of his conviction or the truth of the elements supporting that conviction.  *United States v. Section 18*, 976 F.2d 515, 519 (9th Cir. 1992) (holding that collateral estoppel only bars matters necessarily decided in the prior action

from litigation).  The Court is also convinced that Boehm's admissions in his criminal case are admissible, but are not conclusive in the present case.  *See id.* (Boehm's guilty plea did not dispose of all elements relevant to present Plaintiff's claims); *also*, 18B Wright, Miller & Cooper, Federal Practice and Procedure § 4474.1 (2d ed. 2002).  Finally, the Court agrees with Boehm that Purser has not herself filed affidavits or other evidence specifically addressing her relationship with Boehm and establishing the elements of her various claims.  While Boehm's conviction and admissions are strong evidence in Purser's favor, standing alone they do not fully establish liability.  The Court will therefore grant Purser partial summary judgment, but only to the extent that the record would support it.  In other words, liability in Purser's favor has not been established at this time.  Purser may renew her motion supported by her own affidavit and other evidence to show the nexus between Boehm's activities and her victimization.  The Order at Docket No. 38 is reconsidered and on reconsideration clarified as provided herein.  In addition, the Court has taken notice of the ruling in a related case submitted at Docket No. 61.[1]

### **Purser's Motion for Preliminary Injunction**

Purser's motion for a preliminary injunction depended upon her having already established liability against Boehm and the other defendants.  Since the Order at Docket No. 38 has been clarified to leave certain liability issues still open — at least pending a supplemental motion for summary judgment by Purser — the motion at **Docket No. 55** is now **moot** and will be **DENIED**.

---

[1] The Court takes judicial notice of Judge Rindner's decision, since its authenticity cannot reasonably be denied.  Nevertheless, the decision, though persuasive, is not controlling in this litigation.  The Court recognizes that while the rules governing summary judgment in state and federal court are similar, their interpretation differs and it may be that a federal court would grant summary judgment in reliance on Ninth Circuit authority, where a state court relying upon decisions of the Alaska Supreme Court would not.  The Court assumes that Purser is pursuing a federal claim governed by federal law and no supplemental Alaska state law claims.  *See* Amended Complaint at Docket No. 6.

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.004.wpd

### Tyree's Motion to Set Aside the Default

The Court is satisfied that Tyree has shown sufficient excusable neglect to warrant setting aside her default and permitting her to defend on the merits. The motion at **Docket No. 63** will therefore be **GRANTED**.

### Boehm's Motion for Hearing and Purser's Motion to Compel

Boehm has moved for a telephonic conference with the Court to address discovery issues. Docket No. 92. Counsel for Plaintiff opposed the motion (Docket No. 101), but before doing so submitted a motion to compel answers to Plaintiff's first set of discovery interrogatories and admissions requests (Docket No. 96). Boehm's lawyers have replied to the opposition to the Motion for Conference. Docket No. 103.

The Court has read all of the above documents and attachments. The motions at **Docket Nos. 92** and **96** are both **DENIED**. However, the discovery deadline of November 16, 2006 in the Scheduling and Planning Order at Docket No. 26 will be extended 45 days. The close of discovery is **Tuesday, January 2, 2007**. All deadlines linked to the close of discovery date will also be moved accordingly. Plaintiff is without prejudice to make additional discovery requests.

**IT IS SO ORDERED**.

Dated at Anchorage, Alaska, this 8th day of November 2006.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge