TIMOTHY M. BURGESS
United States Attorney

FRANK V. RUSSO
JAMES A. GOEKE
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071

SHERRI A. STEPHAN
Trial Attorney, Criminal Division
Child Exploitation and Obscenity Section
United States Department of Justice
1400 New York Ave. NW, Sixth Floor
Washington, D.C. 20005
(202) 353-4438

FILED
NOV 2 0 2006
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. A04-003-01 CR (JWS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| vs. | ) | |
| | ) | |
| JOSEF F. BOEHM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

JOSEF F. BOEHM  Plea Agreement



I.    **Introduction**

A.    *Summary*

This brief introduction sets forth a summary of the terms of the plea agreement between the defendant and the United States. This summary is not intended to supersede the language that follows this subsection. It merely sets forth a summary for the benefit of the Court.

The defendant agrees to plead guilty to Count 1 (conspiracy to commit the crime of sex trafficking of children, in violation of 18 U.S.C. § 371) and Count 10 (conspiracy to distribute controlled substances, to wit over 50 grams of cocaine base, to persons under 21 years old, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 859(a)) of the Fourth Superseding Indictment. The defendant agrees to the forfeiture charge in Count 15, pertaining to 300 Oceanview Drive, Anchorage, Alaska. The defendant agrees to restitution of $1,200,000, to be paid on or before the date of imposition of sentence, to be used for drug treatment, counseling, physical injury, and future educational or professional expenses to victims of the defendant and victims of his co-defendants criminal conduct.

JOSEF F. BOEHM Plea Agreement

In exchange for the defendant's plea, the United States agrees to dismiss the other charges in the Fourth Superseding Indictment pertaining to the defendant (Counts 2-9, 11-14, and the forfeiture in Count 16); to dismiss the felon in possession of a firearm and ammunition that are contained in the First Superseding Indictment; to recommend an adjustment for acceptance of responsibility; not to seek enhanced statutory penalties against the defendant; and not to bring any additional charges relating to the conduct charged and described in the Fourth Superseding Indictment, or within the government's knowledge as of the date of this agreement.

B.    This document contains the complete plea agreement between the United States and the defendant, JOSEF F. BOEHM. No other agreement, understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

C.    The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(A), (B) and (C). This means that the United States agrees to not bring and dismiss



charges in the indictment, and agree that a specific sentencing range is an appropriate disposition of this case. The ceiling on such sentencing range is 135 months. This allows the government to argue the defendant's role in the offense, and the defendant to argue against such role. The defendant may not withdraw from this agreement unless the Court denies the government's post-imposition of sentence motion to dismiss the remaining charges in the Fourth Superseding Indictment as they relate to the defendant, or the United States brings additional charges arising from this investigation. Additionally, the defendant may withdraw from the agreement if the Court imposes a sentence above 135 months.

D.    Because this case arises out of conduct occurring after November 1, 1987, the defendant's sentence will be determined by application of the United States Sentencing Commission Guidelines (U.S.S.G.).

E.    Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II.    What the defendant agrees to do

The defendant agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these

JOSEF F. BOEHM Plea Agreement



obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the Court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

A.    *Charges*

The defendant is currently charged in the Fourth Superseding Indictment with: one count of conspiracy to commit the crime of sex trafficking of children in violation of 18 U.S.C. §§ 371 and 1591(a)(1) (Count 1); eight counts of sex trafficking of children in violation of 18 U.S.C. § 1591(a)(1) and (b)(2) (Counts 2-9); one count of conspiracy to distribute controlled substances, to wit over 50 grams of cocaine base, to persons under 21 years old and conspiracy to distribute controlled substances, to wit over 50 grams of cocaine base, in violation of 21

JOSEP F. BOEHM Plea Agreement





U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 859(a) (Count 10); one count of Controlling a Place for the Distribution and Use of Controlled Substances in violation of 21 U.S.C. § 856(a)(2 (Count 11); one count Distribution of a Controlled Substance to a Pregnant Individual, in violation of 21 U.S.C. §§ 861(f) and 841(b)(1)(C) (Count 12); Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 13); Unlawful User in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count 14); and Criminal Forfeiture, in violation of 21 U.S.C. § 853(a)(2) (Counts 15-16). The First Superseding Indictment has also charged the defendant with the crimes of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Pursuant to this written agreement, the defendant agrees to plead guilty to Count 1 of the Fourth Superseding Indictment and admit that he conspired with others to knowingly recruit, entice, and obtain females he knew were under the age of 18 to engage in commercial sex acts with himself and others. The defendant also agrees to plead guilty to Count 10 of the Fourth Superseding Indictment and admits that he conspired to distribute and to possess with intent to

distribute over 50 grams of cocaine base to persons under 21 years of age, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 859(a). The defendant also agrees to the forfeiture set forth in Count 15 pursuant 21 U.S.C. § 853(a)(2).

