Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Josef F. Boehm, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) **Case No. A05-0085 CV (JKS)** |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT ON ISSUE OF LIABILITY**

This is an action by Sally Purser ("Purser") against defendants for damages arising out a conspiracy to provide Purser with cocaine, cocaine base, and other illegal substances with the intent of getting Purser addicted to drugs so they could control her and keep her within their grasp through threat of force and severe psychological coercion.[1]  In providing illegal substances to Purser, defendants intentionally engaged in sex trafficking of a minor, i.e., Purser.  Defendants violated 18 U.S.C. § 1591 and are liable to Purser for any damages incurred by her whether such damages are economic or non-economic in nature.  Because there are no material issues of fact in dispute as

_____

[1] .  Plaintiff has entered into an agreement with Bambi Tyree and agreed to a dismissal of all claims against Tyree.

1

to the liability of the defendants, Purser moves for partial summary judgment, seeking entry of judgment as to liability for both compensatory and punitive damages.

**A.      Standard on Summary Judgment.**

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the evidence which demonstrates the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On an issue as to which the nonmoving party will have the burden of proof at trial, the movant can prevail merely by pointing out, that there is an absence of evidence to support the nonmoving party's case.  See id.

If the moving party meets its initial burden, the nonmoving party must then set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1956); Fed.R.Civ.P. 56(e).  Statements of counsel in a memorandum, and unsupported allegations of fact are insufficient to defeat a motion for summary judgment.  See Angel v. Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir. 1981).  The evidence presented by the parties must be admissible.  Fed.R.Civ.P. 56(e).  Conclusory, speculative testimony in affidavits

and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. See, Falls Riverway Realty, Inc. v. Niagara Falls, 754 F.2d 49, 56 (2d Cir. 1995); Thornhill Pub. Co,. Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir.1979).

**B.     Statement of Facts**

Beginning in 2001 and continuing through December 2003, Boehm and others agreed to distribute cocaine and cocaine base to persons under 21 years of age. Exhibit 1, Plea Agreement, p. 23. Boehm and others did in fact distribute cocaine and cocaine base to persons under 21 years of age. Id., pp. 23-24. Bolling provided Boehm with the cocaine. Id., at 24. Boehm personally distributed between 50 and 150 grams of cocaine base that he purchased from Bolling and others to persons that Boehm knew were under the age of 21 years. Id.

During the period that Boehm was buying and distributing cocaine and cocaine base to juveniles, Boehm conspired with Bolling and others to recruit persons under 18 to engage in sexual acts. Exhibit 1, p. 24. These juveniles were recruited by offering them cocaine, which was manufactured outside Alaska and effected interstate commerce. Id. S.P. was one of the juveniles recruited, and Purser is the individual known as S.P. Exhibit 1, p. 24-25, Affidavit of Sally Purser, Affidavit of Bambi Tyree.

Purser first met Boehm in 2001, when she was 15-years old. Affidavit of Sally Purser. From that date, until early 2004, Boehm kept her under his control by providing her with illegal drugs and keeping her addicted to illegal

drugs.  Id.  During the course of her involvement, Boehm had sex with her on several occasions, and he made her have sex with others while he watched.  Id. He provided her with money and drugs and in 2003, he had her transported across state lines so as to keep her under wraps while he was being investigated.  Id.

Boehm had sex with the juveniles he recruited, including Purser.  Exhibit 1, p. 25.  Boehm knew Purser's age when he recruited her and when he had sex with her.  Id.  "To effect the purposes of the conspiracy, the defendant purchased cocaine and distributed cocaine to one or more juveniles, including S.P. in or about the fall of 2001.  Exhibit 1, p. 25.  Purser is S.P.  Affidavit of Sally Purser.

In the plea agreement, entered into between Boehm and the U.S. Government, Boehm agreed that he was charged with one count of a conspiracy to commit the crime of sex trafficking of child in violation of 18 U.S.C. §§ 371 and 1591(a)(1); eight counts of sex trafficking in violation of 18 U.S.C. § 1591(a)(1) and (b)(2); one count of conspiracy to distribute a controlled substance to person under 21 years of age and conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841 (a)(1) (b)(1)||(A), and 859(a).  In entering into this plea agreement, Boehm admitted "he conspired with others to knowingly recruit, entice, and obtain females he knew were under the age of 18 to engage in commercial sex acts with him and others.  Plea Agreement, Exhibit 1.  In the plea agreement with Boehm, Boehm stipulated to the truth of the following set of facts:

1.    Boehm, Bolling and Tyree entered into a conspiracy to distribute cocaine to persons under 21 years of age, including the plaintiff.  <u>Exhibit 1</u>, p. 23.

2.    Boehm, Bolling and Tyree did in fact distribute cocaine to persons under 21 years of age, including the plaintiff.  <u>Exhibit 1</u>, p. 24.

