Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) |
| Josef F. Boehm, et al., | ) |
| | ) |
|     Defendants. | ) |
| _____) | **Case No. A05-0085 CV (JKS)** |

**MOTION & MEMORANDUM FOR
LEAVE TO FILE AFFIDAVITS UNDER SEAL**

Plaintiff, by and through undersigned counsel, seeks leave of this Court to file her affidavit and the affidavit of an additional witness under seal. The affidavits are intended as support for a motion for summary judgment, and leave to file the affidavits under seal is requested because the affidavits contain very sensitive, personal information that if disclosed could be harmful to the reputation interests of the affiants. In seeking leave to file under seal, plaintiff contends that the public right to inspect and copy judicial records is outweighed by the competing interests of the affiants to keep private certain sensitive information that, if disclosed, could cause social stigma or harm to the reputation. Plaintiff's request is supported by the following.

Although a common law right exists to inspect and copy judicial records. See, e.g., In re Knight Publishing Company, 743 F.2d 231, 235 (4th Cir. 1984); In re National Broadcasting

Company, Inc., 653 F.2d 609, 612 (D.C. Cir. 1981), and although that right is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes, that right is not absolute. United States v. Hubbard, 650 F.2d 293, 315 (D.C. Cir. 1980). All courts have supervisory power over their own records and files. Nixon v. Warner Communications, Inc., 435 U.S. 589, 598, 55 L. Ed. 2d 570, 98 S. Ct. 1306 (1978); Crystal Grower's Corporation v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). Thus a court, in its discretion, may seal documents "if the public's right of access is outweighed by competing interests." In re Knight Publishing Company, 743 F.2d at 235.

The U.S. Supreme Court discussed a number of the traditional exceptions to the general rule of access in the Nixon case. There the Court noted that access has been denied where court files or documents in the court file might become a vehicle for improper purposes or which might be used to promote public scandal and painful publication, such as the disgusting details of a contested divorce case. Nixon v. Warner Communications, Inc., 435 U.S. at 598. Thus, the U.S. Supreme Court has essentially held that where the competing interest against public access is directed at the reputation interests of the party whose information might be disclosed, the Court has broad discretion to seal the information.

The Nixon Court pointed out that the decision as to access is one best left to the sound discretion of the trial court, discretion to be exercised in light of the relevant facts and circumstances of the particular case. Id. Thus the trial court in the present case has the supervisory power to seal the affidavits so as to protect the reputation interests of the affiants. See also Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) and Doe v. Shapiro, 302 F.Supp. 761 (D. Conn. 1969) (Plaintiffs have been allowed to proceed under fictitious names to protect them from social stigma).

Accordingly, plaintiff requests leave to file the affidavits under seal.

DATED this 14th day of December 2006.

/s/_____
Darryl L. Jones, Esq.
Attorney for Plaintiff
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Ph: 907-278-1212
Fax: 907-278-1213
ABA No: 8811188