Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser,<br><br>    Plaintiff,<br><br>    vs.<br><br>Josef F. Boehm, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A05-0085 CV (JKS) |

**PLAINTIFF'S REPLY TO BOEHM'S OPPOSITION**
**TO THE SECOND MOTION FOR SUMMARY JUDGMENT**

In opposing summary judgment, Boehm appears to be asserting an entrapment or mental incapacity defense. He tries to paint a picture of himself as a man who was so mentally deranged due to his excessive use of drugs that he could not possible have had sex with Purser and he could not possibly have been responsible for any violation of 18 U.S.C. § 1591. However, in entering into his plea agreement all of those defenses were waived. See, e.g., United States v. Broce, 488 U.S. 563, 570, 573, 102 L. Ed. 2d 927, 109 S. Ct. 757 (1989) (noting that a plea of guilty is "more than a confession which admits that the accused did various acts . . . it is an admission that he committed the crime charged against him" and holding that "conscious waiver . . . with respect to each potential defense relinquished by a plea of guilty" is not

1

required); United States v. Sarmiento, 786 F.2d 665, 668 (5th Cir. 1986) (holding that guilty plea waives all non-jurisdictional defenses to crime to which defendant pled guilty, including entrapment).

Boehm not only waived all defenses, he stipulated to the truth of the following set of facts:

> "Beginning at some exact time unknown but at least between in or about late 2001 and continuing until at least December 22, 2003, both dates being approximate and inclusive, the defendant JOSEF F. BOEHM and others, including Allen K. Bolling a/k/a Foul Al, Leslie J. Williams, Jr. and Bambi Tyree, agreed to distribute cocaine and cocaine base to person under 21 years of age. During the period of the conspiracy, JOSEF F. BOEHM, Bolling, Williams and Tyree and other members of the conspiracy distributed cocaine and cocaine base to persons between the ages of 13 and 21, as well as to others over the age of 21.
>
> BOEHM bought cocaine and cocaine base from Williams, Bolling, and others. Tyree introduced BOEHM to Williams and Bolling for purposes of them selling cocaine base to BOEHM. BOEHM personally distributed between 50 and 150 grams of the cocaine base that he purchases from Williams, Bolling and others to persons BOEHM knew were between the ages of 13 and 21, as well as others over the age of 21.

Purser's Exhibit 1, Plea Agreement, pp. 23-24.

In light of these admissions and stipulated facts, Boehm clearly admitted that he entered into a conspiracy and that he distributed cocaine to underage girls. His argument before this Court that he was a passed-out helpless victim of these young girls is not only precluded by his past admissions and stipulations, it borders on the absurd. Boehm further stipulated and admitted:

> Beginning in late 2001 and continuing until December 22, 2003, BOEHM conspired with BOLLING, WILLIAMS, AND TYREE, to recruit persons under 18 ("juveniles") to engage in sexual acts. The juveniles were recruited by offering them cocaine, which was manufactured outside Alaska and effected interstate commerce.

Id., pp. 24-25.

Boehm clearly admitted to the elements necessary to prove a violation of 18 U.S.C. § 1591, and contrary to the inadmissible opinions submitted in oppositions to summary judgment, Boehm admitted that he acted knowingly and with intent. Hence, the opposition to summary judgment filed by Josef Boehm does not raise material issues of fact as to liability. Even if the evidence is viewed in a light most favorable to Boehm, the only thing he has done is attempt to raise issues previously presented in the Criminal Case and which are now barred by collateral estoppel. The issues raised by the affidavits, if admissible, may be relevant to the question of damages, but they are not relevant to the question of liability. Because there are no issues of material fact in dispute as to liability, plaintiff is entitled to summary judgment on liability for both compensatory and punitive damages.

## I.     BOEHM'S EVIDENCE SUPPORTING HIS OPPOSITION.

Summary judgment motion must be decided upon evidence that would be admissible or usable at trial. Rule 56 indicates that a trial judge should decide a summary judgment motion based on "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Fed. R. Civ. P. 56(c)*. It is settled law that the judge may consider only these specific materials or other evidence that would be admissible at trial. Inadmissible evidence is not to be considered unless, like an affidavit, it is "otherwise provided for" in Rule 56. *See Fed. R. Civ. P. 56(e)*; *see also 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2721 (1983)* ("The

