KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 – fax

WADE, KELLY & SULLIVAN
733 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
(907) 561-7743
(907) 562-8977 - fax

Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, ) | |
| ) | MOTION TO COMPEL PSYCHIATRIC |
| Plaintiff, ) | EXAMINATION OF PLAINTIFF PURSUANT |
| ) | TO FEDERAL RULES OF CIVIL |
| v. ) | PROCEDURE, RULE 35 |
| ) | |
| Josef F. Boehm, Allen K. ) | |
| Bolling, and Bambi Tyree, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

CASE NO.: A05-0085 (JKS)

## I. INTRODUCTION

Plaintiff seeks compensation for damages she alleges were caused by Defendant Boehm and others. She has placed her claimed psychological and physiological damages at the fore front of this litigation and demands compensation in excess of Five million dollars for her perceived problems.

Defendant Boehm has requested on several occasions that Plaintiff submit to a psychological evaluation with his expert Dr. Mark Mills.

1

Plaintiff through her counsel Darryl Jones has repeatedly denied the request in the face of his clients numerous emotional and psychological damage claims. Plaintiff has placed her psychological and physiological well being at issue, therefore, Defendant Boehm must be allowed to conduct the requested discovery.

## II. FEDERAL RULES OF CIVIL PROCEDURE, RULE 35 SET FORTH THE REASONING FOR A COURT ORDERED PSYCHOLOGICAL EVALUATION

Federal Rules of Civil Procedure, Rule 35 sets forth a litigants right to demand a Physical and Mental Examinations of Plaintiff as follows:

> **(a) Order for Examination. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.**

## III. PLAINTIFF'S AMENDED COMPLAINT HAS PLACED HER MENTAL AND PHYSICAL CONDITION IN CONTROVERSY

Plaintiff's Amended Complaint for damages *incorporated herein as Exhibit "A"* sets forth allegations requiring discovery of Purser's claims. Purser alleges that Boehm was:

1. responsible for Purser's "addicted to drugs" *paragraph 12*; and
2. controlled her through "severe psychological coercion" *paragraph 12*.

Plaintiff's cause of action for intentional infliction of Emotional Distress places her mental, emotional and physical condition at issue as follows:

"...all of which had a mentally debilitating effect on the Plaintiff, leaving her confused, demoralized and unable to clearly think or reason." *paragraph 36;*

"...intended to undermine and eventually completely destroyed the plaintiff's self-respect, self-esteem and the concept of self and self-worth so the plaintiff could be controlled by the defendants." *paragraph 37;*

"The defendants conduct did, in fact, cause the plaintiff extreme mental and emotional distress and anguish, and physical harm resulting from the emotional distress." *paragraph 40;*

"...plaintiff has suffered emotional and psychological injury the extent of which will be proven at the time of trial." *paragraph 41*

### IV. **PLAINTIFF'S EXPERT REPORT AND PSYCHOLOGICAL EVALUATION DETAILS HER SEVERE PSYCHOSIS AND OMITS MANY FACTS BROUGHT FORTH THROUGH INTERVIEWS AND TESTIMONY OF PLAINTIFF AND OTHERS**

Plaintiff's Expert Dr. Rose conducted a psychological evaluation of Plaintiff and prepared a report based on his findings *incorporated herein as Exhibit "B".*

Many of the events of Purser's life were withheld from Dr. Rose thus invalidating his findings as they relate to Defendant Boehm's alleged conduct. Missing are the myriad of individuals for whom Purser smoked "crack" cocain with, obtained "crack" cocain from, traded sex for money and drugs with as well as a detailed account of her involvement in several scams to defraud men of their money and property with co-conspirator Bambi Tyree.

Dr. Rose did note a number of findings which place in issue Plaintiff's psychological and physiological health:

1. Purser witnessed violence within her family, specifically her father beating her mother and choking her. *Dr. Rose report, page 1*

2. Purser was left at home alone at a young age. She drank beer with her mother who eventually became addicted to cocain. *Dr. Rose Report, page 2*

3. Purser was physically assaulted by her mother who one time almost "snapped her back". *Dr. Rose report, page 2*

4. Purser claimed that her adolescence was "fucked up because I was smoking dope and before that smoking weed, addiction runs really bad in my family." *Dr. Rose Report, page 2*

5. Purser's uncle sexually abused her, made her go topless, took nude pictures of her and attempted to massage her on several occasions.[1] *Dr. Rose Report, page 2*

6. Purser's mother "blackmailed her daily to get drugs". *Dr. Rose Report, page 3*

7. Purser was psychiatrically hospitalized and reports a long family history of bi-polar disorder. *Dr. Rose Report, page 4*

8. Purser has been prescribed zolof, Prozac as well as antipsychotic medication for which she believes is ineffective. *Dr. Rose Report, page 4*

9. Purser admits to suicide ideation seven years ago and attempted to cut her wrists with a pen. *Dr. Rose Report, page 4*

