Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) |
| Josef F. Boehm, et al., | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) **Case No. A05-0085 CV (JKS)** |

**MEMORANDUM IN SUPPORT
OF MOTION FOR SANCTIONS LOCAL RULE 37.1**

Under Fed.R.Civ.P. 26(a)(1) a party must disclose the following without waiting for a specific request from the other party:

> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

> (B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

Federal Rule of Civil Procedure 37(c)(1) precludes a party who fails to disclose information required by Rule 26 from using the witness or information not disclosed as evidence at trial, at a hearing, or on a motion, unless the party makes an affirmative showing that their failure was substantially justified or the failure was harmless. Fed. R. Civ. P. 37(c)(1). In

applying this rule, the court must first determine whether substantial justification for failing to make the required disclosures exists. Burton v. R.J. Reynolds Tobacco Co., 203 F.R.D. 636, 639 (D. Kan. 2001). If the party who failed to make the required disclosures does not demonstrate substantial justification, then the court must determine whether the failure to disclose was harmless. Id. Failure to disclose is considered harmless only when there is "no prejudice to the party entitled to the disclosure." Id. The burden to establish harmlessness is on the party who failed to make the required disclosure. Id. See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

In this instance, defendants failed to disclose any of the information required under Rule 26, and they have failed to file a preliminary or final witness list. Prejudice is obvious in light of defendant's use of affidavits from undisclosed witnesses in support of their opposition to summary judgment. (Docket 131). Plaintiff did supply initial disclosures, and her preliminary witness list was filed on 24 January 2006. (Docket 27). Plaintiff's final witness list was filed on 12 August 2006 and the Expert List was filed on 14 August 2006. (Docket 50, 51). The only list ever filed by defendant was an expert disclosure, but it was filed after the close of discovery on 30 November 2006 and Boehm still failed to list any fact witnesses. (Docket 119). Boehm's failure to provide disclosures, the failure to file any witness lists and the use of fact witnesses in opposition to summary judgment not only shows prejudice but it also shows a conscious disregard of the discovery rules and willful disobedience to the discovery process.

The sanctions to be imposed for the willful disregard of the discovery rules should be those sanctions authorized and required by Rules 26 and 37, which are preclusion orders. Because he failed to identify fact witnesses, all fact witnesses should be precluded. Because he

was woefully late in filing his expert list, and in identifying experts, the experts list should be stricken and testimony of his experts should be precluded.

The purpose of the discovery rules and Rule 37 is to prevent "sandbagging" by opposing parties. Johnson Electric v. Mabuchi Motor America Corp., 77 F. Supp. 2d 446, 458 (S.D.N.Y. 1999). Rule 37(c)(1) provides that a party who, without substantial justification, fails to disclose information required by Rule 26(a), shall be precluded from using such evidence at trial unless the failure to disclose is harmless. Rule 16(f) permits a court to impose any sanctions "as are just" (including preclusion sanctions permitted under Rule 37(b)(2)) for failure to obey a scheduling or pretrial order. See Fed. R. Civ. P. 16(f). Boehm has violated this Court's scheduling and planning order by failing to provide initial disclosures, by failing to file a preliminary witness list and by failing to file a final list of fact witnesses. Accordingly, a preclusion order should enter precluding any fact witnesses and evidence going towards Boehm's defenses, which evidence was not identified.

Under Federal Rule of Civil Procedure 26(a)(2), parties must disclose the identity of any expert witnesses, as well as the expert's report, at least 90 days before trial. Under this Court's scheduling and planning order, experts were to be disclosed 90-days before the close of discovery. Since the original date for close of discovery was 16 November 2006, expert disclosures were due on or before 16 August 2006. Even with the extension of the close of discovery for a period of 45 days, experts were to be disclosed before on or about 1 October 2006. Boehm never disclosed expert information until the end of November 2006, long after the date set in the scheduling order and as required by Rule 26. In light of the late disclosure and the prejudice that results, Boehm should be precluded from presenting the testimony of any experts.

Part of the substantial prejudice imposed by Boehm's conscious disregard of this Court's scheduling order and the discovery rules occurred when Boehm took the deposition of Sally Purser.  <u>Affidavit of Darryl Jones</u>.  Although Boehm never disclosed any investigator reports, and although he never disclosed any transcripts, after be asked for those transcripts, Boehm's counsel appeared at the deposition with those reports and transcripts, thereby sandbagging Sally and prejudicing her ability to prepare.  Accordingly, an appropriate sanction for this flagrant abuse of the discovery process is an order striking the deposition of Sally Purser.

## **CONCLUSION**

Boehm has exhibited a conscious disregard for this Court's scheduling and pretrial order.  He has intentionally engaged in sandbagging, which the discovery rules are intended to prevent.  He has never identified a single document, he has never identified a single fact witness, and he has never cooperated in any meaningful way in this case.  Preclusion orders are not only appropriate; they seem mandated in this particular case.

DATED this 12th day of January 2007.

_____/s/_____
Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel: 907-278-1212
Fax: 907-278-1213
email: lodj.federalnotices@yahoo.com
ABA No: 8811188