Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) |
| Josef F. Boehm, et al., | ) |
| | ) |
|     Defendants. | ) |
|   | ) **Case No. A05-0085 CV (JKS)** |

**MEMORANDUM IN SUPPORT OF
<u>MOTION TO STRIKE UNAUTHORIZED SURREPLY</u>**

Josef Boehm and his legal team obviously have no respect for Court Rules. <u>See</u> Motion for Sanctions, Docket 144 & 148. They have never complied with this Court's scheduling and planning order, nor have they ever made attempts to comply with the discovery rules. Now, they knowingly and intentionally ignore Local Rule 7.1 and filed a supplemental brief and attachments without seeking leave of the Court. <u>See</u> Docket 151 & 152.[1]

Local Rule 7.1(h) makes it very clear that "Supplemental briefs **may not be filed without leave of the court.**" Likewise, additional factual materials may only be filed after leave of the court is granted. <u>Id</u>. Motions seeking leave to file supplemental material must reference the docket number of the document being supplemented, and leave will not be routinely granted. LR 7.1(h)(2)(A) & (B). Generally, leave will be denied if the material sought to be filed was

---

[1] . By entering an appearance as out of state counsel, Boehm's attorneys agreed that they have read and are familiar with this Court's Local Rules. <u>See</u> LR 83.1(d)(4).

available to the party when the original briefs were due.  Id.  The point being that leave of the court must be sought prior to the filing.  See  Longwood Vill. Rest., Ltd. v. Ashcroft, 157 F.Supp.2d 61, 68 n.3 (D. D.C. 2001).  Additionally, in seeking to file supplemental materials, the moving party usually has the burden of demonstrating that the reply filed by the moving party raised new arguments on new issues that were not included in the original motion.  Id., See also Alexander v. FBI, 186 F.R.D. 71, 74 (D. D.C. 1998).

In the instant matter, the reply did not raise any new issues and the material sought to be filed with the surreply was obviously available to Boehm long before he filed his opposition brief.  Boehm and his legal team have never sought to comply with or show respect for the Court's Rules and in light of their impertinence the documents at Docket 151 & 152 should be stricken from the file.

Alternatively, plaintiff should be given an opportunity to file a response to the supplemental brief, and under LR 7.1(h)(2)(C), leave to file the supplemental material should be conditioned upon a requirement that Boehm's counsel pay the cost and fees incurred in preparing the additional response.  This would be consistent with 18 U.S.C. § 1595 which grants a right to actual fees and costs, and it is necessary to encourage future respect for Court Rules.

DATED this 18th day of January 2007.

                                              /s/
Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Tel: 907-278-1212
Fax: 907-278-1213
Email: lodj.federalnotices@yahoo.com
Ak.Bar.No. 8811188