Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Josef F. Boehm, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. A05-0085 CV (JKS) |

**OPPOSITION TO JOSEF BOEHM'S MOTION
TO COMPEL RULE 35 MENTAL EXAMINATION**

Plaintiff, by and through undersigned counsel, respectfully submits this opposition to Josef Boehm's motion to compel plaintiff's mental examination under Fed.R.Civ.P. 35.

**INTRODUCTION AND BACKGROUND**

Throughout the course of this lawsuit, Josef Boehm has acted as if discovery is a one way street, and he has full discretion to decide what Court Rules he will follow and which ones he will ignore. (Motion for Sanctions, Docket 148). He has never provided meaningful answers to discovery. Id. His apparent defense strategy is to "sandbag" the plaintiff. Id. Although a scheduling and planning order has long been in place (Docket 25, 26), Boehm operates under the belief that the Court, and the Plaintiff, must work under his calendar and not the calendar set by the Court. (Docket 148).

1

Boehm's expert disclosures were due on or before 16 August 2006. (Docket 25, 26). Although this Court extended the closing date of discovery for a period of 45-days (Docket 116), even if that had an effect on expert disclosures, Boehm's designation of experts would still have been due on or before 1 October 2006.[1] (Docket 25, 26). Boehm did not disclose experts until 30 November 2006 and he did not seek leave of the Court to late file his expert designation. (Docket 116). Although Boehm has apparently never read the Court's scheduling and planning order, and although he consistently and willfully ignores the Local Rules, he seeks relief by accusing plaintiff and her counsel of "gamesmanship." (Memorandum, Docket 142, p. 9, fn. 3).

Boehm is a 60 year old man that preyed on little girls by giving the cocaine and money. These girls were as young as 13-years of age, and now that he has been caught and asked to pay for his mistakes, he seeks to villianize these young girls by feeding his experts with lies about how they incapacitated him with cocaine, stole his money, and turn him into a buffoon by keeping him so high on drugs he was completely unaware of his surroundings and the goings on in his own house. (See Opposition to Summary Judgment, Docket 130, 131).

Now, Boehm seeks an order compelling plaintiff to submit to a psychiatric evaluation by one of his experts. He files the motion under Rule 35 of the Federal Rules of Civil Procedure, but his motion is woefully out of time. Moreover, in seeking an order, he demonstrates a fundamental misunderstanding regarding Rule 35 Mental Examinations. For the reasons stated in this opposition, the motion must be denied.

---

[1] . Plaintiff takes the position that the subsequent extension of discovery had no effect on the Expert Disclosures because the date had already passed, Boehm had already failed to meet the deadline and he made no attempt to demonstrate "excusable neglect" for the late filing. In fact, he didn't even file a motion for leave to late file; rather he proceeded with his consistent cavalier attitude which is he will file documents or disclose information when he's good and ready and not before.

**ARGUMENT**

I.      **BOEHM'S MOTION SHOULD BE DENIED AS UNTIMELY.**

Parties have no inherent right to examine mental or physical health of adversary. Hertenstein v Kimberly Home Health Care, Inc. (1999, DC Kan) 189 F.R.D. 620 (D.C. Kan. 1999). Rule 35 was adopted to conform federal practice to state practice, and, therefore, state decisions as well as federal can be helpful in applying Federal Rule. Vopelak v Williams, 42 F.R.D 387 (N.D. Ohio 1967). Where a party fails to meaningfully comply with discovery procedures and then late files a motion for medical examination, the motion should be denied as untimely filed. Crown v. Elmwood Park, 255 N.E.2d 47, 50 (Ill. App. 1969).

In the instant case, Boehm has never participated in any meaningful discovery. Instead, he acts like he is on the football filed or tennis court, and in a calculated move, he seeks to sandbag the plaintiff by waiting until the last minute to bring in his expert for a mental examination of the plaintiff. He does so, knowing full well that plaintiff would then be precluded from deposing the expert, and knowing full well that the expert has been given a one-sided story about how Boehm was abused and robbed by little girls, acting as puppet masters, who turned him into a puppet by feeding him cocaine. Although Boehm knew from the outset that Purser was claiming emotional distress as a result of his conduct, Boehm did not include a mental examination as part of the discovery plan to be incorporated in the scheduling and planning order and he never gave the plaintiff any warning regarding any discovery he intended to pursue. Boehm had a duty to seek the mental examination under Rule 35 in a timely manner and well in advance of trial. Copeland v. McLean, 763 N.E.2d 941, 947 (Ill. App. 2002). He failure to do so justifies denial of the motion. Id.

**II.    BOEHM HAS FAILED TO SHOW GOOD CAUSE.**

Rule 35(a) allows a party to seek a court-ordered physical or mental examination of another party (or a represented person) from the court in which the action is pending. The movant must show that the particular condition for which examination is sought is "in controversy" and that "good cause" exists for ordering the examination. These requirements are not simple formalities. The movant cannot prevail based on conclusory allegations in pleadings nor the mere relevance of the anticipated evidence to the case. Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). The good cause requirement must be met by an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. The ability of the movant to obtain the desired information by other means is also relevant. Id.

