1  **KENNER LAW FIRM, P.C.**
   **David E. Kenner, SBN 41425**
2  **Brett A. Greenfield, SBN 217343**
   **16000 Ventura Boulevard, PH 1208**
3  **Encino, CA 91364**
   **818 995 1195**
4  **818 475 5369 – fax**

5  **WADE, KELLY & SULLIVAN**
   **733 W. 4th Avenue, Suite 200**
6  **Anchorage, Alaska 99501**
   **(907) 561-7743**
7  **(907) 562-8977 - fax**

8  **Attorney for Defendant Josef F. Boehm**

9              **IN THE UNITED STATES DISTRICT COURT**

10                      **DISTRICT OF ALASKA**

11

12 **Sally C. Purser,**                    )
                                            ) **DEFENDANT BOEHM'S MOTION TO**
13          **Plaintiff,**                  ) **COMPEL FURTHER RESPONSES TO**
                                            ) **DEFENDANT JOSEF BOEHM'S SECOND**
14          v.                              ) **SET OF DISCOVERY REQUESTS TO**
                                            ) **PLAINTIFF**
15 **Josef F. Boehm, Allen K.**             )
   **Bolling, and Bambi Tyree,**            )
16                                          )
            **Defendants.**                 )
17                                          )
                                            )
18 _____ )
                                            ) **CASE NO.: A05-0085 (JKS)**
19 _____

20 **I. DEFENDANT BOEHM SERVED A SECOND SET OF DISCOVERY REQUESTS TO**
   **PLAINTIFF AND RECEIVED INSUFFICIENT RESPONSES.**
21
        On November 10, 2006, Defendant Boehm issued a second set of
22
   discovery requests to Plaintiff Sally Purser attached to the
23
   Declaration of Brett A. Greenfield as Exhibit "A" and incorporated
24
   herein.
25
        On December 6, 2006, Purser responded to the discovery evasively,
26
   incompletely, and inadequately. Purser's response is attached to the
27

28                                      1

**MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT JOSEF BOEHM'S**
**SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF**

Declaration of Brett Greenfield as Exhibit "B" and incorporated herein.

### A. BOEHM'S REQUESTED INTERROGATORIES AND PURSER'S INSUFFICIENT RESPONSES.

Plaintiff failed to adequately respond to any of Defendant Boehm's interrogatories. The following is list includes examples of interrogatories that were not answered sufficiently.

**Bohem's first interrogatory asked:**

1. As to each person identified in your Final Witness List, describe in detail, including, but not limited to the following:
    a. How you first met;
    b. When you first met;
    c. Who introduced you;
    d. Where you first met;
    e. The nature of your relationship, how long it lasted, and why it ended;
    f. That person's knowledge of your alleged sexual contact with Defendant Boehm;
    g. That person's knowledge of your alleged drug use with Defendant Boehm;
    h. That person's facilitating or involvement with the activities described in subsection (f);
    i. That Person's facilitating or involvement with the activities described in subsection (g).

Purser's response to interrogatory number one:

Question compounding in nature and this information has already been supplied to the Defendant on more than one occasion. Defendant has in his own possession, the information requested with regard to the Federal Criminal charges he pled guilty to. The Plaintiff knows of the witnesses but does not personally know the witnesses, except for "E.A., Kimberly Swentek, Bambi Tyree, Leslie Williams, Allen Bolling, Josef Boehm, Paxton Purser and Gerald Barnes. Some of the these individuals the Plaintiff met while at Defendant Boehm's home during the period of 2001-2003. The other witnesses in this action are doctors and counselors, car providers and Dr. Rose

2

**MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT JOSEF BOEHM'S SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF**

and Francis Gallella which are two experts hired by the Plaintiff.  Their vitae's name, addresses and phone numbers have been supplied to the Defendant Boehm twice.

Purser's answer is evasive, vague and utterly fails to address the question asked. A specific answer to each subsection is appropriate and assists Boehm to identify which witnesses he will need to potentially subpoena for deposition and assists in narrowing the issues for trial. The requests are fair, non oppressive and are relevant to Purser's claims as well as Boehm's defenses.

