**KENNER LAW FIRM, P.C.**
**David E. Kenner, SBN 41425**
**Brett A. Greenfield, SBN 217343**
**16000 Ventura Boulevard, PH 1208**
**Encino, CA 91364**
**818 995 1195**
**818 475 5369 – fax**

**WADE, KELLY & SULLIVAN**
**733 W. 4th Avenue, Suite 200**
**Anchorage, Alaska 99501**
**(907) 561-7743**
**(907) 562-8977 - fax**

**Attorney for Defendant Josef F. Boehm**

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| **Sally C. Purser,** | ) |
| | ) **DEFENDANT JOSEF BOEHM'S** |
| Plaintiff, | ) **OPPOSITION TO PLAINTIFF'S MOTION** |
| | ) **FOR SANCTIONS** |
| v. | ) |
| | ) |
| **Josef F. Boehm, Allen K. Bolling, and Bambi Tyree,** | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) **CASE NO.: A05-0085 (JKS)** |

**I.   BOEHM HAS COMPLIED WITH DISCOVERY DISCLOSURES TO DATE**

Boehm's opposition to Summary Judgment was supported by impeachment evidence as follows:

**1. Purser Grand Jury Testimony;**
**2. Boehm Sentencing Hearing Testimony;**
**3. Purser's Expert Dr. Rose's Written Report;**
**4. Deposition Testimony;**
**5. Sworn Declarations of known witnesses Tina Arndt and Vince Blomfield;**
**6. Recorded Interview of known witness Miranda Ditullio;**
**7. Recorded Interview of Sally Purser**

1    8. Report and sworn testimony of Dr. Jacobsen.

2    Purser argues that Boehm has failed to comply with *Federal Rule 26(a)(1)* disclosure requirements. Boehm respectfully disagrees.

*Federal Rule of Civil Procedure* 26(a)(1)(B) carves out an exception to the disclosure requirements for the use of impeachment evidence:

> **(B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;**

*Federal Rule of Civil Procedure* 26(a)(5) sets forth additional and needed methods of discovery:

> **(5) <u>Methods to Discover Additional Matter.</u> Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under Rule 34 or 45(a)(1)©, for inspection and other purposes; physical and mental examinations; and requests for admission.**

Boehm's disclosures have been timely and in line with statutory language. Purser is not prejudiced by the need and disclosure of additional discovery as a trial date has not been set. Furthermore and most importantly, the existing and recently discovered evidence being disclosed is relevant to the defense of Boehm and directly relates to Purser's allegations.

The existence of additional lawsuits will undoubtedly reveal additional relevant discovery to the instant action.[1]

---

[1] As this court is aware, Boehm is a named defendant in additional lawsuits resulting from the underlying criminal matter. Depositions and trial dates are currently being discussed and set. Boehm's counsel will seek relevant discovery to be used in the instant matter. There is a continued need and good cause showing for additional discovery in

2

**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

This is a very complex case that was left largely undiscovered for a four year period. Witnesses are difficult to locate. Virtually all of the witnesses for both plaintiff and defendant were at one time addicted to "crack" cocain resulting in flawed memory, perception and credibility.

Former counsel's strategy did not include aggressive discovery, contrary to the present needs of this litigation.[2]

## II. PURSER HAS ALWAYS KNOWN THE EXISTENCE OF BOEHM'S IMPEACHMENT WITNESSES AND IN MANY INSTANCES FAILED TO DISCLOSE THEIR IDENTITY IN DISCOVERY

Purser argues that Boehm has attempted to "sand bag" by using affidavits from undisclosed witnesses in his opposition to summary judgment. Counsel's argument in misleading at best.

<u>All of the witnesses, affidavits and identities</u> used in Boehm's opposition to summary judgment were known of by Purser prior to her filing this lawsuit. Worse yet, Purser <u>failed to identify</u> them in answers to discovery and include some of them on her Final Witness List.

