Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Salley C. Purser, )<br>  )<br>  Plaintiff, )<br>  )<br> vs. )<br>  )<br> Josef F. Boehm, Allen K. Bolling, )<br> Leslie J. Williams, Jr. and Bambi Tyree,)<br>  )<br>  Defendants. )<br>_____) | **PLAINTIFF PURSER'S OPPOSITION TO DEFENDANT BOEHM'S MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT JOSEF BOEHM'S SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF**<br><br>**Case No. A05-0085 CV (JKS)** |

COMES NOW the plaintiff, Sally Purser, by and through her attorney, Darryl L. Jones, and based on the following facts and circumstances, opposes defendant Boehm's Motion to Compel and requests actual attorney's fees for having to oppose defendant Boehm's frivolous motion.

I- FACTS

Throughout this entire litigation, defendant Boehm has intentionally failed to provide initial disclosures, sandbagged and blindsided plaintiff Purser with questions at a deposition using information from an undisclosed investigator's taped interviews, undisclosed Federal Grand Jury Proceedings and from materials previously requested from defendant Boehm.

Further, defendant Boehm did not address the issue of plaintiff Purser's supposed inadequate answer's to his discovery requests until January 22, 2007 and that was by way

of a faxed letter, which was responded to in writing that very same day, by way of Certified Return Receipt Mail. (Affidavit of Counsel)(Exhibit 1)

The original letter from Mr. Greenfield was mailed on January 22, 2007, (Exhibit 2) and received in this office on January 26, 2007. (Affidavit of Counsel)

Within that letter, defendant Boehm requested some kind of confirmation within less than 24 hours that Ms. Purser would comply with his request.

Not only is attorney Jones loath to communicate telephonically regarding sensitive matters that are prone to be misinterpreted and "spun" by defendant Boehm, (See previous filings regarding the parties attempted Stipulation for Extension of Time), there is almost no way an attorney can review Mr. Boehm's demand letter, try to contact his client and get that client into his office to not only review the client's previous answers, but try and ascertain if those answers are sufficient within the brief time allotted by the defendant.

The issue is even more complicated in that defendant Boehm did not specify in his letter of January 22, 2007, which Answers were inadequate, incomplete or evasive and what was needed to address his concerns.

Plaintiff Purser, in order to properly document and clarify the issues at hand, immediately responded in writing. In that letter, plaintiff Purser's Counsel did not refuse to address defendant Boehm's requests, merely that he clarify as to what responses were inadequate and that plaintiff Purser would attempt to comply.

The statement "Ms. Purser responded to all the interrogatories evasively, incompletely, and inadequately" does not inform plaintiff Purser as to what is expected of her or how to update her responses."

It is not until defendant Boehm filed this instant Motion to Compel that plaintiff Purser is even given a clue as to what defendant Boehm is complaining about in his letter.

For defendant Boehm's counsel to make the claim that he made a good faith attempt to confer and meet regarding this matter is ludicrous and consistent with past motion practice attempting to paint plaintiff Purser's attorney in a bad light while making up his own rules as he goes along.

A clear example of this tactic is the sentence on page 7 paragraph 3, where defendant Boehm states" Next, there is good cause for the motion to compel because of Purser's long standing refusal to comply with her discovery request and flagrant violation of the Rules of Civil Procedure."

Plaintiff Purser responded to defendant Boehm's discovery requests on December 6, 2006. (See Defendant Boehm's Motion to Compel, page 1)

Defendant Boehm waited until January 22, 2007 in which to voice any complaint about her responses and gives plaintiff Purser less than 24 hours to respond to his vague letter about being unresponsive. (defendant's Exhibit C)

Where is plaintiff's Purser's "long standing refusal to comply"?

II-  <u>DEFENDANT BOEHM'S COUNSEL DID NOT MAKE A REASONABLE ATTEMPT TO MEET AND CONFER</u>

One can hardly consider defendant Boehm's letter an attempt to meet and confer and his letter of January 22, 2007 would hardly constitute "reasonable notice" under Rule 37(a) of the Federal Rule of Civil Procedure.

A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties, in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." <u>G.D., D.D., E.P., P.P., J.O. and</u>

S.K., v. Monarch Plastic Surgery, No. 06-2184-CM(D. Kans. Jan. 24, 2007)(Available Jan. 30.2007). There are literally thousands of additional cases that support this position.

In this case, defendant Boehm's counsel merely faxed a letter demanding that it be confirmed with his office that plaintiff Purser would update her response.  This does not comport with a good faith effort to resolve the matter, although plaintiff Purser's actions in sending a letter on the same day the fax was received, expressing a willingness to address the issue, does in fact show good faith.

However, defendant Boehm chose to not wait for a response and chose instead to file his motion to compel.

III- DEFENDANT BOEHM'S MOTION DOES NOT COMPLY WITH LOCAL RULE 37.1.

Lastly and most importantly Defendant Boehm violates District Court Local Rule 37 and his motion should be summarily dismissed. Local Rule 37.1, Sanctions for Discovery Violations provide in relevant part:

> (a) **Certification of Attempt to Confer.** Any motion seeking to compel discovery or for sanctions under Rule 37, Federal Rule of Civil Procedure, *must*:
> (1) have attached a Good Faith Certificate (Form 37.1); or
> (2) include in the paragraph a statement as to the reason that a Good Faith Certificate can not be attached… (emphasis added)

CONCLUSION

Not only does defendant Boehm come before this court with unclean hands due to failure to comply with virtually every disclosure and discovery order and request, he misrepresents that there was a good faith attempt to resolve this matter prior to the filing of his motion to compel and then

fatally fails to file a Good Faith Certificate form explaining the steps taken in an attempted resolution or explain why he does not attach the form.

Defendant Boehm's motion to compel should be denied and attorney's fees awarded to plaintiff Purser in the amount of $1425.00 for the time expended in responding to defendant Boehm's frivolous motion.

DATED this 31st day of January 2007 at Anchorage, Alaska.

_____/s/_____
Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 278-1212
Fax: (907) 278-1213
Email: lodj.federalnotices@yahoo.com
ABA No.: 8811188