Darryl L. Jones, Esq.
109 W 6th Avenue, Suite 200
Anchorage, Alaska 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT AT ALASKA

| | |
|---|---|
| SALLY C. PURSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOSEF F. BOEHM, ALLEN K. BOLLING and BAMBI TYREE | ) ) |
| | ) |
| Defendant. | ) Case No. 3:05-CV-00085-JKS |
| | ) |

## MOTION TO COMPEL ANSWERS TO

## PLAINTIFF'S FIRST, SECOND AND THIRD SET OF DISCOVERY,

## INTERROGATORIES, ADMISSIONS AND DISCOVERY REQUESTS

Pursuant to FEDERAL R. CIV. P. 26, 33, 34 and 36, the Plaintiff requested that the Defendant Boehm answer the attached interrogatories, discovery requests and admissions in writing and under oath within thirty (30) days from the date of service. Pursuant to FEDERAL CIV. P. 26, 33, 34 and 36, requested to supplement your answers if you become aware that those answers are incorrect, misleading or incomplete.

A clear and concise explanation was detailed within the request in order for the Defendant to produce the information that the Plaintiff required to properly

- 1 -

prepare her case for trial. It should be noted that Plaintiff was just a fifteen-years old (15), a minor child, when Mr. Boehm subjected her to despicable sexual acts in clear violation of Federal Law. The information requested by Plaintiff from Defendant is financial information needed from relevant years so Plaintiff can establish a proper punitive damage award.

The answers provided to the Plaintiff's First Set of Discovery Requests on the thirtieth day after service, were without a doubt not in good faith and in no way adheres to case law that has been defined within many Federal case decisions.  The Defendant objected to answering any of the requests, stating that the information requested is irrelevant, overbroad, and burdensome. Attached to this motion is a copy of the Defendants answers for the courts review.

The most recent decisions were handed down in June and September of 2006 by the United States District Court for the District of Utah, and California Central Divisions**. Equal Employment Opportunity Commission, Plaintiff, ANDREA LIENDER, Plaintiff-Intervenor, vs. BODY FIRM AEROBICS, INC. d/b/a Gold's Gym, Defendant. Case no. 2:03 CV 846 TC.** and **Southern California Housing Rights Center, dba Housing Rights Center v. Robert Krug, et al., Case no. CV 06-1420 SJO (JCx).**

In the above cited cases the defendants objected to producing their financial information to plaintiff on the grounds that the requested information was seeking irrelevant documents, over broad, burdensome, seek privileged information to the extent tax returns were requested, seek non-discoverable information in the absence of factual allegations in the Complaint to show that punitive damages are warranted. These are some of the same objections that

Defendant Boehm is making with regard to answering Plaintiff's first set of discovery requests.

In the above cited cases the courts ruled that financial information being requested by plaintiff was appropriate to analyze the amount of punitive damages and was relevant to the subject matter and ordered production. The court however ruled that ten years was too long a period of time to have to produce income tax documents and the court ordered a lesser amount of year's tax returns be produced, so plaintiff could calculate a proper analysis of punitive damages.

The Plaintiff made a Third Discovery Request limiting the requested documents to Five years instead of Ten years and once again the Defendant refused to answer the requests properly or produce the documents.

With regard to the Plaintiff's Second Set of Discovery requests, the Defendant never responded and utilized documents that we requested at Ms. Purser's deposition. The documents were not lengthy and should have been produced without objection. Till this day the Second Discovery Requests have never been produced.

However this case at bar is quite unique and different, whereas Ms. Purser was fifteen years young when Mr. Boehm sexually assaulted her, provided her with drugs and held her hostage. Ms. Purser is presently twenty-one years of age and at the very least she should be entitled to no less than the last five years of Mr. Boehm's financial records so a proper analysis of his wealth can be accurately determined for the purpose of calculating punitive damages. Defendant's wealth at the time of his first wrongful act up till trial is very relevant

and needed by Plaintiff's damage experts to make a proper and constitutionally sound calculation of the amount of punitive damages being asked for.

