**KENNER LAW FIRM, P.C.**
**David E. Kenner, SBN 41425**
**Brett A. Greenfield, SBN 217343**
**16000 Ventura Boulevard, PH 1208**
**Encino, CA 91364**
**818 995 1195**
**818 475 5369 – fax**

**WADE, KELLY & SULLIVAN**
**733 W. 4th Avenue, Suite 200**
**Anchorage, Alaska 99501**
**(907) 561-7743**
**(907) 562-8977 - fax**

**Attorney for Defendant Josef F. Boehm**

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| **Sally C. Purser,** )<br>         **Plaintiff,** )<br>         **v.** )<br>**Josef F. Boehm, Allen K.** )<br>**Bolling, and Bambi Tyree,** )<br>         **Defendants.** )<br>_____) | **DEFENDANT JOSEF BOEHM'S**<br>**OPPOSITION TO PLAINTIFF'S MOTION**<br>**TO STRIKE UNAUTHORIZED SURREPLY**<br><br>**CASE NO.: A05-0085 (JKS)** |

**I.   INTRODUCTION**

Plaintiff filed her Second Motion for Summary Judgment on December 14, 2006. The Motion was filed without the attached affidavits of Plaintiff and former defendant Bambi Tyree. Plaintiff omitted their attachment due to her desire to have them filed under seal. The affidavits were the sole support for the Motion. Even without the inclusion of the affidavits, the statutory period continued to run to the detriment of Boehm.

1

Plaintiff argues:

1. "Josef Boehm and his legal team obviously have no respect for Court Rules". *Page 1;*

2. "Boehm knowingly and intentionally ignore Local Rule 7.1". *Page 1;* and

3. "The reply did not raise any new issues and the material sought to be filed with the surreply was obviously available long before his filed his opposition brief". *Page 2.*

Plaintiff's argument ignores:

1. The fact that the affidavits supporting summary judgment were not received by Defense counsel until December 22, 2006 (eight days after filing);

2. The Motion was filed while Defense counsel was in Anchorage Alaska;

3. The statutory response period encompassed the Christmas and New years Holidays; and

4. The Supplemental Reply contains new argument

**I. BOEHM WAS NOT PROVIDED THE FULL STATUTORY PERIOD IN WHICH TO RESPOND TO PLAINTIFF'S SUMMARY JUDGMENT MOTION AS THE AFFIDAVITS SUPPORTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WERE NOT RECEIVED FOR NINE DAYS AFTER FILING**

**A. Plaintiff Ignores the Delay in Providing the Crux of Her Motion to Defense Counsel**

Plaintiff filed her latest Motion for Summary Judgment on December 14, 2006. The response date was January 2, 2007. At the time of filing, Boehm's counsel was in the state of Alaska taking the deposition of Plaintiff and Erin Axt. Plaintiff's counsel filed anyway.

2

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

1  The statutory period in which to respond was 18 days. The 18 day
2  period included the Christmas and New Years holidays. Boehm's counsel
3  was in Anchorage from Monday, December 11 - Friday, December 15, 2006.
4  In an effort to return home and begin work on an opposition, Boehm's
5  counsel took a "red eye" flight in order to return on December 15,
6  2006.

7  Plaintiff's Motion for Summary Judgment relied on the affidavits
8  of Plaintiff and of recently dismissed defendant Bambi Tyree.
9  Plaintiff's counsel did not file the Motion for Summary Judgment with
10 the attached affidavits due to their desire to file them under seal,
11 however, the statutory period continued to run.

12 On Monday, December 18, 2006, (the next available business day),
13 Boehm's counsel contacted plaintiff's counsel via telephone to request
14 the attached affidavits in order to be able to respond. Counsel for
15 Plaintiff and Defendant telephoned the Court to inquire about the
16 legality of providing the affidavits due to their being filed under
17 seal. The Court confirmed that the statutory response period was
18 running.

19 Plaintiff's counsel provided the affidavits by mail. Boehm's
20 counsel received Bambi Tyree's affidavit on December 20, 2006 and
21 Purser's on December 22, 2006. *A true and correct "receipt stamped"*
22 *copy is attached to the Declaration of Brett A. Greenfield as exhibits*
23 *"A" and "B".*

24 Boehm's counsel could not begin a response until December 23,
25 2006, one (1) day before Christmas Eve and nine(9)days after the
26 motion had been filed!

27 Even with the shortened period in which to respond, Boehm's
28 counsel filed a thirty (30) page response in a timely fashion on

Friday December 29, 2006, the day before the New years Holiday weekend.

The argument presented in the supplemental brief is crucial and should be considered by this Court as a finding of summary judgment completely alters the landscape of this litigation.

