**KENNER LAW FIRM, P.C.**
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 – fax

**WADE, KELLY & SULLIVAN**
733 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
(907) 561-7743
(907) 562-8977 - fax

Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | **DEFENDANT JOSEF BOEHM'S SECOND MOTION FOR A CONFERENCE REGARDING SCHEDULING AND PLANNING** |
| Plaintiff, | |
| v. | |
| Josef F. Boehm, Allen K. Bolling, and Bambi Tyree, | |
| Defendants. | |
| | CASE NO.: A05-0085 (JKS) |

## I. INTRODUCTION

Mr. Boehm moves this Court for an Order for a Scheduling and Planning Conference. As this Court is aware, counsel for both Mr. Boehm and Ms. Purser have been diligent in their motion writing and discovery since this Court's November 9, 2006 Order extending discovery.

As presented below, the landscape of this case has dramatically changed. Facts have been revealed dramatically shifting Purser's liability and damage claims. A number of new witnesses have been identified. Expert evaluations are being sought

1

and numerous depositions are needed to properly assess the strength of Plaintiff's allegations and the corresponding defenses presented thus far.

Mr. Boehm respectfully moves this Court as follows:

## II. A REQUEST FOR DEADLINE EXTENSIONS WAS ANTICIPATED BY PLAINTIFF'S COUNSEL IN THE SCHEDULING AND PLANNING CONFERENCE REPORT AS WELL AS THE SCHEDULING AND PLANNING ORDER

On October 13, 2005, in accordance with F.R.Civ.P. 26(f), a meeting was held and attended by Mr. Darryl Jones, counsel for plaintiff and Mr. Kevin Fitzgerald, former counsel for defendant Boehm, wherein a Joint Scheduling and Planning Report was agreed upon and drafted. The Scheduling and Planning Conference Report, signed by attorney Darryl Jones, contains several passages regarding the anticipated re-scheduling of discovery deadlines as well as an acknowledgment of contested issues of liability and damages.

Boehm brings his motion for a scheduling and planning conference in good faith and pursuant to the language set forth in the Joint Scheduling and Planning Conference Report and Scheduling and Planning Order. On November 10, 2005 the Scheduling and Planning Order was issued by this Honorable Court. *The Scheduling and Planning Order, Further Pre-Trial Proceedings Section, subsection (2), states in pertinent part:*

> "**Status, discovery, settlement, or other pre-trial conferences will be scheduled at the <u>request of a party</u> or at the discretion of the court.**"

Additionally, the Order sets forth language in anticipation that discovery deadline extensions might be warranted. *The Scheduling and Planning Order, Discovery Section, subsection (7) reads:*

> "If expert witness or other fact discovery is not completed by the dates specified, counsel may stipulate to a continuance of no more than two months for completion of the same...A discovery conference must be requested if more time is required to complete such discovery.."

### III. GOOD CAUSE IS SHOWN

#### A. Facts To Date Have Changed The Landscape Of The Action And Need For Additional Discovery

The facts and landscape of this case have dramatically changed as a result of the Kenner Law Firm becoming counsel of record. Prior to counsel's involvement some 15 months past without any discovery activity by any of the parties to the action.

As a result of this apparent inactivity, plaintiff filed for summary judgment claiming to be the victim of a conspiracy in which she was allegedly forced to have sex in exchange for "crack" cocain. Summary Judgment was denied, forcing Plaintiff to dismiss Bambi Tyree in search of an affidavit to support her version of events.

Boehm's counsel have since made two trips to Anchorage, Alaska and have conducted the depositions of Plaintiff and witness Erin Axt. Counsel has interviewed and submitted the affidavits of two additional witnesses (Vince Blomfield and Tina Arndt) which contradict the allegations set forth by Plaintiff. Additionally, Boehm has shown a multitude of contradictions within Purser's own recorded statements, deposition testimony and statements made to her own expert Dr. Rose.

Boehm has also presented the recorded testimony of Miranda Ditullio and deposition testimony of Erin Axt severely damaging Purser's version of events and claimed damages.

Boehm's counsel have been very active and have propounded multiple sets of written discovery and had filed two motions to compel

3

discovery in order to timely obtain crucial and relevant discoverable information.

Boehm's counsel have located and retained two experts and have been mired in extensive motion practice opposing numerous motions filed by Plaintiff as well as filed numerous motions on Boehm's behalf.

The parties are not sitting idly awaiting trial. Boehm approaches this Court in good faith.

**B. New facts have Been revealed prompting A need For Additional Discovery Time**

Intensive discovery to date has revealed a quite different scenario than the allegations contained within Plaintiff's complaint:

1. All of Purser's allegations regarding Boehm are disputed via third party affidavits, deposition testimony, interviews and written discovery;

2. Purser has a prolonged history of drug abuse pre-dating her alleged relationship with Boehm. Purser knew and obtained her drugs from multiple sources including her mother Kathleen Purser and Bambi Tyree. Purser admits to the existence of criminal drug convictions and multiple instances of theft. Purser has exchanged sex for drugs with numerous individuals and maintained relationships within a network of drug dealers and drug addicts;

3. Recently dismissed defendant Bambi Tyree with the assistance of Sally Purser and others with whom she was involved engaged in a plot to keep Mr. Boehm high on "crack" cocain, incoherent and in state of severe psychosis to enable them to steal his property, cash, cars and too seek to gain control over his financial resources;

4. Boehm never engaged in any sexual activity or conduct with Sally Purser, never knowingly provided her with drugs, and was not

responsible for her drug addiction and behaviors including but not limited to trading sex for drugs, theft of money and property, drug possession and sales, and drug convictions.

