Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Josef F. Boehm, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. A05-0085 CV (JKS) |

**OPPOSITION TO MOTION TO FILE SUPPLEMENTAL BRIEF**

In seeking leave to file a supplemental brief, and supplemental factual materials, Boehm recognizes that Local Rule 7.1(h) requires an affirmative showing that the supplemental factual materials were not available when he filed his opposition, and he must show that new issues were raised plaintiff's reply brief. (Docket 175, p. 3). Boehm next misrepresents plaintiff's reply because plaintiff did not raise new issues; rather plaintiff used the reply properly to contest the information raised and submitted by Boehm. Id. See Demmert v. Kootznoowoo, Inc., 960 P.2d 606, 611 (Alaska 1998) ("The function of a reply memorandum is to respond to the opposition to the primary motion . . . .").

Plaintiff did not raise new issues by contesting the evidence submitted in opposition by Boehm. All plaintiff did was respond to Boehm's pleading and contest his evidence. Plaintiff merely proved why Boehm failed to meet his burden of establishing material issues of fact, and that is a proper use of the right to file a reply. See Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.

D.C. 2001) (request for leave to file surreply denied because reply did not raise new issues).  See also  See Goltz v. University of Notre Dame du Lac,177 F.R.D. 638, 639-642 (N.D.Ind.,1997) (providing a collection of authority explaining the prohibition on supplemental briefing and when leave should be granted or denied).

It is either lack of familiarity with the Rules or bad faith on the part of Boehm to contend that Purser raised new issues in her reply merely because she sought to contest that which was raised in Boehm's opposition.  If this argument is accepted by the Court, Local Rule 7.1(h) will be effectively annulled.  Local Rule 7.1, in general, provides a procedure through which a motion is filed, which sets out of the reasons and provide the evidence upon which a party intends to rely.  It then allows an opposition, wherein the moving party's evidence and arguments are contested.  A reply is allowed so the moving party has an opportunity to show that the arguments in opposition are insufficient to defeat the motion, or the factual material submitted by the opposing party failed to raise a factual question.  That's exactly what happened in this instance.

Local Rule 7.1(h) is not intended as a vehicle through which a party may submit afterthought legal argument, or factual materials that were or could have been available to the opposing party when the opposition was filed.  Rather, Local Rule 7.1(h) is designed to allow a party to submit notice of new authority; or to allow a party to submit factual material discovered later, but which was not available before, i.e., new evidence and not evidence that was in the box but not found because they failed to look in the box.

Boehm purported new evidence is not new.  The interview with Miranda Ditullio occurred in June 2004.  Boehm's Exhibit A.  The sentence hearing of Josef Boehm took place in May 2005.  Boehm's Exhibit B.  The declaration of Terry Shirtleff, while new, was available

because he works for Boehm and the declaration does not raise factual issues. <u>Boehm's Exhibit D</u>. Terry cannot testify as the truth of statements made by those he interviewed. <u>Boehm's Exhibit E</u> is not new, it was all provided to Boehm long ago, and it is likely that it was in the Box Boehm failed to look in. Likewise, <u>Boehm's Exhibit F</u>, is an excerpt from the Deposition of Sally Purser, which was again in the box, but not found by Boehm when he filed his opposition.

If this Court now starts granting leave to file a surreply merely because the reply challenged the arguments and evidence submitted in opposition, there will be no end to the filings in this case. This is so because in responding to the reply, Boehm will submit more material that is irrelevant, antiquated, and which fails to raise genuine issues of fact and Purser will have no choice but to seek to respond to this irrelevant, antiquated material. Because Purser will challenge the material, under Boehm's tortuous misunderstanding of procedure, he will have to again respond because, under Boehm's convoluted reasoning, in challenging the supplemental material, Purser will have again raised new issues. The cycle then starts again.

Boehm's argument is not only tortuous, it is absurd and leave to file the surreply should be denied. Not a single item of the alleged "new material" is new or fact establishing. Purser did not raise new issues; she merely contested the argument and evidence submitted in opposition.

Accordingly, the motion to file a surreply should be denied, and the surreply, along with the supplemental material pulled from Boehm's criminal file box should be stricken as requested by the plaintiff at Docket 154, 155.

DATED this 15th day of February 2007.

_____/s/_____
Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Tel: 907-278-1212
Fax: 907-278-1213
Email: lodj.federalnotices@yahoo.com
Ak.Bar.No. 8811188
