KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 – fax

WADE, KELLY & SULLIVAN
733 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
(907) 561-7743
(907) 562-8977 - fax

Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, ) | |
| ) | DEFENDANT JOSEF BOEHM'S |
| Plaintiff, ) | OPPOSITION TO PLAINTIFF'S SECOND |
| ) | MOTION TO COMPEL ANSWERS TO |
| v. ) | PLAINTIFF'S FIRST, SECOND, AND |
| ) | THIRD SET OF DISCOVERY |
| Josef F. Boehm, Allen K. ) | |
| Bolling, and Bambi Tyree, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |
| ) | |

CASE NO.: A05-0085 (JKS)

**I.   PLAINTIFF'S BRINGS HER SECOND MOTION TO COMPEL WITH THE EXACT SAME ARGUMENTS PREVIOUSLY FILED ON OCTOBER 17, 2006. COURT DENIED PLAINTIFF'S FIRST MOTION TO COMPEL ON NOVEMBER 06, 2006. PLAINTIFF FAILED TO PROPOUND ANY ADDITIONAL DISCOVERY RELEVANT TO THE ISSUES FOR LIABILITIES FOR DAMAGES.**

Plaintiff's counsel claims that he has set forth allegations in the complaint, which if believed, would entitle plaintiff to compensatory damages. He also claims that the allegations of outrageous conduct on behalf of the defendant, which if believed, would entitle plaintiff to punitive damages. Counsel contends that it

1

OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL

is important to be able to ascertain the financial condition of a defendant Boehm in a punitive damage case so as to present to the jury a method to determine a sufficiently heavy penalty. Therefore, the information is discoverable.

Pretrial discovery of the financial status of the defendant is prohibited absent a bona fide claim for punitive damages. Plaintiff has done nothing more than make bald allegations of outrageous conduct which are insufficient to allow for pretrial discovery into this sensitive area.

**A. Plaintiff's Reliance on the Plea Agreement**

Plaintiff's counsel relies on his statement that "Mr. Boehm has pled guilty to the above acts and Plaintiff shall not burden the court with a long dissertation of those facts......" *See Plaintiff's motion, page 2*. Plaintiff has not met her burden. Plaintiff argues that the facts necessary to recover under this civil action are conclusively established by the plea agreement and the facts established in the corresponding criminal action.

In the federal matter Boehm was convicted of two conspiracy offenses. Specifically, the criminal charge and subsequent plea agreement did not encompass any overt act directed at Plaintiff. The plea agreement relied on by plaintiff to prove each and every cause of action set forth in her complaint did not require that Boehm himself in fact attempt or complete any misconduct directed at Plaintiff.

It was sufficient that he agree with other co-conspirators to advance a conspiracy of which plaintiff may or may not have been involved. In contrast, the gravamen of each of the torts claimed by

2

Plaintiff is that misconduct expressly directed at her by Boehm did in fact occur. None of the claims asserted by Plaintiff are conspiracy counts. By virtue of his plea to the two aforementioned conspiracies, there is simply no demonstration that Boehm directed any act toward her.

### B. Conclusory Statements Are Insufficient

While it has been held that a prima facie showing of entitlement to punitive damages need not be made before a court may permit discovery of financial information relevant to the issue of punitive damages, <u>it has also been held that conclusory statements with regard to punitive damages are insufficient</u>. *Chenoweth v Schaaf* (1983, WD Pa) 98 FRD 587, 37 FR Serv 2d 136.

In *Chenowith,* a medical malpractice action in which it was alleged that defendant doctors' conduct was negligent and outrageous, <u>the Court held that doctors could not be required to disclose information concerning their financial conditions</u>, in view of fact that complaint did not contain allegations indicating that there was a real possibility that punitive damages would be an issue. Furthermore, even if defendant doctors could have been required to disclose information concerning their financial conditions in which it was alleged that doctors' conduct was negligent and outrageous, <u>the required disclosure would have been limited to a general statement of each doctor's net worth; doctors would not have been required to disclose the names of their accountants, produce copies of their 1040 tax forms, disclose their taxable income or disclose their specific assets and liabilities</u>. *I.D. at 589.*

The instant action falls in line with the *Chenowith* decision in that plaintiff's complaint and various motions to the Court are littered with conclusory statements regarding defendant's alleged conduct. More telling is the fact that plaintiff has utterly failed to propound one interrogatory, request for admission, demand for production of documents or notice one deposition for the purpose of proving liability or damages.

