Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, AK 99501
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) |
| Josef F. Boehm, Allen K. Bolling, | ) |
| Leslie J. Williams, Jr. and Bambi Tyree, | ) |
| | ) |
|     Defendants. | ) |
| _____ | )  **Case No. A05-0085 (JKS)** |

## OPPOSITION TO BOEHM'S SECOND MOTION
## FOR A CONFRENCE REGARDING SCHEDULINGAND PLANNING

Defendant, Josef Boehm, filed a second motion for a scheduling and planning conference, which motion should be denied.  Contrary to Boehm's suggestion, "the landscape of this case" has **not changed**.  This is still a case where Joseph Boehm admitted to the conduct complained of in the complaint and the only issues are those going towards how much Boehm should pay to plaintiff in damages.

This Court has previously extended the discovery deadline at Boehm's request. (Docket 116).  In doing so, the Court relied on Bohem's representation that he had a limited amount of discovery to pursue and that he would complete that discovery if an extension was granted.  Now, he complains that nothing happened in this case until he hired the Kenner Law Firm, and the Kenner Law Firm has been diligent in getting his case ready for trial on damages.  That's not an accurate statement.

Page 1 of 3

The fact is Boehm's first attorney entered appearance in this case in August 2005. (Docket 12).   Current counsel entered appearance in May 2006 and neither of Boehm's attorneys did anything in an attempt to prepare for Boehm's case.  (Docket 29).   Boehm has never exercised due diligence in preparing his case, no matter who his attorney was at the time.  (Docket 147).

Two things must be shown when moving to modify an existing scheduling order. Johnson v. Mammoth Recreation Inc., 975 F.2d 604 (9th Cir. 1992).  Second, the moving party must show due diligence.  Id.  at 609.   Due diligence can only be met by an affirmative showing that Boehm has diligently pursued all other discovery opportunities. Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 844 (9th Cir. 1994)  According  to  the Ninth Circuit, once the initial scheduling order has been entered, any party who moves to modify that order must show both good cause and due diligence.  Johnson, 975 F.2d at 609. The showing of diligence on the part of the moving party is so important that the Ninth Circuit held that "although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end."   Id. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Disregard of the order undermines the court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards the indolent and the cavalier ". Id.

Boehm says he needs more time to conduct further discovery and take deposition in light of facts and the identity of persons that only recently came to light or were only recently discovered.   That is a misrepresentation.   The fact is, the individuals whose

depositions Boehm wants to take this late in the game were identified in plaintiff's preliminary, final and expert witnesses list that were all filed long ago. (Docket 27, 50 & 51). The final witness list and expert list were timely filed in August 2006. Id. Boehm had discovery opportunities from at least August 2006 until the end of the extension period in January 2007. (Docket 116). Boehm failed to take advantage of those discovery opportunities. He has not diligently pursued prior discovery opportunities and his present motion is nothing more than an attempt to cause further delay.

Accordingly, the motion for further extension of discovery deadlines should be denied.

DATED this 26th day of February 2007.

_____/s/_____
Darryl L. Jones, Esq.
109 W. 6th Avenue, Suite 200
Anchorage, Alaska 99501
Tel: 907-278-1212
Fax: 907-278-1213
Email: lodj.federalnotices@yahoo.com
Ak.Bar.No. 8811188