**KENNER LAW FIRM, P.C.**
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 – fax

**WADE, KELLY & SULLIVAN**
733 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
(907) 561-7743
(907) 562-8977 - fax

Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) DEFENDANT JOSEF BOEHM'S REPLY TO |
| Plaintiff, | ) OPPOSITION TO MOTION FOR LEAVE TO |
| | ) FILE SUPPLEMENTAL MEMORANDUM OF |
| v. | ) POINTS AND AUTHORITIES IN SUPPORT |
| | ) OF OPPOSITION TO PLAINTIFF'S |
| Josef F. Boehm, Allen K. | ) SECOND MOTION FOR SUMMARY |
| Bolling, and Bambi Tyree, | ) JUDGMENT |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**CASE NO.: A05-0085 (JKS)**

I.   **INTRODUCTION AND ARGUMENT**

Plaintiff filed her Second Motion for Summary Judgment on December 14, 2006. The Motion was filed without the attached affidavits of Plaintiff and former defendant Bambi Tyree. Plaintiff omitted their attachment due to her desire to have them filed under seal. The affidavits were the sole support for the Motion. Even

1

without the inclusion of the affidavits, the statutory period continued to run to the detriment of Boehm.

Plaintiff argues that the reply did not raise any new issues and the material sought to be filed with the surreply was available long before his filed his opposition brief.

Plaintiff's argument ignores:

1. The fact that the affidavits supporting summary judgment were not received by Defense counsel until December 22, 2006 (eight days after filing);

2. The Motion was filed while Defense counsel was in Anchorage Alaska;

3. The statutory response period encompassed the Christmas and New years Holidays; and

4. The Supplemental Reply contains new argument and evidence not in the possession, custody or control of defense counsel at the time of the original opposition.

Boehm's supplemental brings forth additional evidence and contradictions in which to show disputable issues of material fact and inferences to be drawn from the statements made by Purser and Tyree in support of summary judgment.

**1. Recorded Transcript of Miranda Ditullio**

Ms. Ditullio submitted to a interview with Boehm's investigator Terry Shurtleff. Ms. Ditullio's statements raised new issues with respect to Purser's claims and further refuted any suggestion that Boehm provided drugs to Purser or had sex with Purser.

Ms. Ditullio's testimony further confirms the subject matter set forth in the declarations of Vince Blomfield and Tina Arndt.

2

In addition, Ms. Ditullio details Purser and Tyree's scam to keep Boehm high on "dirty crack" cocain and steal from him. Ms. Ditullio denied that Boehm provided drugs to Purser and details Tyree's blackmail of Boehm.

**2. Sworn Testimony of Dr. Jacobsen**

Plaintiff argues that Dr. Jacobsen's "sworn testimony" from the sentencing hearing was not recently obtained information. Conversely, Defense counsel did not retain the Sentencing Hearing audio discs from the court until mid December, 2006. The audio discs were then sent for transcribing. The portion of the transcript containing Dr. Jacobsen's testimony was not received by defense counsel until after the time in which to file the original opposition. *See Declaration of Brett A. Greenfield attached hereto and incorporated herein by this reference.*

Furthermore, Dr. Jacobsen's "sworn testimony" confirmed the substance of his report as used in Boehm's original opposition. Plaintiff's counsel on one hand argues that he has been sandbagged by the information, then on the other hand argues that he has known about the hearing all along.

**3. Declaration of Josef Boehm**

In response to Plaintiff's assertion that Boehm's responses to discovery are not sworn under penalty of perjury, Boehm submitted a declaration specifically denying each of the allegations set forth in the Affidavit of Purser and Tyree.

Plaintiff's counsel is well aware of the obstacles associated with preparing paperwork and having it viewed by Boehm while incarcerated approximately 150 miles away from defense counsel's office. The Scheduling and Planning Order identifies the challenges

3

facing counsel in attempting to furnish paperwork to Boehm and receive signed documents in a timely fashion.

The less than statutory time period allowed for Boehm's response to Summary Judgment as a result of Plaintiff counsel's late furnishing of Purser and Tyree's affidavits only complicated matters. Boehm must be allowed to specifically deny the false allegations brought against him in light of Plaintiff counsel's attempt to ignore his specific denials as set forth in his responses to written discovery.

### 4. Declaration of Terry Shurtleff

Mr. Shurtleff's declaration under penalty of perjury sets forth the circumstances under which his interviews were knowingly recorded, accurately recorded and accurately transcribed. Mr. Shurtleff's declaration does not testify to the truth or falsity of the statements made, only the circumstances under which they were made.

The declaration does not in any way undermine or challenge the subject matter of Plaintiff's arguments and was provided for the reasons set forth above.

### 5. Plaintiff's Expert Dr. Rose, Psychological Evaluation of Purser and Sally Purser Deposition Testimony

Additional comparisons of purser's deposition testimony to statements given to her own expert Dr. Rose reveal significant discrepancies and contradiction leading to a conclusion that inference must be drawn from present statements and genuine issues of material fact.

Again, Boehm was not provided the statutory time period in which to respond to Plaintiff's Motion for Summary Judgment and must be allowed to present applicable evidence which raises genuine issues of material fact and evidence that creates inferences to be drawn from

4

the allegations provided by Plaintiff. Certainly, her consistent inconsistency in her various versions of sexual allegations against boehm and others must be considered.

**II.  CONCLUSION**

Plaintiff is essentially asking ths Court to ignore relevant evidence creating multiple issues of material facts and inferences to be drawn from the allegations set forth by Purser and Tyree.

Boehm respectfully requests that this Court grant his motion and consider the evidence in support of his Opposition to Summary Judgment.

March 1, 2007                KENNER LAW FIRM, P.C.

                    By:_____/S/_____
                       David E. Kenner
                       California 41425
                       16000 Ventura Blvd.
                       Penthouse 1208
                       Encino, California 91436
                       David@kennerlaw.com
                       Telephone: (818) 995-1195


                    By:_____/S/_____
                       Brett A. Greenfield,
                       California 217343
                       16000 Ventura Blvd.
                       Penthouse 1208
                       Encino, California 91436
                       Brett@kennerlaw.com
                       Telephone: (818) 995-1195

5

REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL
OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT