KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 – fax

WADE, KELLY & SULLIVAN
733 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
(907) 561-7743
(907) 562-8977 - fax

Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) DEFENDANT JOSEF BOEHM'S REPLY TO |
| Plaintiff, | ) PLAINTIFF'S OPPOSITION TO SECOND |
| | ) MOTION FOR A CONFERENCE REGARDING |
| v. | ) SCHEDULING AND PLANNING |
| | ) |
| Josef F. Boehm, Allen K. Bolling, and Bambi Tyree, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) CASE NO.: A05-0085 (JKS) |

I. **INTRODUCTION AND ARGUMENT**

In opposition to Boehm's motion Plaintiff merely argues that Boehm's counsel have not been diligent and that they have failed to take advantage of their opportunities.

**A. Response To The Court's November 9, 2006 Order**

Upon receiving the Court's November 9, 2006 Order, Boehm's counsel immediately propounded written discovery the very next day and scheduled depositions of Plaintiff and witness Erin Axt.

1

Mr. Boehm's attempted to propound relevant written discovery regarding Plaintiff's named witnesses only to be met with evasive answers and further suggestion by Plaintiff's counsel that Boehm should already know the information that the witnesses will testified to.

In response, Boehm filed a Motion to Compel. Boehm anticipates gaining relevant information from appropriate responses in which to further his discovery efforts.

Upon receiving the Court's November 9, 2006 Order, Boehm immediately attempted to arrange and complete a psychological evaluation of Plaintiff in order to properly depose her expert and fairly evaluate claims of liability and damages.

Boehm went so far as having his expert travel to Anchorage in order to conduct the evaluation during the week in which Plaintiff submitted to her deposition. Plaintiff's counsel raised further discovery hurdles and denied the request.

In response, Boehm filed a Motion to Compel. Boehm anticipates that he will be allowed to conduct such an evaluation and conduct a deposition of Plaintiff's expert based on the findings.

**B. Newly Discovered Witnesses and Facts**

Through discovery, specifically the deposition of Plaintiff and statements by newly found witnesses as well as existing witnesses, Boehm learned that Purser has a prolonged history of drug abuse pre-dating her alleged relationship with Boehm. Discovery also revealed that Purser knew and obtained her drugs from multiple sources including her mother Kathleen Purser and Bambi Tyree and a myriad of pimps and drug dealers throughout

2

1 Anchorage.

2 Purser actively engaged in a plot to steal from Boehm while
3 keeping him high on drugs. Certainly, Boehm must be allowed to
4 conduct further discovery in order to further develop the findings.

5 Through discovery, specifically the deposition of Plaintiff,
6 Boehm learned of a multitude of individuals for whom Purser
7 acquired drugs from in exchange for underage sex. These individuals
8 contribute to her claimed damages including but not limited to
9 "crack" cocain addiction. Said individuals include but are not
10 limited to Jay Whaley, Jay Harrison, Carl Bucher, Bambi Tyree and
11 Kathleen Purser.

12 Further discovery will likely lead to more individuals with
13 whom Purser obtained and used drugs with. This is relevant to show
14 the truth behind her addiction, those who are responsible for it
15 and the percentage of fault with respect to her liability and
16 damage claims.

17 The aforementioned individuals are needed to be brought in as
18 third party cross-defendants in order that liability and damages,
19 if any be fairly apportioned.

20

**C. The Factual Basis Of Plaintiff's case law Is Not Relevant To The Instant Action**

22

23 In her opposition, Plaintiff relies on *Johnson v. Mammoth*
24 *Recreation, Inc., 975 F.2d 604 (9th Cir. 1992)* in opposing Boehm's
25 reasoning for a modification of the Scheduling Order.

26 *In Johnson*, The district court considered Johnson's motion to
27 amend his Complaint for his failure to name proper parties and
28 failure to name said parties within the time period set forth in

3

1 the Scheduling Order. The Court found that Johnson had failed to
2 establish the "extraordinary circumstances" that would merit
3 joinder of a party after the Scheduling Order's joinder cut-off
4 date. It also found that the complaint failed to allege any theory
5 of liability by which Mammoth Recreations might be liable.
6 Accordingly, it granted summary judgment in Mammoth Recreations's
7 favor.

8     The facts relied upon in Plaintiff's citation have no bearing
9 nor relevancy to the instant action. Boehm moves this Court based
10 on newly found discovery and statements which lead to a factual
11 basis in which to defeat Purser's liability claims and spread the
12 percentage of fault as it relates to Purser's perceived damages. In
13 addition, it is Plaintiff's counsel that has prevented discovery
14 from moving forward through the presentation of clearly evasive
15 discovery responses and a refusal to allow for appropriate
16 evaluations in order to take relevant depositions.

17     Boehm moves this Court in good faith and in an attempt to gain
18 relevant discovery for the aforementioned claims. Furthermore,
19 Boehm has been extremely transparent with regard to his intentions
20 and with regard to the new information procured. All of the new
21 witnesses and information have been shared with Plaintiff's counsel
22 in a timely fashion.

## II. **CONCLUSION**

    For the foregoing reasons, defendant respectfully requests that this Court grant his motion and order a conference regarding scheduling and planning.

DATED:   March 8, 2007          KENNER LAW FIRM

                                By:_____/s/_____
                                    David E. Kenner
                                    California 41425
                                    16000 Ventura Blvd.
                                    Penthouse 1208
                                    Encino, California 91436
                                    David@Kennerlaw.com
                                    Telephone: (818) 995-1195


                                By:_____/s/_____
                                    Brett A. Greenfield
                                    California 217343
                                    16000 Ventura Blvd.
                                    Penthouse 1208
                                    Encino, California 91436
                                    Brett@Kennerlaw.com
                                    Telephone: (818) 995-1195