IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SALLEY C. PURSER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JOSEF F. BOEHM,<br><br>　　　　　Defendant. | Case No. 3:05-cv-00085-JKS<br><br>O R D E R |

　　　　Plaintiff seeks monetary damages from Defendant for violation of her civil rights. Docket No. 6 (Amended Complaint). Currently pending before this Court is Plaintiff's motion for summary judgment. Docket Nos. 123 (motion); 124 (memorandum); 130 (opp'n); 140 (reply); 145 (memorandum); 160 (sealed affidavit in support of motion); and, 161 (sealed affidavit in support of motion). Before ruling, the Court must address the Plaintiff's motion to strike unauthorized sur-reply (Docket No. 154) and Defendant's motion for leave to file supplemental brief (Docket No. 175. In addition, numerous disputes relating to discovery have arisen. *See* Docket Nos. 141 (Motion to Compel Psychiatric Examination of Plaintiff); 144 (Motion for Sanctions); 162 (Motion to Compel Responses); 173 (Motion to Compel Discovery).

**I.　　Motion to Strike Supplement (Plaintiff) (Docket No. 154) and Motion for Leave to File Supplemental Brief (Defendant) (Docket No. 175)**

　　　　After Plaintiff filed her Reply and Memorandum (Docket Nos. 140; 145) to her Motion for Summary Judgment at Docket No. 123, Defendant filed a Supplemental Opposition at Docket No. 151. Plaintiff quickly moved to have this document, an "unauthorized surreply", striken from the record as a violation of Local Rule 7.1(h). Docket Nos. 154 (motion); 155 (memorandum).

Defendant opposes the motion. Docket Nos. 182 (opp'n); 183 (declaration). Plaintiff is correct that supplemental briefs may not be filed without leave of the Court. *See* D. Ak. LR 7.1(h)(1). Therefore, the motion at **Docket No. 154** is **GRANTED**.

Subsequently, however, Defendant properly moved to file supplemental materials. Docket Nos. 175 (motion); 177 (declaration); 188 (opp'n); 194 (reply). The Court does not automatically grant motions to file supplemental materials. *See* D. Ak. LR 7.1(h)(2)(B). In considering whether to allow a party to file a supplemental brief, the Court will consider "whether the material was available to the party when briefs were due," and also "whether the pertinence of the material was established at the times for briefing." *Id*. In opposing summary judgment, Defendant presents numerous exhibits, including: Mr. Boehm's discovery responses (Docket No. 130, Exhibit B); a medical evaluation of Mr. Boehm, prepared following his arrest in 2003 by Dr. Gary Jacobsen, M.D. (*Id*., Exhibit E); and, a transcript of a statement made by Ms. Purser to an investigator for Mr. Boehm's criminal defense lawyer in June of 2004 (*Id*., Exhibit F).

Defendant requests leave to file a supplemental brief in opposition to the motion for summary judgment based upon newly obtained transcripts, sworn declarations, and sworn testimony, namely the following: recorded transcript of Miranda Detullio; sworn testimony of Dr. Jacobsen; declaration of Mr. Boehm; declaration of Terry Shurtleff (the investigator for Mr. Boehm's criminal defense lawyer); and the psychological evaluation of Plaintiff prepared by Dr. Rose. Docket No. 175. The Defendant emphasizes that the Court had not yet ruled on whether to allow Plaintiff's supporting documents be filed under seal at the time when Defendant's response to the summary judgment motion was due.

It appears that some of the requested supplemental materials were available to the Defendant at the time the response in opposition to the motion for summary judgment was filed. Ms. Detullio's interview with investigator Shurtleff was recorded June 1, 2004. Similarly, the report of Dr. Rose, Ph.D., Plaintiff's expert, was provided to Plaintiff in January of 2006 and docketed in this case on August 14, 2006 (Docket No. 51). In addition, the other documents submitted as "new" are sworn statements and declarations that appear designed to "cure" the numerous unsworn statements that were submitted in support of the opposition to the motion for summary judgment. Finally,

ORDER on Pending Motions at Docket Nos. 141, 144, 154, 162, 173, 175, 186.

neither the submitted supplemental materials, nor the proposed surreply, are responsive to arguments made for the first time in Plaintiff's reply.  *See Lewis v. Rumsfeld*, 154 F.Supp. 2d 56, 61 (D. D.C.) (2001) ("The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply.").  Accordingly, the motion at **Docket No. 175** is **DENIED**.

## II.  Motion to Compel Psychiatric Examination of Plaintiff (Docket No. 141)

The Defendant asks the Court to compel Plaintiff to submit to a psychiatric examination by his expert, Dr. Mark Mills, J.D., M.D.  Docket No. 141.  This motion is opposed (Docket No. 157) and Defendant has replied (Docket No. 179).

