1  **KENNER LAW FIRM, P.C.**
   **David E. Kenner, SBN 41425**
2  **Brett A. Greenfield, SBN 217343**
   **16000 Ventura Boulevard, PH 1208**
3  **Encino, CA 91364**
   **818 995 1195**
4  **818 475 5369 – fax**

5  **WADE, KELLY & SULLIVAN**
   **733 W. 4ᵗʰ Avenue, Suite 200**
6  **Anchorage, Alaska 99501**
   **(907) 561-7743**
7  **(907) 562-8977 - fax**

8  **Attorney for Defendant Josef F. Boehm**

9              **IN THE UNITED STATES DISTRICT COURT**

10                    **DISTRICT OF ALASKA**

11

12  **Sally C. Purser,**                    )
                                            ) **MEMORANDUM OF POINTS AND**
13            **Plaintiff,**                ) **AUTHORITIES ON MOTION FOR**
                                            ) **RECONSIDERATION RE: SUMMARY**
14            **v.**                        ) **JUDGMENT**
                                            )
15  **Josef F. Boehm, Allen K.**            )
    **Bolling, and Bambi Tyree,**           )
16                                          )
            **Defendants.**                 )
17                                          )
                                            ) **CASE NO.: A05-0085 (JKS)**
18  _____        )
                                            )
19            MEMORANDUM OF POINTS AND AUTHORITIES

20  **I.  Introduction**

21       Defendant Boehm requests that the court reconsider its order

22  granting summary judgment on the issue of liability.  Boehm has

23  been acting under good faith and has tried diligently to provide

24  the court with all necessary evidence to contest the claims of

25  Plaintiff Purser.

26       On March 23, 2003, this court granted summary judgment

27  regarding liability.  The court reasoned that Purser had provided a

28                                    1

sworn statement which stated, "In exchange for the crack cocaine that Mr. Boehm provided to me, he demanded that I perform sexual acts on him, his male companions, as well as on other young girls and woman [sic] for his self gratification." *Order Granting Summary Judgment, page 4.*

The court held that these claims were not contested because "Boehm has not filed an affidavit or submitted a deposition in which he denies under oath that Sally Purser performed sexual acts at his request in return for crack cocaine." *Id. at 5.* However, the exact affidavit the court states is lacking was filed by counsel in a supplemental brief.

Plaintiff Purser intentionally omitted affidavits, relied on by this court, in her summary judgment motion. As a result, Boehm's counsel was significantly hindered in obtaining a signed affidavit from Boehm denying the claims in Purser's affidavits.

Defendant Boehm respectfully requests that the court reconsider its decision of March 23, 2003, and deny summary judgment on the issue of liability.

**II.   Argument**

**A.   Authority for motion for reconsideration.**

FRCP rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. Reconsideration of an order on a motion for summary judgment is appropriate when (1) the court is presented with newly discovered evidence; (2) the court committed clear error; (3) there is an intervening change in controlling law; or (4) **other highly**

2

**unusual circumstances exist.** (emphasis mine). *Nail v. Brazoria County Drainage Dist*, 992 F.Supp. 921, 925 (S.D. Tex. 1998).

> **B. Plaintiff's deliberate withholding of affidavits severely prejudiced Defendant Boehm. Because of Boehm's incarceration, he was unable to properly respond creating a highly unusual circumstance in which Boehm was denied his right to properly deny Purser's claims.**

Plaintiff filed her Second Motion for Summary Judgment on December 14, 2006. The Motion was filed without the attached affidavits of Plaintiff and former defendant Bambi Tyree. Due to her desire to have the affidavits filed under seal, Plaintiff Purser omitted the affidavits. The affidavits were the sole support for her Motion. Even without the inclusion of the affidavits, the statutory period continued to run to the detriment of Boehm.

Affidavits supporting summary judgment were not received by Defense counsel until December 22, 2006 (*eight days after filing*). Thus, denying defense counsel the opportunity to respond with a signed affidavit from Boehm.

