Darryl L. Jones, Esq.
905 Photo Avenue
Anchorage, AK 99503
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| Josef F. Boehm, et al., | ) ) |
| Defendants. | ) ) |
| | ) **Case No. A05-0085 CV (JKS)** |

**OPPOSITION TO MOTION FOR LEAVE
TO FILE A THIRD PARTY COMPLAINT**

After discovery has closed and after summary judgment on liability was entered in favor of plaintiff, Boehm seeks to file a third party complaint. In doing so he says that 10 known and 50 unknown individuals are liable for any damages he must pay to the plaintiff. (Boehm's Memorandum, p. 3, listing named individuals and John Does 1-50). In reading the proposed third party complaint, Boehm seeks contribution from the various individuals he has identified and those who he speculates must be out there and must be liable to him in some way. Boehm's motion is nothing more than a bad faith, tactical move designed to overcome summary judgment, create delay, and cause prejudice to the plaintiff. Because the prejudice to the plaintiff far exceeds any prejudice to Boehm and for the reasons stated herein, the motion should be soundly denied.

1

Boehm relies on Rule 14 of the Federal Rules of Civil Procedure and cases such as Southwest Admin., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986) to support his request. His reliance on that authority is woefully misplaced because in Johnson v. Mammoth Recreations, 975 F.2d 604 (9th Cir. 1992) the Court of Appeals held that once the Court's scheduling order has been entered Rule 15 and Rule 14 of the Federal Rules of Civil Procedure do not control when a third party complaint may be filed. Id., at 607. Because a pretrial scheduling order was entered on November 10, 2005 (Docket 26), it is Rule 16 that controls. See Johnson, 975 F.2d at 607. In this case, it is Local Rule 16.1(c) that controls.

Boehm's reliance on Southwest Admin is also misplaced because in that case leave to file a third party complaint was denied and the denial was affirmed on appeal. Id., at 777. In affirming the decision, the Ninth Circuit noted that it was not an abuse of discretion to deny a third party complaint where it will disadvantage the existing action. Id., (citing *6 C. Wright & A. Miller, supra § 1443, at 210*). Moreover, the Ninth Circuit found the movant was not prejudiced because an independent action had been filed for contribution. Id., fn. 4.

In compliance with the customary practices of Boehm's counsel, plaintiff is being blamed for any delay with regard to Boehm's belated third party complaint. (Boehm's Memorandum, pp. 1-2). Every time Boehm misses a deadline or makes a tactical mistake in this case, his counsel blames the plaintiff in one way or another. Apparently, no one on the defendant's side of this case is ready willing or able to accept responsibility for their own action or inaction. To be clear, plaintiff did not sit on Boehm's right to pursue discovery, Boehm did. Plaintiff did not failed to read the box of documents from Boehm's criminal case, Boehm's counsel did. Plaintiff did not fail to interview Boehm, Boehm's counsel did. Moreover, it is Boehm who continues to file motions aimed primarily at causing delay and who continually uses the same excuse over

and over to justify inaction or lack of diligence. The third party complaint is nothing more than another attempt on the part of Boehm to blame everyone else except himself for his intentional conduct. He tried to paint himself as a victim in his criminal case, and he now tries to paint himself as a victim in the instant case. This Court should put a stop to Boehm's bad faith strategy and it should do so decisively by denying the third party complaint and setting this matter for trial on damages.

The scheduling order entered on November 10, 2005 required that any amendments or third party complaints had to be filed within 90 days before the close of discovery. (Docket 26, p. 3). Local Rule 16.1 says that motion to amend pleadings must be filed within 60 days after entry of the scheduling order. All of those dates have long passed and summary judgment on liability has now been entered against Boehm.

In determining whether to permit a third-party complaint, a court's consideration should include "'(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted.'" <u>Murphy v. Keller Indus., Inc</u>., 201 F.R.D. 317, 320 (S.D. N.Y. 2001). "Unreasonable delay by a defendant in seeking to implead a third-party, especially when the delay causes prejudice to the plaintiff or when the defendant fails to offer a valid excuse for the delay, may serve as an appropriate basis for dismissal of the third-party complaint." <u>Blais Constr. Co., Inc. v. Hanover Square Assocs.-I</u>, 733 F. Supp. 149, 158 (N.D.N.Y. 1990). If the movant fails to offer a reasonable explanation for its delay, a court will "assume that there is no legitimate excuse and that the defendant has simply moved in a dilatory fashion." <u>Id</u>.

Here, Boehm has not offered any legitimate excuse for the delay, late filing of the third party complaint will complicate the trial and the prejudice to the plaintiff far exceeds any prejudice to Boehm.  If Boehm really believes there are third parties out there that are liable for contribution or indemnity he can file an independent action against them.  If he really wants to pay his attorneys to pursue frivolous and unnecessary litigation, he should do that as an independent action, and not as a bad faith tactical move designed to cause delay and prejudice to the plaintiff.  For the reasons stated herein, the motion for leave to file a third party complaint should be denied and the proposed third party complaint should be stricken from the court's file.

DATED this 4th day of May 2007.

_____/s/_____
Darryl L. Jones, Esq.
905 Photo Avenue
Anchorage, Alaska 99503
Tel: 907-278-1212
Fax: 907-278-1213
Email: lodj.federalnotices@yahoo.com
Ak.Bar.No. 8811188