IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SALLY C. PURSER,<br><br>      Plaintiff,<br><br> vs.<br><br>JOSEF F. BOEHM,<br><br>      Defendant. | Case No. 3:05-CV-00085- JKS<br><br><br>O R D E R |

  In this Order, the Court will address Defendant Boehm's Motion to Reconsider (Docket No. 201), Defendant Boehm's Motion for Third Party practice (Docket No. 209), and both parties' recently submitted status reports (Docket Nos. 204; 206).

**Factual Background**

  Joseph F. Boehm plead guilty to charges of conspiracy to commit crimes of sex trafficking of children, and conspiracy to distribute controlled substances to persons under 21 years of age. *See United States v. Boehm*, 3:04-cr-00003-JWS, Docket No. 779 (Judgment, dated May 15, 2005). The Judgment identifies the violated statute as 18 U.S.C. § 371(conspiracy) and identifies the conspiracy as sex trafficking of children, which is identified in the plea agreement as a violation of 18 U.S.C. § 1591(a)(1). In addition, the Judgment references 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 859(a) (furnishing contraband to minors). In his plea agreement, Boehm made the following admissions:

> Beginning at some exact date unknown but at least between in or about late 2001, and continuing until at least December 22, 2003, both dates being approximate and inclusive, the defendant Josef F. Boehm and others, including Allen K. Bolling, a/k/a "Foul Al", Leslie J. Williams, Jr., and Bambi Tyree, agreed to distribute cocaine and cocaine base to persons

under 21 years of age. During the period of the conspiracy, Josef F. Boehm, Bolling, Williams, Tyree and other members of the conspiracy distributed cocaine and cocaine base to persons between the ages of 13 and 21, as well as others over the age of 21.

Boehm bought cocaine and cocaine base from Williams, Bolling, and others. Tyree introduced Boehm to Williams and Bolling for purpose [sic] of them selling cocaine base to Boehm. Boehm personally distributed between 50 and 150 grams of the cocaine base that he purchased from Williams, Bolling, and others to persons Boehm knew were between the ages of 13 and 21, as well as others over the age of 21. [. . .]

Beginning in late 2001 and continuing until December 22, 2003, Boehm conspired with Bolling, Williams, and Tyree to recruit persons under 18 ("juveniles") to engage in sexual acts. The juveniles were recruited by offering them cocaine, which was manufactured outside Alaska and effected interstate commerce. The following juveniles were knowingly recruited by the defendants to engage in sex: S.P., . . . . These juveniles had sex with one or more of the defendants, and received money and/or controlled substances from the defendants. The defendants knew the juveniles ages when they recruited the juveniles. To effect the purposes of the conspiracy, the defendant [presumably Boehm] purchased cocaine and distributed cocaine to one or more juveniles, including S.P., in or about the fall of 2001.

Docket No. 123, Exhibit 1, pp. 24-25. (Plea Agreement in United States v. Boehm, 3-04-cr-00003-JWS) [matter in brackets supplied].

In his plea agreement, Boehm agreed to transfer the sum of $1,217,700 to a trust for the benefit of his victims. The victims are identified in the plea agreement as S.P., E.A., J.M., K.W., L.H., C.R., L.B., and M.D. *Id.*

Sally Purser brought this action pursuant to 18 U.S.C. § 1595, which gives victims of violations of 18 U.S.C. § 1591 a private right of action in United States District Court to recover damages and reasonable attorney fees. Consequently, this Court has jurisdiction over this action.

**Procedural Background**

Based solely on the plea agreement and resulting judgment of conviction, Purser moved for summary judgment against Boehm as to liability. Docket No. 34. Boehm opposed the motion. Docket No. 43. This Court denied the motion, reasoning that while Boehm was subject to res judicata and collateral estoppel as to facts necessary to support the criminal judgment and that the admissions in his plea agreement were admissible against him, the admissions were not conclusive and thus, the judgment did not, standing alone, establish liability. Docket No. 116.

Purser then renewed her motion for summary judgment, supported by her affidavit and the affidavit of Bambi Tyree elaborating on her claims against Boehm. Docket Nos. 123 (motion); 160 (Purser affidavit, SEALED DOCUMENT); 161 (Tyree affidavit, SEALED DOCUMENT). In her

ORDER

submission Purser makes it clear that she is the S.P. identified as a victim in Boehm's plea agreement.

