KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 – fax

WADE, KELLY & SULLIVAN
733 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
(907) 561-7743
(907) 562-8977 - fax

Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) POINTS AND AUTHORITIES TO |
| Plaintiff, | ) CONTINUE THE TRIAL DATE |
| | ) |
| v. | ) |
| | ) |
| Josef F. Boehm, Allen K. Bolling, and Bambi Tyree, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) CASE NO.: A05-0085 (JKS) |
| | ) |
| | ) |

I.   **PRIOR TO THIS COURT'S SCHEDULING ORDER, DEFENDANT BOEHM'S ATTORNEYS COMMITTED TO DATES IN ANOTHER CASE WHICH ARE IN CONFLICT WITH THIS COURT'S AUGUST 14th TRIAL DATE.**

Defense Counsel are representing two clients in the matter of the *People of South Dakota v. John Midmore*, a criminal case in South Dakota. *See Case Number 16F06000125A0*. This case involves conspiracy to commit first degree murder, aiding and abetting, and commission of a felony while armed with a firearm. The two

1

POINTS AND AUTHORITIES TO CONTINUE THE TRIAL DATE

defendants are currently incarcerated and have both been incarcerated for over 8 months.

The trial in South Dakota was originally set for June 4, 2007. However, all events were stayed in the case due to an interlocutory appeal filed by the people. Prior to this court's scheduling order, the Honorable Judge John J. Delaney set the following dates in the South Dakota case: (1) substantive motion deadline of July 31, 2007, (2) response deadline August 10, 2007, (3) motion hearing on August 17, 2007, in South Dakota and (4) trial date of September 24, 2007. The trial is expected to run from 4-6 weeks. Counsel is likely to take 3 to 4 trips to South Dakota prior to trial and will setup for trial and stay there on a permanent basis starting September 12, 2007. In addition, the August 17th motion hearing date falls during the same time the Boehm case is set for trial making it impossible for counsel to be in two places at one time.

The scheduled dates in the *Midmore* matter are in direct conflict with this courts scheduling order and will not allow Defense counsel for Boehm to adequately prepare for trial in Alaska. Further, it is impossible for counsel to be in two places at one time.

**II. DEFENDANT BOEHM'S PRISON HAS BEEN IN LOCKED DOWN AND REMAINS IN LOCK DOWN UNTIL AN UNDISCLOSED DATE MAKING IT IMPOSSIBLE TO BE PREPARED ON THE ORDERED TRIAL DATE.**

Defendant's attorneys have been trying to prepare diligently for trial. Their efforts have been significantly hindered due to the past and current lock downs at the Victorville Federal

2

**POINTS AND AUTHORITIES TO CONTINUE THE TRIAL DATE**

Corrections Facility.  The current lock down has been in process for over a month and there is no current estimate of when the lock down will cease.  This lock down has made any communication impossible between Counsel and Defendant Boehm.

In order to properly prepare for trial, counsel must have access to his client.  Due to the current lock down at the Victorville Federal Corrections Facility, the current dates for trial will not allow counsel enough time to prepare .

### III. UNDER WELL ESTABLISHED NINTH CIRCUIT CASELAW, A CONTINUANCE OF THE TRIAL DATE IS WARRANTED HERE.

Whether to grant or deny a motion to continue a trial date is a question of discretion.  In exercising that discretion, the court must address four factors: (1) the extent of the defendant's diligence; (2) the need or usefulness for the continuing the trial; (3) the inconvenience to the court and witnesses; and (4) the prejudice to the defendant if the continuance is not granted. *United States v. Mejia*, 69 F. 3rd 309, 314 - 318 (9th Cir. 1995). The weight accorded to each factor may vary from case to case. *Id.*, at 314.  However, the prejudice to the defendant if the court refuses to grant the continuance is the "most critical question." *Id.*, at 316.

Under the four *Mejia* factors, a continuance of the August 14th trial date is certainly warranted.  Defense counsel have certainly been diligent in preparing for trial.  Counsel have reviewed approximately 30,000 pages of discovery.   Counsel have also reviewed hundreds of hours of audio and video interviews.  They are

3

familiar with both the factual and legal issue likely to arise at trial. However, the very nature of the defense changed in just the last few weeks when Tyree became a plaintiff witness. Thus, much of the preparation counsel had done became irrelevant and counsel had to begin again to prepare for trial.

Certainly, the need for continuing the trial date is very great. Without additional time, the defense will not be fully investigated. The presentation of such a undeveloped defense at trial may result in the defective assistance of counsel. Such an undesirable result should be avoided at all costs.

The defense is unaware of any inconvenience which a continuance of the trial date would cause. The plaintiff has not stated why a continuance would prejudice his client so it is unlikely that the continuance will cause any inconvenience to the plaintiff or her witnesses. The request is being well enough in advance of the trial date so that it is likely that any potential inconvenience will be mitigated.

Prejudice to the defendant is, of course, the paramount consideration in determining whether a trial date should be continued. Certainly, as the above discussed facts amply demonstrate, without the requested continuance, counsel for Boehm will not be able to present a fully developed defense at trial. The presentation of an undeveloped defense would certainly result in a denial of the Boehm's right to the effective assistance of counsel. This, in turn, could lead the Court to have to declare a mistrial during trial. All of these problems could be avoided by continuing the trial date.

**IV. CONCLUSION**

For the above stated reasons, Defense Counsel respectfully requests to continue the trial date to January 15, 2008 and all other dates respectively.

Respectfully submitted,

DATED: May 18, 2007                KENNER LAW FIRM

By:_____/s/_____
    David E. Kenner
    California 41425
    16000 Ventura Blvd.
    Penthouse 1208
    Encino, California 91436


By:_____/s/_____
    Brett A. Greenfield
    California 217343
    16000 Ventura Blvd.
    Penthouse 1208
    Encino, California 91436