Darryl L. Jones, Esq.
905 Photo Avenue
Anchorage, AK 99503
Tel (907) 278-1212
Fax (907) 278-1213
Email: lodj.federalnotices@yahoo.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Josef F. Boehm, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) **Case No. A05-0085 CV (JKS)** |

**OPPOSITION TO MOTION FOR CONTINUANCE**

Even before the ink was dry on this Court's order at Docket 217, defendant Boehm filed

a motion seeking to continue the trial date to January 15, 2008.  For the reasons stated herein,

Boehm's motion should be denied or held in abeyance.

First, Boehm has the law wrong.  He relies on United States v. Mejia, 69 F.3d 309, 314-

18 (9th Cir. 1995) for the proposition that prejudice to the defendant is the critical factor to be

weighed when deciding whether to grant or deny a continuance, but his reliance on Mejia is

misplaced because that was a criminal matter, not a civil case.  In a criminal matter prejudice to

the defendant is critical for a variety of reasons, not the least of which is the 6th amendment right

to a speedy trial.  In this civil matter, the decision to grant or deny a continuance is solely a

discretionary one, and no single factor is determinative or given more weight than others.  Rios-

Berrios v. Immigration & Naturalization Service, 776 F.2d 859, 861 (9th Cir. 1985).  In a civil

matter, it is not the prejudice to the defendant that is of paramount concern; rather, no one factor is dispositive. United States v. 2.61 Acres of Land, 791 F.2d 666, 671 (9th Cir. 1985). Moreover, it is not prejudice to the defendant that should be considered; it is the prejudice to the court and the party opposing the request that is considered. Id. As the moving party, Boehm has a duty to show he exercised due diligence in avoiding the need for a continuance. Id. He has not done so.

Boehm's counsel tells this Court that they represent defendants in a South Dakota criminal matter and they have conflicts as to the scheduling of events in that case, with the schedule in the instant case. However, they fail to tell this Court that those same criminal defendants are represented by local counsel i.e., Robert Van Norman of Rapid City, South Dakota. They make no mention of local counsel and whether they have checked with local counsel regarding his ability to meet certain deadlines in the South Dakota case. Moreover, they have not mentioned local counsel in the instant case, and whether local counsel here can assist in meeting deadlines in this case.

With regard to the motions hearing to be held on August 17, 2007 in the South Dakota Case, the court clerk in South Dakota has no record of counsel filing a request for leave to appear telephonically, and Boehm does not say whether David Kenner or Brett Greenfield intends to appear at that hearing. They also fail to explain why local counsel in South Dakota could not appear at that August 17, 2007 hearing.

Finally, Boehm says he is prejudiced because FCI Victorville is currently in lock down status and his counsel has no access to him to prepare for trial. Again, he has failed to show any evidence that counsel visits are precluded or that an administrative request has been made to Victorville and denied. This failure to show diligence is fatal to his request for a continuance.

## CONCLUSION

Boehm has employed a strategy of delay throughout the entire course of this case, and he continues implementation of this strategy by seizing upon minor conflicts to support a request for a continuance. His motion is nothing more than an attempt to get what he asked for in the first place, and he has not shown due diligence in attempt to resolved or work around these minor conflicts. For the reasons stated herein, the motion for a continuance should be denied. Alternatively, it should be held in abeyance until we get closer to the August date to see if conflicts resolve (there may be a plea agreement in the South Dakota case).

DATED this 1st day of June 2007.

____/s/_ Darryl L. Jones_
Darryl L. Jones, Esq.
905 Photo Avenue
Anchorage, Alaska 99503
Tel: 907-278-1212
Fax: 907-278-1213
Ak.Bar.No. 8811188