KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 – fax

WADE, KELLY & SULLIVAN
733 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
(907) 561-7743
(907) 562-8977 - fax

Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) REPLY TO PLAINTIFF'S OPPOSITION |
| Plaintiff, | ) TO MOTION FOR CONTINUANCE |
| | ) |
| v. | ) |
| | ) |
| Josef F. Boehm, Allen K. Bolling, and Bambi Tyree, | ) |
| | ) |
| Defendants. | ) |
| | ) CASE NO.: A05-0085 (JKS) |

I. **INTRODUCTION**

<u>Purser fails to address any of the continuance factors in her opposition.</u>  Purser argues that local counsel should represent the defendants in South Dakota.  That argument is irrelevant and should not be considered.  If Purser's argument is considered, it is easily dismissed.  Local counsels, in both Alaska and South Dakota, are not in a position to take on the role of primary counsel in either of these matters.  Pam Sullivan's affidavit, local counsel

1

in Alaska, is attached as Exhibit One and Robert Van Norman's affidavit, local counsel in South Dakota, is attached as Exhibit Two.

**II.  UNDER THE "FLYNT FACTORS" TEST FOR CONTINUANCES, BOEHM'S MOTION FOR A CONTINUANCE SHOULD BE GRANTED.**

The appellate court will look at the following four factors, known as the "*Flynt* factors", in deciding whether a denial of a request for a continuance was an abuse of discretion: (1) the **diligence** of the appellant to ready his defense prior to the date set for hearing, (2) the **usefulness** of the continuance, (3) the **inconvenience** caused to the court and the opposing party, including its witnesses, and (4) the **prejudice** caused to the defendant because of the denial.  *U.S. v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985).

First, Boehm's counsel have shown great diligence in preparing Boehm's defenses prior to the date set for hearing.  The amount of work and preparation has been recounted to this court many times and is not in question.

Second, the usefulness of the continuance cannot be overstated.  The requested continuance will allow counsel to meet both the schedule of this court and the court in South Dakota allowing primary counsel to effectively represent both clients.

Third, the inconvenience to the opposing party should be minimal.  <u>Purser does not state a single inconvenience in her opposition.</u>  Instead, Purser argues that local counsel should represent clients that have specifically requested that David

2

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR CONTINUANCE**

Kenner represent them. Therefore, this court should assume that the inconvenience to Purser is minimal and not a factor.

Finally, a denial of the continuance will cause great prejudice to Boehm. As stated in the attached affidavits, Boehm cannot be represented by local counsel. Forcing him to do so will cause great prejudice to him.

**III.  CONCLUSION**

Boehm respectfully requests that this court grant Boehm's motion for a continuance.

DATED this 6TH day of June, 2007 at Encino, California.

           KENNER LAW FIRM

           By: /s/ David E. Kenner
              David E. Kenner
              California 41425
              16000 Ventura Blvd.
              Penthouse 1208
              Encino, California 91436

           By: /s/ Brett A. Greenfield
              Brett A. Greenfield
              California 217343
              16000 Ventura Blvd.
              Penthouse 1208

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR CONTINUANCE**

1 | Encino, California 91436
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR CONTINUANCE**