IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SALLY C. PURSER,<br><br>             Plaintiff,<br><br>    vs.<br><br>JOSEF F. BOEHM, et al.,<br><br>             Defendants. | Case No. 3:05-CV-00085 (JKS)<br><br>O R D E R<br>DENYING MOTION TO CONTINUE TRIAL |

  Sally Purser sues Josef Boehm seeking damages for sexual abuse. She relies upon 18 U.S.C. § 1595, which gives victims of child sex trafficking a private right of action against their abusers in federal court. This Court, therefore, has jurisdiction.

  In the criminal case brought by the United States against him, Boehm early plead guilty to conspiracy to violate 18 U.S.C. § 1591 (child sex trafficking) and furnishing drugs to children. *See* 3:04-cr-00003-JWS. S.P., whom the record reflects is the plaintiff Sally Purser, was identified in Boehm's plea agreement as a victim of the conspiracies to which he plead. Based upon Boehm's conviction and the admissions in his plea agreement supplemented by affidavits from Purser and a convicted co-conspirator of Boehm, this Court granted Purser summary judgment on the issue of liability. Docket No. 200.

  Boehm moved for reconsideration, which this Court denied. Docket Nos. 201 (motion); 216 (Order). The Court recognized that Boehm had belatedly filed what purported to be an affidavit, in which he disputes each and every paragraph of the affidavits filed respectively by Purser and another witness who was a convicted co-conspirator of Boehm. The Court noted that Boehm's affidavit was more like a verified pleading than a true affidavit. The Court concluded that

1

the affidavit was too conclusory to satisfy the requirements of Fed. R. Civ. P. 56(e) because it did not show that Boehm had personal knowledge to support his denials of each and every allegation in the opposing affidavits, and because Boehm did not set out facts disputing Purser's core allegations. *See Moran v. Selig*, 447 F.3d 748, 759-60 n.16 (9th Cir. 2006) (a plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1339, at 810 (verification of pleadings and their use as affidavits) (2004 and supp.); 10B Wright, Miller and Kane, Federal Practice and Procedure § 2738 at 326 et seq. (1998 and supp.) (mandatory rules governing affidavits under Rule 56(e)). The Court was concerned that Boehm's affidavit set out no material facts and appeared to conflict with his earlier admissions in pleading guilty to child trafficking and narcotics charges.

In the meantime, the parties had debated an appropriate trial date. Docket Nos. 204; 206. Having granted Purser summary judgment on issues of liability and denied reconsideration, it was clear that the trial would be limited to Purser's damages. The Court recognized that Boehm was in prison serving a lengthy sentence. The Court also recognized that Boehm had chosen competent counsel who had successful practices. Successful counsel must of necessity apportion their time between many clients. Generally, successful attorneys hire support personnel to aid them in doing this.[1] Further, the Court recognized that Purser's damages were largely either emotional or mental injury, or general damages for what has historically been called pain and suffering or loss of the enjoyment of life. She is asking for punitive damages. It does not appear that Purser is claiming special damages for discrete loss of past income or future impairment of earning capacity. Finally, the Court noted that this case was filed on April 22, 2005, and grows out of Boehm's criminal case, in which Boehm was defended by a battery of lawyers who hired investigators and assembled

---

[1] The Court is not suggesting that Boehm's representation at a jury trial may be delegated to a paralegal. The Court assumes that lead counsel will attend trial and represent Boehm. Paralegals and associate attorneys may, however, perform most of the tasks necessary to bring cases to trial. The Court expects that is as true in South Dakota as it has always been true in Alaska.

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.009.wpd

experts to defeat the very claims that Purser now brings.  The criminal case was filed in 2004 and judgment was entered on May 15, 2005, over two years ago.

At the present time, the Court is assuming that Purser only seeks damages from Boehm for his own actions and not for the actions of his co-conspirators under a theory analogous to *Pinkerton v. United States*, 328 U.S. 640 (1946) (liability for the forseeable acts of co-conspirators within the course and scope of the conspiracy), or *Nye & Nissen v. United States*, 336 U.S. 613 (1949) (liability for substantive crimes committed by co-conspirators on a theory of aiding and abetting). *Compare United States v. Laney*, 189 F.3d 954 (9th Cir. 1999) (liability of sexual exploiter of children for restitution to victim of co-conspirator's actions), *with Oki Semiconductor Co. v. Well's Fargo Bank, Nat. Ass'n,* 298 F.3d 768 (9th Cir. 2002) (bank not liable for its employee's actions in laundering money stolen by her co-conspirators from the plaintiff).  Vicarious liability and co-conspirator's liability has not been briefed and does not seem to be within the scope of Purser's pleadings.  The Court therefore has no cause to determine whether the measure of damages under 18 U.S.C. § 1595 is broader than under other federal laws providing civil damages to victims of conspiracies.  Nor has the Court reason to determine whether the term "damages" in § 1595 is informed by the phrase "the full amount of the victim's losses" in 18 U.S.C. § 1593.  The scope of relief under § 1595 has not been briefed.

