IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

Sally C. Purser,

                  Plaintiff,

    vs.

Josef F. Boehm,

                  Defendants.

Case No. 3:05-cv-00085-JKS

PRELIMINARY JURY INSTRUCTIONS

## INSTRUCTION NO. 1

We are about to begin the trial of the case that you heard about during jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.  I will also summarize the positions of the parties as I currently understand them and outline what the issues are and how the applicable law addresses those issues. These preliminary instructions depend to a large extent on what the Court has learned from the parties and reflects their expectations. Understand that we are just beginning this case and that evidence frequently develops differently than counsel expect.  At the end of the case I will be giving you final jury instructions, which will take into account any developments in the trial that I do not currently foresee.  Those final instructions will govern your deliberations.  To the extent that you see a difference between a preliminary instruction and a final instruction you should follow the final instruction and ignore any conflict in a preliminary instruction.

During the trial you will hear me use some terms that may not be familiar to you.  Let me briefly explain some of the most common terms to you.  The party that brings a lawsuit (sues) is called the plaintiff.  In this case the Plaintiff is Sally C.  Purser.  The party being sued is called the defendant.  In this case the Defendant is Josef F. Boehm.

You will sometimes hear me refer to "counsel."  Counsel is another word for lawyer or attorney.  In this case counsel are: Mr. Darryl Jones representing the Plaintiff, and Mr. David Kenner and Mr. Brett Greenfield representing the Defendant.  You will remember that they introduced themselves to you during the jury selection process.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.  You must obey the law as I give it to you, whether you agree with it or not.  You will remember that you agreed to do so during the jury selection process and later took an oath to follow the law.

You and you alone are the judges of the facts. You will have to decide what happened.  I play no role in judging the facts.  You should not take anything I may say or do during the trial

PROPOSED PRELIMINARY JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.pji.wpd

as indicating what I think of the evidence or what I think your verdict should be.  My only role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. Remember, you must follow the law whether you agree with it or not.

PROPOSED PRELIMINARY JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.pji.wpd

## INSTRUCTION NO. 2

Sally C. Purser was born on March 29, 1986.  In 2001, she celebrated her fifteenth (15th) birthday.  Josef F. Boehm was born on January 29, 1944.  In 2001, he celebrated his fifty-seventh (57th) birthday.  On November 16, 2004, Boehm was charged in an indictment with various offenses in violation of federal law.  On November 19, 2004, Boehm filed a plea agreement with the court, in which he admitted to entering into a conspiracy to sexually traffic in juveniles and to furnish them crack cocaine.  Specifically, he stipulated that he conspired with others to procure juveniles for purposes of sexual activities and provided cocaine to some of those juveniles in return for sexual favors to some of the conspirators.  He stipulated that the conspiracy lasted from late 2001 until December of 2003.  His plea was subsequently accepted November 22, 2004, and judgment entered against Boehm on May 10, 2005.  Sally Purser was identified in the plea agreement by her initials as a victim of Boehm's offense.

Under the laws of the United States, a juvenile victim of sex trafficking may recover actual and, if a jury believes appropriate, punitive damages from her abuser.  Sometimes I will refer to actual damages in these instructions as compensatory damages.  A juvenile is someone who is under the age of 18 at the time she suffers abuse.  In this case Sally C. Purser claims that during the period late from 2001 to December 2003 when she was 15, 16 and 17 years old, she suffered damages as a result of the conduct of Josef F. Boehm.  The Court has determined that Purser is entitled to recover from Boehm her actual damages, if any, and, if you find it appropriate, punitive damages.  Boehm has admitted that Purser was a victim of the conspiracy in which he was involved.  He contends that she did not suffer any damage as a result of his conduct.   He contends that any mental or emotional damage she suffered during the years 2001 to 2003 that continue into the present, relate to conditions that pre-existed her first encounter with him and, to the extent any such conditions were aggravated, the aggravation resulted from the conduct of others for which he is not responsible under the law.

I will instruct you on how to determine damages in subsequent instructions.

PROPOSED PRELIMINARY JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.pji.wpd

**INSTRUCTION NO. 3**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

PROPOSED PRELIMINARY JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.pji.wpd

## INSTRUCTION NO. 4

It is the duty of the Court to instruct you about the measure of damages.

