KENNER LAW FIRM
16000 Ventura Blvd.
Penthouse 1208
Encino, California 91436

WADE, KELLY & SULLIVAN
745 W. 4th Avenue, Suite 425
Anchorage, Alaska 99501
(907) 561-7743
(907) 562-8977 / Facsimile
Sullivan@ak.net

Attorneys for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SALLY C. PURSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:05-cv-00085 JKS |
| v. | ) |
| | ) |
| JOSEF F. BOEHM, ALLEN K. BOLLING, LESLIE WILLIAMS, JR., and BAMBI TYREE | ) ) |

### DECLARATION OF MARK J. MILLS, J.D., M.D.

I, Mark J. Mills, J.D., M.D., declare as follows:

1. I am a physician licensed to practice medicine in California, the District of Columbia and Massachusetts (presently inactive). Prior to attending medical school, I received a Juris Doctor from Harvard Law School (1970).

2. Since graduation from Stanford Medical School (1975), and from my residency in psychiatry also at Stanford (1978), I have practiced exclusively as a psychiatrist in various capacities including, academic psychiatrist, administrative psychiatrist and mostly as a forensic psychiatrist.

-1-

3. I was, from 1983 until 1987, Professor (previously Associate Professor) of Psychiatry and Biobehavioral Sciences at UCLA, Director (previously Co-director), Program in Psychiatry and Law for the Neuropsychiatric Institute of UCLA and Chief, Psychiatry Service, Brentwood Division, West Los Angeles Veterans Administration Medical Center (VA). During the period when I was Chief at Brentwood, it was the largest psychiatric hospital in North America.

4. More recently (2003), I became Professor of Clinical Psychiatry, College of Physicians and Surgeons of Columbia University, New York. At all times since my academic appointments began at Stanford (1978), however, I have maintained an active academic affiliation.

5. Prior to my appointments at UCLA, I was Commissioner, Department of Mental Health for the Commonwealth of Massachusetts, that state's highest-ranking mental health and mental retardation official and the state's largest agency/employer.

6. After leaving UCLA and the VA in 1987, I formed Forensic Sciences Medical Group, a professional corporation established and incorporated in California.

7. I have been certified by the American Board of Psychiatry and Neurology in psychiatry (1982) and by the American Board of Forensic Psychiatry in forensic psychiatry (1983), and I have been honored as a Distinguished Fellow of the American Psychiatric Association (2004).

8. I have authored or co-authored more than 90 publications, primarily in peer-reviewed journals, and have made more than 200 invited (largely academic) presentations. A copy of my *curriculum vitae* is attached to this declaration, as Exhibit 1.

9. Over the last 20 years, during which I have practiced almost exclusively as a forensic psychiatrist, I have conducted more than 1,000 psychiatric evaluations and consulted on many additional matters.

10. Those evaluations and consultations have been at the behest of judges, prosecutors, plaintiffs and defendants, in a wide variety of actions, both civil and criminal.

11. One of those evaluations, where I had been appointed by the Chief Judge of the Western District of Virginia, is the subject of a Fourth Circuit opinion, *Walton v. Johnson*, 4-19, 2006, in which the Court discusses my competence and credentials as a forensic psychiatrist (pages 9 through 11).

12. I have personal knowledge of the facts set forth in this declaration, and if called upon to testify as a witness, could and would testify competently to the following facts.

13. On Monday, June 25, 2007, I received a telephone call from Ms. Kris Queen, the legal assistant from the law offices of Wade, Kelly & Sullivan with whom I had arranged the evaluation schedule, travel and lodging in the Purser matter inquiring about my presence. As I soon learned, this was about 10 minutes after the scheduled start of Ms. Purser's psychiatric evaluation in Anchorage. I explained that I was in Washington, D.C., and realizing that I had incorrectly scheduled the evaluation for the following Monday, immediately apologized for the inconvenience my inattention had caused to the various parties, Ms. Purser, Dr Rose., opposing counsel, Darryl Jones, Ms Sullivan and to her.

14. Ms. Queen was very gracious, said that she would convey my apologies, find a new time for the evaluation and make the appropriate arrangements. I again indicated my regret for the inconvenience that others were experiencing. Shortly thereafter, she called to indicate that July 6th was the new date and that the evaluation would start at 10:00 a.m. I indicated that this was a better hour as evaluations of adults can last as long as eight hours.

15. About two and one half hours later, I receive two e-mails confirming my flight arrangements and my lodging in Anchorage.

16. Yesterday, June 27th, I received a telephone call from Ms. Sullivan indicating her concern that the discovery deadline had already been extended once, that my evaluation of Ms. Purser was critical, and that my declaration explaining my absence would be helpful to the Court.

17. By way of explanation, Monday of the previous week, I had flown to Memphis for the United States Attorney's office in Miami (Southern District) and evaluated the father of a girl who had been sexually assaulted; I returned to D.C. on a delayed flight Tuesday; I flew to Denver on another delayed flight Wednesday and continued on another delayed flight (that was the day that the United computer system crashed nationwide) to Sacramento for an evaluation of an adult plaintiff for the United States Attorney's office in Sacramento (Eastern District); I evaluated that plaintiff Thursday and met with two AUSAs; I flew to Los Angeles Friday for a subsequently postponed meeting with the ACLU office there in a new class-action case; I drove to San Diego Saturday morning and then flew to Sacramento that afternoon; and finally, on Sunday, I returned to D.C. on two flights, again through Denver. It is not an exaggeration to say that I was both tired and preoccupied and failed to check my schedule on Sunday as I had originally intended.

18. In summary, I look forward to completing an objective assessment of Ms. Purser and regret the inconvenience that others suffered because of my inattention.

I declare under penalty of perjury under the laws of the District of Columbia and Alaska that the foregoing is true and correct.

Executed this twenty-eighth day of June 2007 at Washington, District of Columbia:

*[signature]*