Timothy J. Petumenos, ABA #7611147
Max D. Garner, ABA #9011096
Birch, Horton, Bittner and Cherot
1127 W. Seventh Avenue
Anchorage, AK  99501
(907) 276-1550
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SALLEY PURSER,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| vs.       ) | Case No.: 3:05-CV-085 JKS |
| ) | |
| JOSEF BOEHM, ET AL.,       ) | |
| ) | |
| Defendants.       ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO QUASH OR LIMIT SCOPE OF SUBPOENAES**

**I.    Background**

On June 18, 2007, counsel for Plaintiff Salley Purser caused subpoenaes to be served upon Terry Shurtleff and Mike Kangas, both of whom are current officers and/or managers for Alaska Industrial Hardware, Inc. ("AIH"). The subpoenaes, copies of which are attached hereto as Exhibit 1, command both men to appear at Courtroom 4 of the Federal Courthouse in Anchorage at 9:00 a.m. on August 13, 2007, with "Any and all financial documents regarding Josef Boehm's owner interest in Alaska Industrial Hardware, including but not limited to disbursements, annual income of Alaska Industrial Hardware, profit and loss

statements and tax returns." The scope of the subpoenaes is not limited by any type of timeframe.

As detailed in the Affidavit of Terry Shurtleff, filed herewith, AIH is a corporation that has been doing business in Alaska since it was first organized in 1959. AIH owns a small storage company, with the largest single use of the storage units being the preservation of AIH business records. As a result, just the paper financial records for the company would take a pallet and forklift to transport the quantity of documents and records that are responsive to the subpoenaes. The computerized records would fill numerous gigabytes of electronic storage. Affidavit of T. Shurtleff, p. 2. As a result, full compliance with the subpoenaes would be extraordinarily burdensome and time consuming for AIH, and would leave Plaintiff's counsel with the impossible task of wading through thousands of pages of documents while trial was ongoing.

## II.     Discussion

### A.     The Subpoenaes Should Be Quashed as Overly Broad, Unduly Burdensome and Requesting Information That is Proprietary and Confidential in Nature

There is no room for disputing that compliance with the subpoenaes would be extremely burdensome and expensive. Since the subpoenaes are not limited in time, they can be construed as requesting financial information for the entire history of AIH. The description of documents is extremely vague (i.e., "all financial documents regarding Josef Boehm's owner interest..."), and could be interpreted as encompassing a wide range of financial records generated by the company during its regular business operations that might reflect upon Mr. Boehm's

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

ownership interest or the value thereof. The subpoenaes also request information that is highly confidential and sensitive given the ruthlessly competitive nature of the hardware retailing industry. This is particularly true with regard to AIH's tax returns, income reports and profit and loss statements. Such information should not be disclosed absent extraordinarily good cause, and only if adequate safeguards memorialized in protective orders are put into place beforehand.

The burden that would be imposed upon AIH by the subpoenaes must be weighed against the need of Plaintiff for this information, and the extent to which they can be more readily and cheaply obtained from some other source-- such as Josef Boehm himself. Based upon undersigned counsel's review of the Court's order of June 20, 2007, Plaintiff has not yet obtained responses to discovery responses directed toward Mr. Boehm that seek information regarding his current financial status. It seems likely that most, if not all, of the information Plaintiff seeks can be obtained directly from Mr. Boehm without resort to the type of subpoenaes that are the target of this motion to quash. At a minimum, Plaintiff should not be allowed to impose burdens upon AIH without first showing that the information she seeks is unavailable from Mr. Boehm. In the event that some narrow category of document or information cannot be obtained from Mr. Boehm, then Plaintiff could re-visit the issue with AIH and/or the Court.

B.   <u>The Subpoenaes Should Be Quashed Since the Discovery Deadline in This Case Has Closed</u>

Through the issuance of these trial subpoenaes, Plaintiff is trying to obtain the type of discovery that is normally reserved for a records deposition. At trial, it would be both unwieldy and unfair to expect a witness to show up with

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA  99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

thousands of pages of documents not previously reviewed by counsel for either side, and then have one side or the other move for their introduction into evidence. Discovery deadlines, and pretrial deadlines governing the exchange of exhibit lists, are imposed to prevent that precise scenario from occurring.

In simple terms, it is far too late for Plaintiff to embark upon a broad, expansive exploration of AIH's financial records through a subpoena duces tecum for trial testimony. Accordingly, the subpoenaes that are the target of this motion should be quashed.

