Timothy J. Petumenos, ABA #7611147
Max D. Garner, ABA #9011096
Birch, Horton, Bittner and Cherot
1127 W. Seventh Avenue
Anchorage, AK  99501
(907) 276-1550
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SALLEY PURSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 3:05-CV-085 JKS |
| ) | |
| JOSEF BOEHM, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**AFFIDAVIT OF TERRY SHURTLEFF**

STATE OF ALASKA      )
                     ) ss:
Third Judicial District  )

I, Terry Shurtleff, being first duly sworn, depose and state as follows:

1.  I am an employee of Alaska Industrial Hardware ("AIH"). I have personal knowledge and am otherwise qualified to speak to the matters set out below. I make this affidavit in support of AIH's Motion to Quash Subpoenaes.

2.  I am presently the Director of Finance and the Secretary/Treasurer for AIH. I am very familiar with the both the quantity and quality of the corporation's business and financial records.

3. On June 18, 2007, counsel for Sally Purser served subpoenaes upon both myself and Mike Kangas, the chief executive officer for AIH. The subpoenaes direct both of us to appear at Courtroom 4 of the U.S. Courthouse in Anchorage for testimony on August 13, 2007. It is my understanding the trial in this case will either be starting or underway on that date.

4. AIH was incorporated in 1959, with Josef Boehm having a financial interest in the corporation shortly after it's inception. The subpoenaes that were served upon myself and Mr. Kangas request "all financial documents regarding Josef Boehm's owner interest in Alaska Industrial Hardware, including…disbursements, annual income of Alaska Industrial Hardware, profit and loss statements, and tax returns."

5. Because of the length of time that AIH has been in business, and the fact Mr. Boehm has been involved in the corporation almost since its inception, I estimate that it would take a pallet and forklift to transport the quantity of documents and records that are responsive to the subpoenaes. AIH owns a small storage company, with the largest single use of the storage units being the preservation of AIH business records. To go through those records, and assemble all of them for Ms. Purser's attorney, would require that several employees take a full week of time out of their schedule to just pull and catalog responsive documents, with additional employee time being required to make copies.

6. Like most businesses, AIH also maintains its current business records -- including its income statements, balance sheets and check registers -- in electronic format. The current and historic financial records that are maintained in electronic storage would fill several gigabytes of electronic storage. To assemble all

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

of these electronic records would require 8 to 16 hours of full-time effort by network/computer specialists.

7.     This financial information is highly confidential.  AIH is a closely-held corporation with stock ownership split between Mr. Boehm and an employee stock ownership plan.  Thus, AIH is thus not obligated to publicly report its financial activities.  It is also important to note that the interests of AIH can, and have, differed from the interests of Mr. Boehm.  AIH is not an "alter ego" of Mr. Boehm.

8.     Since the hardware business is extremely competitive in Alaska, I am concerned that any information given to Ms. Purser's counsel without the benefit of a protective order could be passed along to AIH's competitors who could use it to evaluate alternative methods of competing against AIH stores and product lines.

9.     For these reasons, responding to the subpoenaes issued by Ms. Purser's counsel would be extremely costly and burdensome for AIH.

10.    I believe that the subpoena for Mr. Kangas is redundant and the subpoenaes are unnecessarily broad since -- by my understanding -- the information Ms. Purser's counsel seeks is the current value of Mr. Boehm's interest in AIH, and the amount of income Mr. Boehm has derived from the company in the past few years.  That information can be provided in relatively simple and straightforward form in just a few pages of documents.  Generating those types of documents would take only a few hours of work on the part of AIH employees.

11.    If the scope of the subpoenaes is not narrowed, I request that the Court require Ms. Purser's counsel to execute a protective order that would prevent subsequent re-disclosure of financial documents turned over in response to the subpoenaes and that Mr. Kangas be excused from appearing before the court as his subpoena is redundant.

Birch, Horton, Bittner and Cherot
Attorneys at Law
1127 West Seventh Avenue
Anchorage, Alaska 99501-3399
Telephone (907) 276-1550 • Facsimile (907) 276-3680

FURTHER AFFIANT SAYETH NAUGHT.

_____
Terry Shurtleff

SUBSCRIBED AND SWORN to before me, this 3rd day of July, 2007.

_____
Notary Public for Alaska
My Commission expires: 3-16-10

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of July, 2007, a true and correct copy of the foregoing document was electronically served on the following parties:

Mr. Darryl L. Jones
Attorney at Law
905 Photo Avenue
Anchorage, AK 99503

BIRCH, HORTON, BITTNER AND CHEROT

By: _____

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680