Darryl L. Jones, Esq.
905 Photo Avenue
Anchorage, AK 99503
Tel (907) 278-1212
Fax (907) 278-1213
Email: lodj.federalnotices@yahoo.com
ABA No: 8811188

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Josef F. Boehm, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) **Case No. A05-0085 CV (JKS)** |

**PLAINTIFF'S TRIAL BRIEF**

**A.   Introduction.**

In 2001 through 2003, Josef Boehm conspired to recruit, harbor and transport minors in interstate commerce for purposes of engaging in sexual relations with those minors. Plaintiff was one of the minors victimized by Boehm. Plaintiff was provided with illegal drugs and caused to be addicted to illegal drugs and Boehm used illegal drugs to control the plaintiff and force her to engage in sexual acts.

Joseph Boehm was the leader of the conspiracy and his primary goal in engaging in the conspiracy was to engage in sexual relations with minors. Summary judgment has been entered against Josef Boehm. Therefore, there is no dispute that Boehm engaged in a conspiracy to sex traffic in juveniles, to provide drugs to juveniles in exchange for sexual favors for him and his

co-conspirators, and that plaintiff was a juvenile victim of Boehm's illegal conduct. Because Boehm's conduct was a violation of 18 U.S.C. § 1591, Purser is entitled to recover under 18 U.S.C § 1595. Under that statute, Purser is entitled to "damages and reasonable attorney fees."

**B.     Damages**

Because the statute uses the term "damages" without limitation, the amount of type of damages to be awarded are not limited. See *Annotation, Supreme Court's View As To Measure Or Elements Of Damages Recoverable In Federal Civil Rights Actions Under 42 U.S.C. § 1983, 91 L.Ed.2d 647 (Joanne Rhoton Gabreath, J.D. 2006)*. (Like 18 U.S.C. § 1595, 42 U.S.C. § 1983, does not limit the damages to be awarded, thus this article and the authority cited therein is highly instructive as to the damages available to Purser). As this article explains, economic, non-economic and punitive damages are all available to an individual seeking to recover under a federal statute that grants the right to sue for damages. Id. Moreover, where the right to damages arises under federal law, state law does not apply in determining the type or measure of those damages. See Louisiana & A. R. Co. v. Pratt, 142 F.2d 847, 848-49 (5th Cir. 1944). Purser intends to introduce evidence with will prove compensatory and non economic damages in an amount in excess of $2,000,000 (Two Million Dollars).

In addition, Purser will ask the jury to award punitive damages under the rationale of State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). The Court in Campbell discussed constitutional limits on the ratio between the amount of the compensatory damages award and the punitive damages award. While the Court declined to impose a bright-line ratio which a punitive damages award cannot exceed, it opined that "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." 538 U.S. at 425, 123 S.Ct. at 1524.

The Court explained that "[s]ingle-digit multipliers are more likely to comport with due process, while still achieving the goals of deterrence and retribution, than awards with ratios in range of . . . 145 to 1." Id.  However, ratios greater than those we have previously upheld may comport with due process where "a particularly egregious act has resulted in only a small amount of economic damages." Id., citing BMW of North America, Inc. v. Gore, 517 U.S. 559, 582, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).  The Court concluded that "courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." 538 U.S. at 426, 1235 S.Ct. at 1524.

It is expected, that the amount of compensatory and the ratio to be applied by the jury for punitive damages will both be a hotly disputed issue in this case.  Purser will ask the jury to award punitive damages using a ratio between 5 and 9 times the amount of compensatory damages, in light of the egregious nature of Boehm's conduct.

### C.    Other Issues Likely To Arise.

Plaintiff anticipates that several disputes will arise both pretrial and during trial as to the admissibility of evidence.  Plaintiff expects objections to evidence to include hearsay objections and best evidence objections.  Plaintiff also expects that Boehm will try to introduce evidence never before disclosed until the day of trial.

### D.    Transport of Boehm.

Josef Boehm is listed on both the plaintiff and defendants' witness lists.  Josef Boehm is currently incarcerated in California and is a key witness for the plaintiff.  Plaintiff will be filing a motion for an order that Boehm be transported to Anchorage for the trial, because the jury should be allowed to view him when he testifies.

DATED this 5th day of July 2007.

                                      _/s/_ Darryl Jones____
                                      Darryl L. Jones, Esq.
                                      905 Photo Avenue
                                      Anchorage, Alaska 99503
                                      Tel: 907-278-1212
                                      Fax: 907-278-1213
                                      Email: lodj.federalnotices@yahoo.com
                                      Ak.Bar.No. 8811188