Darryl L. Jones, Esq.
905 Photo Avenue
Anchorage, AK 99503
Tel (907) 278-1212
Fax (907) 278-1213
Email: lodj.federalntoices@yahoo.com
ABA No: 8811188

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Sally C. Purser, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) |
| Josef F. Boehm, et al., | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) **Case No. A05-0085 CV (JKS)** |

**MEMORANDUM IN SUPPORT OF**
**<u>MOTION TO STRIKE/MOTION IN LIMINE</u>**

Josef Boehm has filed a final witness list listing numerous witnesses that have not been previously identified in disclosures or discovery. (Docket 257). He has also filed an exhibit list wherein he identifies approximately 70 exhibits that can be classified into several categories. They are; 1) witness statements, 2) investigator reports; 3) depositions; and 4) transcripts of court proceedings or testimony. For the reasons stated below; certain witnesses and exhibits must be excluded an order in limine should be granted precluding the admission of certain evidence at the time of trial.

**A.     Certain witnesses and evidence should be excluded for failure to disclose.**

1

Throughout this entire case, Josef Boehm never provided the plaintiff with his initial disclosures and he made no effort to seasonably supplement by disclosing additional information. See Affidavit of Darryl Jones, Docket 146. Instead, his whole case strategy was to keep the plaintiff and the court in the dark as to what information he would rely upon and who he might call to testify at the time of trial. In the first witness list, filed by Boehm long after the date for disclosures, he listed an expert for the first time but Bradford Tuck (Economist) was not disclosed as an expert. (Docket 119). Now, on his final witness list (Docket 257), Boehm not only lists Mr. Tuck as an expert, but he has listed several other witnesses who have never before been disclosed to the plaintiff. Id. Because he waited until the eve of trial to disclose these witnesses, this court should strike them from Boehm's list.

Rule 26(a)(1) requires that a party, without awaiting a discovery request, disclose names of all persons having discoverable information, that the disclosing party may use to support its claims and defenses. Such disclosure must include name, address and telephone number of each witness, separately identifying those whom the party expects to present, and those whom the party may call if need arises. *See Rule 26(a)(3), Federal Rules of Civil Procedure*. The failure to timely disclose by either party is prejudicial to the other party because it constitutes an unfair surprise, and also frustrates trial preparation. This Court may sanction a party for violating Rule 26 under Rule 37. Id. Disclosures must be sufficiently detailed and complete so as to avoid unfair surprise and to conserve resources. Salgado v. General Motors Corp., 150 F.3d 735, 741 n.6 (7th Cir. 1998). If a party fails to comply with Rule 26 disclosure requirements, the court has authority to strike the party's expert or other witnesses and striking a witness is an appropriate sanction where the witness was first disclosed on the eve of trial. Fed. R. Civ. P. 37; Simplex, Inc. v. Diversified Energy Sys., Inc., 847 F.2d 1290, 1292 (7th Cir. 1988).

In this instance, Boehm identifies Bradford Tuck, Ph.D. as an economist to testify at the time of trial. Mr. Tuck has never been previously identified and he should be stricken from Boehm's witness list.

In addition to Mr. Tuck, Boehm has identified other witnesses on his pretrial list, that have never before been identified. Those witnesses include, Steven Boltz, APD, Leinna Harvey, Jamie Millard, Cynthia Ramirez, Jay Whaley, Allan Choi, and Paul Palladino. All of these witnesses must be stricken from Boehm's list under Rule 37, for a failure to disclose.

Boehm has also listed numerous exhibits that have never been disclosed to the plaintiff until the eve of trial. The only Exhibits listed by Boehm that were disclosed or available to the plaintiff prior to trial are the depositions taken in this particular case. Because Boehm did not disclose the various witness statements, investigator reports, police reports, etc., until the eve of trial, all of his exhibits must be excluded.

Boehm has exhibited a conscious disregard for this Court's scheduling and pretrial order. He has intentionally engaged in sandbagging, which the discovery rules are intended to prevent. He has never identified a single document, he has never identified a single fact witness, and he has never cooperated in any meaningful way in this case. He has waited until the eve of trial, after discovery and extended discovery has closed to disclose fact and expert witnesses. Preclusion orders are not only appropriate; they seem mandated in this particular case.

**B.     Liability evidence must be precluded**.

Fed. R. Evid. 402 provides the baseline for determining the admissibility of evidence in the federal courts. That rule provides that all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of United States Congress, by these rules, or by other rules prescribed by the United States Supreme Court pursuant to statutory

authority. Relevant evidence is evidence tending to make the existence of any fact that is of consequence to the determination more probable or less probable that it would be without the evidence. United States v. Hitt, 981 F.2d 422, 424 (9th Cir. 1992).

In the instant case, liability is established as a matter of law. (Order, Docket 228). The only issue for trial is causation and the amount of actual and punitive damages. Id. To the extent Boehm seeks to admit witness testimony or exhibits to show he is not liable to the plaintiff because of his mental incapacity or otherwise, the evidence is not relevant and it is inadmissible.

**C.      The transcripts of grand jury and other proceedings are inadmissible hearsay.**

In his exhibit list, Boehm listed numerous witness statements and transcripts of witness statements given during his criminal proceedings. Arguably, Boehm intends to introduce these statements and transcripts in lieu of having the witnesses testify at the time of trial. All of these statements and transcripts should be precluded because they are inadmissible hearsay under Rule 801 of the Federal Rules of Evidence. Rule 801 says:

> "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Rule 801 also says:

> d) Statements which are not hearsay. A statement is not hearsay if—
>
> (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person;

Clearly, the transcripts and prior statements of witnesses may be used for impeachment purposes, but only if the declarant testifies at trial, and only if the declarant testifies to something that is inconsistent with his or her prior statement. As an example, Boehm lists the grand jury transcript

of testimony provided by Amber Myers.  This transcript may not be admitted to prove the truth of any matter asserted by Boehm, and it may only be admitted if Amber Myers testifies at trial and her testimony is inconsistent with what she said before the grand jury.  The same is true for all of the statements and transcripts listed by Boehm. (Many of the witness statements, like the statements of Axt, Purser and Tyree made to Boehm's investigator were not made under oath and there was no opportunity for cross examination.  Their reliability is suspect, and they are inadmissible hearsay.  Accordingly; Exhibit Nos. D-2 – D5, D-25 - D-68 must all be precluded as inadmissible hearsay.

DATED this 17th day of July 2007.

_/s/_ Darryl L. Jones
Darryl L. Jones, Esq.
905 Photo Avenue
Anchorage, Alaska 99503
Tel: 907-278-1212
Fax: 907-278-1213
Email: lodj.federalnotices@yahoo.com
Ak.Bar.No. 8811188