B.    *Limits on Departures*

Unless specifically set forth in this plea agreement, the defendant agrees he will not seek any downward departures under the U.S.S.G. or any other authority. This section does not prohibit the defendant from arguing for the application of any downward guideline adjustments to the Court's sentence calculation as set out in this agreement. The defendant may not argue for the application of any other downward guideline adjustments unless specifically set forth in this agreement.

C.    *Waivers of appellate and collateral attack rights*

The defendant understands that by pleading guilty he waives his right to appeal his conviction. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the Court accepts this plea agreement and imposes a sentence no greater than 135 months, including any forfeiture, fine, and restitution under this plea



agreement, he will knowingly and voluntarily waive his right, contained in 18 U.S.C. § 3742, to appeal the sentence – including any forfeiture, restitution, or conditions of supervised release – imposed. Furthermore, the defendant also knowingly and voluntarily agrees to waive his right to collaterally attack his conviction and/or sentence – including restitution, forfeiture, fine and supervised release conditions. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to his conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by him by the time the Court imposes sentence; and 2) a challenge to the voluntariness of his guilty plea. The defendant agrees that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.



D.  *Waiver of Right to Jury Trial on Role in the Offense*

The defendant, by entering this plea, waives the right to have his role adjustment in the offense either (1) charged in an indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly consents to be sentenced pursuant to the applicable Sentencing Guidelines. The defendant explicitly acknowledges that his plea to the charged offense(s) authorizes the Court to impose any sentence, up to and including 135 months, that is authorized by the Sentencing Guidelines and consistent with the plea agreement.

E.  *Consequences of the defendant's guilty plea*

The defendant agrees to pay the special assessment owed in this case on the day the Court imposes sentence. The defendant understands that, pursuant to 21 U.S.C. § 862, any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare. The defendant also understands he will also lose his right to own or possess any firearms, his right to vote, and his right to sit on a jury.

F.  *Restitution*

JOSEP F. BOEHM  Plea Agreement

The defendant agrees to pay the amount of $1.2 million dollars on or before the date of imposition of sentence to establish a trust fund organized for the benefit of the victims of the activities of the defendant and his co-defendants. Disbursements from such trust fund will be made for the following purposes:

1.  Drug treatment arising from the victim's involvement in the activity outlined in the Fourth Superseding Indictment;

2.  Counseling necessitated by the victim's involvement in the activity outlined in the Fourth Superseding Indictment;

3.  Physical injury arising from the victim's involvement in the activity outlined in the Fourth Superseding Indictment;

4.  Future educational or professional expenses.

The defendant waives the right to control or object to the creation, structure, administration, beneficiaries, and distribution of such trust. The United States retains the sole and exclusive right to establish the terms and conditions of the trust, to appoint a trustee of its sole choosing, and to designate the beneficiaries of the trust. The parties agree that any restitution ordered by the Court pursuant to 18 U.S.C. § 1593 shall be paid out of this trust fund up to the



value of the trust. The trust will be established by the date of the imposition of sentence, and will continue for an appropriate period, at which date the corpus of such trust, if any, will be donated to an appropriate charity.

III.    What the government agrees to do

A.    In exchange for the defendant's plea of guilty to Count 1 and Count 10 of the Fourth Superseding Indictment and the defendant's agreement to Count 15 of the Fourth Superseding Indictment, the United States agrees to dismiss Counts 2-9, Counts 11-14, and Count 16 of the Fourth Superseding Indictment which charge him with: eight counts of sex trafficking of children in violation of 18 U.S.C. § 1591(a)(1) and (b)(2) (Counts 2-9); one count of Controlling a Place for the Distribution and Use of Controlled Substances in violation of 21 U.S.C. § 856(a)(2 (Count 11); one count Distribution of a Controlled Substance to a Pregnant Individual, in violation of 21 U.S.C. §§ 861(f) and 841(b)(1)(C) (Count 12); one count of Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 13); one count of Unlawful User in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count 14); and one count of

JOSEF F. BOEHM  Plea Agreement



Criminal Forfeiture relating to real property, per 21 U.S.C. § 853(a)(2) (Count 16). The First Superseding Indictment has also charged the defendant with the crimes of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) which the United States also agrees to dismiss and/or not re-file. The United States further agrees that it will bring no further federal criminal charges against the defendant relating to the conduct, committed before the date of this agreement, which is described in the Fourth Superseding Indictment, the defendant's admissions in section VII, below, as well as any other information known to the government at the date of this agreement. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated.