3.    Boehm, Bolling and Tyree conspired to recruit persons under 18 years of age to engage in commercial sex acts.  <u>Exhibit 1</u>, p. 24.

4.    Boehm, Bolling and Tyree distributed cocaine to juveniles in exchange for sexual acts. <u>Id</u>.

5.    Juveniles were knowingly and intentionally recruited by defendants to engage in sexual acts, including plaintiff.  <u>Exhibit 1</u>, p. 25.

6.    Juveniles had sex with the defendants and received money and illegal drugs from the defendants, and the defendants knew the ages of the juveniles at the time they recruited them.  <u>Id</u>.

On page 27 of the plea agreement, Boehm stated that "I am admitting that the allegations against me contained in the factual basis for the pleas are true."  <u>Exhibit 1</u>, p. 27.

On page 32 of the plea agreement, Boehm stated that; "I have read this plea agreement carefully, and understand it thoroughly.  I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea."

**C.    Plaintiff is entitled to summary judgment on liability.**

Title 18 U.S.C. § 1595 provides a civil remedy for victims of the crime of sex trafficking of children.  This includes victims of offenses committed under 18 U.S.C. § 1591.  Under section 1595, the Federal District Court has jurisdiction of the action, and the plaintiff is entitled damages, and actual, reasonable attorney fees and costs incurred in the prosecution of the civil action.  Id.

In the instant case, plaintiff has sued under 18 U.S.C. § 1595.  The facts necessary to recover under this civil action are conclusively established by the plea agreement and the facts established in the corresponding criminal action. Indeed, Boehm pled guilty and he has admitted, or stipulated to all of the material facts necessary to the establishment of liability under the § 1595.

In Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326-33 (1979), the Supreme Court truly liberalized the collateral estoppel doctrine by permitting a plaintiff to preclude a defendant from relitigating an issue that was decided in a prior suit between the same defendant and a different plaintiff.  This use of collateral estoppel as a "sword" rather than merely as a "shield" was a radical departure from the traditional mutuality rule.  As such, the Supreme Court permitted its use only with caution and qualification. Id.

Parklane involved a shareholder's class action alleging that the defendant had issued a false proxy statement. Id., at 324.  Before the suit was tried, the Securities and Exchange Commission (SEC) filed and won a suit against the defendant based on the same allegations. Id., at 324-25.  The plaintiff in

Parklane sought to use the verdict from the case to estop defendant from relitigating the issue of the falsity of the proxy statement. The district court denied plaintiff's motion to apply collateral estoppel on the ground that such application would deny defendants their seventh amendment right to a jury trial. Id., at 325.  The Court of Appeals for the Second Circuit reversed, holding that a party's opportunity to litigate an issue in a nonjury trial fully and fairly estops him from relitigating the issue in a subsequent jury trial. Id.  The Supreme Court held that offensive non-mutual estoppel is permissible and affirmed the Second Circuit.  Id., at 331-33.  The Court reached the conclusion that the use of offensive collateral estoppel would not violate the seventh amendment right to a jury trial, regardless of whether there was a jury trial in the first action, as long as the party was given a full and fair opportunity to litigate the issues in the first action.  Id., at 333-37.

Prior to Parklane, the Supreme Court of the United States held that "a guilty plea is an admission of all the elements of a formal criminal charge." McCarthy v. United States, 394 U.S. 459, 466 (1969); See Menna v. New York, 423 U.S. 61, 62 n.2 (1975) (per curium) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case.").   For purposes of collateral estoppel, a federal conviction following a guilty plea "is as much a conviction as a conviction following jury trial." Gray v. Commissioner, 708 F.2d 243, 246 (6th Cir. 1983), cert. denied, 466 U.S. 927 (1984). Therefore, a federal guilty plea and ensuing conviction collaterally estop a litigant from relitigating

in a federal civil proceeding **any material facts or elements necessarily established by the plea**. See <u>United States v. Wight</u>, 839 F.2d 193, 195 (4th Cir. 1987) (guilty plea to accepting gratuities estops ex-official in later civil suit to recover gratuity amounts); <u>Gray</u>, 708 F.2d at 246 (guilty plea to federal income tax evasion establishes fraud in subsequent civil tax fraud proceeding); <u>In re Raiford</u>, 695 F.2d 521, 523-524 (11th Cir. 1983) (guilty plea to bankruptcy fraud bars relitigation of factual issues in bankruptcy proceeding); <u>Fontneau v. United States</u>, 654 F.2d 8, 10 (1st Cir. 1981) (guilty plea and conviction for federal income tax evasion has preclusive effect in civil suit); <u>Ivers v. United States</u>, 581 F.2d 1362, 1367 (9th Cir. 1978) (facts necessarily determined by conviction based on guilty plea cannot be relitigated in forfeiture proceeding); <u>United States v. Podell</u>, 572 F.2d 31, 35 (2d Cir. 1978) ("It is well-settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case."); <u>Brazzell v. Adams</u>, 493 F.2d 489, 490 (5th Cir. 1974) (guilty plea to selling heroin estops prisoner from arguing, in action under 42 U.S.C. 1983, that he engaged in transaction with the belief that he was assisting state agents); <u>Plunkett v. Commissioner</u>, 465 F.2d 299, 305-306 (7th Cir. 1972) (convictions for tax evasion pursuant to guilty plea collaterally estops defendant from denying fraud in civil tax fraud proceedings).