particular forms of evidence mentioned in the rule are not the exclusive means of presenting evidence on a Rule 56 motion. The court may consider any material that would be admissible or usable at trial."); *6 J. Moore, Moore's Federal Practice para. 56.11 [1.-8] (2d ed. 1972)* ("In addition to pleadings, depositions, admissions on file, answers of a party to interrogatories, and affidavits, which Rule 56(c) specifically enumerates, a court may consider any additional materials that would be admissible in evidence or otherwise usable at trial. Material that does not come within the above broad category should not be considered."). The strength of this principle is shown by the manner in which a trial judge is supposed to treat affidavit testimony: if some of the testimony contained in the affidavit would be inadmissible if it were offered at trial (e.g., as hearsay), the judge is to consider only the portions that would be admissible at trial and excise the remainder. *See 6A J. Moore, supra, para. 56.22[1], at 56-1330 to 56-1331; 10A C. Wright, A. Miller & M. Kane, supra, § 2738, at 511.*

Boehm seeks to defeat summary judgment by proffering inadmissible, irrelevant evidence and he failed miserably in his attempt. As will next be shown, not a single piece of evidence has been submitted by Boehm that could be viewed in his favor as establishing a question of fact regarding liability.

**A.     Boehm's Discovery Responses Do Not Create Genuine Issues of Fact.**

Boehm says that his Exhibit B contains specific denials as to each and every allegation set forth in Purser's complaint and therefore raises genuine issues of trial. That is not true for three reasons.

4

First, Exhibit B is not sworn to under penalty of perjury and thus may not be considered. See 28 U.S.C. § 1746. Facts averred to lack the force and effect of an affidavit for purposes of responding to a motion for summary judgment unless the facts were given under oath or signed under penalty of perjury. See Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993); Williams v. Browman, 981 F.2d 901, 905 (6th Cir. 1992) (per curiam).

Second, Exhibit B is nothing more than self-serving denials of facts. Rule 56 envisions that admissions may be used to oppose summary judgment, but it is the other party's admissions that are admissible to raise a question of fact, not self-serving denials of requests for admissions. Self-serving denials have never been sufficient to raise a genuine issue for trial. It is well established that self-serving denials without any factual support in the record will not defeat a motion for summary judgment. Slowiak v. Land O'Lakes, Inc., 987 F.2d 1293, 1295 (7th Cir. 1993) (citation omitted).

Third, the self-serving denials may not be considered because they are inconsistent with factual admissions Boehm made when entering into his plea agreement. Scholes v. Lehman, 56 F.3d 750, 762 (7th Cir. 1995). Boehm is not permitted to "backpedal" from the admissions in his plea agreement, because "just as an affidavit in which a witness tries to retract admissions that he made earlier in his deposition is normally given no weight in a summary judgment proceeding, so a witness should not be permitted by a subsequent affidavit to retract admissions in a plea agreement." Id. (citations omitted).

### B. The Affidavits Submitted By Boehm Do Not Raise A Question Of Fact As To Liability.

The Affidavits submitted by Boehm likewise fail to establish genuine issues of material fact as to Boehm's liability to Purser. Boehm's Exhibit C & D. These Affidavits are stuffed with hearsay, pure innuendo and inadmissible opinion evidence.

Tina Arndt's affidavit says that she saw Boehm using Cocaine and that Boehm kept Cocaine at his house. She then tries to testify as an "expert" in Cocaine, but she has never been identified as a witness in this case, and has certainly not been qualified as an expert. (Docket 119). The only witness list ever filed by Boehm listed two experts, and no factual witnesses have ever been identified. Even if the facts stated in Tina's affidavit are viewed in a light most favorable to Boehm, all she does is say she never saw Boehm have sex with Purser, but she admits she was not there 24-7. Tina says, "Whenever Sally Purser was at Mr. Boehm's house she was almost always with me." Tina's affidavit does not raise a genuine issue of fact for purposes of liability.

It is not surprising that Tina would testify in favor of Boehm and make up facts in her affidavit. Tina has previously been charged with theft, and giving false information. *3AN-03-00412CR Municipality of Anchorage vs. Arndt, Tina R* (No contest plea to theft). In fact she entered a no contest plea to giving false information in September 2006. *3AN-06-09335CR Municipality of Anchorage vs. Arndt, Tina R.* (No contest plea to giving false information); *3AN-*

6

*03-01590CR Municipality of Anchorage vs. Arndt, Tina R.* (No contest plea to giving false information).