10. Purser admits to becoming addicted to cocain after a three month relationship with her boyfriend. When she took her first crack

---

[1] **Purser denied any sexual misconduct by her uncle in her deposition and went on to deny telling this to Dr. Rose raising yet another instance of Purser's flawed credibility. Purser went on to testify that the allegations made against her uncle were false because she felt he was "strict". Purser has now taken three different positions with regard to her uncle's alleged behavior lending further credence to the likelihood that her claims against Boehm are false and for the purpose of obtaining undeserved monetary benefit.**

hit she had an "outer space feeling" and felt like "I could not get enough".[2] *Dr. Rose Report, page 5*

11. Purser was expelled from school in 10th grade for selling XTC. She smoked heroin and snorted Oxy and Vicodin. *Dr. Rose Report, page 5*

12. Purser was abused by several boyfriends and drug dealers. *Dr. Rose Report, page 6*

13. Purser is currently on Federal probation for drug possession. *Dr. Rose Report, page 7*

Dr. Rose goes on to assess Purser's character traits, validity of complaints and personality type associated with her testing results. Dr. Rose's findings, if accurate, obviate a need for an evaluation by Boehm's expert.

"...**She is experiencing significant psychological problems, although she may be exaggerating her complaints...**". *Dr. Rose Report, page 8*

Dr. Rose goes on to report that <u>individuals with Purser's clinical profile experience chronic psychological maladjustment</u>. *Dr. Rose Report, page 8*

In describing the characteristics associated with Purser's clinical profile, Dr. Rose opines as follows *on page 8 of his report*:

1. They tend to manipulate others for their own gratification;

---

[2] **Purser has repeatedly alleged that Boehm got her addicted to "crack". Boehm has repeatedly denied this contention. Purser's statements to Dr. Rose indicate an immediate need for "crack" cocain after her first experience. Purser also indicates an addiction as a result of a break up with her boyfriend. Finally, Purser testified to living with boyfriend Jay Whaley while she was 16 years old. Purser went on to testify that he provided her "crack" cocain and was a known drug dealer and escort service operator. Purser's addictions have nothing to do with Boehm**

2. They rationalize their difficulties and blame others for their problems;

3. They behave in a somewhat aloof, cold and callous and uncompromising manner often attempting to advance themselves at the expense of others;

4. They are addiction prone to drugs and alcohol.

Finally, Dr. Rose concludes that Purser will need continued and extensive psychotherapy to address her psychological problems. Dr. Rose Report, page 11.

## V. BOEHM'S REQUEST FOR AN EVALUATION MEETS ALL OF THE REQUISITE ELEMENTS AS SET FORTH IN CASE LAW

A Party moving for physical or mental examination must meet two requirements: (1) physical or mental condition of party must be "in controversy" and (2) "good cause" for examination must be established. *Ragge v. MCA/Universal Studios, C.D.Cal.1995, 165 F.R.D. 605. Federal Civil Procedure 1654*

### A. PLAINTIFF'S MENTAL AND PHYSICAL CONDITION

In order for court to order examination of party by expert, party's physical or mental condition must be in controversy, expert must be either physician or psychologist, and good cause must be shown. *Stanislawski v. Upper River Services, Inc., D.Minn.1991, 134 F.R.D. 260. Federal Civil Procedure 1651*

Boehm's expert Mark Mills is a board certified psychiatrist. His Curriculum Vitae is *incorporated herein as Exhibit "C"*

### B.   GOOD CAUSE EXISTS

Case law establishes good cause and is on all four corners with the facts and circumstances of the instant matter.

6

MOTION TO COMPEL PSYCHOLOGICAL EVALUATION

Defendants who were accused of sexual abuse of plaintiff while she was a minor established good cause for two examinations of plaintiff, one by a psychiatrist and one by a neuropsychologist; plaintiff conceded that her mental condition was in controversy, both requests were made at same time so there could be no credible allegation of expert shopping, and both specialists were necessary in light of complexity of mental injuries and their possible causes as alleged by plaintiff. *Peters v. Nelson, N.D.Iowa 1994, 153 F.R.D. 635. Federal Civil Procedure 1654*

"Good cause" existed for compelled independent medical examination (IME), namely mental examination, in minor child's §§1983 action against District of Columbia, alleging that he had been physically and sexually abused while in District's care and control, resulting in physical, emotional and mental suffering; mental examinations already performed constituted incomplete "snapshots" of child's condition, new examination was to involve fresh round of tests by new doctor regarding continuing injury, available medical records and depositions were insufficient to ascertain current nature and extent of injuries, and there was no showing of harm resulting from IME. *Doe v. District of Columbia, D.D.C.2005, 229 F.R.D. 24. Federal Civil Procedure 1654*

Purser's deposition testimony is inconsistent and contradicts past statements including those made to her own expert! An evaluation by Dr. Mills is necessary to determine the truth behind Purser's claimed emotional and psychological damages as well as an accurate assessment of the events leading up to and continuing her behavior.