Here, Boehm cannot demonstrate good cause to compel an independent examination because the information he seeks can and has been obtained through other means. "An ordered medical examination can be overcome if the information could be obtained by other means." Smith v. Koplan, 215 F.R.D. 11, 14 (D. D.C. 2003). Purser has already been subjected to an examination by Michael Rose, Ph.D., and thus Boehm already has access to the information he seeks. Furthermore, Boehm has already had the opportunity to depose Purser, which gave him much of the information he seeks. Any further examination of Purser, a sexually abused girl who has sought to overcome the effects of Boehm's conduct and start her life anew will only subject her to further abuse by Boehm and his attorneys through the guise of mental examination. Purser is not an individual that, as an adult, seeks to recover for mental distress caused by physical injuries in a workplace, industrial or other type of accident. Rather, Purser is a child victim of a sexual deviant and she should not again be subjected to Boehm's abuse through use

of abusive defense tactics, which abusive tactics are being used to defend against claims to which Boehm has already admitted.

### III. IF THE COURT GRANTS THE MOTION, AN INDEPENDENT EXPERT SHOULD BE APPOINTED AND THE SCOPE OF THE EXAMINATION MUST BE WELL ESTABLISHED IN THE COURT'S ORDER.

While Rule 35 is to be construed liberally in favor of discovery, it is not intended to authorize a sweeping medical or psychological examination. It is intended to level the playing field between parties in their respective efforts to appraise a specific medical condition. Whether to order an examination, and the extent of any examination, is committed to the discretion of the court.

Boehm has no absolute right to the choice of his own expert when an independent mental exam is sought under Rule 35. Martin v. Superior Court 451 P.2d 597, 600 (Ariz. 1969). A defendant does not have an absolute right to choose the doctor who will perform an examination conducted pursuant to Rule 35. Stinchcomb v. United States, 132 F.R.D. 29 (E.D.Pa. 1990). Even if a party has shown good cause, the proper exercise of the Court's discretion serves as a protection to a party whose feelings or reputation might be injured by an unwarranted disclosure or overly intrusive examination, and thus tends to serve the purpose for which the physician-patient privilege was originally created. Hardy v. Riser, 309 F. Supp. 1234, 1241 (N.D. Miss. 1970). Where the parties cannot agree on an expert to conduct an independent mental examination, the Court should make the selection. Pierce v. Brovig, 16 F.R.D. 569 (D.C. N.Y. 1959). Moreover, the Court should not issue an order that is too broad or stated in general terms; rather the Court should delineate the scope of the examination to be conducted. An order requiring examinations in broad, general terms does not comply with Rule 35's requirement that

the trial judge delineate "conditions and scope" of examinations. Schlagenhauf v. Holder, 379 U.S. 104, 121 (1964).

Plaintiff objects to Boehm's choice of expert, one who specializes in testifying for defense attorneys and one who is likely biased by the misinformation provided by Boehm and his legal team. If the purpose of Rule 35 is to be achieved, which is to provide a truly independent examination, then the Court should appoint an expert to perform the examination, it should limit the scope of the examination and it should delineate the information to be provided to the expert.

## CONCLUSION

Boehm has ignored Court Rules, ignored this Court's scheduling and planning order, never provided any mandatory disclosures, late filed his expert's designation, never provided any mandatory witness lists, never produced any requested discovery and pursued a bad faith defense aimed at villianizing the plaintiff after he admitted to his tortuous conduct. He complains that notice was given regarding an independent medical exam, but mailing a letter to notice on an examination is insufficient notice. See Liechty v. Terrill Trucking Co., 53 F.R.D. 590 (E.D. Tenn. 1971). Moreover, unless done by stipulation of the parties, the normal means of securing an examination is by Court order upon proper and timely motion. Id. The rule requires that such an order "… may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties…." Fed.R.Civ.P. 35. Boehm's motion was woefully out of time and should be denied as such.

Alternatively, Boehm has failed to show good cause for the examination and he is not entitled to an expert of his choosing. So, if the Court decides to order an examination the Court should chose the examiner and set the scope of the examination.

Finally, the Court may order that a party who is to undergo psychiatric examination pursuant to Rule 35 may have psychiatrist or other medical expert of her choosing present during examination, to be there solely as observer and not for purpose of advising party during examination. <u>Lowe v Philadelphia Newspapers, Inc</u>. 101 F.R.D. 296 (E.D. Pa. 1983).  Such an order should be entered here, and the examination should be recorded.

DATED this 23rd day of January 2007.

_____/s/_____
Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Tel: 907-278-1212
Fax: 907-278-1213
Email: lodj.federalnotices@yahoo.com
Ak.Bar.No. 8811188