Boehm has a right to know which of purser's named witnesses can verify her allegations against Boehm, specifically her alleged drug use and sex with him. Purser's testimony to date has been riddled with inaccuracy as has the information she has provided to her own expert.

**Boehm's second interrogatory asked**:

Identify each and every academic institution you attended, including but not limited to the following:
   a. Name;
   b. Address;
   c. Phone number;
   d. Dates attended;
   e. Reason for leaving the institution;
   f. Highest grade level completed;
   g. Course of studies at each academic institution;
   h. Suspensions from each academic institutions;
   i. Expulsions from each academic institution;
   j. Activities leading to a suspension at each institution; and
   k. Activities leading to an expulsion at each institution.

Purser's response to interrogatory number 2:

3

**MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT JOSEF BOEHM'S SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF**

> At the time the Plaintiff met Defendant Boehm she did not attend school. The Plaintiff completed 9th grade and received her GED from "9 Star" in March 2005. Plaintiff also attended the Adult Learning Center in Anchorage, Alaska to complete her GED. This institution no longer exists. The Plaintiff was suspended in the 10th grade for suspected drug use. These were allegations but no proof of actual drug use. The Plaintiff decided on her own not to return to school after the suspension.

Purser again failed to answer the question. First, the question asked for "every academic institution you attended." Purser only stated two of the institutions she attended and failed to provide any of the requested information for each school.

Purser's academic record and behavior problems including drug use are indicative of her personality traits, exposure to drugs and violence and go directly to damages. In addition, Boehm has a right to challenge the representations made at her deposition.

Finally it should be noted that Purser claims to have been suspended for suspected drug use, however, told her expert Dr. Rose that it involved drug sales. Her inaccuracies and myriad of changes in testimony make the requests relevant.

**Boehm's third interrogatory asked**:

> Identify all of your criminal convictions **in detail** as follows:
> a. date of arrest,
> b. arresting agency,
> c. initial charges,
> d. charges you were convicted of,
> e. sentencing requirements for each conviction, and
> f. probation information.

4

Purser's response to interrogatory number 3:

> The Plaintiff was arrested in May 2004 for misdemeanor possession of crack cocaine and is on Federal Probation until August 2009.

Purser again failed to answer completely. Purser continues to follow the same vague format for answering the interrogatories 4, 5, and 6. These interrogatories and answers are attached as Exhibit A and B respectively and illustrate that Purser's answers were vague, evasive, and incomplete.

### III. UNDER RULE FRCP RULE 33(b)(5) AND 37(A) IT IS PROPER FOR THE COURT TO COMPEL COMPLETE AND NON EVASIVE ANSWERS TO DEFENDANT BOEHM'S INTERROGATORIES.

If responses have been served but they contain evasive or incomplete answers, the proper procedure is a motion to compel under Rule 33(B)(5) and Rule 37(a). Rule 33(b) 5 states that "The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory." Further, Rule 37(a) states that "A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure . . ."

Interrogatory functions include obtaining evidence, information which may lead to evidence and admissions, and to narrow issues to be tried. *United States v. West Virginia Pulp and Paper Co.,* 36 F.R.D. 250, 252 (S.D.N.Y.1964). The party answering interrogatories must furnish "such information as is available to the party." F.R.Civ.P. 33(a). F.R.Civ.P. 33(b)(1) requires an interrogatory to be answered

"separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. "An" evasive or incomplete . . . answer, or response is to be treated as a failure to . . . answer, or respond." F.R.Civ.P. 37(a)(3).

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." *Hansel v. Shell Oil Corp.,* 169 F.R.D. 303, 305 (E.D.Pa.1996). If a responding party is unable to supply requested information, "the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" *Milner v. National School of Health Tech.,* 73 F.R.D. 628, 632 (E.D.Pa.1977).

There is no "hard and fast rule as to the exact amount of detail a party has to supply in response to a contention interrogatory. The answer to this question can only be determined on a case-by-case basis by attempting to find a reasonable solution as specific problems arise." *Roberts v. Heim,* 130 F.R.D. 424, 427 (N.D.Cal.1989). "[E]ach interrogatory has to be judged in terms of its scope and in terms of the overall context of the case at the time it is asked." *Id.* at 427.