In some cases Purser's Final Witness List comprises the very individuals for which she claims are "undisclosed" by Boehm. The following is fact:

### I. Tina Arndt

In her December 12, 2006 deposition, Purser testified that Tina Arndt was a witness to support the allegations set forth in her

---

light of the new facts brought to light.

[2]Boehm's discovery efforts within the past three months have included multiple trips to Alaska, intensive investigation, depositions, multiple sets of written discovery, location and identification of new witnesses, bought forth multiple impeachment issues and material facts in dispute. Boehm has aggressively sought relevant discovery by way of written motion.

3

**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

1  complaint. *Purser deposition, page 85, attached as Exhibit "A" to*
2  *Declaration of Brett A. Greenfield.*
3      Purser failed to identify Tina Arndt in her Final Witness List
4  and responses to Boehm's written discovery, set two. *Attached Exhibits*
5  *"B" and "C" to the Declaration of Brett A. Greenfield.*
6      On December 14, 2006, Boehm's investigator located Ms. Arndt,
7  interviewed her and thereafter obtained her sworn declaration.
8  The declaration:

- **Was disclosed to Plaintiff's counsel on December 29, 2006; and**
- **Impeaches all of Purser's allegations creating multiple issues of material fact**

12     Prior to December 12, 2006, Boehm's current counsel had not
13 discussed nor sought to communicate with Tina Arndt. *See Declaration*
14 *of Brett A. Greenfield*
15     Purser's counsel <u>was aware of the existence of Tina Arndt</u> and
16 four additional witnesses as set forth in Purser's deposition
17 testimony, *(Purser Deposition, page 85)*, <u>but failed to identify them</u>
18 in her written and sworn responses to Boehm's second set of discovery.
19 *Attached as Exhibit "D" to Declaration of Brett A. Greenfield*.

    **ii. Vince Blomfield**

21     On December 13, 2006, Boehm's investigator located Mr. Blomfield
22 for the purpose of an interview. Boehm's counsel thereafter obtained
23 his sworn declaration.
24     The declaration:

- **Was disclosed to Plaintiff's counsel on December 29, 2006; and**
- **Impeaches Purser's allegations creating multiple issues of material fact**

4

**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Purser knew of Mr. Blomfield's existence as set forth in his sworn declaration, <u>but failed to identify him</u> in her Final Witness List, sworn deposition testimony and written responses to discovery.

### iii. Dr. Rose

Dr. Rose is Purser's expert. Dr. Rose's report was used by Boehm's counsel as impeachment to Purser's sworn deposition testimony which revealed:

- Many events of Purser's life were withheld from Dr. Rose creating inferences to be drawn from her testimony;

- Inconsistent testimony and recorded interviews in which Purser makes sexual assault claims against her uncle;

- Inconsistent claims about her cause of drug addiction;

- Inconsistent claims of her past sex behavior for drugs and money;

- Inconsistent claims regarding her family history of drugs and violence;

- Inconsistent claims regarding her alleged relationship with Boehm.

### iv. Miranda Ditullio Testimony

Purser named Ditullio on her Final Witness list as "M.D." Purser and her counsel have always been aware of her existence.

Purser failed to identify Ms. Ditullio in her sworn deposition and sworn answers to discovery.

Ms. Ditullio was interviewed by investigator Terry Shurtleff for the purpose of the underlying criminal matter. Ms. Ditullio's interview was used solely for impeachment purpose and contradicts all of Purser's allegations.

### v. Purser Grand Jury Testimony and Interviews

Purser and her counsel cannot be surprised by the use of her Grand jury testimony and statements to investigators as impeachment

5

**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

to her present claims. Purser has acknowledged their existence and testified to making the statements in her December 12, 2006 deposition. How can she now claim to be "sand bagged" by her own past statements?