The Plaintiff in this case properly pled in her complaint that punitive damages were warranted.

If the court finds that this motion to compel financial documents is premature due to the court not yet ruling on the summary judgment motion, than the Plaintiff is requesting the court allow Plaintiff the opportunity to bring forth the same motion to compel the discovery if the court grants Plaintiff Summary Judgment as pled.

The court is well aware that Mr. Boehm pled guilty to the above acts and Plaintiff has timely filed her renewed Summary Judgment Motion with her affidavit and Ms. Tyree's affidavit filed under seal. The court should also be aware that Plaintiff sent copies of both affidavits to Defendant's Attorney immediately by over-night mail to alert the Defendant immediately of Plaintiff's intentions.

The Plaintiff is entitled to the information requested as a matter of law. The Defendant's net worth and financial condition is directly relevant and admissible to establish the appropriate amount of punitive damages. **City of Newport v. Facts Cocerts. Inc. 453 U.S. 247, 270, 101 S. Ct. 2748, 69 L. Ed. 2d 616, (1981).**

The tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded. **Oaks v Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998).**

Evidence of net worth crucial to issue of punitive damages, **United States v. Big D. Enterprises, Inc., 184 F 3d. 924 ( 8th Cir. 1999).** Under federal law, evidence of defendant's financial worth is traditionally admissible for purpose of evaluating amount of punitive damages. When a punitive damage claim has been asserted by Plaintiff and this case it has been, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff establish a *prima facie* case on the issue of punitive damages. **Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc., 130 F.D.R. 149, 151 ( D. Kan. 1990) ( citing cases).**

Plaintiff, through her Attorney of record hereby gave the Defendant an additional five week days, plus mailing time, over the normal 30 day response time, to properly answer Plaintiff's first set of interrogatories, admissions and discovery requests. He has refused to do so even after ten plus additional days and refused to send Plaintiff's signed good faith certificate as required by Federal Rule 37.1. Therefore, Plaintiff is asking the court for an order compelling Mr. Boehm to answer the discovery, and interrogatories immediately and to order that all admissions not answered were deemed admitted.

Instead of making a legitimate good faith attempt in answering Plaintiff's first set of discovery requests, interrogatories and admissions, Defendant has taken the position of attempting to have this court extend all deadlines with regard to this case. The Defendant has not even attempted to adhere to any court ordered deadlines. Now Defendant wants to punish the Plaintiff even more by utilizing the legal system to delay Plaintiff's chance to move on with her young life and have closure.

     This court must be aware that the Defendants current Attorneys have had more than sufficient time to review the courts scheduling order and adhere to the dates. <u>The Defendant *has not* produced any pre-disclosure documents, preliminary witness list, named any experts or provided opposition to Plaintiff's expert reports, and has failed to file a final witness list</u>. Whereas the Plaintiff has met each and every deadline on time or way ahead of schedule.

     Defendant is continuing his stalling tactics in asking this court to reschedule all due dates as outlined within the pre-trial and scheduling order. This is nothing more than a travesty of justice and a pure waste of this courts valuable time

     Plaintiff's Attorney has notified Defendant's Attorney telephonically as well as in writing to try and resolve the disputes with regard to Discovery Requests, Interrogatories and Admissions with no luck whatsoever. Per Local Rule 37.1, on September 22, 2006 a letter was sent to Defendant's Attorney asking to please respond to Plaintiff as requested and a Good Faith Certificate was mailed along with the letter. The Defendant's Attorney refused to sign the certificate and mail it back and that is when a motion to compel was drafted and filed. The court dismissed the motion but stated the Plaintiff could re-file the motion at a later date. Motion practice has come to an end and this motion and Good Faith Certificate is being filed timely to protect Plaintiff's rights to the requested documents.

See attachments one through eleven incorporated with this motion to support Plaintiff's allegations.

DATED at Anchorage, Alaska, February 1, 2007.

_____/s/_____
Darryl L. Jones, Esq.
109 W 6th Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 278-1212
Fax: (907) 278-1213
Email:lodj.federalnotices@yahoo.com.
ABA No.: 8811188