**B. Plaintiff's Failure to Timely Disclose**

The affidavits of Plaintiff and former Defendant Tyree were signed on November 30, 2006 <u>but were not disclosed to Boehm's counsel until December 20 and 22, 2006</u>. Worse yet, Boehm's counsel was in Anchorage, Alaska on December 12-15, 2006 for the deposition of Plaintiff. Her counsel purposely attempted to "sand bag" Defense Counsel by with withholding the affidavits which should have been the subject of her deposition. <u>Defense counsel should have been able to question Plaintiff</u> regarding these specific allegations which undoubtedly would have resulted in exposure of additional fraud and deceit.

Conversely, Defense counsel obtained the Declarations of Tina Arndt on December 14, 2006 and Vince Blomfield shortly thereafter, both of which were disclosed to Plaintiff's counsel in a timely fashion.

III.

Boehm's supplemental brief includes additional evidence and contradictions in which to show disputable issues of material fact and inferences to be drawn from the statements made by Purser and Tyree in support of summary judgment.

Boehm respectfully submitted the following additional evidence to be considered:

**1. Recorded Transcript of Miranda Ditullio**

4

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Ms. Ditullio submitted to a interview with Boehm's investigator Terry Shirtleff, Ms. Ditullio's statements were recorded in the presence of her parents and with her consent. Her statements contradict Purser's allegations and lend further support to the evidence presented in Boehm's initial opposition.

Purser named Ms. Ditullio in her witness list, therefore, cannot claim to be surprised by her existence.

### 2. Sworn Testimony of Dr. Jacobsen

In response to Plaintiff's assertion that Dr. Jacobsen's report is not sworn testimony, Boehm's submits Dr. Jacobsen's sworn testimony confirming the contents of his report.

Dr. Jacobsen's testimony was taken from the sentencing hearing. Said transcripts were not received by Boehm's counsel until after the first opposition to summary judgment was filed. Furthermore, the transcripts of proceedings are public information at all times equally available to Plaintiff and her counsel.

### 3. Declaration of Josef Boehm

In response to Plaintiff's assertion that Boehm's responses to discovery are not sworn under penalty of perjury, Boehm submits a declaration specifically denying each of the allegations set forth in the Affidavit of Purser and Tyree,.

Plaintiff's counsel is well aware of the hurdles that Boehm's counsel faces in trying to contact him and present him with documentation. Purser's counsel argued that the discovery responses were not notarized knowing full well that obtaining a notary and clearing them to visit Boehm in a Federal Correctional Institution is almost impossible at best.

### 4. Declaration of Terry Shurtleff

5

Mr. Shurtleff's declaration under penalty of perjury sets forth the circumstances under which his interviews were knowingly recorded, accurately recorded and accurately transcribed.

Boehm thought it important to satisfy this honorable Court that all interviews presented as impeachment evidence be supported with an affidavit of their accuracy.

### 5. Plaintiff's Expert Dr. Rose, Psychological Evaluation of Purser.

Boehm submits Dr. Rose's report to bring out her inconsistent statements and lack of candor when being interviewed by her own expert. In addition, Dr. Rose's report is very telling when describing Purser's psychological state and character type.

Plaintiff intends to rely on the testimony of dr. Rose at trial. Certainly, it is relevant to show he inconsistency in which Plaintiff tells her story and the scattered facts presented to Dr, Rose for the purpose of expert opinion and testimony.

### 6. Sally Purser Deposition Testimony

Additional comparisons of Purser's deposition testimony to statements given to her own expert Dr. Rose reveal significant discrepancies and contradiction leading to a conclusion that inference must be drawn from present statements and genuine issues of material fact.

As stated earlier, the time period in which the motion was filed coupled with the time discrepancy in which the affidavits were presented to defense counsel left them in a position of having to get an opposition filed in a shortened period of time, all to the prejudice of Boehm.

6

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

**IV. CONCLUSION**

    For the foregoing reasons, Defendant respectfully requests that this honorable Court deny Plaintiff's motion in its entirety and allow the filing of the Supplemental memorandum of points and authorities to be considered.

DATED this 5th day of February, 2007.

                              KENNER LAW FIRM

                              By:_____/s/_____
                                  David E. Kenner
                                  California 41425
                                  16000 Ventura Blvd.
                                  Penthouse 1208
                                  Encino, California 91436
                                  David@Kennerlaw.com
                                  Telephone: (818) 995-1195
                                  Fax:       (818) 475-5369

                              By:_____/s/_____
                                  Brett A. Greenfield
                                  California 217343
                                  16000 Ventura Blvd.
                                  Penthouse 1208
                                  Encino, California 91436
                                  Brett@kennerlaw.com
                                  Telephone: (818) 995-1195
                                  Fax:       (818) 475-5369

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**