### B. Discovery Has Revealed Numerous Individuals Responsible For The Alleged Damages To Purser

Discovery has revealed a multitude of individuals for whom Purser acquired drugs from, had underage sex with and contributed to her claimed damages including but not limited to "crack" cocain addiction. In addition, the evidence has revealed a multitude of contradictions and half truths with respect to Purser's liability and damage claims.

As a result, Boehm seeks to engage in additional discovery and seek leave of this Honorable Court to file Cross Actions against these individuals. The evidence to date has shown and warrants the aforementioned filing as follows:

1. Purser obtained "crack" cocain and other drugs from numerous sources, including but not limited to <u>Bambi Tyree, Kathleen Purser, Al Bolling, Leslie Williams, Jay Whaley, Carl Bucher, Kathleen Purser's various drug connections and numerous other individuals</u> before, during and after the time period encompassing the alleged actions of Boehm.

2. Purser smoked "crack" cocain with her mother <u>Kathleen Purser, Bambi Tyree, Erin Axt, Carl Bucher, Al Bolling, Jay Whaley and numerous individuals</u> before, during and after the time period encompassing the alleged actions of Boehm.

3. <u>Purser traded sex for "crack" cocain with numerous individuals</u>, including older men and drug dealers. In addition, <u>Purser's mother sold her to older men and drug dealers</u> in exchange for "crack" cocain.

4. Purser, 16 years old, <u>lived with Jay Whaley</u>, an older man, convicted drug dealer and escort service operator who <u>paid for her living expenses and provided her an unlimited source of "crack" cocain in exchange for sex during</u> the time period encompassing her claims against Boehm.

5. Purser identifies a <u>conspiracy by and between Tyree, Bolling and Williams to keep Boehm high on "crack" cocain and steal from him</u>. Purser further stated that Tyree tried to harm Boehm by tainting his food and drugs in an effort to keep him incoherent and within her control. <u>Purser referred to Tyree as the "ring leader"</u>.

6. <u>Bambi Tyree with the assistance of Sally Purser</u> and <u>others</u> with whom she was involved engaged in a plot to keep Mr. Boehm high on "crack" cocain to enable them to steal his property, cash, cars and too seek to gain control over his financial resources.

Boehm wishes to depose the aforementioned individuals in order to further substantiate the information obtained through discovery to date. The allegations are relevant to the instant action and should be allowed to be developed through further discovery and cross actions.

### C. Witness And Expert Depositions Are Needed To Properly Defend The Action

There are four additional lawsuits that have been filed naming Boehm as a defendant as a result of the plea agreement. The additional litigation will result in numerous depositions for which Boehm plans on acquiring additional relevant information in which to present to defeat Purser's liability and damage claims.

Boehm will be unduly prejudiced if not allowed to present this discoverable information at the time of trial. To date, Boehm has introduced evidence by way of affidavit and recorded interviews which

6

have raise significant doubt and created multiple issues of material fact with regard to Purser's claims and credibility. Boehm seeks additional time to conduct the depositions of:

> **Bambi Tyree**
> **Kathleen Purser**
> **Jay Whaley**
> **Al Bolling**
> **Leslie Williams**
> **Carl Bucher**
> **Jerald "Doe"** (Purser's current boyfriend and father of her children)
> **Paxton Purser**
> **Jay Harrison** (Purser's uncle, for whom she has provided different stories regarding is alleged sexual abuse of her)
> **Roberta Harrison**

In addition it will be necessary to conduct the depositions of Plaintiff's experts and individuals she identified to have knowledge of the causation of her drug addiction:

> **Dr. Michael Rose** (psychologist)
> **Francis Gallela** (Economist)
> **Victoria Nelson**
> **Troya Glazer**
> **Keith Glazer**
> **Peggy Blais**
> **Ann Stockman**

### D. Plaintiff Is Not Prejudiced By The Needed Discovery

Plaintiff filed her action in April, 2005. No discovery was conducted by either party until the substitution of the Kenner Law Firm into this action some 14 months later.

A $1.2 million dollar trust was set up in accordance with Boehm's plea agreement. As such, Plaintiff has plenty of funds available for education and medical purposes for her claimed damages while awaiting a trial in the instant matter. A trial date has yet to be set by this Honorable Court.

In addition, discovery in the additional actions will likely lead to relevant information for the purpose of this action. Boehm intends

on using said discovery to assist in his defense. Plaintiff will undoubtedly want to meet the evidence presented against her.

**IV.  CONCLUSION**

For the foregoing reasons, defendant respectfully requests that this Court grant his motion and order a conference regarding scheduling and planning.

February 7, 2007                          KENNER LAW FIRM

                                          By:_____/s/_____
                                              David E. Kenner
                                              California 41425
                                              16000 Ventura Blvd.
                                              Penthouse 1208
                                              Encino, California 91436
                                              David@kennerlaw.com

                                          By:_____/s/_____
                                              Brett A. Greenfield
                                              California 217343
                                              16000 Ventura Blvd.
                                              Penthouse 1208
                                              Encino, California 91436
                                              Brett@kennerlaw.com