Even more telling is the fact that in the criminal matter, a $1.2 million dollar trust was set up to compensate the victims and pay for medical and educational needs for which Plaintiff has <u>failed</u> to claim any money as it would require her to make a prima facie showing of damages.

**C. Lack of Factual Support and Failure to Conduct Relevant Discovery**

As previously stated, plaintiff's allegations are based solely on the plea agreement which did not encompass any overt act directed at Plaintiff, furthermore no relevant discovery has been undertaken thus far.

<u>All</u> of plaintiff's discovery has been <u>solely limited to 10 years worth</u> of financial documentation including but not limited to:

- **IRS tax documents and returns;**
- **Names and addresses of every tax person assisting in the preparation of tax returns;**
- **Names and addresses of banks;**
- **Names and addresses of savings and loan facilities;**
- **Names and addresses of on or off shore accounts;**
- **Stock accounts;**
- **Business ledgers and Payroll ledgers;**
- **Names and addresses of business partners;**
- **Corporate stock certificates;**
- **Affiliations with corporations and/or limited partnerships;**
- **Balance sheets;**
- **Documents filed for the purpose of business/personal loans;**

4

OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL

    **- Names and addresses of investors and stock holders;**
    **- Assets sold or transferred.**

If plaintiff is allowed unlimited discovery of defendant's financial resources in a case where there is no actual factual basis for an award of punitive damages, the personal and private financial affairs of defendant will be unnecessarily exposed and the threat of such exposure will undoubtedly be used by this unscrupulous plaintiff to coerce settlement.

To require the pretrial disclosure of defendant's assets to the plaintiff, even as an aid to settlement and subject to a protective order against disclosure to others, would be a serious invasion of privacy. The threat of having to place a dollar value on one's assets and to disclose that valuation to strangers may well serve as a powerful weapon to coerce a settlement which is not warranted by the lack of facts of this case.

**II.  THE FEDERAL RULES OF CIVIL PROCEDURE LIMIT THE SCOPE OF BURDENSOME AND OPPRESSIVE DISCOVERY REQUESTS AND ALLOW FOR A PROTECTIVE ORDER TO BE FASHIONED BY THE COURT**

Rule 30 (b), *Federal Rules of Civil Procedure*, provides for protective orders, or for "any order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." And Rule 34 expressly provides that the discovery of documents is "subject to the provisions of Rule 30 (b)." And apart from the specific authority thus granted by the rules, the court, under its general equity powers, may issue a protective order.

Rule 26 (b)(2), *Federal Rules of Civil Procedure* states in pertinent part:

> **The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (I) the discovery sought**

5

> is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) <u>the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues</u>. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26c.

### A. Plaintiff's Discovery Requests Are Burdensome Oppressive and an Obvious Attempt to Coerce a Settlement Which Is Not Warranted by the Lack of Facts of this Case

Plaintiff's counsel states "the information requested by plaintiff from defendant is financial information needed from relevant years so plaintiff can establish a proper punitive damage award." *See plaintiff's motion, page 2.* Plaintiff has requested much more than is needed to evaluate net worth. Plaintiff has requested documentation dating back ten years but makes no showing as to why the documents requested or the time period specified are relevant!

As was previously set forth in *Chenowith*, the Court indicated that even if defendant doctors could have been required to disclose information concerning their financial conditions, <u>the required disclosure would have been limited to a general statement of each doctor's net worth; doctors would not have been required to disclose the names of their accountants, produce copies of their 1040 tax forms, disclose their taxable income or disclose their specific assets and liabilities</u>. *I.D. at 589.*

Plaintiff goes beyond just asking for accountants names, 1040 tax forms and disclosure of specific assets. Plaintiff's counsel requires

6

OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL

ten years worth of tax documents and returns as well as the names addresses and phone numbers of every person that assisted in preparing the returns in addition to the myriad of documents containinf confidential proprietary information, trade secret information and third party information.

The requested documents are simply meant to harass, annoy and take defendants focus away from defending this matter on its merits. The requests will require a significant amount of money, man power and time in order to compile.

Plaintiff's counsel has never been interested in litigating this case on the merits in order to prove liability as has been shown in his series of personal attacks on counsel and numerous requests to enter into settlement negotiations.

In addition, Plaintiff has not offered a shred of evidence in which to support her conclusory statements of liability and has never made one attempt at propounding any relevant discovery. It is obvious that Plaintiff and her counsel are using their discovery requests as a means in which to expose defendant's finances and gain, without any justification, a quick settlement in this matter.