Defendant seeks an evaluation by his own expert because Plaintiff has placed her mental state at issue.  Defendant believes he is entitled to his requested discovery pursuant to Fed. R. Civ. P. 35.  Plaintiff counters that she has already submitted the psychological evaluation performed by her own expert, Dr. Michael Rose, Ph.D.  In addition, she contends the motion should be denied because Defendant late-filed his expert designations at Docket No. 116 on November 30, 2006, which Plaintiff believes were due October 1, 2006, according to the Scheduling and Planning Order contained at Docket No. 26, and amended by the Court at Docket No. 116.  Finally, Plaintiff asks that if the Court does grant the motion to compel, that the Court appoint an independent expert to conduct the exam and delineate the scope of the examination.

## III.  Motion for Sanctions (Plaintiff) (Docket No. 144)

Plaintiff moves for sanctions under Local Rule 37.1.  Docket Nos. 144 (motion); 146 (affidavit of counsel); 148 (memorandum).  Defendant has responded.  Docket No. 167.

Counsel for Plaintiff states that counsel for Defendant has not disclosed Fed. R. Civ. P. 26 information and has not filed preliminary or final witness lists.  Further, at Plaintiff's deposition on December 12, 2006, counsel for Defendant made use of Plaintiff's grand jury testimony from 2004 and a transcript of a recorded interview conducted by Investigator Terry Shurtleff.  Plaintiff's counsel claims that he was "sandbagged" by this and requests that the entire deposition be stricken from the record.  Counsel for Defendant responds that the materials used at Plaintiff's deposition were for impeachment purposes and, thus, not subject to disclosure under Fed. R. Civ. P.

ORDER on Pending Motions at Docket Nos. 141, 144, 154, 162, 173, 175, 186.

26(a)(1)(B).  Likewise, counsel for Defendant indicates that Plaintiff has not been prejudiced because no trial date has been set.

### IV.  Motion to Compel Responses to Discovery Requests (Defendant) (Docket No. 162)

Defendant moves to compel responses to discovery requests.  Docket Nos. 162 (motion); 163 (affidavit of counsel).  Plaintiff has responded in opposition.  Docket No. 171.

The Defendant believes that Plaintiff's responses to his November 10, 2006, discovery requests were incomplete and evasive, and implores the Court to compel answers under Fed. R. Civ. P. 33(b)(5) and 37(a).  He affies that good faith efforts to proceed without court intervention were made.  Docket No. 163, Exhibit C (copy of letter faxed on January 22, 2007).  He requests attorney fees, as allowed under Fed. R. Civ. P. 37(a)(4)(A), in the amount of $4,200.  Counsel for Plaintiff argues that a good faith effort to meet and confer requires more than faxing a letter two days prior to filing a motion to compel, and also points out that Defendant's motion is deficient under Local Rule 37.1 (no good faith certificate attached).  He, too, would like attorney fees—in the amount of $1,425, for having to oppose a frivolous motion.

### V.  Motion to Compel Discovery (Plaintiff) (Docket No. 173)

Plaintiff also moves to compel answers to her first, second, and third discovery requests.  Docket No. 173.  Defendant has responded at Docket No. 190.  In particular, Plaintiff seems to be seeking financial records of Defendant within the last five years in order to calculate a reasonable punitive damage request.  In the alternative, Plaintiff is amenable to this motion being denied without prejudice to its renewal, depending on the outcome of her pending motion for summary judgment.  Docket No. 173, at 4.

### VI.  Motion for Hearing (Defendant) (Docket No. 186)

The Defendant makes a second motion for hearing regarding scheduling and planning.  Docket No. 186.  It, too, is ripe.  Docket Nos. 192 (opp'n); 197 (reply).  A consistent source of contention between the parties seems to be the Scheduling and Planning Order at Docket No. 26, which is based in part on the Scheduling and Planning Conference Report submitted by the parties at Docket No. 25.  Counsel for Defendant has previously pointed out that he was not a party to the original conference; thereafter, the Court *sua sponte* amended the close of discovery date.  *See*

ORDER on Pending Motions at Docket Nos. 141, 144, 154, 162, 173, 175, 186.

Docket No. 116.  Now, counsel for Defendant voices his belief that a Scheduling and Planning Conference is necessary.  It would be the Court's preference at this time if the parties would meet and confer and submit an updated joint discovery plan.  It may be in the form of the document at Docket No. 25.  If the parties are unable to work together, than they may each submit their own proposed discovery plan, which the Court will finalize.

**IT IS THEREFORE ORDERED**:

The Motion at **Docket No. 154** is **GRANTED**.  The supplemental memorandum and declaration at **Dockets No. 151** and **152** shall be **STRICKEN**.  The Motions at **Docket Nos. 173** and **175** are **DENIED.**  All of the additional pending motions, **Docket Nos. 141, 144,** and **162** related to discovery are **DENIED** without prejudice to their renewal.  The Motion for Hearing Regarding Scheduling and Planning Conference at **Docket No. 186** is **DENIED**.  The parties' updated discovery plan(s) is/are due **Friday, April 6, 2007**.  The Court's decision and order on the Motion for Summary Judgment at Docket No. 123 will follow in a separate order filed under seal.

Dated at Anchorage, Alaska, this 23rd day of March, 2007.

    /s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER on Pending Motions at Docket Nos. 141, 144, 154, 162, 173, 175, 186.