Plaintiff's counsel is well aware of the obstacles associated with preparing paperwork and having it viewed by Boehm while incarcerated. Mr. Boehm is incarcerated approximately 150 miles away from defense counsel's office. In order for counsel to meet with Mr. Boehm, they must spend upwards of five hours in driving time and an hour of processing time to see Mr. Boehm for a few hours per visit. Further, visiting hours are limited to two days

MEMORANDUM OF POINTS AND AUTHORITIES ON MOTION TO RECONSIDER RE: SUMMARY JUDGMENT

1  per week. This court has recognized these challenges in it

2  scheduling and planing order.

3       With this knowledge, Plaintiff's counsel intentionally filed

4  his motion for summary judgment while Defense counsel was in

5  Anchorage Alaska performing needed depositions.  Defendant Boehm

6  was further prejudiced because the statutory response period

7  encompassed the Christmas and New Years Holidays making visits

8  extremely difficult.

9       The actions of Purser's counsel are, at best, questionable

10 and do not comport with notions of fair play.

11      **C.   Defendant Boehm signed an affidavit denying all claims**

12          **made by Plaintiff Purser and Bambi Tyree.**

13      Boehm has created genuine disputes of material facts through

14 his signed January 15, 2006 affidavit.  In this affidavit, Boehm

15 denied all claims made by Plaintiff Purser and Bambi Tyree.

16 Boehm's affidavit is attached and marked Exhibit A.  This affidavit

17 was included in a supplemental motion to Boehm's Opposition to

18 Summary Judgment.  Docket No. 152.  This supplemental motion was

19 denied because the court ruled that this evidence was available at

20 the time of the filing of the first motion in opposition to summary

21 judgment.  Although the affidavit was technically available, it was

22 constructively impossible to obtain through due diligence of

23 Defense Counsel because of Plaintiff Counsel's actions mentioned

24 above.

25      Boehm's January 15, 2006 affidavit should be considered by

26 this court.

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES ON MOTION TO RECONSIDER RE:
SUMMARY JUDGMENT**

1      **D.   Boehm denied all claims made by Plaintiff Purser in his**

2      **discovery responses.**

3      Boehm has created genuine disputes of material facts through

4   his responses to discovery requests.  Although this court has ruled

5   that mere denials under oath in conclusory terms of requests for

6   admission is not equivalent of an affidavit, Boehm should be

7   allowed in this situation to rely on the denials in the discovery

8   requests.

9      Defendant Boehm was not allowed the full amount of time to

10  respond to Plaintiff Purser's accusations because of the willful,

11  deliberate, and questionable actions of Purser's attorney.  Thus,

12  an unusual circumstance exists where Boehm should be allowed to

13  rely on his responses to Purser's discovery requests to create

14  genuine disputes of material facts.

15

16  **III.   Conclusion**

17      Plaintiff Purser should not be allowed to withhold

18  affidavits, knowing that it will severely prejudice Defendant

19  Boehm, and then submit them at the eleventh hour.  For the

20  aforementioned reasons, Defendant Boehm respectfully requests this

21  court reconsider its March 23, 2007 ruling and deny summary

22  judgment.

23

24

25

26

27

28
                                    5

1

        DATED this 4th day of April, 2007 at Encino, California.

2

3                                    KENNER LAW FIRM

4
                                 By:_____/s/_____
5                                    David E. Kenner
                                     California 41425
6                                    16000 Ventura Blvd.
                                     Penthouse 1208
7                                    Encino, California 91436
                                     Telephone: (818) 995-1195
8

9                                By:_____/s/_____
                                     Brett A. Greenfield
10                                   California 217343
                                     16000 Ventura Blvd.
11                                   Penthouse 1208
                                     Encino, California 91436
12                                   Telephone: (818) 995-1195

13

14

15

16

17

18    _____

19

20

21

22

23

24

25

26

27

28
                                        6

**MEMORANDUM OF POINTS AND AUTHORITIES ON MOTION TO RECONSIDER RE:
SUMMARY JUDGMENT**