Boehm opposed the motion. Docket No. 130. His opposition generally attacked Purser's credibility, suggested that others were more responsible for her degradation than he was, and suggested that during the times identified in his plea agreement he was so intoxicated on drugs and alcohol that he could not knowingly or intentionally perform the acts to which he had plead. He hinted that he was thinking of seeking post conviction relief on this basis. Docket No. 130, pg. 20, fn 1. The Court rejected Boehm's opposition. Docket No. 199. It concluded that Boehm's plea established that he was competent to perform the acts to which he plead, and that hints about post conviction relief were irrelevant. The Court noted that Boehm had filed affidavits from friends who testified that they had never seen Boehm give Sally Purser drugs or engage in sexual acts with her, but had not filed his own affidavit. The Court, therefore, granted Purser summary judgment on liability. Docket No. 200.

**Motion for Reconsideration (Docket No. 201)**

Boehm brings an untimely motion for reconsideration. Docket Nos. 201 (motion); 202 (memorandum). *See* D. Ak. LR 59.1(b)(1) (motions for reconsideration must be filed no later than five (5) days from the entry of the order). The Order in dispute granting partial summary judgment was entered March 23, 2007, and the Motion for Reconsideration was filed April 4, 2007. Boehm's lawyer attaches a declaration in which Boehm goes through the affidavits of Purser and Tyree and denies each paragraph except where his denial is on information and belief. Docket No. 202. The apparent inconsistency between this declaration and the admissions in the plea agreement is not explained. Most specifically, Boehm did not clearly and unequivocally state: (1) I know Sally Purser, the Plaintiff in this action; (2) during the period 2001 to 2004, she never performed fellatio on me; (3) during the period 2001 to 2004, I never performed cunnilingus on Sally Purser; (4) the S.P. named in my plea agreement as a victim of my crime is not Sally Purser it is [setting out the true name of the victim identified]; and, (5) Sally Purser, the Plaintiff in this action, is not a beneficiary of the restitution trust I set up to compensate the victims of my crimes.

ORDER

Thus, it is not true that Boehm's declaration supplies the deficiency that this Court earlier noted. Had Boehm filed a declaration containing the explicit denials identified by this Court, he would have squarely met the allegations of Purser's complaint and established the existence of disputed issues of material fact. As it is, the Court is not satisfied that Boehm truly denies exchanging cocaine for oral sex with Purser. His declaration, drafted by an attorney, appears to be mere quibbling and is open to the interpretation that if Boehm disagrees with any statement or inferences that may be drawn from any statement he may in good faith "deny" the entire paragraph even though he concedes in substance that on one or more occasions he provided Sally Purser crack cocaine in return for oral sex. Thus, unless Boehm is prepared to state categorically that he never engaged in any form of oral sex with Purser and in return, either personally or through an agent, furnished her money or controlled substances, and explain the inconsistency between any such denials and the admissions in his plea agreement, the Court is not prepared to find the existence of material facts and grant the untimely motion for reconsideration. The Motion at **Docket No. 201** is **DENIED**.[1]

### Motion for Third Party Practice (Docket No. 209)

In his plea agreement Boehm identifies some of the men and women who were his co-conspirators. He now brings a motion pursuant to Fed. R. Civ. P. 14 seeking to implead these individuals, as well as a laundry list of other men and women, arguing that these other people share any responsibility Boehm may have for Sally Purser's damages. Docket No. 209. The motion is opposed. Docket No. 212. Boehm has replied. Docket No. 214.

Rule 14 permits joining parties that are liable to the third party plaintiff for any damages he or she may owe the original plaintiff. The liability is derivative, not direct. Thus, a defendant cannot implead someone on the theory that he is liable to the plaintiff, he must be liable to the defendant bringing the third party claim. Rule 14 does not create liability, it simply provides a

---

[1] While Boehm's admissions are admissible against him, Chief Judge Sedwick's findings of fact are not. *See United States v. Sine*, --F.3d--, 2007 WL 1247043 (9th Cir. May 1, 2007).

ORDER

procedure for implementing substantive rights that separately exist.  In determining substantive law as a trigger for the Rule 14 procedure, one must examine the plaintiff's cause of action.