Taking all of these matters into account and carefully considering the reasons why Purser wished an early trial and Boehm sought to delay a trial into 2008, the Court on May 16, 2007, entered two orders scheduling this case for trial.  Docket Nos. 216 and 217.  Trial was set to begin the week of August 14, 2007, and last for ten trial days.  The Court thus allowed almost ninety days for the parties to complete discovery and comply with typical pre-trial procedures.[2]  The Court is

---

[2] The Court specifically authorized Boehm to have Ms. Purser examined by a competent mental health professional of his choice, provided that a mental health professional of Purser's choice is permitted to observe the examination, at Boehm's expense.  Based upon extensive experience with court-ordered mental health examinations, the Court concluded that sixty of the ninety available days would be sufficient to enable an examination to be conducted and the necessary reports exchanged.  Experience has also taught the Court that parties desiring delay for delay's sake can always find professionals whose busy schedules do not permit them to conduct

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 3005\A05-0085.009.wpd

satisfied that so much time fairly addresses every discovery issue that has to this date been disclosed.

Boehm moves for a continuance.  Docket Nos. 218 (motion); 219 (memorandum).  The motion is opposed at Docket No. 221, and Boehm has replied at Docket No. 223.  The motion rests on two related arguments.  The first is that counsel has a major criminal case  pending in South Dakota.  Trial in that matter is set to begin the week of September 24, 2007.  Thus, the present case will be finished almost a month before trial in the South Dakota case is scheduled to begin.  Apparently, the only significant "conflict" is a motion hearing on August 17.  Boehm is represented by multiple attorneys.  He does  not indicate that the state trial judge would not move or alter the motion hearing date to accommodate them.  In over thirty years as a state and federal trial judge, this Court has presided over numerous serious felony trials, and cannot remember a case in which a motion calender could not be adjusted to accommodate counsel's trial schedule.  The court must be willing to accomodate counsel's trial schedules and if convinced that a lawyer will be in trial in City A, the court should not require his presence for trial in City B.  If, however, the court could not set trial for parties represented by busy counsel if they had any pre-trial conflicts, then trial settings would be at the mercy of counsel's whims since successful counsel could always point to work for other clients as a potential conflict and, as Parkinson pointed out long ago, "work expands to fill the time available for it."  Boehm has not shown that trial in this case truly conflicts with his counsel's South Dakota obligations.

Second, Boehm argues that the current lockdown status of the prison where he is housed inhibits his counsel's preparation.  Presumably the vagaries of prison administration might prevent counsel from ever being prepared for trial.  Liability has been established in this case.  While Boehm knows what he did to Purser (and disclosed much of it as part of his plea colloquy), his personal knowledge of her damages is probably much less.  Substantial information about Purser and Boehm's co-conspirators was developed for him by his hired investigators and experts during

---

independent exams within a reasonable time.  In such cases, this Court requires parties to choose their experts from the numerous competent men and women who can perform in a timely manner.

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK\2005\A05-0085.009.wpd    4

the pre-trial stages of the criminal case. Boehm has had two years to supplement that investigation. He has not disclosed precisely what his attorneys need to do to prepare this case for trial. He has not shown that he could not obtain leave of prison officials to communicate with his attorneys. In short, Boehm has not made a case for a continuance.

Boehm has not provided information that would permit the Court to conclude that acting with diligence he and his counsel could not be ready to defend against Purser's damage claims by August 14, 2007. He has not shown what needs to be done and why he needs more time to do it. Boehm has not shown that a continuance would serve any useful purpose. Thus, he has made only the most conclusory and speculative claims of prejudice. On the other hand, Purser was injured many years ago. Liability has been found in her favor. Only her damage claims remain, somewhat ameliorated by the restitution that Boehm has already paid her and for which he, the Court presumes, is entitled to an offset. *See* 18 U.S.C. § 1593 and *cf. United States v. Crawford*, 169 F.3d 590 (9th Cir. 1999) (discussing the burden of proving offset under related statutes providing for restitution). While neither Purser nor the Court will suffer any specific inconvenience if the case is continued from August to January of next year, Purser will suffer prejudice. So long as this case remains pending, Purser is delayed in getting on with the rest of her life. Thus, balancing the hardships on the existing record, it appears that Purser will suffer more from delay than Boehm will endure if he must go to trial.

The Court concludes that Boehm's arguments in support of a continuance suffer from defects similar to those his affidavit in opposition to summary judgment contained. He has not filed affidavits setting out detailed facts that, if true, warrant the relief he requests.[3] We are again left with speculation and conjecture. Boehm has not justified his request for a continuance of trial. *See e.g., Ungar v. Sarafite*, 376 U.S. 575 (1964); *Martel v. County of Los Angeles*, 56 F.3d 993 (9th Cir. 1995).

///

---

[3] The Court has read the two declarations filed with Boehm's reply at Docket No. 223 in support of the motion.

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.009.wpd

**IT IS THEREFORE ORDERED:**

The motion for continuance of the trial at **Docket No. 218** is **DENIED**.

Dated at Anchorage, Alaska, this 8th day of June 2007.

                                                    /s/ James K. Singleton, Jr.
                                                    **JAMES K. SINGLETON, JR.**
                                                      United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK\2005\A05-0085.009.wpd