The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was legally caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The loss of enjoyment of life experienced;

The mental, physical, emotional pain and suffering experienced, and to a reasonable probability to be experienced in the future;

The reasonable value of necessary medical care, treatment, and counseling services received to the present time;

The reasonable value of necessary medical care, treatment, and counseling services which with reasonable probability will be required in the future;

The reasonable value of necessary services other than medical required to the present time.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

PROPOSED PRELIMINARY JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.pji.wpd

## INSTRUCTION NO. 5

A person who has a condition or disability at the time of an injury cannot recover damages for that condition or disability. However, she is entitled to recover damages for an aggravation of such pre-existing condition or disability if the aggravation is the legal result of the injury.

This is true even if the person's condition or disability made her more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury. In other words, the law provides that a defendant takes the plaintiff as he finds her.

Where a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional damages caused by the aggravation.

## INSTRUCTION NO. 6

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

PROPOSED PRELIMINARY JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.pji.wpd

## INSTRUCTION NO.7

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount of such damages, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

PROPOSED PRELIMINARY JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.pji.wpd

## INSTRUCTION NO. 8

The law that applies to this case authorizes an award of nominal damages.  If you find that the plaintiff has failed to prove actual damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

The award of nominal damages in place of actual damages would not preclude an award of punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under these instructions.

**INSTRUCTION NO.9**

The evidence you are to consider in deciding what the facts are consists of:

      (1) the sworn testimony of any witness;

      (2) the exhibits which are received into evidence; and

      (3) any facts to which the lawyers stipulate.

PROPOSED PRELIMINARY JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.pji.wpd

**INSTRUCTION NO. 10**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

        (1) statements and arguments of the attorneys;

        (2) questions and objections of the attorneys;

        (3) testimony that I instruct you to disregard; and

        (4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

PROPOSED PRELIMINARY JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.pji.wpd

## INSTRUCTION NO. 11

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## INSTRUCTION NO. 12

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  An example would be if you looked out a window and saw that the street was wet.  From that you might find that it had recently rained.  On the other hand, you should look for other possible explanations such as a fire truck discharging water from a hose or someone sprinkling a nearby yard.

You should consider both direct and circumstantial evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 13

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## INSTRUCTION NO. 14

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

.

PROPOSED PRELIMINARY JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK\JKS 2005\A05-0085.pji.wpd

## INSTRUCTION NO. 15

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you either.

Second, do not read any news stories or articles, or listen to any radio or television reports about the case or about anyone who has anything to do with it.  By this I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or listen to the report.

Third, do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials, and do not make any investigation about the case on your own. You are to decide the case solely on the evidence introduced at trial.

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me.

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with a visitor, nor may you permit the visitor to discuss it with you.

**INSTRUCTION NO. 16**


At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

## INSTRUCTION NO. 17

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by the notes.

**INSTRUCTION NO.18**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

Sally C. Purser,

               Plaintiff,

     vs.

Josef F. Boehm,

             Defendants.

Case No. 03:05-cv-00085-JKS

**SPECIAL VERDICT FORM**

WE THE JURY in the above titled case, find from a preponderance of the evidence as follows:

1. Josef Boehm's conduct during the period 2001 to 2003 caused Sally C. Purser to suffer harm from sexual abuse or cocaine, which he furnished her?

      (Circle one)    Yes     /        No

If you answer "yes," go to question number 2.  If you answer "no," go to number 3.

2. The amount that will fairly compensate Sally C. Purser for the harm caused by Josef Boehm's actions:

    (a)     loss of enjoyment of life:

          $ _____

    (b)     physical and emotional pain, embarrassment, humiliation, and anguish:

          $ _____

    ( c)     past medical and counseling services:

          $ _____

    (d)     future medical and  counseling expenses that she is reasonably likely to incur:

          $ _____

Go to question number 4.

PROPOSED PRELIMINARY JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.pji.wpd

3.  That no actual harm occurred and nominal damages are awarded  in the amount of $1.00.                    (Circle one)    Yes

Go to question number 4.

4.  That Josef Boehm acted with malice, oppression, or reckless indifference to Sally C. Pursers's rights in his treatment of her..

(Circle one)    Yes    /        No

If you answer "yes," go to question number 5.  If you answer "no," go to number 7.

5.  If you answered "yes" to question number 4, do you elect to award punitive damages?

(Circle one)    Yes    /        No

If you answer "yes," go to question number 6.  If you answer "no," go to number 7.

6.  If you answered "yes" to question numbers 4 and 5, the amount that will fairly punish Josef Boehm  for his conduct is:

$ _____

7.  After you have answered these questions you should have the foreperson date and sign the form.

Dated at Anchorage, Alaska, this _____ day of August, 2007.

_____
JURY FOREPERSON

PROPOSED PRELIMINARY JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0085.pji.wpd