### C. The Subpoenaes Should be Quashed Pending a Jury Determination that Punitive Damages Are Warranted

AIH is not a party to this matter, and thus lacks the parties' insight into the evidentiary issues present in this case. That said, by all outward appearances the financial documents sought by Plaintiff are relevant only for issues relating to punitive damages. Forced disclosure of such material should not be allowed until a jury first determines that the actions of Mr. Boehm warrant the imposition of punitive damages -- the approach mandated by Alaska law. See A.S. 09.17.020(e). While AIH concedes that it has not gone to the time and expense of analyzing how Erie principles interrelate with the cause of action bestowed upon Plaintiff under 18 U.S.C. § 1595, principles of comity and consistency certainly weigh in favor of this Court following the procedure staked out by Alaska law. See generally Wilson v. Gillis Advertising Co., 145 F.R.D. 578, 580 (N.D. Ala. 1993) (trial court deferred to state law procedures after noting divergent views of federal courts as to when evidence of wealth becomes discoverable).

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

Of course, delaying discovery of such information until just prior to the start of the punitive phase of the case can cause logistical issues given the obvious desire of courts and counsel to see deliberations completed while the facts are still fresh in juror's minds.  That concern is addressed by Alaska law, which provides that trial courts may order information regarding a defendant's wealth be assembled in advance so that it can be readily disclosed if necessary.  See A.S. 09.17.020(e).  Consistent with that statute, AIH would not object to assembling reasonable and limited financial documents regarding Mr. Boehm's owner interest in the company while awaiting the jury's determination of whether punitive damages should be assessed.

D.   <u>Alternatively, the Scope and Breadth of the Subpoenaes Should Be Greatly Narrowed</u>

It seems clear that Plaintiff seeks evidence to establish Mr. Boehm's wealth as of the time of trial.  Whether Mr. Boehm was richer or poorer five or ten years ago is seemingly irrelevant.[1]  Given that, the scope of Plaintiff's subpoena should, at a minimum, be limited to financial documents or information detailing the value of Mr. Boehm's interest in the company as of August 2007 and the amount of salary or other disbursements paid to Mr. Boehm in the past few years.  That information can be summarized without putting AIH to the burden of producing boxes of financial records, or confidential documents such as income tax returns or profit

---

[1]   While evidence of past financial condition might be relevant in a case where a plaintiff accused a defendant of engaging in wrongful gain that resulted in illegal profits or financial gain, that is clearly not the situation here.  Accordingly, the income generated in the past by AIH seems irrelevant to Plaintiff's claims.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

and loss statements. The fact of the matter is that Plaintiff does not really want boxes of records; what she wants is a page or two of numbers that can be easily presented to the jury in exhibit form.

Given this, in the event the subpoenaes are not quashed, AIH requests that the scope of the subpoenaes be limited to a documentary summary showing how much stock is owned by Mr. Boehm, the book value of those shares, and the amount of salary or disbursements paid to Mr. Boehm in the past three years. That summary could then be disclosed to Plaintiff on the date set forth in the subpoena (i.e, August 13, 2007). This would give Plaintiff the limited information she needs in a form that can be more easily presented to a jury, and would allow AIH to forego the expense and burden of disclosing voluminous financial records that Plaintiff and her counsel lack the time to analyze in the midst of trial.

## III.    Conclusion

Based upon the foregoing, AIH respectfully requests that the trial subpoenaes for Terry Shurtleff and Mike Kangas be quashed, or alternatively, limited in scope in the manner detailed above.

DATED this __5th__ day of July, 2007.

BIRCH, HORTON, BITTNER AND CHEROT
Attorneys for Alaska Industrial Hardware

By:    /s/ Max D. Garner
Timothy J. Petumenos, ABA #7611147
Max D. Garner, ABA #9011096
1127 W. Seventh Avenue
Anchorage, AK  99501
(907) 276-1550
Facsimile: (907) 276-3680
mgarner@bhb.com; tpetumenos@bhb.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the  5th  day of July, 2007, a true and correct copy of the foregoing document was electronically served on the following parties:

Mr. Darryl L. Jones
Attorney at Law
905 Photo Avenue
Anchorage, AK  99503

BIRCH, HORTON, BITTNER AND CHEROT

By:  /s/  Martha K. Marshall

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA  99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

Case 3:05-cv-00085-JKS   Document 264   Filed 07/05/2007   Page 7 of 7

PURSER V. BOEHM                                                                 CASE NO. 3:05-CV-085 JKS
MEMO IN SUPPORT OF MOTION TO QUASH OR LIMIT SUBPOENAES          PAGE 7 OF 7
F:\506026\3\TKM2670.DOC