B.    If the defendant is completely candid and truthful with both the Court and the United States Probation Office in admitting his criminal conduct, as set forth in the Factual Basis below, and he meets the other criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a three level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation.  The United States agrees not to seek any upward sentencing departures under the U.S.S.G. or any other authority.  This section does not prohibit the United States from arguing for the application of any upward guideline adjustments specifically set forth in this agreement.

C.    The United States agrees not to pursue the sentencing enhancements set forth in paragraphs 23 - 28 of the Fourth Superseding Indictment, in light of the reasons set forth in section VIII.

IV.    Advisement of maximum penalties and conditions of sentence

A.    The maximum statutory penalties for Count 1, conspiracy to commit the crime of sex trafficking of children in violation of 18 U.S.C. §§ 371 and 1591(a)(1) (Count 1) include the following:  1) 5 years in prison; 2) a $250,000 fine; 3) a $100 mandatory special assessment; and, 4) supervised release of three years.  The maximum statutory penalties for Count 10, conspiracy in relation to trafficking in controlled substances, to wit more than 50 grams of cocaine base, to persons under 21 and conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 859(a) include the following:  1) 10 years to life in prison; 2) a $4,000,000 fine; 3) a $100 mandatory special assessment; and, 4) a mandatory minimum ten-year term of supervised release and a maximum life term of supervised release.

B.   ⁻  Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.



⌣. Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

D. The Court may order that the defendant pay restitution pursuant to 18 U.S.C. § 1593, 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1. Such restitution shall be paid out of the trust fund generally outlined in section II. F.

E. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Av Box 4, Rm. 229, Anchorage, AK 99513-7564.

V. **Guideline applications and sentencing issues (the following estimates bind neither party nor the Court)**

*SUMMARY: Count 1 (Group 1)*

*BASE OFFENSE LEVEL*
*(Same as Substantive Offense per USSG § 2X1.1(a);*
*Substantive Offense Calculated per USSG § 2G1.1*
*and 2G1.1(b)(1)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23*

*ACCEPTANCE OF RESPONSIBILITY . . . . . . . . . . . . . . . . . . . -3*

*NON BINDING ESTIMATED TOTAL . . . . . . . . . . . . . . . . . . . 20*

*NON BINDING ESTIMATED CRIMINAL HISTORY . . . . . . . . . I*

JOSEF F. BOEHM  Plea Agreement

*NON BINDING ESTIMATED*
*SENTENCING RANGE* ...................... *33-41 months*
*(5 Years Maximum*
*per 18 U.S.C. § 371)*

*SUPERVISED RELEASE RANGE* ................. *3 YEARS*

*SUMMARY: Count 10 (Group 2)*

*BASE OFFENSE LEVEL (USSG § 2D1.1(c)(4)* ............. *32*

*DISTRIBUTION TO UNDERAGE PERSONS*
*(USSG § 2D1.2(a)(1)*. ................................... *+2*

*ORGANIZER/LEADER (USSG § 3B1.1(c))* ................ *+2*

*ACCEPTANCE OF RESPONSIBILITY*
*(USSG § 3E1.1)* ...................................... *-3*

*NON BINDING ESTIMATED TOTAL* .................... *33*

*NON BINDING ESTIMATED CRIMINAL HISTORY* ........ *I*

*NON BINDING ESTIMATED*
*SENTENCING RANGE* ..................... *135-168 months*

*SUPERVISED RELEASE RANGE* ............. *min. 10 YEARS*

A.    With regard to Count I, the parties agree that U.S.S.G. § 2X1.1(a)

applies to a violation of 18 U.S.C. § 371. The parties further agree that the

offense level for conspiracy to commit the crime of sex trafficking of children is

the same as the substantive offense. The substantive offense level computation

for a violation of 18 U.S.C. § 1591(a)(1) and (b) on the facts of this case is 23 per

U.S.S.G. as follows:  U.S.S.G. § 2G1.1 applies to a violation of 18 U.S.C.

§ 1591(a)(1) and (b); the victims who were the subject of the conspiracy were

under the age of 18 years, making the base offense level 19 pursuant to U.S.S.G.

§ 2G1.1(a)(1); the offense involved coercion in that the co-conspirators provided

the victims cocaine base in exchange for sex and engaged in sex with the victims

when the victims were under the influence of the cocaine base, requiring a four

level increase to the base offense level to 23 pursuant to U.S.S.G § 2G1.1(b)(1).

     **B.**    With regard to Count 10, the parties agree that U.S.S.G. § 2D1.1

applies to a violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 859(a).  This

section requires the offense level to be determined by the amount of controlled

substance involved in the underlying controlled substance offense, as well as

relevant conduct.  The defendant understands that the amount of controlled

substances for which the Court could find the defendant responsible include those

amounts covered by the relevant conduct provisions contained in U.S.S.G.

§ 1B1.3.

C.     With regard to Count 10, the parties agree that during the period of the conspiracy, the defendant conspired to distribute between 50 and 150 grams of cocaine base. Thus, pursuant to U.S.S.G. § 2D1.1(c)(4), the defendant agrees his base offense level is 32.

D.     With regard to Count 10, the parties also agree that during the period of the conspiracy, the defendant distributed between 50 and 150 grams of cocaine base to multiple persons under the age of 21. Thus, pursuant to U.S.S.G. § 2D1.1(c)(4) and § 2D1.2(a)(1), the defendant agrees that a two level increase applies and his adjusted base offense level for Count 10 is 34.

E.     With regard to Count 10, the defendant understands the Court may find that the base offense level that applies to Count 10 is subject to a 2 level adjustment pursuant to U.S.S.G. § 3B1.1(c). The parties are free to argue their respective positions as to any role adjustment pursuant to U.S.S.G. § 3B1.1(c) and § 3B1.2(b). The parties further agree that if the Court finds that no adjustment is appropriate pursuant to U.S.S.G. § 3B1.1, the defendant may qualify for the "safety valve" provision of U.S.S.G. § 5C1.2 and may argue for an additional 2



level reduction in his base offense level if the defendant meets the requirements set forth in U.S.S.G. § 5C1.2.[1]

F.    Because the offense level for Count 10 is nine or more levels more serious than the offense level for Count 1, pursuant to U.S.S.G. § 3D1.4(c), no increase in offense level is appropriate. Thus, any sentenced imposed on Count 1 will be served concurrently to any sentence imposed on Count 10.

G.    The Court may find the base offense level(s) to be higher than or lower than the base offense level(s) set forth above. The defendant understands the Court may or may not agree with the above estimated base offense level(s) and the defendant understands the Court's final determination of the base offense level(s) is no basis upon which to withdraw the guilty plea(s) unless the Court imposes a sentence of imprisonment in excess of 135 months.

H.    The defendant understands the Court may grant up to a three-level downward adjustment for acceptance of responsibility if the defendant admits the conduct as set forth in the Factual Basis below and meets the other criteria set

---

[1]    The United States agrees that the firearm that was recovered on May 11, 2003, (and subsequently suppressed by the Court) will not effect the defendant's eligibility for the "safety valve."

JOSEF F. BOEHM  Plea Agreement

rorth in U.S.S.G. § 3E1.1. If the defendant meets the other criteria set forth in U.S.S.G. § 3E1.1, the United States will recommend a three-level adjustment for acceptance of responsibility. <u>The applicability of all adjustments to the base offense level will be set forth in the presentence report and the parties are free to argue the applicability of any adjustments only as set forth in this plea agreement.</u> As stated in Part I.C. above, the defendant understands and agrees that the ultimate sentencing range contemplated by this agreement has a ceiling of 135 months. The defendant may not withdraw from this agreement unless the Court denies the government's post-imposition of sentence motion to dismiss the remaining charges in the Fourth Superseding Indictment as they relate to the defendant, or the United States brings additional charges arising from this investigation based on information known to the government on the date of this agreement. Additionally, the defendant may withdraw from the agreement if the Court imposes a sentence above 135 months.

I.     The parties have no agreement on the defendant's criminal history category. The government estimates that it will be Category I. The defendant understands that the Court may find the defendant's criminal history to be higher

or lower than the United States has estimated. The defendant may argue about the appropriate criminal history calculation or classification. The United States is free to oppose any such argument.

J.    The parties agree that neither the United States nor the defendant will seek any upward or downward sentencing departures unless specifically set forth in this plea agreement.

K.    The defendant fully understands that the Court has total discretion to determine the ultimate sentence, and that the defendant will not be permitted to withdraw his plea or appeal his sentence if the Court deviates from the sentencing estimates or recommendations made by either the United States or defense counsel unless the Court sentences the defendant to a sentence in excess of 135 months.

L.    As to Count 15, the defendant further agrees to forfeit to the United States the real property located at 300 Oceanview Drive, Anchorage, Alaska and identified in Count 15 pursuant to 21 U.S.C. § 853(a)(2).

M.    The government agrees to the bottom end of the applicable fine range as computed by the U.S.S.G.



N.    The government agrees to recommend drug treatment for the defendant.

VI.    **Elements of the offense**

In order to sustain a conviction for conspiracy to commit the crime of sex trafficking of children, in violation of 18 U.S.C. § 371, as alleged in Count I, the United States would have to prove beyond a reasonable doubt the following elements:

First, there was an agreement between two or more individuals to commit the crime of sex trafficking of children;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and,

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

In order to sustain a conviction for conspiracy to distribute controlled substances, to wit more than 50 grams of cocaine base, to persons under 21 years of age, in violation of Title 21 United States Code Sections 846, 841(a)(1),



JOSEF F. BOEKM  Plea Agreement

(b)(1)(A), and 859(a), as alleged in Count 10, the United States would have to prove beyond a reasonable doubt the following elements:

> First, there was an agreement between two or more individuals to distribute more than 50 grams of cocaine base to persons under 21; and

> Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

VII.    Factual basis for the plea

The parties stipulate the following fact statement is true and it supports the defendant's guilty plea in this case.

Beginning at some exact time unknown but at least between in or about late 2001, and continuing until at least December 22, 2003, both dates being approximate and inclusive, the defendant JOSEF F. BOEHM and others, including Allen K. Bolling, a/k/a "Foul Al", Leslie J. Williams, Jr., and Bambi Tyree, agreed to distribute cocaine and cocaine base to persons under 21 years of age. During the period of the conspiracy, JOSEF F. BOEHM, Bolling, Williams,

Tyree and other members of the conspiracy distributed cocaine and cocaine base to persons between the ages of 13 and 21, as well as others over the age of 21.

BOEHM bought cocaine and cocaine base from Williams, Boiling, and others. Tyree introduced BOEHM to Williams and Bolling for purpose of them selling cocaine base to BOEHM. BOEHM personally distributed between 50 and 150 grams of the cocaine base that he purchased from Williams, Bolling, and others to persons BOEHM knew were between the ages of 13 and 21, as well as others over the age of 21. BOEHM distributed the cocaine base primarily at his house at 300 Oceanview Drive, Anchorage, Alaska, as well as other places including hotels in the Anchorage area. BOEHM agrees that 300 Oceanview Drive was used to facilitate the crime described above, and agrees to its forfeiture.

Beginning in late 2001 and continuing until December 22, 2003, BOEHM conspired with BOLLING, WILLIAMS, and TYREE to recruit persons under 18 ("juveniles") to engage in sexual acts. The juveniles were recruited by offering them cocaine, which was manufactured outside Alaska and effected interstate commerce. The following juveniles were knowingly recruited by the defendants

to engage in sex: S.P., E.A., J.M., K.W., L.H., C.R., L.B., and M.D.  These
juveniles had sex with one or more of the defendants, and received money and/or
controlled substances from the defendants.  The defendants knew the juveniles
ages when they recruited the juveniles.  To effect the purposes of the conspiracy,
the defendant purchased cocaine and distributed cocaine to one or more juveniles,
including S.P. in or about the fall of 2001.

VIII.  Adequacy of the agreement

This plea agreement is appropriate in that it applies the same sentencing
guideline provisions that would otherwise be applicable to the defendant's
sentence, save for the reduction for acceptance of responsibility, had the
defendant elected to proceed with trial and was thereafter convicted of the
charges set forth in the Fourth Superseding Indictment.  The sentence to be
imposed under the terms of this plea agreement will serve to adequately protect
the public and reaffirm societal norms, provide for deterrence to the defendant
and others, and provide an opportunity for the defendant to rehabilitate himself.

In particular, the United States submits that the plea agreement is justified
by both the establishment of a trust fund that allows for the betterment of the

individuals affected by this criminal activity as well as avoiding the potential
embarrassment occasioned to the victims by a public trial. In addition, based on
the current status of the law regarding the continued viability of the U.S.S.G., the
United States agrees to forego proving sentencing enhancements in paragraphs 23
through 28 of the Fourth Superseding Indictment.

IX.    Defendant's agreement and understanding of the terms of this plea
       agreement

I, JOSEF F. BOEHM, being of sound mind and under no compulsion or
threats, or promises not otherwise contained in this document, knowing that I will
be put under oath at my change of plea hearing to tell the truth, do hereby state
my agreement to and understanding of this plea agreement as follows:

A.    I wish to enter a plea of guilty to Count 1 of the Fourth Superseding
Indictment which charges me with conspiracy to commit the crime of sex
trafficking in children, in violation of 18 U.S.C. § 371, I wish to enter a plea of
guilty to Count 10 of the Fourth Superseding Indictment, which charges me with
the conspiracy to distribute controlled substances, to wit more than 50 grams of
cocaine base, to persons under 21 years old, all in violation of 21 U.S.C. §§ 846,



§ 841(b)(1), (b)(E)(A), and 853(a), and I wish to agree to Count 15 of the Fourth Superseding Indictment, and which seeks the forfeiture of the real property identified therein, pursuant to 21 U.S.C. § 853(a)(2).

B.    My attorney has explained the charge(s) to which I am pleading guilty and the necessary elements, and the consequences of my plea.

C.    I am admitting that the allegations against me contained in the factual basis for my pleas are true.

D.    I understand that by pleading guilty I give up and I agree to waive the following rights:

-   If applicable, the right to have the charges against me presented to the grand jury prior to entering my plea of guilty;

-   The right to plead not guilty or to persist in that plea if it has already been made;

-   The right to a speedy and public trial by a jury on the issues of my guilt and the forfeitability of my interest in the Forfeiture Assets;



The right to object to the composition of the grand or petit jury;

— The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

— The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial – I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

— The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

— The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person.



E.    I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the Court accepts this agreement and imposes a sentence no greater than 135 months. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel – based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the Court imposes the sentence – which affected either my guilty plea or the sentence imposed by the Court. I am fully satisfied with the representation given me by my attorney. We have discussed all possible defenses to the charges in the Indictment. My attorney has investigated my case and followed up on any information and issues I have raised with him to my satisfaction and he has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will

be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government contained in this agreement and I understand they are not binding on any party.

F.   I further understand that if I plead guilty, there will not be a trial and that the Court will ask me under an oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

G.   I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

H.   I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. I understand that the discussions between my attorney and me concerning my sentence exposure or the actual sentence the Court might impose are only



JOSEF F. BOEHM  Plea Agreement

estimates and do not bind the Court. I understand that the Court has the ultimate discretion to determine the sentence to be imposed in my case. I understand the United States has not guaranteed me a motion for a substantial assistance departure and the Court is not bound to grant such a motion if the government files one. Unless specifically set forth in this agreement , I understand that I cannot withdraw my guilty plea  from this agreement, and that I am waiving my right to appeal the Court's sentencing decision.

       I.     I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

       J.     This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea.  There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement.  If there were, I would so inform the Court.  I understand that if I breach this agreement in any way the United States will be free to prosecute me



JOSEF F. BOEHM  Plea Agreement

on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

    K.    I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I understand that, pursuant to 21 U.S.C. § 862, I may lose or be denied federal benefits, loans, grants, licenses, welfare, and food stamps as a result of being convicted of the offenses contained in the charging document. I enter into this agreement knowingly and voluntarily. I therefore wish to enter a plea of guilty to Count 1 of the Fourth Superseding Indictment which charges me with conspiracy to commit the crime of sex trafficking in children, in violation of 18 U.S.C. § 371, I wish to enter a guilty plea to Count 10 of the Fourth Superseding Indictment, which charges me with the conspiracy to distribute controlled substances, to wit, between 50 and 150 grams of cocaine base, to persons under 21 years old, all in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 859(a), and I wish to agree to Count 15 of the Fourth Superseding Indictment,



which seeks the forfeiture of the real property identified therein, pursuant to 21

U.S.C. § 853(a)(2).


DATED: _11/19/04_                          _Josef F. Boehm_
                                           JOSEF F. BOEHM
                                           Defendant

    As counsel for the defendant, we have discussed with him the terms of this plea agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, we have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. We know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, we become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, we will immediately inform the Court.


DATED: _11/19/04_                          _Phillip Paul Weidner_
                                           PHILLIP PAUL WEIDNER
                                           Attorney for Josef F. Boehm

                                           _Kevin Fitzgerald_
                                           KEVIN FITZGERALD
                                           Attorney for Josef F. Boehm