A guilty plea constitutes an admission to the truth of all the material facts alleged in the indictment.  United States v. Matrecios, 618 F.2d 81, 83-84 (9th Cir. 1980).   It is settled law in this circuit that a guilty plea may be used to establish issue preclusion in a subsequent civil suit. United States v. Section 18, 976 F.2d 515, 519 (9th Cir. 1992); See also   United States v. $ 31,697.59 Cash, 665 F.2d 903, 904 (9th Cir. 1982); United States v. Bejar-Matrecios, 618 F.2d 81, 83-84 (9th Cir. 1980);  Ivers v. United States, 581 F.2d 1362, 1367 (9th Cir. 1978).

The elements necessary to recover under 18 U.S.C. § 1595 are that plaintiff be a victim of a violation of either 18 U.S.C. §§ 1589, 1590 or 1591. See  18 U.S.C. § 1595(a).  All plaintiff need do, to be entitled to recovery, is show that she was a victim of one of those offenses listed in subsection (a) of Section 1595.

A violation of Section 1591 is shown if it can be shown that Boehm and his co-conspirators knowingly, while affecting interstate commerce, recruited and enticed a person under the age of 18 years to engage in commercial sexual acts.  See  18 U.S.C. § 1591.

In entering into his plea agreement, Boehm admitted "that he conspired with others to knowingly recruit, entice, and obtain females that he knew were under the age of 18 to engage in commercial sex acts with himself and others." Exhibit 1, Plea Agreement, p. 6.  Thus, Boehm has admitted to a violation of Section 1591, and plaintiff is therefore entitled to recover under Section 1595.

**D.  Liability for Punitive Damages**.

Punitive damages are available in a federal cause of action against an individual who engaged intentional conduct warranting an award of such damages. **See  Carroll v. Bristol Twp**., 827 F. Supp. 332, 335 (E.D. Pa. 1993) (**citing City of Newport**, 453 U.S. 247 at 267, 101 S. Ct. 2748, 69 L. Ed. 2d 616); see also  Carey v. Piphus, 435 U.S. 247, 55 L. Ed. 2d 252, 98 S. Ct. 1042 (1978).  In order to obtain such damages, a plaintiff must allege conduct that intentional or motivated by evil motive, but the defendant's action need not necessarily meet this higher standard.  Punitive damages are available if the defendant's conduct was merely reckless or callous.  Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989) (citing Smith v. Wade, 461 U.S. 30, 56, 75 L. Ed. 2d 632, 103 S. Ct. 1625 (1983)); see also Keenan v. City of Phila., 983 F.2d 459, 470 (3d Cir.1992); Enticing a child to engage in sexual acts is outrageous conduct as a matter of law.  Angie M. v. Superior Court, 44 Cal. Rptr. 2d 197, 204 (Calif. App. 4th 1995).  Moreover, if the elements of the offense pled to include conduct which by its very nature is outrageous, reckless, or deliberately indifferent to the rights of others, liability for punitive damages is established as a matter of law.  See  Lamb v. Anderson, ___ P.3d ____, Slip Op. No. 6078 (November 17, 2006, Alaska) (the State Supreme Court held that in a suit for damages arising from an injury accident, collateral estoppel applied and liability for punitive damages would attach as a matter of law.  The Court concluded that the conviction is conclusive evidence of recklessness for purposes of punitive damages).  Punitive damages are appropriate when the

defendants' conduct is motivated by evil intent or when it involves reckless or callous indifference to rights of others. <u>Smith v. Wade</u>, 461 U.S. at 56.

Enticing a minor to engage in sexual acts, and using illegal drugs such as cocaine and cocaine base to entice that minor is reckless and outrageous conduct with evil intent as a matter of law. Because Boehm has admitted to this conduct in his plea agreement, and because he is judicially estopped from denying this conduct, plaintiff is entitled to summary judgment as to Boehm's liability for punitive damages.

## **CONCLUSION**

There are no issues of material fact in dispute as to Boehm's liability for both compensatory and punitive damages. Accordingly, summary judgment on liability should be entered in favor of the plaintiff.

DATED this 14th day of December 2006.


_____/s/_____
Darryl L. Jones, Esq.
Attorney for Plaintiff
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Ph: 907-278-1212
Fax: 907-278-1213
ABA No: 8811188