The affidavit of Vince Blomfield fails to establish a question of fact as to liability. Boehm's Exhibit D. Although Vince talks about Bambi Tyree, he says very little about Purser and he does not say that Boehm did not engage in conduct that gives rise to a cause of action under 18 U.S.C. § 1595. Vince does not provide any evidence that the facts admitted to by Boehm, in his plea agreement, are not true or that could cause a jury to believe those facts are not true. Vince's affidavit utterly fails to raise a genuine issue as to any material fact; not one of the facts to which he avers can be interpreted as being material to the question of Boehm's liability. He merely says Bambi Tyree stole money from him and had arguments with Boehm. That Boehm was addicted to Cocaine. That Boehm was high on Cocaine all the time, and that Boehm was a paranoid drug addict who would have done anything for drugs. None of this testimony raises a genuine issue of fact for purposes of Purser's summary judgment motion. Vince Blomfield does not provide a single fact that tends to show that Boehm is not liable to Purser.

**C.    Boehm's Exhibit E is An Unsworn Statement Which Is Likely Inadmissible.**

Boehm's Exhibit E is an unsworn letter from Gary A. Jacobsen M.D. to Phillip Paul Weidner, which was written in the criminal matter involving Josef Boehm. Boehm's Exhibit D. To the extent that the letter is unsworn, it does not constitute competent evidence for the purpose of opposing plaintiff's motion for summary judgment, and, hence, should not be considered. See *Fed.R.Civ.P.*

*56(e)*; Capobianco v. City of New York, 422 F.3d 47, 55 (2d Cir. 2005) ("'[T]he submission of [an] unsworn letter was an inappropriate response to the . . . motion for summary judgment, and the factual assertions made in that letter were properly disregarded by the court.'"), quoting United States v. All Right, Title & Interest in Real Prop. & Appurtenances, 77 F.3d 648, 657-58 (2d Cir. 1996); Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment."). Because the unsworn letter is inadmissible, it does not raise a genuine issue as to any material facts.

Dr. Jacobsen's unsworn letter fails to raise a question of fact because he never even mentions Purser. Boehm's Exhibit E. Instead the letter discounts the affidavits of Blomfield and Arndt. Boehm's Exhibits C & D. Blomfield and Arndt try to establish that Boehm didn't provide Cocaine to minors; rather Bambi Tyree was the one who got Cocaine for Boehm and got Boehm addicted to Cocaine. Id. Through Blomfield and Arndt, Boehm tries to convince us that he is the victim and all of these young girls took advantage of him. Id. Dr. Jacobsen's unsworn letter, on the other hand, clearly points out that Boehm had been using and was addicted to Cocaine beginning in the 1970s, before the minor girls, who were his victims, were even born.[1] Viewing the letter in a light most favorable to Boehm, it does not raise a genuine issue with regard to Boehm's liability to Purser.

---

[1]. If one compares pages 9-11 of Dr. Jacobsen's letter to the affidavits of Blomfield and Arndt, it is patently obvious that the affidavits were prepared from information contained in the letter and thus, the affidavits are nothing more than inadmissible hearsay.

**D.    Boehm's Exhibit F Is Inadmissible And Does Not Raise A Question Of Fact.**

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts," and must produce competent, admissible evidence supporting their opposition. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). An unsworn statement is not to be construed as "competent evidence," and should not be relied upon when reviewing summary judgment. Woloszyn v. County of Lawrence, 396 F.3d 314, 323 (3d Cir. 2005) (holding an unsworn statement is not competent evidence); Adickes v. S. H. Kress & Co., 398 U.S. 144, 158 n.17 (1970) (noting that an unsworn statement does not satisfy the requirements of Fed.R.Civ.P. 56(e)).

Boehm's Exhibit F is an unsworn statement to his criminal defense investigator. The statement is allegedly made by Purser in June 2004, shortly after her incarceration. Boehm's Exhibit F, pp. 1-2. Because it is an unsworn statement, it is inadmissible for purposes of summary judgment and can not form the basis for a finding of genuine issues of fact. Adickes supra.

Viewed in a light most favorable to Boehm, his Exhibit F supports an award of summary judgment and does not raise a question of fact as to liability. First, the facts in this statement must be put in the proper context. The statement is made by a young girl, who at the time of the allegations in her complaint was a minor. Second, Josef is a 60-year old crack addict who should have known better and who should not have been engaging in sexual relations with a minor child. Boehm submits this statement in an attempt to

show there is a question of fact as to whether he used drugs to have sex with Purser.  However, Purser states that she traded sex to Boehm for drugs. Boehm's Exhibit F, p. 7.  When asked if she lied about her age, Purser said "yes."  However, she didn't tell Boehm that she was 18 or 19 or older; rather she told Boehm that she was younger then she was because Boehm liked little girls.  Id., p. 9.  She also stated that she didn't want to be doing the things she did with Boehm, but she was so addicted to Cocaine that she was persuaded to do things she didn't want to do. Id., p. 10.  Between the criminal defense investigator and Purser, after talking about Boehm, they both reached the conclusion that Boehm was just a decent guy that got hooked on Crack and young girls.  Id., p. 12.  When this statement is viewed in conjunction with Boehm's admissions in his plea agreement, it supports the conclusion that Boehm is liable to Purser and it fails to raise a question of fact in that regard.

E.     **Purser Did Answer The Request For Admissions.**

Boehm says he served request for admissions on Purser and because she failed to answer those requests, they are deemed admitted under Rule 36 of the Federal Rules of Civil Procedure.  Boehm's Opposition, p. 21.  This argument is fatally flawed for two reasons.  First, discovery closed on November 16, 2006 and the second request for discovery was beyond the close of discovery date; being sent on November 10, 2006 and not being sent within 30-days of the date that discovery closed. (Docket 116, p. 5).  See Jarvis v. Wal-Mart Stores, Inc., 161 F.R.D. 337, 339 (N.D. Miss. 1995) (treating "requests for admission as a discovery device for purposes of establishing a deadline for service upon the

other party"); Kershner v. Beloit Corp., 106 F.R.D. 498, 499 (D. Me. 1985) (holding that "any general deadline for completion of discovery facially applies to requests for admissions"); Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 758 (2002) (noting that requests for admission are a discovery device under the Federal Rules of Civil Procedure). Because the admissions were served requiring answers to be completed after the close of discovery, Purser had no obligation to respond. Although the Court later extended the discovery deadline (Docket 116, p. 5), Boehm did not renew his request. Hence, the requests are not deemed admitted.

Notwithstanding Boehm's failure to timely serve the discovery requests, Purser answered the discovery. Affidavit attached. Purser anticipated, based on past experience, that Boehm's counsel might have clerical problems; so the answers were sent certified return receipt. Id. If Boehm lost the responses, that's not Purser's fault and the requests may not be deemed admitted and they do not establish a genuine issue as to liability.

**F.     The Deposition Of Erin Axt Does Not Create A Question Of Fact.**

In enacting 18 U.S.C. § 1595, Congress explicitly provided victims of violations of 18 U.S.C. §§ 1589, 1590, or 1591 with a civil remedy, thereby avoiding the type of problems found in cases like Turner v. Unification Church, 473 F. Supp. 367, 377 (D.R.I. 1978) where there was no remedy available to a victim. By the clear language of the statute, the intent was to make it extremely easy for victims to recover damages. The only elements required under § 1595 is that the individual show they were a victim of conduct in

violation of one of the enumerated statutes and the defendant was the perpetrator. Intentionally, or knowingly is not an element of the offense, so if Boehm was out of his mind on drugs, that's on him and not Purser. Although Boehm tries to make himself out to be the victim in this case; it is simply not true. No one forced him to have sex with underage girls. Rather, it's like Purser said in her statement to the investigator, Boehm liked little girls. Boehm's Exhibit F, p. 9.

A violation of § 1591 exists if it can be shown that Boehm and his co-conspirators knowingly, while affecting interstate commerce, recruited and enticed a person under the age of 18 years to engage in commercial sexual acts. *18 U.S.C. § 1591*. In entering into his plea agreement, Boehm admitted "that he conspired with others to knowingly recruit, entice, and obtain females that he knew were under the age of 18 to engage in commercial sex acts with him and others." Exhibit 1, Plea Agreement, p. 6. He also admitted that Purser was one of the victims of that conduct. Thus, Boehm has admitted to all of the elements necessary for recovery under § 1595.

Although he already admitted to conduct giving rise to a claim under § 1595, Boehm now says that Erin Axt's testimony raises a question of fact as to whether he engaged in that conduct. Boehm's Exhibit J. Reading Erin's deposition as a whole, she does not say anything as to whether Boehm conspired with others to knowingly recruit, entice, and obtain females that he knew were under the age of 18 to engage in commercial sex acts with himself and others. Because the questions asked of her were carefully limited to

events that allegedly occurred at other houses and public places, she did not testify as to whether Boehm had sex with young girls, or whether Boehm had people recruiting young girls for him. Viewing the deposition of Erin Axt in a light most favorable to Boehm, there is nothing in her testimony that raises a question of fact as to Boehm's liability.

G. **Purser's Deposition Testimony Does Not Raise Any Questions Of Fact.**

Boehm's Exhibit K, does not raise a question of fact as to liability. Moreover, it is consistent with Purser's affidavit. In her affidavit, Purser says that she met Boehm through Bambi Tyree, when Bambi took her to a hotel. In Exhibit K, she says the same thing; that Bambi Tyree took her to a hotel.

Boehm's Exhibit L does not raise any questions of fact. The first page of that Exhibit contains an argument between counsel and the arguments and statements of counsel "are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment." Smith v. Mack Trucks, 505 F.2d 1248, 1249 (9th Cir. 1974) (per curiam).

"So Bambi brings you to Josef and you get drug?" "Yes." Exhibit L, p. 2 (Depo. p. 89). This testimony does not raise a question of fact and it is consistent with Purser's affidavit. It is also consistent with Boehm's admission in his plea agreement that he provided drugs to Purser in exchange for sex. In the remaining portion of her deposition, submitted in Boehm's Exhibit L, Purser discussed her troubled home life and how she came from a broken home and used drugs prior to her meeting Boehm, but not a single statement in that deposition can be interpreted as raising a question of fact as to Boehm's

liability.  There is nothing there that contradicts Boehm's plea admission or Purser's affidavit.  Boehm has the duty to "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).  He must point to specific evidence that raises a material question going toward his liability.  Id.  He has failed to do so.[2]

## CONCLUSION

Boehm has one thing right.  Purser does want money.  Boehm's Opp., p. 23.  Indeed, that is the motivation of most people who file tort suits claiming an entitlement to damages.  In fact, giving people like Purser money was the motivation of Congress when it enacted the statutory right to compensation.  Boehm is wrong; however, when he claims Purser changed her testimony based solely on a monetary motivation.  Id.

Instead of discussing his conduct and why his conduct did not violate 18 U.S.C. § 1591, Boehm seeks to avoid summary judgment by attacking Purser.  In fact, he appears to be taking the position that because Purser used cocaine before he met her; it was alright for him to supply her with more cocaine in exchange for sex; although he knew she was a minor at the time.  Boehm just

---

[2] .  Boehm's continued reliance on the affidavits of Tina Arndt and Vince Blomfield (Boehm's Opp. p. 24) is misplaced.  To the extent Boehm relies on those affidavits for an opinion as to Purser's motivation, the affidavits are hearsay, opinion evidence that is inadmissible on summary judgment. Affidavits containing "nothing more than rumors, conclusory allegations and subjective beliefs . . . are wholly insufficient evidence" to establish a claim "as a matter of law." Mitchell v. Toledo Hospital, 964 F.2d 577, 585 (6th Cir. 1992). "Affidavits composed of hearsay and opinion evidence do not satisfy Rule 56(e) and must be disregarded." State Mutual Life Assurance Co. v. Deer Creek Park, 612 F.2d 259, 264 (6th Cir. 1979).

doesn't get it. Reasonable people would not have taken advantage of little girls simply because they came from a broken, dysfunctional home by trading cocaine for sex. Reasonable people would have realized the young girl involved with drugs needed help and would have contacted the appropriate social service agency. But, Boehm wasn't a reasonable person. Boehm was a disturbed old man that preyed on young girls who wanted or needed drugs and his motivation was sex. Although Boehm's argument at pages 23-28 of his opposition is completely irrelevant to the question whether Boehm is liable to Purser, it is worth discussing because the facts paint and entirely different picture than that seen by Boehm's troubled mind.

In 2004, Purser was still a minor, who had been scooped up along with drug conspirators and thrown in jail. She was scared and confused and addicted to cocaine. She was going through drug withdrawal, and it took her a couple of years to get her head on straight and think rationally. Once she started thinking rationally and once she matured enough, she realized that she was exploited and victimized by Boehm and that she was entitled to damages. She has now filed for summary judgment on liability, and Boehm has failed miserably in his attempt to establish genuine issues of fact. Accordingly, this Court should grant summary judgment on liability for both compensatory and punitive damages.

DATED this 9th day of January 2007.

_____/s/_____
Darryl L. Jones, Esq.
109 W. 6th Avenue, Ste. 200
Anchorage, Alaska 99501
Tel: 907-278-1212
Fax: 907-278-1213
Email: lodj.federalnotices@yahoo.com
Attorney for Plaintiff
ABA No: 8811188