7

MOTION TO COMPEL PSYCHOLOGICAL EVALUATION

## VI. DEFENDANT'S RIGHT TO A FAIR TRIAL

Plaintiff's right to avoid invasion of mental examination must be balanced against defendant's right to fair trial. *Curtis v. Express, Inc., N.D.N.Y.1994, 868 F.Supp. 467. Federal Civil Procedure 1654*

The rule governing mental examinations is to be construed liberally in favor of granting discovery. *Eckman v. University of Rhode Island, D.R.I.1995, 160 F.R.D. 431. Federal Civil Procedure 1651*

Boehm's discovery request is made to give him every opportunity to present fair and equitable argument at the time of trial. In balancing the hardships, Purser will not be prejudiced due to her extensive psychological claims. Boehm would be unfairly prejudiced if not allowed to meet the evidence presented by Purser.

## VII. DEFENDANT ATTEMPTED TO MEET AND CONFER

Boehm's counsel has been more than courteous with Plaintiff's counsel even agreeing to an extension of time to Reply to Summary Judgment Opposition. Brett A. Greenfield attempted to meet and confer by way of November 10, 2006 Correspondence to Darryl Jones *incorporated herein as Exhibit "D"* :

> **"In addition it will be necessary that your client submit to a psychological evaluation with our expert Dr. Mark Mills as she has put her psychological and physiological well being at issue. Please let me know if you are agreeable or if a motion to the Court compelling her attendance will be necessary."**
>
> **"I anticipate that we can work together scheduling all future discovery. Should you have any questions or concerns, please do not hesitate to call me."**

Darryl Jones denied counsel's request

Boehm's counsel again attempted to meet and confer by way of December 6, 2006 Correspondence to Darryl Jones *incorporated herein as Exhibit "E"*:

> "**You recently denied our request to have your Ms. Purser submit to a psychological evaluation with our expert Mark J. Mills, J.D., M.D. by asserting that the Mr. Boehm missed the date to designate experts and witnesses as the reason for your denial. Our office timely designated experts pursuant to the Honorable Judge Singleton's recent Order extending pre-trial discovery dates by 45 days. Pursuant to Alaska Rule 35, Ms. Purser is obligated to submit to an evaluation. Good cause exists as your client has placed her psychological and physiological well being at issue**".
>
> "**This is my last attempt to meet and confer with your office. Our expert Mark J. Mills, J.D., M.D. is available to travel to Anchorage on December 15, 16 or 17. Please let me know if your client will voluntarily submit to a psychological evaluation and if the aforementioned dates are acceptable no later than 5:00 p.m., December 7, 2006."**

Dr. Mills did in fact travel to Alaska at a great expense to Boehm two days after the conclusion of Purser's deposition. Dr. Mills was able to complete additional business, however, was denied an opportunity to evaluate Purser. Boehm's counsel has been diligent in seeking discovery, traveling to Alaska on two occasions within the last two months and arranging for the travel of his experts as well.[3]

**VIII  COMPLEXITY AND DISCOVERY LANDSCAPE**

The location hurdles encountered by Boehm's counsel coupled with the overwhelming and difficult task of locating witnesses, documents

---

[3] **It should also be noted that counsel for Purser, in an attempt to gain a bad faith tactical advantage, filed his latest Motion for Summary Judgment while Boehm's counsel was in Alaska conducting depositions. The filing was made in order to shorten the available time to prepare and respond to a very crucial motion encompassing the Christmas and New years holidays, a time for family. Counsel knows no end to his gamesmanship.**

and relevant information has only been made more difficult by the lack of cooperation thus far by Purser's counsel.

In addition, predecessor counsel did very little by way of discovery and motion practice leaving the Kenner Law Firm in a very difficult and time sensitive position. Discovery thus far continues to shed new light on the facts and circumstances surrounding the claims against Boehm and continues to reveal individuals who contradict each and every claim made by Purser. The magnitude and complexity of this case is growing at an extreme pace necessitating future request outlining specific discovery needs and scheduling.

**IX   CONCLUSION**

For the foregoing reasons, Defendant Boehm respectfully requests that this Honorable Court Order Purser to submit to a psychological evaluation with Dr. Mills.

January 11, 2007                KENNER LAW FIRM, P.C.


                                By:_____/S/_____
                                    David E. Kenner,
                                    Attorney for Defendant Josef F. Boehm


                                By:_____/S/_____
                                    Brett A. Greenfield,
                                    Attorney for Defendant Josef F. Boehm

10

MOTION TO COMPEL PSYCHOLOGICAL EVALUATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11

MOTION TO COMPEL PSYCHOLOGICAL EVALUATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO COMPEL PSYCHOLOGICAL EVALUATION