"The general rule is that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents." *Dipietro v. Jefferson Bank,* 144 F.R.D. 279, 282 (E.D.Pa.1992). "Answers to interrogatories should be

6

in such form that they may be used upon a trial, as Rule 33 contemplates." *International Mining Co., Inc. v. Allen & Co., Inc.,* 567 F.Supp. 777, 787 (S.D.N.Y.1983).

Here, Purser relies heavily on other documents to attempt to satisfy her duties to respond. For example, her answer to question one, as stated above, states, "Defendant has in his own possession, the information requested with regard to the Federal Criminal charges he pled guilty to." *See Exhibit A*. Further, her answers are so vague, incomplete and ambiguous it would be impossible to use any of her answers at trial.

When a court considers a motion to compel, it must evaluate such factors as timeliness, good cause, utility and materiality. *CSC Holdings, Inc. C. Redisi*, 309 F.3d 988, 992 (7th Cir. 2002).

Here, Defendant Boehm satisfies all elements. First, his request is timely because it is made within days of receiving a response and is made before the discovery cut off date. Next, there is good cause for the motion to compel because of Purser's long standing refusal to comply with her discovery request and flagrant violation of the Rules of Civil Procedure.

A motion to compel may be denied on the ground that the discovery sought would impose an "undue burden" on the responding party (see FRCP 45(c)(3)(a)) or that its benefits are outweighed by its burdens (see FRCP 26(b)(2)(iii)). *CSC Holdings, Inc. v. Redisi,* 309 F.3d 988, 993 (7th Cir. 2002). Here there is no undue burden. The questions asked are personal to Ms. Purser as to which she should

7

**MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT JOSEF BOEHM'S SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF**

have either first hand knowledge or be the one in the easiest position to gain such information.

Finally, misleading and evasive answers to interrogatories **justify the court's viewing with suspicion the contentions of the party so answering**. [emphasis mine]  *See, e. g.*, Alamo Theatre Co., Inc., et al. v. Loew's Inc., et al., 22 F.R.D. 42 (N.D. Ill.1958); Zielinski v. Philadelphia Piers, Inc., 139 F.Supp. 408 (E.D.Penn. 1952).  Not only should Purser be compelled to answer, her contentions should now be viewed with suspicion.

## IV.  BOEHM ATTEMPTED TO MEET AND CONFER

On January 22, 2007, Brett A. Greenfield requested that Darryl Jones indicate whether or not he intended to supplement his client's answers to discover. Mr. Jones failed to respond. A true and correct copy of the January 22, 2007 correspondence is attached to the Declaration of Brett A. Greenfield as Exhibit "C" and incorporated herein.

## V.  AS A RESULT OF PLAINTIFF'S REFUSAL TO ANSWER BOEHM'S INTERROGATORIES COMPLETELY, THE COURT SHOULD AWARD BOEHM ATTORNEY FEES.

Under FRCP 37(a)(4)(A), defendant Boehm should be awarded reasonable attorney fees.  As found in Brett A. Greenfield's declaration, The following is an itemization of the fees and expenses incurred by the moving party in seeking this order to compel discovery:

A.  Attorney time expended doing research, drafting, and editing notice of motion, motion, points and authorities and declaration: 8 Hours @ $350.00/hour = $2,800.00; and

8

    B.    Paralegal time expended doing research: 10 hours @ $150.00/hour = $1,500.00.

    C.    Total Expenses: $4,200.00

## V. CONCLUSION

Defendant respectfully requests that this honorable Court compel Plaintiff to answer Defendant Boehm's interrogatories and award Defendant Boehm Attorney fees in the amount of $4,200.00 for costs incurred.

DATED this 24TH day of January, 2007 at Encino, California.

                                KENNER LAW FIRM

                                By:_____/s/_____
                                   David E. Kenner
                                   California 41425
                                   16000 Ventura Blvd.
                                   Penthouse 1208
                                   Encino, California 91436

                                By:_____/s/_____
                                   Brett A. Greenfield
                                   California 217343
                                   16000 Ventura Blvd.
                                   Penthouse 1208
                                   Encino, California 91436