### III. PURSER HAS GIVEN EVASIVE DISCOVERY RESPONSES AND HAS FAILED TO INITIATE RELEVANT DISCOVERY TO DATE

Purser's propounded written discovery has been limited to 1. financial documentation and 2. a request for interviews prepared for Boehm's criminal defense team for the purpose of an appeal. Boehm responds as follows:

1. There were no interviews made for the purpose of a criminal appeal, and;

2. Investigator interviews were taken for the underlying criminal action and are solely for the purpose of impeachment.

Plaintiff's remaining discovery has been presumptuous at best, limited to obtaining Boehm's financial documentation, including but not limited to:

- **IRS tax documents and returns;**
- **Names and addresses of every tax person assisting in the preparation of tax returns;**
- **Names and addresses of banks;**
- **Names and addresses of savings and loan facilities;**
- **Names and addresses of on or off shore accounts;**
- **Stock accounts;**
- **Business ledgers and Payroll ledgers;**
- **Names and addresses of business partners;**
- **Corporate stock certificates;**
- **Affiliations with corporations and/or limited partnerships;**
- **Balance sheets;**
- **Documents filed for the purpose of business/personal loans;**
- **Names and addresses of investors and stock holders;**
- **Assets sold or transferred.**

Purser's counsel has refused to cooperate in discovery necessitating Boehm to file two Motions to Compel Discovery.

6

**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Specifically, Purser has evasively responded to written discovery and refuses to allow for a psychological evaluation with Boehm's expert Dr. Mark Mills.

Currently, Purser refuses to give adequate responses to relevant questions regarding her Final Witness List.

Boehm has been very specific when attempting to narrow the issues with respect to Purser's Final Witness List. Boehm's second set of discovery requested as follows:

> **1. As to each person identified in your Final Witness List, describe in detail, including, but not limited to the following:**
>
> **a. How you first met;**
> **b. When you first met;**
> **c. Who introduced you;**
> **d. Where you first met;**
> **e. The nature of your relationship, how long it lasted, and why it ended;**
> **f. That person's knowledge of your alleged sexual contact with Defendant Boehm;**
> **g. That person's knowledge of your alleged drug use with Defendant Boehm;**
> **h. That person's facilitating or involvement with the activities described in subsection (f);**
> **I. That Person's facilitating or involvement with the activities described in subsection (g).**

Purser's response was evasive, further frustrating Boehm's attempt to narrow the issues of litigation and timely comply with this Court's discovery deadline:

> **Question compounding in nature and this <u>information has already been supplied</u> to the Defendant on more than one occasion.  <u>Defendant has in his own possession, the information requested with regard to the Federal Criminal charges he pled guilty to.</u>  The Plaintiff knows of the witnesses but does not personally know the witnesses, except for "E.A., Kimberly Swentek, Bambi Tyree, Leslie Williams, Allen Bolling, Josef Boehm, Paxton Purser and Gerald Barnes.  Some of the these individuals the Plaintiff**

7

    **met while at Defendant Boehm's home during the period of 2001-2003...**

Purser has repeatedly concluded that liability has been proven but is evasive when asked to support her allegations. To date, Purser relies on her own affidavit and that of recently dismissed defendant Bambi Tyree to support the entirety of her factual allegations. The recent discovery of new evidence and exposure of a multitude of impeachment evidence shows good cause for the need of additional discovery and disclosure.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this honorable Court deny Plaintiff's motion in its entirety and in the alternative fashion an order allowing for additional discovery in order to better assess the issues to be litigated.

DATED this 29th day of January, 2007.

                                          KENNER LAW FIRM

                                          By:_____/s/_____
                                                David E. Kenner
                                                California 41425
                                                16000 Ventura Blvd.
                                                Penthouse 1208
                                                Encino, California 91436


                                          By:_____/s/_____
                                                Brett A. Greenfield
                                                California 217343
                                                16000 Ventura Blvd.
                                                Penthouse 1208
                                                Encino, California 91436

**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**