**B. Good cause**

Boehm is incarcerated in a federal prison located in Victorville, California approximately 100 miles from his counsel's office. In order for counsel to meet with Mr. Boehm they must spend upwards of five hours in driving time and an hour of processing time to see Mr. Boehm for a few hours per visit. The hurdles of answering discovery, propounding discovery and gain information in which to properly defend this matter are obvious. With discovery deadlines quickly approaching coupled with the need for extensive depositions and further written

7

OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL

discovery as set forth in defendant's motion for a scheduling conference, plaintiff's request become that much more burdensome.

### C. This Court Has The Power to Issue A Protective Order

Rule 26 (b)(2), *Federal Rules of Civil Procedure* gives the Court power to grant an protective order as follows:

> **Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:**
>
> **(1) that the disclosure or discovery not be had;**
>
> **(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;**
>
> **(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;**
>
> **(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;**
>
> **(5) that discovery be conducted with no one present except persons designated by the court;**
>
> **(6) that a deposition, after being sealed, be opened only by order of the court;**
>
> **(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and**
>
> **(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.**

///

///

**D. the Requests Are Irrelevant as to Subject Matter and Time and Infringe on the Privacy Interests of Third Parties as Well as Seek Trade Secret Information**

Plaintiff's requests are not only based on conclusory statements of liability, irrelevant as to subject matter and time, they also request information potentially involving the privacy interests of third parties and seek trade secrets, i.e. requests for Business ledgers and Payroll ledgers, names and addresses of business partners, affiliations with corporations and/or limited partnerships, documents filed for the purpose of business/personal loans, names and addresses of investors and stock holders and assets sold or transferred.

Plaintiff has offered no justification or relevancy for the aforementioned requests. The Federal Rules of Civil Procedure contain no express test beyond "relevancy" for the scope of discovery of the trade secret category of material. *Fed. R. Civ. P. 26(b)(1).*

Most federal courts have moved from mere "relevancy" to a tougher "relevancy - plus" standard. The relevancy - plus standard is applicable once the resisting party has shown that the matter involves a "trade secret" See generally *Annotation, Discovery or Inspection of Trade Secret, Formula, or the Like*, 17 A.L.R.2d 383 (1951)or, in some cases, "other confidential research, development, or commercial information . . . and that its disclosure would be harmful to the party's interest in the property." *In re Remington Arms Co.*, 952 F.2d 1029, 1032 (8th Cir. 1991)At this point, the burden shifts to the party seeking the discovery to show the Federal Rules of Civil Procedure contain no express test beyond "relevancy" for the scope of discovery of the trade secret category of material that the information is both relevant to the subject of the lawsuit and also

9

1  " necessary to prepare the case for trial." Id. *citing Am. Standard*,
2  828 F.2d at 740-41
3       Plaintiff has offered no information to suggest that the
4  requested trade secret information is either relevant to the subject
5  matter of this case or necessary to prepare this case for trial.
6  Furthermore, exposing the names of stockholders, business affiliates,
7  and business and payroll ledgers goes beyond irrelevancy and infringes
8  on the privacy rights of innocent and uninvolved third parties.

**III.  DEFENDANT'S ANSWERS WERE TIMELY AND OBJECTED TO PROPERLY**

Plaintiff's counsel has requested that all admissions not answered be deemed admitted. Defendant properly objected to the requests for admission, set forth the reasons for the objections, did so in good faith and in a timely fashion pursuant to code.

Rule 37(c)(2) of the *Federal Rules of Civil Procedure* states:

> **objections to requests for admission are proper where (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or © the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.**

Rule 36 of the *Federal Rules of Civil Procedure* states:

> **The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated.**

**IV.  CONCLUSION**

    For the foregoing reasons, Defendant respectfully requests that this honorable Court deny **PLAINTIFF'S SECOND MOTION TO COMPEL** the requested financial discovery in its entirety or in the alternative fashion a protective order for limited disclosure in order to protect defendant from annoyance, embarrassment, oppression, or undue burden or expense.

DATED this 22nd day of February, 2007 at Encino, California.

                              KENNER LAW FIRM

                              By:_____/s/_____
                                  David E. Kenner
                                  California 41425
                                  16000 Ventura Blvd.
                                  Penthouse 1208
                                  Encino, California 91436
                                  Telephone: (818) 995-1195
                                  David@kennerlaw.com

                              By:_____/s/_____
                                  Brett A. Greenfield
                                  California 217343
                                  16000 Ventura Blvd.
                                  Penthouse 1208
                                  Encino, California 91436
                                  Telephone: (818) 995-1195
                                  Brett@kennerlaw.com