In this case, Purser is suing based upon a federal statute giving victims of child sexual trafficking a private right of action in federal court.  It is not contended that any of the putative third party defendants have expressly agreed to indemnify Boehm against Plaintiff's claims or that he, having already paid those claims, is entitled to subrogation.  It appears that Boehm is relying on the theory that each of the putative third party defendants is a joint tortfeasor from whom he is entitled to seek contribution.  Initially, we must look to 18 U.S.C. § 1595 to see if Congress expressly provided a right of contribution.  No such allowance exists.  We must then evaluate any legislative history in light of the common law.  No specific case decisions address this issue; however, the Supreme Court has addressed an implied right of contribution under similar statutes and consistently rejected such a right.  *See e.g., Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630 (1981) (antitrust co-conspirators); *Northwest Airlines Inc. v. Transport Workers*, 451 U.S. 77 (1981) (violators of the Equal Pay Act and Title VII).  Lower courts have applied this reasoning to other federal statutes.  *E.g., Kim v. Fujikawa*, 871 F.2d 1427 (9th Cir. 1989) (ERISA trustees sued for breach of fiduciary duty); *but see, Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12 (2d Cir. 1991) (contra), *and, Boone v. Beacon Bldg. Corp.,* 613 F. Supp. 1151 (D. N.J. 1985) (RICO co-conspirators).  The Court is satisfied that Congress did not intend to permit this Court to recognize a right of contribution in actions brought under 18 U.S.C. § 1595.

The Court recognizes that Purser has also brought a supplemental claim under state law.  Docket No. 6 (Amended Complaint).  The question is whether Boehm has a right to contribution as to any damages awarded Purser on her state law claim.  This question is problematical.  First, Alaska has abolished contribution among joint tortfeasors.  *Carriere v. Cominco Alaska, Inc.*, 823 F. Supp. 680 (D. Alaska 1993); *Robinson v. U-Haul Co.,* 785 F. Supp. 1378 (D. Alaska 1992); *Benner v. Wichman*, 874 P.2d 949 (Alaska 1994).  Thus, there is no right of contribution upon which Boehm may predicate a claim.  It is true that Alaska replaced contribution with a system of comparative fault, in AS 09.17.080 (apportionment of damages), but implementing that scheme in federal court under federal procedural law is difficult.  See discussion in *Robinson v. Alaska*

ORDER

*Properties & Inv.,Inc.*, 878 F. Supp. 1318 (D. Alaska 1995).  To work out the implications of comparative fault, to determine whether Alaska public policy permits one criminal to seek to allocate his victim's damages to other criminals, and to properly advise a jury would introduce issues into this case far beyond its present scope.  It is not clear that Purser could recover any damages under her state claim in addition to what she would be entitled to under 18 U.S.C. § 1595, which seems to extend to any damages she suffered as a result of Boehm's conduct.  Assuming that she might be able to obtain a separate award of damages, a method does exist under Alaska law to protect the rights of all parties—allocation of fault in a separate action after the plaintiff's damages have been determined.  *McLaughlin v. Lougee*, 137 P.3d 267 (Alaska 2006).  Thus, if Sally Purser recovers a separate judgment against Boehm on her state cause of action in this case, Boehm may sue those he wishes to join as third party defendants in state court and seek an allocation of part of the adverse judgment to them.  Such a proceeding would have the added benefit of putting the complicated questions of state law presented by this case before the state courts where they belong.  The motion at **Docket No. 209** is therefore **DENIED** without prejudice to its renewal in state court should Purser recover judgment against Boehm in this action.

### Revised Scheduling and Planning Order

The Court has now granted summary judgment in Purser's favor on liability and denied a motion for reconsideration.  The Court has also denied Boehm's effort to join additional parties.  The Court delayed issuing a scheduling and planning order pending the resolution of these matters.  Such an order will now be issued.  It appears that the parties disagree on the time necessary to prepare this case for trial.  *See* Docket Nos. 204 (Defendant's status report); 206 (Plaintiff's status report).  The Court has carefully considered their respective status reports.  It appears that this case should be ready for a 10-day trial limited to damages by August 13, 2007.  In the meantime, the parties should be able to complete discovery regarding damage issues by June 15, 2007.  Within the next month the Court will permit Boehm to schedule an independent psychological examination of Purser by a licensed mental health professional.  Purser may have a licensed mental health professional of her choosing attend any such examination for the purpose of protecting her interest.  Purser's chosen attendant shall not interrupt the proceeding but shall be available to observe and, if

the examination violates any professional standards of the mental health profession, so testify at a subsequent proceeding. Boehm shall be responsible for paying the costs of the independent examination including a reasonable hourly fee to Purser's chosen observer. A trial setting order will follow and be docketed separately.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 16th day of May, 2007.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge
